**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
   INC. d/b/a/ PAR FUNDING,
FULL SPECTRUM PROCESSING, INC.,
ABETTERFINANCIALPLAN.COM LLC
   d/b/a/ A BETTER FINANCIAL PLAN,
ABFP MANAGEMENT COMPANY, LLC
   f/k/a/ PILLAR LIFE SETTLEMENT
   MANAGEMENT COMPANY, LLC,
ABFP INCOME FUND, LLC,
ABFP INCOME FUND 2, L.P.,
UNITED FIDELIS GROUP CORP.,
FIDELIS FINANCIAL PLANNING LLC,
RETIREMENT EVOLUTION GROUP, LLC,
RETIREMENT EVOLUTION INCOME
 FUND, LLC , f/k/a RE INCOME FUND, LLC,
RE INCOME FUND 2, LLC,
LISA MCELHONE,
JOSEPH COLE BARLETA a/k/a/ JOE COLE,
JOSEPH W. LAFORTE a/k/a JOE MACK
   a/k/a/ JOE MACKI a/k/a JOE MCELHONE,
PERRY S. ABBONIZIO,
DEAN J. VAGNOZZI,
MICHAEL C. FURMAN,
and JOHN GISSAS

          Defendants, and

L.M.E. 2017 FAMILY TRUST,

          Relief Defendant.

_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION FOR APPOINTMENT OF RECEIVER AND MEMORANDUM OF LAW**

FILED BY MC D.C.
Jul 24, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Plaintiff Securities and Exchange Commission moves this Court for an Order appointing a Receiver over Defendants Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"), Full Spectrum Processing, Inc., ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC ("ABFP Management"), ABFP Income Fund, LLC, ABFP Income Fund 2, L.P., United Fidelis Group Corp., Fidelis Financial Planning LLC, Retirement Evolution Group, LLC, RE Income Fund LLC, and RE Income Fund 2 LLC (collectively, the "Companies"), with full and exclusive power, duty, and authority to: administer and manage their business affairs, funds, assets, causes of action and any other property of the Companies; marshal and safeguard all of the assets of the Companies; and take whatever actions are necessary for the protection of the investors.  For the reasons set forth below, in order to protect investors, it is essential that the Court appoints a Receiver over the Companies.

In connection with this request to appoint a Receiver, the Commission believes Ryan Stumphauzer is best-suited to handle this matter. Mr. Stumphauzer

As set forth in the Complaint and Motion for Temporary Restraining Order in this proceeding, the Companies are engaged in unregistered and fraudulent securities offerings. Investor funds are funneled through the Companies to Par Funding, where Par Funding commingles the investor funds with Par Funding's business funds, loaned to small businesses, and transferred to, among other places, Defendant Lisa McElhone and companies owned or controlled by Defendants Perry Abbonizio and Joseph Cole.

Par Funding has raised about $492 million from investors since 2015.  The most recent Par Funding bank account statements available at this time show an account balance of about $82,000

as of June 30, 2020 in one account and a balance of about $6.8 million as of May 29, 2020 in another account.

The Commission attaches Mr. Stumphauzer's credentials to this motion. The interests of investors would best be served by appointing Mr. Stumphauzer to serve as Receiver over the Companies. His letter and resume indicate he has extensive experience in securities and receivership matters. The Receivership will involve determining how to resolve or continue the businesses, locating assets and investor funds, and accounting and asset management, among other tasks, a Receiver with Mr. Stumpahauzer's extensive experience is essential.

Moreover, Mr. Stumpahauzer is willing to significantly discount his and his firm's current hourly rates. He is willing to significantly discount his hourly rate to $395 an hour. Additionally, his counsel will also provide this same discount. These considerable rate reductions will substantially reduce the costs of the Receivership to defrauded investors.

Accordingly, the Commission requests that the Court appoint Mr. Stumphauzer as Receiver over the Companies.

## MEMORANDUM OF LAW

The Court should appoint a Receiver over the Companies with full and exclusive power, duty, and authority to: administer and manage their business affairs, funds, assets, causes of action and any other property of the Companies; marshal and safeguard all of the Companies' assets; and take whatever actions are necessary for the protection of the investors.

