## DECLARATION OF GIANNA WOLFE

I, the undersigned, Gianna Wolfe pursuant to 28 U.S.C. § 1746, declare that:

1.     My name is Gianna Wolfe, I am over twenty-one years of age, and I have personal knowledge of the matters set forth herein.

2.     I own a company called Radiant Images Inc. (the "Company"), which is located in Los Angeles, California.

3.     In November 2015, March 2016, June 2016, December 2016, January 2017, February 2017, March 2017, April 2017, June 2017, August 2017, September 2017, October 2017, November 2017, December 2017, January 2018, Complete Business Solutions Group ("CBSG") made loans to my Company totaling $6,126,054.13 (the "Loans") through what CBSG calls its "merchant capital advance" ("MCA") business.

4.     I applied to CBSG for the Loans and was the sole source of contact with CBSG on behalf of my Company during the Loan application process and CBSG's underwriting process.

5.     My Loans were underwritten by CBSG in less than 48 hours.

6.     At no time did CBSG offer me or my Company insurance of any kind.

7.     CBSG did not conduct a personal interview before giving my Company the Loans.

8.     CBSG did not request information about my Company's expenses during the underwriting process or at any other time prior to approving the Loans.

9.     CBSG did not request information about my Company's profit margins during the underwriting process or at any other time prior to approving the Loans.

10.     CBSG did not request a debt schedule for my Company during the underwriting process or at any other time prior to approving the Loans.

11.     After obtaining the Loans, my primary contact at CBSG was Joe Mack, who I have now come to learn is Joseph LaForte.

12.     My company entered into a Non-Disclosure Agreement with Par Funding in September 2017.   A true and correct copy of the NDA Agreement is attached as Exhibit A and shows "Joe Mack" as the signatory for CBSG, which is also known as Par Funding.

13.     Joe Macki, who is also Joseph LaForte, was involved on behalf of Par Funding in connection with litigation concerning the Loans.   A true and correct copy of a July 2018 email exchange is attached as Exhibit B.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 7th, 2020, in Los Angeles, California.


Gianna Wolfe

# R A D I A N T 🔆 I M A G E S

## NON-DISCLOSURE AGREEMENT (NDA)

The following terms apply when Radiant Images, Inc. (Radiant) discloses Confidential Information to _____Joe Macki_____ (You). This NDA is effective as of __September 13, 2017__.

### YOU SHALL NOT:

- *DISCUSS, DISCLOSE, PUBLISH OR DISSEMINATE ANY RADIANT CONFIDENTIAL INFORMATION;*

- *USE OUR CONFIDENTIAL INFORMATION EXCEPT FOR THE PURPOSE FOR WHICH IT WAS DISCLOSED;*

- *DISCLOSE OUR RELATIONSHIP, OR MENTION RADIANT IN ANY WAY, INCLUDING, WITHOUT LIMITATION, IN MARKETING MATERIALS, PRESENTATIONS, PRESS RELEASES, OR INTERVIEWS; OR*

- *ACCESS OUR CONFIDENTIAL INFORMATION, INCLUDING, WITHOUT LIMITATION, ELECTRONICALLY, UNLESS SPECIFICALLY DIRECTED TO DO SO BY RADIANT.*

**Exceptions to Obligations.** You may disclose, publish, disseminate, and use Confidential Information:
   a) to your employees who have a need to know and who have a written agreement with You requiring them to treat Radiant's Confidential Information in accordance with this NDA;
   b) to the extent required by law; however, You will give Radiant prompt notice to allow Radiant a reasonable opportunity to obtain a protective order; or
   c) that is developed independently, or already in your possession without obligation of confidentiality; obtained from a source other than Radiant without obligation of confidentiality; or publicly available when received, or subsequently becomes publicly available through no fault of Yours.

**Disclosure to You.** Confidential Information may be disclosed to You in multiple ways, including but not limited to: in writing, by delivery of items, by initiation of access to Confidential Information such as may be in a data base, or by oral or visual presentation. Confidential Information may be marked with a restrictive legend of ; identified as confidential at the time of disclosure, or in a follow up writing; or be information that a reasonable person would recognize from the surrounding facts and circumstances to be proprietary or confidential.

**Confidentiality Period.** Confidential Information disclosed to you will be subject to this NDA for so long as such information remains confidential or proprietary to Radiant.

**No Rights or License.** Neither this NDA nor any disclosure of Confidential Information made under it grants You any right or license under any trademark, copyright or patent now or subsequently owned or controlled by Radiant.

**Export Control.** Your obligations under this NDA are subject to and in addition to those imposed by applicable export control laws and regulations. Nothing in this NDA shall be deemed or interpreted to authorize any export of Confidential Information.

**Termination.** Either of us may terminate this NDA by providing 30 days written notice to the other party. Any terms of this NDA which by their nature extend beyond its termination remain in effect until fulfilled. Upon request from Radiant, You will return or destroy all Confidential Information.

