UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a/ PAR FUNDING,
FULL SPECTRUM PROCESSING, INC.,
ABETTERFINANCIALPLAN.COM LLC
d/b/a/ A BETTER FINANCIAL PLAN,
ABFP MANAGEMENT COMPANY, LLC
f/k/a/ PILLAR LIFE SETTLEMENT
MANAGEMENT COMPANY, LLC,
ABFP INCOME FUND, LLC,
ABFP INCOME FUND 2, L.P.,
UNITED FIDELIS GROUP CORP.,
FIDELIS FINANCIAL PLANNING LLC,
RETIREMENT EVOLUTION GROUP, LLC,
RETIREMENT EVOLUTION INCOME
FUND, LLC f/k/a RE INCOME FUND, LLC,
RE INCOME FUND 2, LLC,
LISA MCELHONE,
JOSEPH COLE BARLETA a/k/a/ JOE COLE,
JOSEPH W. LAFORTE a/k/a JOE MACK
a/k/a/ JOE MACKI a/k/a JOE MCELHONE,
PERRY S. ABBONIZIO,
DEAN J. VAGNOZZI,
MICHAEL C. FURMAN,
and JOHN GISSAS,**

Defendants, and

**L.M.E. 2017 FAMILY TRUST,**

Relief Defendant.
_____/

**ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
<u>MOTION FOR APPOINTMENT OF RECEIVER</u>**

**THIS CAUSE** comes before the Court upon Plaintiff Securities and Exchange Commission's *Ex Parte* Motion for the Appointment of a Receiver [ECF No. 4] ("Motion"), filed on July 24, 2020.  In the Motion, Plaintiff seeks the appointment of a Receiver over the corporate Defendants in this case: Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"), Full Spectrum Processing, Inc., ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC ("ABFP Management"), ABFP Income Fund, LLC, ABFP Income Fund 2, L.P., United Fidelis Group Corp., Fidelis Financial Planning LLC, Retirement Evolution Group, LLC, RE Income Fund LLC, and RE Income Fund 2 LLC (collectively, the "Receivership Entities").

Plaintiff seeks a Receiver with full and exclusive power, duty, and authority to: administer and manage the Receivership Entities' business affairs, funds, assets, causes of action, and any other property; marshal and safeguard all of the assets of the Receivership Entities; and take whatever actions are necessary for the protection of the investors.  *See* Motion at 2.  Plaintiff has made a sufficient and proper showing in support of the relief requested, submitted the credentials of a candidate to be appointed as Receiver, and advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Securities and Exchange Commission's *Ex Parte* Motion for the Appointment of a Receiver [ECF No. 4] is **GRANTED**.  Ryan K. Stumphauzer is appointed Receiver over the Receivership Entities, their subsidiaries, successors, and assigns.  If the Court grants Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining

Order and Other Relief [ECF No. 14], Mr. Stumphauzer is authorized, empowered, and directed as follows until further Order of the Court:

1. To take custody, control, and possession of all Receivership Entity records, documents, and materials, and to safeguard these items until further Order of the Court;

2. To secure and safeguard the Receivership Entity's information technology, data, documents, storage systems, and documents, including by making contact with any third party vendors, such as movers and information technology personnel, to assist in this process;

3. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, lawyers, and paralegals ("Retained Personnel");

4. To take any other action as necessary and appropriate for the preservation of the Receivership Entities' property interests or to prevent the dissipation or concealment of such property interests; and

5. To take such other action as may be approved by this Court.

6. Additionally, the Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of each Receivership Entity, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

7. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and the Receiver's appointment.

8. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. The Receiver shall seek the Court's

approval by filing a Motion for the reimbursement of expenses and compensation for time spent on the matters set forth herein.

9.      The Receivership Entities and all persons receiving notice of this Order shall not hinder or interfere with the Receiver's efforts to take control or possession of the Receivership Entities' property interests identified above, or hinder his efforts to preserve them.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of July, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to:   Amie Riggle Berlin, Esq.
Senior Trial Counsel
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Facsimile: (305) 536-4154
Email: berlina@sec.gov
*Counsel for Plaintiff*