## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE                                     UNDER SEAL
COMMISSION,

       Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.,*

       Defendants.

_____/

### ORDER GRANTING EMERGENCY *EX PARTE* MOTION
### FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF

**THIS CAUSE** comes before the Court upon Plaintiff's Emergency *Ex Parte* Motion for

Temporary Restraining Order and Other Relief [ECF No. 14] ("Motion"), filed on July 27, 2020.

The Motion seeks the following relief with respect to Defendants Complete Business Solutions

Group, Inc. d/b/a PAR Funding ("Par Funding"), Full Spectrum Processing, Inc. ("Full

Spectrum"), ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP

Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC ("ABFP

Management"), ABFP Income Fund, LLC ("ABFP Income Fund"), ABFP Income Fund 2, L.P.

("ABFP Income Fund 2"), United Fidelis Group Corp. ("United Fidelis"), Fidelis Financial

Planning LLC ("Fidelis Financial"), Retirement Evolution Group, LLC ("Retirement Evolution"),

Retirement Evolution Income Fund LLC, a/k/a RE Income Fund ("RE Income Fund"), RE Income

Fund 2 LLC ("RE Income Fund 2"), Lisa McElhone ("McElhone"), Joseph Cole Barleta, a/k/a Joe

Cole ("Cole"), Joseph W. LaForte, a/k/a Joe Mack, a/k/a Joe Macki, a/k/a Joe McElhone

("LaForte"), Perry S. Abbonizio, Dean J. Vagnozzi, Michael C. Furman, and John Gissas, and Relief Defendant L.M.E. 2017 Family Trust ("L.M.E. Trust"):

1. a Temporary Restraining Order;

2. an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

3. an Order Freezing the Assets of Defendants and Relief Defendant;

4. an Order Requiring Sworn Accountings;

5. an Order Prohibiting Destruction of Documents; and

6. an Order Expediting Discovery.

The Court has reviewed Plaintiff's Complaint, the Motion, Plaintiff's exhibits filed in support of the Motion, and the Response to Plaintiff's *Ex-Parte* Motions for Appointment of a Receiver and for an Asset Freeze, submitted on July 28, 2020 by Defendants Par Funding, Full Spectrum, McElhone, Cole, LaForte, and L.M.E. Trust.

The Court finds that Plaintiff has made a sufficient and proper showing in support of the relief granted herein by: (i) presenting a *prima facie* case of securities laws violations by Defendants; and (ii) showing a reasonable likelihood the Defendants will harm the investing public by continuing to violate the federal securities laws unless they are immediately restrained. The Court also finds good cause to believe that unless immediately enjoined by Order of this Court, the Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 14] is **GRANTED** as follows:

## I.

### SHOW CAUSE HEARING AND TELEPHONIC STATUS CONFERENCE

The Defendants shall show cause, if any, before the Court **via a Zoom hearing on Tuesday, August 4, 2020 at 3:30 P.M.**, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against Defendants, as requested by Plaintiff.  In advance of the hearing, the Court will provide the parties with information on how to join via Zoom.

Additionally, the Court will hold a telephonic status conference on **Monday, August 3, 2020 at 4:15 P.M.**  The parties are instructed to call 1-877-402-9753 by no later than 4:10 P.M.  The access code is 9372453 and the password is 0918.  The Court requires that the parties appear via a landline (i.e., not a cellular phone or a speaker phone) for clarity.

## II.

### TEMPORARY RESTRAINING ORDER

#### A.  Section 17(a)(1) of the Securities Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman are preliminarily restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false

or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

## B. Section 17(a)(2) of the Securities Act

Pending further Order of the Court, all Defendants are preliminarily restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any

investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of the Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant.

## C.  Section 17(a)(3) of the Securities Act

Pending further Order of the Court, all Defendants are preliminarily restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the

Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of the Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant.

### D.     Section 10(b) and Rule 10b-5(a) of the Exchange Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state

or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

### E.      Section 10(b) and Rule 10b-5(b) of the Exchange Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating: Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any

investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

### F.     Section 10(b) and Ruleb-5(c) of the Exchange Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading

documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state of federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

### G.      Sections 5(a) and 5(c) of the Securities Act

Pending further Order of the Court, that all Defendants and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e, by directly or indirectly, in the absence of any applicable exemption:

(a)      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the

mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Securities and Exchange Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant.

### III.

### ASSET FREEZE AS TO PAR FUNDING, MCELHONE, AND LAFORTE

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Defendants Par Funding, McElhone, and LaForte and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of

this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located, Par Funding, Lisa McElhone, and Joseph LaForte, a/k/a Joe Mack, a/k/a Joe Macki, a/k/a Joe McElhone.

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants Par Funding, McElhone, or LaForte, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

This asset freeze is limited to the amount received from the securities fraud, which is estimated at this time to be $482,000,000.

## ASSET FREEZE AS TO FULL SPECTRUM

Pending determination of Plaintiff's request for a Preliminary Injunction:

Defendant Full Spectrum and its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring,

setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property of Par Funding, Full Spectrum, McElhone, or LaForte.

