UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CIV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
  INC. d/b/a/ PAR FUNDING,
FULL SPECTRUM PROCESSING, INC.,
ABETTERFINANCIALPLAN.COM LLC
  d/b/a/ A BETTER FINANCIAL PLAN,
ABFP MANAGEMENT COMPANY, LLC
  f/k/a/ PILLAR LIFE SETTLEMENT
  MANAGEMENT COMPANY, LLC,
ABFP INCOME FUND, LLC,
ABFP INCOME FUND 2, L.P.,
UNITED FIDELIS GROUP CORP.,
FIDELIS FINANCIAL PLANNING LLC,
RETIREMENT EVOLUTION GROUP, LLC,
RETIREMENT EVOLUTION INCOME
 FUND, LLC , f/k/a RE INCOME FUND, LLC,
RE INCOME FUND 2, LLC,
LISA MCELHONE,
JOSEPH COLE BARLETA a/k/a/ JOE COLE,
JOSEPH W. LAFORTE a/k/a JOE MACK
  a/k/a/ JOE MACKI a/k/a JOE MCELHONE,
PERRY S. ABBONIZIO,
DEAN J. VAGNOZZI,
MICHAEL C. FURMAN,
and JOHN GISSAS

        Defendants, and

L.M.E. 2017 FAMILY TRUST,

        Relief Defendant.

_____/

**UNDER SEAL**

FILED BY___*CBR*___D.C.

*Jul 31, 2020*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. -

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
URGENT MOTION TO AMEND ORDER APPOINTING RECEIVER
TO INCLUDE LITIGATION INJUNCTION

The Securities and Exchange Commission, joined by the Receiver in the relief sought herein, hereby move this Court for a modified Order of appointment of the Receiver to clarify the powers and rights of the Receiver in regard to stays of litigation against the Receiver and the Receiver Entities.  This clarification is sought in order to avoid the possible expenditure of Receivership assets and the possible default on deadlines in lawsuits to which the Receivership Entities are parties.  The Receiver and Commission seek the same language that is included in other Receivership Orders entered in this District, and nationwide, as shown in the attached proposed Amended Order.

On July 27, the Court entered an Order appointing Ryan K. Stumphauzer as the Receiver over the corporate Defendants [D.E. 36].

As set forth in the Commission's Complaint and Motion for Temporary Restraining Order, Par Funding is a party to thousands of lawsuits.  The Receiver, who was appointed July 27, 2020, is reviewing these as well as other lawsuits to which the Receivership Entities are parties. Complicating this is the fact that Par Funding is represented in all, or nearly all, of the its lawsuits by the same law firm and, in many cases, the same lawyer defending Par Funding and other Defendants in this case.  Defense Counsel for Par Funding is contacting the Receiver seeking direction on lawsuits in which Defense Counsel represented Par Funding prior to the Commission filing this case. (Exhibits A and B).  The Receiver has not retained Par Funding's Defense Counsel in this case as his counsel in any matter.

We are seeking this change on an urgent basis because there are Court deadlines and discovery deadlines in the Receivership Entities' lawsuits, some of which we learned today will occur tomorrow. (Exhibits A and B hereto).

We respectfully request that this Court impose a stay on all matters to which a Receivership Entity is a party.  A purpose of the federal receivership is to safeguard the Receivership Entities' assets for the benefit of investors.  Given that the Receiver is only beginning his investigation into the affairs of the Receivership Entities, a litigation injunction serves to guard the assets of the

Receivership Entities by preventing ancillary litigation.  "The Court should lift the stay if there is good reason to do so, but part of the purpose of the stay against litigation is to preserve the assets for the benefit of creditors and investors while the Receiver investigates claims; requiring the Receiver to monitor and engage in litigation early on in the receivership would deplete the assets of [the Receivership Entities]. *SEC v. Onix Capital, LLC*, Case No. 16-cv-24678, 2017 WL 6728814 (S.D. Fla. July 24, 2017) (adoped by District Court Judge Cooke, 2017 WL 6728773 and denying motion to lift stay and file bankruptcy petitions).  *See SEC v. Stanford Int'l. Bank Ltd.*, 424 Fed.Appx. 338, 341-42 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010) (holding that the receivership was still in its early stages and thus maintaining the stay against litigation was appropriate where Receiver had been in place for one year and was tasked with investigating the fraudulent scheme at issue); *U.S. v. Acorn Tech. Fund, L.P.*, 429 F.3d 428, 443 (3d Cir. 2005) ("[T]he purpose of imposing a stay of litigation is clear. A receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant.").

It is well-recognized that "[a] district court may impose a litigation stay on a non-party to a receivership as part of its inherent power as a court of equity to fashion effective relief." *SEC v. Byers*, 609 F.3d 87, 91 (2d Cir. 2010) (citing *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980)). Indeed, Courts in this District routinely impose the same injunction stay sought in this case.  It is, in fact, part of the Model SEC Receivership Order the Commission filed with its Motion for the Appointment of a Receiver in this case.

We are requesting this relief on an expedited basis because the Receivership Entities are parties to cases in which there are litigation deadlines of tomorrow, July 31, 2020.

July 30, 2020                        Respectfully submitted,

                            By:        *s/Amie Riggle Berlin*
                                       Amie Riggle Berlin, Esq.
                                       Senior Trial Counsel
                                       Florida Bar No. 630020
                                       Direct Dial: (305) 982-6322
                                       Direct email: berlina@sec.gov

                                       Attorney for Plaintiff
                                       **SECURITIES AND EXCHANGE     COMMISSION**
                                       801 Brickell Avenue, Suite 1800
                                       Miami, Florida  33131
                                       Telephone: (305) 982-6300

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel conferred with the Receiver, Ryan Stumphauzer, who agrees and joins in this motion for the Relief requested herein.  Undersigned counsel emailed defense counsel but they have not had an opportunity to respond.  Due to the urgent nature of the relief sought herein, undersigned counsel felt it necessary to file this motion without further delay and will file a Notice of the defendants' positions if and when that is received from them.

*s/Amie Riggle Berlin*