UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a/ PAR FUNDING, et al.,

Defendants
_____/

**EXPEDITED TREATMENT REQUESTED**

**SPECIALLY APPEARING DEFENDANT DEAN VAGNOZZI'S
EXPEDITED MOTION FOR PROTECTIVE ORDER AS TO DEPOSITION**

**(DEPOSITION NOTICE ISSUED AT 11:58 P.M. ON FRIDAY JULY 31, 2020
FOR 11:00 A.M. MONDAY AUGUST 3, 2020)**

Specially appearing Defendant DEAN VAGNOZZI (hereinafter "Defendant" or "Vagnozzi"), by and through his undersigned counsel, hereby moves the Court for a protective order against proceeding with his deposition at 11:00 a.m. on Monday August 3, 2020, and respectfully states in support as follows:

1. Vagnozzi's deposition was noticed via e-mail from counsel for Plaintiff Securities and Exchange Commission ("SEC") at 11:58 p.m. on Friday, July 31, 2020, seeking a deposition at 11:00 a.m. the following Monday, which is tomorrow August 3, 2020. In the interim, undersigned counsel has had discussions with counsel for the SEC in which the parties have agreed to move the preliminary injunction hearing for Defendant Vagnozzi, as well as certain other defendants, to August 11, 2020, instead of proceeding on Tuesday August 4, 2020. Therefore,

there is no mad rush.  Defendant's counsel was only engaged and appeared in this matter a few days ago.  In light of undersigned counsel's inability to adequately prepare for a deposition, and the fact that the preliminary injunction hearing for Vagnozzi would be moved to August 11, 2020, undersigned counsel proposed that Vagnozzi's deposition be re-scheduled for later in the upcoming week.  Undersigned counsel also has proposed to engage in discussions with the SEC that could potentially resolve some of the issues in the preliminary injunction motion.  Yet the SEC refuses to move Defendant Vagnozzi's deposition.  Under the circumstances, in the interest of justice and due process, this Court should grant a protective order and allow the deposition to be scheduled in a more orderly fashion.

    **2.**    **<u>Vagnozzi respectfully requests that the Court address this matter prior to the start time of the deposition.  Because Vagnozzi's deposition was not noticed until nearly midnight last Friday that it was to take place the following Monday morning, undersigned counsel believes in good faith that this matter should be dealt with on an expedited basis.</u>**

    3.    The SEC chose to file this case under seal, and because Vagnozzi has not been formally served, he was unaware of the case at the time of filing.  As such, Vagnozzi has been denied due process, and had no opportunity to contest the temporary restraining order, the receivership, or the asset freeze.  Undersigned counsel did not even gain access to the full docket until Friday July 31, 2020 the day he was served with notice of the deposition.

    4.    Vagnozzi also had no notice or opportunity to object to expedited discovery in this matter, because he has not been served with the complaint and it was filed under seal.  The SEC has served Vagnozzi with a flurry of discovery, including approximately 100 requests for admissions that are due on Monday August 3, 2020, and the Monday morning deposition notice at issue here that the SEC declines to postpone.

5.  But what is good for the goose apparently is not good for the gander. On Friday July 31, 2020 (during normal working hours), Vagnozzi served the SEC with limited expedited discovery requests asking for copies of the SEC's investigative file that is routinely produced in discovery once the SEC files a civil injunctive action such as this one. That file normally would consist of any investigative testimony transcripts from witnesses, as well as all documents produced by any party or third party to the SEC. Nothing in that file is privileged. While the SEC's formal response date is not until tomorrow, counsel for the SEC has suggested that the SEC may not produce the file within the timeframe set forth in this Court's expedited discovery order. In any event, we certainly will not have the investigative file, and be able to review it before 11 a.m. tomorrow morning. Similarly, the Receiver took over Vagnozzi's office last week and has sent a letter to Vagnozzi directing him not to access the office, the servers, or the bank records. We understand this was a prudent step by the Receiver,[1] but it does further hamstring Vagnozzi's defense of these claims on an expedited basis.

6.  Defendant Vagnozzi is entitled to due process. He has been sued in a lawsuit accusing him of fraud, and is being asked to subject himself to a deposition without adequate time for him or his counsel to prepare. That is fundamentally unfair, and is unnecessary. Since counsel for the SEC and Vagnozzi (along with other defendants) agree to postpone their preliminary injunction hearing until next week, there is no need to rush into a deposition where the entire "notice" period consists of a weekend (and during which Miami was under a tropical storm warning to boot). The SEC will not be prejudiced by a short delay.

---

[1]  Vagnozzi has been extremely cooperative with the court-appointed receiver. His counsel and several of his employees have had multiple conversations with the Receiver and his counsel to help him understand the business. For the record, Vagnozzi objects to a receivership, but to the extent one exists, he intends to continue to be cooperative with the Receiver and his counsel. Vagnozzi has a keen interest in attempting to maximize recovery on the promissory notes.

WHEREFORE, Vagnozzi respectfully requests that this Court enter a protective order directing that his deposition not take place at 11:00 a.m. on Monday August 3, 2020, and instead be rescheduled to Thursday August 6, 2020, or later at a time and date convenient for the parties. Undersigned counsel will make themselves available for a telephonic or Zoom conference with the Court at any time before 11:00 a.m. on Monday August 3, 2020 given the expedited nature of this request, should the Court desire.

### REQUEST FOR EXPEDITED RULING

Pursuant to Local Rule 7.1(d)(2), Plaintiffs seek an expedited ruling by 10:45 a.m August 3, 2020 as the deposition was noticed for 11:00 a.m August 3, 2020.

### Local Rule 7.1 Statement

Pursuant to Southern District of Florida Local Rule 7.1, undersigned counsel has conferred with counsel for the plaintiff in a good-faith effort to resolve the issues raised in this motion, and plaintiff does not agree to the relief requested.

Dated:  August 2, 2020

**AKERMAN LLP**
Three Brickell City Centre, Suite 1100
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: */s/ Brian P. Miller*
    Brian P. Miller, Esq.
    Florida Bar No. 980633
    E-mail: brian.miller@akerman.com
    E-mail: Kelly.connolly@akerman.com
    Alejandro J. Paz, Esq.
    Florida Bar No. 1011728
    E-mail: Alejandro.paz@akerman.com
    Secondary: marylin.herrera@akerman.com

*Attorneys for Dean Vagnozzi*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August, 2020, a true and correct copy of the foregoing brief was served via the Court's CM/ECF System upon all counsel of record.

>                                       */s/ Alejandro J. Paz*
>                                       Alejandro J. Paz, Esq.