IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

        Defendants.
_____/

## RECEIVER RYAN K. STUMPHAUZER'S INTERIM STATUS REPORT OF RECEIVERSHIP PER COURT ORDER DATED AUGUST 3, 2020

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of Defendants Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; and RE Income Fund 2 LLC (collectively, the "Receivership Entities"), by and through undersigned counsel, hereby files this Interim Status Report of Receivership in accordance with this Court's Order dated August 3, 2020 [D.E. 74].

1.       On Friday, June 24, 2020, the Securities and Exchange Commission ("SEC") filed its Complaint for Injunctive and Other Relief [D.E. 1] against the Receivership Entities, Lisa McElhone, Joseph Cole Barleta, a/k/a Joe Cole, Joseph W. Laforte, a/k/a Joe Mack, a/k/a Joe

Macki, a/k/a Joe McElhone, Perry S. Abbonizio, Dean J. Vagnozzi, Michael C. Furman, John Gissas, and Relief Defendant L.M.E. 2017 Family Trust.

2. On Friday, July 24, 2020, the SEC also filed a Motion for Appointment of Receiver [D.E. 4] requesting the Court to appoint Ryan K. Stumphauzer as the Receiver for the Receivership Entities.

3. On Monday, July 27, 2020, the Court entered an Order Granting the SEC's Motion for Appointment of Receiver ("Receivership Order") [D.E. 36].

4. On Friday, July 31, 2020, the Court entered an Order Granting Plaintiff's Urgent Motion to Amend Order Appointing Receiver to Include Litigation Injunction (the "Amended Receivership Order") [D.E. 56].

5. The Amended Receivership Order, which is the operative order setting forth the Receiver's duties and responsibilities, authorizes the Receiver to "engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, lawyers, and paralegals." Amended Receivership Order at ¶ 3.

6. Consistent with these authorized duties, the Receiver has retained the undersigned law firm of Stumphauzer Foslid Sloman Ross & Kolaya PLLC in Miami, Florida, along with the law firm of Pietragallo Gordon Alfano Bosick & Raspanti, LLP in Philadelphia, Pennsylvania, to serve as his counsel in this matter ("Counsel"). The Receiver and his Counsel have appeared in this matter [D.E. 49, 50] and Counsel has filed motions for the *pro hac vice* admission of the Philadelphia-based attorneys that are not admitted in this District [D.E. 51, 52]. Those motions for *pro hac vice* admission have now been granted [D.E. 57, 58].

7. In carrying out his duties as outlined in this Court's orders, the Receiver, with the assistance of his Counsel, has completed the following non-exhaustive list of tasks:

a. Pursuant to paragraphs 1, 2, and 4 of this Court's July 27, 2020 Receivership Order [D.E. 36] and July 31, 2020 Amended Receivership Order [D.E. 56] (collectively, the "Receivership Orders"), the Receiver has secured the offices of Par Funding located at 20 N. 3rd Street and 22 N. 3rd Street in Philadelphia, Pennsylvania. The Receiver has secured the offices with new locks and has reviewed the volume of documents and computer equipment that remain at these offices that might require analysis. The Receiver has secured all available deliveries by U.S. Postal Service and private carriers to these offices to the best of his ability.

b. Pursuant to paragraphs 1, 2, and 4 of the Receivership Orders, the Receiver has secured the offices of Par Funding located at 205 Arch Street in Philadelphia, Pennsylvania. The Receiver has secured the offices with new locks and has reviewed the volume of documents and computer equipment that remain at these offices that might require analysis. The Receiver has secured all available deliveries by U.S. Postal Service and private carriers to these offices to the best of his ability.

c. Pursuant to paragraphs 1, 2, and 4 of the Receivership Orders, the Receiver has secured the offices of ABetterFinancialPlan.com LLC ("ABFP") at 234 Mall Boulevard, Suite 270 in King of Prussia, Pennsylvania. The Receiver has secured the offices with new locks and has reviewed the volume of documents and computer equipment at these offices that might require analysis. The Receiver has secured all available deliveries by U.S. Postal Service and private carriers to these offices to the best of his ability.

d. Pursuant to paragraph 1 of the Receivership Orders, the Receiver has located and maintains custody of eight checks found at the above Mall Boulevard address. These checks collectively represent $522,000 of investor funds that have not yet been deposited by ABFP into its investment accounts.

e. Pursuant to paragraphs 1, 2, and 4 of the Receivership Orders, the Receiver has secured the offices of United Fidelis Group a/k/a Fidelis Financial Planning located at 1615 Forum Place in West Palm Beach, Florida. The Receiver has secured the offices with new locks and has reviewed the volume of documents and computer equipment that remain at these offices that might require analysis. The Receiver has secured all available deliveries by U.S. Postal Service and private carriers to these offices to the best of his ability. While at this location, the Receiver interviewed Defendant Michael Furman, who freely and voluntarily provided the Receiver with the key to the office. This occurred prior to Mr. Furman retaining counsel, and Mr. Furman freely and voluntarily agreed to speak with the Receiver. The Receiver and his Counsel have been in communication with Mr. Furman's counsel about providing Mr. Furman with access to and segregating documents and other information that are unrelated to the scope of the Receivership Orders.

