UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 20-cv-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, et al,

    Defendants.
_____/

**DEFENDANTS' COMPLETE BUSINESS SOLUTIONS GROUP, INC. AND FULL SPECTRUM PROCESSING, INC.'S NOTICE OF INDEPENDENT COUNSEL'S CONTINUING ROLE FOR THE COMPANIES**

Defendants, Complete Business Solutions Group, Inc. d/b/a Par Funding and Full Spectrum Processing, Inc. ("the Companies") submit this Notice, at the Court's instruction, of independent counsel's continuing role and states as follows:

The Companies are engaged in the business of Merchant Cash Advances ("MCA's") that requires a high degree of management. In addition to the internal management team that is required to perform the functions necessary to ensure that the MCA portfolio is properly managed, and that the funds owed to the Companies are timely collected, the Companies retained independent counsel to represent the Companies in litigation to enforce the MCAs. In February 2020, the Companies retained Fox Rothschild to handle this litigation, which became nationwide in scope.

On July 24, 2020, the owners of the Companies learned of the SEC's filing of this lawsuit from news reports. In order that the Court be made immediately aware of the negative effect the SEC's proposed actions would have on the performance of the MCA portfolio, and thus the ability of the Companies to continue to pay investors in the Companies, the owners authorized undersigned counsel to immediately file Notices of Appearance and to submit these concerns to the Court.

Thus, on July 27, 2020, undersigned counsel filed its Notice of Appearance, ECF 16 and ECF 44, and an Emergency/Expedited Preliminary Response to the SEC's Motion for Temporary Restraining Order, ECF 19. Undersigned counsel appeared at a July 27, 2020 initial telephone status conference to present the Court with these concerns about the continued management of the MCA portfolio for the Companies. After the status conference, the Court entered its Order appointing Receiver, ECF 36, which did not contain the overly broad provisions proposed by the SEC.

On July 28, 2020, undersigned counsel, with the Court's permission, filed a Response to the SEC's *Ex Parte* Motions for Appointment of a Receiver and for an Asset Freeze. ECF 43. The primary purpose of that submission was to inform the Court of the damage to the Companies, and the performance of the MCA portfolio, that would occur if the SEC was granted the type of extraordinary, and unnecessary, relief it was requesting in the overly broad, proposed order granting its motion for a temporary restraining order and appointment of a receiver.[1]

---

[1] As the SEC's TRO Motion sought to impose an asset freeze on the Companies as well as the individual Defendants and Relief Defendant, ECF 14, at p. 74, the Response also submitted the heightened requirements imposed on the SEC before this type of extraordinary preliminary relief can be granted, citing *Winter v Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) and *SEC v Schooler*, 902 F.Supp.2d 1341, 1359-1361 (S.D. Cal. 2012).

Fox Rothschild LLP

Later that day, the Court entered its Order granting the SEC's Motion for a temporary restraining order and other ancillary relief, ECF 42 ("TRO Order"). The TRO Order scheduled a status conference for August 3 and an Order to Show Cause hearing for August 4.

As soon as the Court entered the TRO Order, the individual Defendants and the Relief Defendant began securing independent counsel. As of the filing of this Notice, independent counsel for all individual Defendants and the Relief Defendant have appeared, or are in the process of appearing. Undersigned counsel will move to withdraw from continued representation of the individual Defendants and Relief Defendant as soon as all counsel have formally appeared for the individual Defendants and the Relief Defendant.

At the August 3 telephone status conference, the Court determined that the August 4 Show Cause hearing would be used to discuss the scope of the Order appointing the Receiver, ECF 74. Undersigned counsel appeared at the August 4 hearing, to inform the Court of the legal work that had been performed for the Companies prior to the SEC's commencement of this action.[2]

At the conclusion of the August 4 hearing, after the Court reaffirmed the Court's intention regarding the scope of the Order appointing the Receiver and the TRO Order, the SEC raised the issue of independent counsel's continuing role for the Companies in light of the appointment of the Receiver. The Court instructed undersigned counsel to file a Notice informing the Court of independent counsel's anticipated role, especially in connection with the upcoming Show Cause hearing.