The appointment of a Receiver is a well-established equitable remedy available to the Commission in civil enforcement proceedings for injunctive relief.[1] The appointment of a

---

[1] *See, e.g., SEC v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981); *see also* Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

Receiver is particularly appropriate in cases such as this where a corporation, through its management, has defrauded members of the investing public.[2]  In such cases, without the appointment of a Receiver to maintain the status quo, the corporate assets will be subject to diversion and waste to the detriment of those who were induced to invest in the fraudulent scheme.[3] A Receiver is appropriate to protect the public interest when it is obvious that those in control of an entity who have inflicted serious detriment in the past must be ousted.[4]

From July 2015 until June 2020, Par Funding, which is operated by Full Spectrum, has received about $492,398,894 of investors' funds in connection with its unregistered securities offering.  According to their most recent filings with the Commission, ABFP Income Fund has raised at least $22,309,000 from investors and ABFP Income Fund 2 has raised at least $6,322,500 from investors.  According to its May 2019 filing with the Commission, Fidelis Financial Planning had raised at least $5,838,000 from investors, though bank account records indicate it has raised $11.6 million as of December 2019.  Retirement Evolution Group has raised about $6.5 million from investors; according to its June 2019 filing with the Commission RE Income Fund has raised about $5,450,000 from investors; and according to its August 2019 filing with the Commission, RE Income Fund 2 had raised $150,000 from investors as of that date.  As set forth in the Commission's Complaint and Motion for a Temporary Restraining Order and Other Relief, these amounts were raised through fraudulent and unregistered securities offerings.

There have been three Cease-and-Desist Orders issued by three states concerning the Par Funding securities offering, spanning November 2018 through February 2020.  Undeterred, Par

---

[2] *First Financial Group of Texas*, 645 F.2d at 438.
[3] *Id. See also R.J. Allen & Associates, Inc.*, 386 F. Supp. 866, 891 (S.D. Fla. 1974).
[4] *SEC v. Bowler*, 427 F .2d 190, 198 (4th Cir. 1970).

Funding, through the company that operates it (Full Spectrum), its principals (McElhone, LaForte, Cole, and Abbonizio), and the individuals and so-called "Agent Funds" that participate in the fraudulent scheme (all remaining Defendants) continue to raise funds from investors through unregistered and fraudulent securities offerings.  They do not disclose the prior regulatory actions to investors, Furman has falsely told at least one potential investor one of these Orders was "retracted," and Cole has made similar misrepresentations to the IRA Administrator through which many of the investors contribute to Par Funding.  Most recently, on July 14, 2020, the Commission filed a Consent Order against Vagnozzi and ABFP, which Vagnozzi has been mischaracterizing to investors and using to tell investors "I feel that the results of this [SEC] investigation are the absolute best reason someone should invest with us…."  In sum, the Defendants have demonstrated that they have no respect for the laws governing securities offerings, and a Receiver is essential to protect investor funds.

The Companies have not paid investors the returns promised to investors in the initial securities offerings.  Instead, ABFP, ABFP Income Fund, ABFP Income Fund 2, and Fidelis Financial Planning recently offered and sold "replacement notes" wherein investors exchanged their initial promissory notes for new promissory notes offering lower interest rates, after receiving recommendations by Vagnozzi and his attorney that the investors accept these replacement notes.

In June 2020, Par Funding transferred funds from its account to another bank account, called "Par Funding Pre Fund," leaving about $82,000 in that bank account.  At this juncture, the Companies need a Court-appointed Receiver to act in their best interests and to maximize value for defrauded investors.

## CONCLUSION

For the foregoing reasons, the Commission requests that the Court grant its request for the appointment of Mr. Stumphauzer, Esq. as Receiver over the Companies. A proposed order is submitted herewith.

July 24, 2020                                             Respectfully submitted,

                                          By:    s/Amie Riggle Berlin
                                                    Amie Riggle Berlin
                                                    Senior Trial Counsel
                                                    Florida Bar No. 630020
                                                    Direct Dial: (305) 982-6322
                                                    Direct email: berlina@sec.gov

                                                    Attorney for Plaintiff
                                                    **SECURITIES AND EXCHANGE    COMMISSION**
                                                    801 Brickell Avenue, Suite 1800
                                                    Miami, Florida  33131
                                                    Telephone: (305) 982-6300
                                                    Facsimile:   (305) 536-4154

## Certification of Counsel

Counsel for the Commission did not confer with Argyle Coin regarding the requested relief, since in order to prevent further dissipation of assets, we are seeking this relief in connection with an *ex parte* Temporary Restraining Order that we are filing under seal.

                                                                s/Amie Riggle Berlin
                                                                 Amie Riggle Berlin