**Breach and Remedies.** You agree that monetary damages would be inadequate to compensate Radiant for any breach of this NDA and that any such breach shall cause irreparable injury to Radiant. In addition to any other remedies that may be available for such breach, and without proving actual damages, Radiant shall be entitled to: (a) obtain injunctive relief against the continued or threatened breach of this NDA; and (b) liquidated damages of $100,000 for any mention of Radiant or disclosure of our relationship in any way without our written consent, such amount not intended to be a penalty and which the parties agree represent a fair and reasonable estimate of the damages caused by such breach.

**Disputes.** All disputes and controversies arising out of this NDA that are unable to be resolved through negotiation shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA). The dispute shall be heard and determined by one impartial arbitrator, who shall be selected by the AAA. The federal rules of civil procedure shall apply, to include depositions, with respect to the arbitration. Any arbitration hearings shall take place in the Los Angeles metropolitan area, on an expedited basis. The findings of the arbitrators shall be final and binding upon both of us. Any award of arbitration may include attorneys' fees and costs, including but not limited to expert witness fees, payable to the prevailing party in the arbitration, as determined by the arbitrators. Notwithstanding the above, Radiant reserves the right to obtain injunctive relief in a court of law prior to initiating arbitration, and reserves the right to file claims in federal court under the Defend Trade Secrets Act of 2016.

**EXHIBIT**

**A**

**General.**

a)   This NDA does not require either of us to disclose or to receive Confidential Information, perform any work, or enter into any business engagement or other agreement.

b)   Neither of us may assign, or otherwise transfer, its rights or delegate its duties or obligations under this NDA without prior written consent. Any attempt to do so is void.

c)   The exchange of Confidential Information under this NDA does not create any joint relationship, or authorize either of us to act or speak on behalf of the other.

d)   Only a written agreement signed by both of us can modify this NDA.

e)   The laws of the State of California shall govern all of our respective rights, duties, and obligations arising from, or relating in any manner to, the subject matter of this NDA, without regard to conflict of law principles.

f)   This NDA is the complete agreement regarding disclosures of Confidential Information, and replaces all prior oral or written communications, or agreements between us on the subject matter hereof.

g)   You shall not solicit or assist others in soliciting Radiant employees to terminate their employment with Radiant.

Each of us accepts the terms of this NDA by signing below. Any reproduction of this NDA made by reliable means (for example, electronic image, photocopy or facsimile) is considered an original and all disclosures of Confidential Information under this NDA are subject to it.

On behalf of:

_Par Funding_

Full legal name of Signing Entity                                            **RADIANT IMAGES, INC.**

By: _Joe Mack_                                                               By: _Joe Machi_

Name:                                                                         Name:

Title:                                                                        Title:

**Signature page to NDA**



**From:** Joe Mack <joe@parfunding.com>
**Sent:** Thursday, July 26, 2018 5:44 PM
**To:** NORMAN VALZ <nvalz@msn.com>; Heskin, Shane <heskins@whiteandwilliams.com>
**Subject:** RE: Radiant Images

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

We can resolve this by having your client pay the weekly payments that I was generous enough to give to them.. Please

*Joe Macki*

Client Services Manager
Office: 215-922-2636
Fax: 888-803-4886
Email: joe@parfunding.com

**From:** NORMAN VALZ <nvalz@msn.com>
**Sent:** Thursday, July 26, 2018 5:40 PM
**To:** Joe Macki <joe@parfunding.com>
**Subject:** Fwd: Radiant Images

We got their attention.

**From:** Heskin, Shane <heskins@whiteandwilliams.com>
**Sent:** Thursday, July 26, 2018 5:36 PM
**To:** nvalz@msn.com
**Subject:** Radiant Images

Hi Norm and Lucy,

Can you please speak with Joe and try to figure out what happened here?  It looks like there has been some misinformation going on.

EXHIBIT

B

First, our client received via regular mail a copy of the COJ that filed on July 19th in the total amount of $2,356,741.10.  The 50+ pages that were included in the package state that Radiant entered into 17 agreements and it included agreements that were already paid in full.

Second, and perhaps most alarming, Exhibit R is someone else's payment history.  It has nothing to do with Radiant.

Third, Exhibit C reflects my client's full DL number exposing them identity theft.

Fourth, Exhibit G includes a Disclosure for Confession of Judgement re: factoring agreement dated March 28, 2017 which was paid in full and is not related at all to the factoring agreement included in exhibit G.

Fifth, Exhibit H includes a signed COJ dated April 17, 2017 for a 190 day agreement also included. We do not believe this loan had any balance due in mid-Feb 2018 because the estimated pay off date on the agreement states Jan 30, 2018 which was before Radiant stopped payments. Most likely, Radiant entered into a new loan that paid this one off.

Sixth, Exhibit I reflects a factoring agreement that was paid off when entering into a new agreement.

Seventh, Exhibit M, O, and Q includes agreements that they did not require a signed or notarized COJ, yet a blank one is included. Exhibit P does not include any copy of any signed COJ because they did not require one.

Eighth, Exhibit R funding history document does not reflect actual payments sent by Radiant Images.

Please let me know how we can resolve this ASAP.

Thanks,
-Shane