This asset freeze is limited to the amount received from the securities fraud, which is estimated at this time to be $4,398,535.

## ASSET FREEZE AS TO DEFENDANT ABFP, ABFP INCOME FUND, AND ABFP INCOME FUND 2

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.      Defendants ABFP, ABFP Income Fund, and ABFP Income Fund 2, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: ABFP, ABFP Income Fund, and ABFP Income Fund 2.

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants ABFP, ABFP Income Fund, and ABFP Income 2, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.      This asset freeze is limited to the amounts ABFP, ABFP Income Fund, and ABFP Income Fund 2 received from the securities fraud, which is estimated at this time to be: $25,487,690 as to ABFP Income Fund and ABFP, jointly and severally; $13,252,600 as to ABFP Income Fund 2 and ABFP, jointly and severally; and $1,914,045 as to ABFP independent of ABFP Income Fund and ABFP Income Fund 2.

## ASSET FREEZE AS TO DEFENDANTS UNITED FIDELIS AND FIDELIS FINANCIAL

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.      Defendants United Fidelis and Fidelis Financial, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: United Fidelis and Fidelis Financial.

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of United Fidelis and Fidelis Financial, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge,

encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.      This asset freeze is limited to the amounts United Fidelis and Fidelis Financial received from the fraud, which is estimated at this time to be: $11,603,000, jointly and severally.

### ASSET FREEZE AS TO DEFENDANTS RETIREMENT EVOLUTION, RE INCOME FUND, AND RE INCOME FUND 2

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.      Defendants Retirement Evolution, RE Income Fund, and RE Income Fund 2, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: Retirement Evolution, RE Income Fund, and RE Income Fund 2.

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Retirement Evolution, RE Income Fund, and RE Income Fund 2, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer,

- 14 -

disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.     This asset freeze is limited to the amounts Retirement Evolution, RE Income Fund, and RE Income Fund 2 received from the fraud, which is estimated at this time to be: $6.5 million as to Retirement Evolution; $5,450,000 as to RE Income Fund; and $150,000 as to RE Income Fund 2.

## ASSET FREEZE AS TO DEFENDANT COLE

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Defendant Cole and his respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: Joseph Cole Barleta, a/k/a Joe Cole.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Cole, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and

prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

       C.      This asset freeze is limited to the amount Cole received from the fraud, which is estimated at this time to be $16,159,000.

<u><b>ASSET FREEZE AS TO L.M.E. 2017 FAMILY TRUST</b></u>

       Pending determination of Plaintiff's request for a Preliminary Injunction:

       A.      Relief Defendant L.M.E. 2017 Family Trust and its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: The L.M.E. 2017 Family Trust.

       B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of the L.M.E. 2017 Family Trust, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.      This asset freeze is limited to the amount the L.M.E. 2017 Family Trust received from the fraud, which is estimated at this time to be $14.3 million.

## IV.

## SWORN ACCOUNTINGS

### Accounting and Identification of Accounts by Each Defendant

Within five calendar days of the issuance of this Order, each Defendant, separately, shall:

(a)      make a sworn accounting to this Court and the Plaintiff of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by the Defendant making the sworn accounting;

(b)      make a sworn accounting to this Court and the Plaintiff of all assets, funds, or other properties, whether real or personal, held by the Defendant making the sworn accounting, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)      provide to the Court and the Plaintiff a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which the Defendant making the sworn accounting (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

- 17 -

## V.

## RECORDS PRESERVATION

Pending determination of the Plaintiff's request for a Preliminary Injunction, all Defendants and the Relief Defendant, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any and all Defendants and the Relief Defendant, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.

## EXPEDITED DISCOVERY

(a)      Immediately upon entry of this Order, and while the Plaintiff's request for a Preliminary Injunction is pending, the parties may take depositions upon oral examination of parties and non-parties subject to two days' notice.  Should any Defendant fail to appear for a properly noticed deposition, that party may be prohibited from introducing evidence at the hearing on the Plaintiff's request for a preliminary injunction;

(b)      Immediately upon entry of this Order, and while the Plaintiff's request for a Preliminary Injunction is pending, the parties shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within two days of service;

(c)     Immediately upon entry of this Order, and while the Plaintiff's request for a Preliminary Injunction is pending, the parties may issue subpoenas for documents, things and electronically stored information to non-parties pursuant to Fed. R. Civ. P. 45, with responses due within one week of the date of service;

(d)     All responses to the Plaintiff's discovery requests shall be delivered to Amie Riggle Berlin, Esq. at 801 Brickell Avenue, Suite 1950, Miami, Florida 33131 by the most expeditious means available; and

(e)     Service of discovery requests shall be sufficient if made upon the parties by email, facsimile, or overnight courier, and depositions may be taken by telephone or other remote electronic means.

**VII.**

**RETENTION OF JURISDICTION**

This Court shall retain jurisdiction over this matter and Defendants and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of July, 2020.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record