f. Pursuant to paragraphs 1, 2, and 4 of the Receivership Orders, the Receiver has inspected the offices of Par Funding located at 2000 PGA Boulevard in Palm Beach Gardens, Florida and secured all available deliveries by U.S. Postal Service and private carriers to this office to the best of his ability.

g. Pursuant to paragraphs 1, 2, and 4 of the Receivership Orders, the Receiver has secured the offices of Retirement Evolution Group, LLC located at 3990 E. State Route 44 in Wildwood, Florida.  The Receiver has secured the offices with new locks and has reviewed the volume of documents and computer equipment that remain at these offices that might require analysis.  The Receiver has been engaged in ongoing discussions with counsel representing Defendant John Gissas and Retirement Evolution Group, LLC to segregate materials and funds unrelated to the receivership.

h. Pursuant to paragraphs 4 and 7 of the Receivership Orders, the Receiver (through Counsel) communicated with defense counsel regarding the alleged necessity to continue certain financial transactions through ACH transfers. Defense counsel suggested that Defendant Joseph Cole Barleta, a/k/a/ Joe Cole ("Mr. Cole") participate in an interview regarding the procedures for ACH transfers at Par Funding.  Mr. Cole refused to participate in such an interview when the Receiver declined to agree that such conversation would be subject to Federal Rule of Evidence 408 governing settlement discussions.

i. Pursuant to paragraphs 4 and 7 of the Receivership Orders, the Receiver has interviewed Ms. Aida Lau, an accountant at Par Funding in Philadelphia, Pennsylvania.  Ms. Lau explained the mechanics of the ACH processing of merchant cash advance ("MCA") agreements. She told the Receiver that Par Funding has approximately $500 million in outstanding MCA agreements that are considered "performing.," *i.e.*, where the merchant is not in default and continues to pay the periodic payments required under its MCA agreement with

    Par Funding. Of these $500 million in performing MCA agreements, approximately 10% are the subject of daily negotiations regarding payments, including "restructuring" the agreements to advance additional funds to the merchant so that the merchant can continue to make the required payments. Ms. Lau said that Par Funding has an additional $500 million in MCA agreements that are "non-performing," *i.e.*, the subject of collection efforts and/or other litigation throughout the country.

j.  Pursuant to paragraphs 4 and 7 of the Receivership Orders, the Receiver has interviewed an accountant for ABFP, Mr. Stephen Breslow. Mr. Breslow described the various fund accounts at ABFP, the flow of funds from investors into the accounts, the flow of funds to and from Par Funding, the flow within the various fund accounts, and the operation of agent accounts at ABFP. Mr. Breslow committed to providing the Receiver with a list of all accounts associated with ABFP, but the Receiver has not yet received that list.

k.  Pursuant to paragraphs 4 and 7 of the Receivership Orders, the Receiver and his counsel have participated in dozens of telephone calls and e-mail correspondence with Counsel for various Defendants.

l.  Pursuant to paragraphs 4 and 7 of the Receivership Orders, the Receiver and his Counsel have participated in dozens of telephone calls and e-mail correspondence with counsel for various MCA clients of Par Funding, including many whose bank accounts have been frozen or are subject to liens by Par Funding.

m. Pursuant to paragraphs 6 and 7 of the Receivership Orders, the Receiver is in the process of filing notices of the receivership in 13 federal districts in which property of the Receivership Entities has been identified.

n. Pursuant to paragraph 7 of the Receivership Orders, the Receiver has served preservation notices and related orders on all Defendants, various data hosts (including Google, Inc., GoDaddy, Ionos, Barracuda Networks, and Hyopsys LLC) and the outside accountant for several of the Receivership Entities (Friedman LLP).

o. Pursuant to paragraph 3 of the Receivership Orders, the Receiver has researched and interviewed financial consultants for possible retention to, among other things: (i) review and analyze the financial records of the Receivership Entities; (ii) assist the Receiver with financial analysis and forensic accounting services; (iii) assess the ongoing operations of the Receivership Entities and provide input and guidance regarding the management and oversight of the day-to-day operations of the Receivership Entities, including efforts to collect on accounts receivable and to maximize recovery for investors.

p. Pursuant to paragraphs 4 and 7 of the Receivership Orders, the Receiver, through Counsel, contacted counsel for Defendants McElhone, Laforte, Cole, Abbonizio, and Furman on August 3, 2020 to schedule interviews and gain a greater understanding of operations and finances with the goal of protecting investor funds. To date, none of these Defendants have agreed to be interviewed by the Receiver in response to this request.

8. To date, the Receiver has not taken any action to seize or obtain a freeze of any bank accounts or other financial accounts of the Receivership Entities.

Dated: August 4, 2020                                     Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By:  */s/ Timothy A. Kolaya*
    TIMOTHY A. KOLAYA
    Florida Bar No. 056140
    tkolaya@sfslaw.com

*Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

By:  */s/ Gaetan J. Alfano*
    GAETAN J. ALFANO
    Pennsylvania Bar No. 32971
    *(Admitted Pro Hac Vice)*
    GJA@Pietragallo.com
    DOUGLAS K. ROSENBLUM
    Pennsylvania Bar No. 90989
    *(Admitted Pro Hac Vice)*
    DKR@Pietragallo.com

*Co-Counsel for Receiver*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2020, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