---

[2] Undersigned counsel also joined, on behalf of the Companies, in the written submission that the Court allowed the parties to present regarding the scope of the Order appointing the Receiver. ECF 84.

On August 5, 2020, undersigned counsel informed the Receiver's counsel, and the SEC, that Fox Rothschild will not be defending the SEC's request for a preliminary injunction at the Show Cause hearing.  Counsel for the individual Defendants and the Relief Defendant will further respond to the SEC's request for the imposition of a preliminary injunction, both in connection with the discovery that will be taken in advance of that hearing, and in the written submission authorized by the Court, ECF 97, and the evidence and arguments to be presented at that hearing. Undersigned counsel respectfully submits that this Notice addresses the Court's immediate concern so that there will be no confusion caused by representation of the individual Defendants and the Relief Defendant at the Show Cause hearing.

The SEC, however, has continued to question when Fox Rothschild will withdraw from representation of the Companies based on the SEC's contention that independent counsel has not continuing role for the Companies in light of the appointment of the Receiver.  On August 5, 2020, undersigned counsel had a lengthy discussion with the Receiver's counsel, addressing the legal standards governing the right of the owners to continue to have independent counsel participate in the management of the MCA portfolio.  Undersigned counsel provided the Receiver's counsel with the authority of *NCL Corp. v. Lone Star Building Centers*, 144 B.R. 140, 173-74 (S.D.Fl. 1992)(denying motion to disqualify counsel), where the District Court applied binding former Fifth Circuit authority to hold that the right to assert the attorney-client privilege, and to control the retention of counsel, does not change hands with the assignment of assets, citing *In re Yarn Processing Patent Validity Litig.*, 520 F.3d 83, 89-90 (5th Cir. 1976).

Undersigned counsel discussed with the Receiver's counsel that as the Court did not provide the Receiver with a legal change of control of the Companies, the terms of this Receivership order does not, under this binding legal authority, allow the Receiver to control the

4

Fox Rothschild LLP

attorney-client privilege and terminate the Companies existing counsel.  Undersigned counsel also discussed with the Receiver the practical, negative effect that will be imposed on the performance of the MCA portfolio if the legal management of that portfolio continues to be interrupted.[3]

The Receiver's counsel informed us that they would consider the legal authority that we presented to them, as well as the practical implications on the performance of the MCA portfolio, and would respond to us after consulting with the Receiver.  We informed the SEC of that communication, as well.

On August 5, the Receiver's counsel informed us that the Receiver is of the view that he controls all the companies.  We immediately communicated the Receiver's positon to counsel for the owner of the Companies.

Undersigned counsel respectfully submits that it remains our ethical duty to continue our representation of the Companies, unless and until an arrangement between the owner of the Companies and the Receiver can be accomplished, or until the Court orders a change in that representation. *See* ABA Model Rule 1.16; Florida Rules of Professional Conduct 4-1.16.  We were informed that counsel for the owner of the Companies will communicate with the Receiver as to their view of this issue and we were asked to await further instruction.  We will await a resolution by the Receiver and the owner of the Companies to this issue, and lacking any agreed resolution, we will await a further ruling by the Court if this issue is litigated by the Receiver and the owner of the Companies.

---

[3] At the SEC's Urgent request, the Court stayed all nationwide litigation, including the actions that were effectively collecting money owed to the Companies, and that would be used to pay the investors.  D.E. 56.  Undersigned counsel explained that without a lifting of the stay, to enable the Companies to pursue collections under the MCA's, the substantial accounts receivables that the Companies possesses will not be available to pay investors.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Complete Business Solutions Group, Inc. d/b/a Par Funding and Full Spectrum Processing, Inc.*

One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 442-6547

By: __/s/*Joseph DeMaria*__
    **Joseph A. DeMaria, B.C.S.**
    Florida Bar No. 764711
    Email: JDeMaria@FoxRothschild.com
Sec. Email: mmiller-hayle@foxrothschild.com

    **Brett Berman, Esq.**
    2000 Market Street, 20th Floor
    Philadelphia, PA 19103,
    Tel: (215) 299-2000
    Email: bberman@foxrothschild.com

### CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2020**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

    */s/Joseph A. DeMaria*
    Joseph A. DeMaria