IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

       Defendants.
_____/

## RECEIVER, RYAN K. STUMPHAUZER'S EXPEDITED MOTION TO APPROVE RETAINED PROFESSIONAL

### Basis for expedited relief:

The Receiver seeks relief on an expedited basis because the Receiver has concluded that certain actions need to be taken immediately in order to secure assets and assess the ongoing operations of the Receivership Entities, which cannot be completed without the assistance of the below-referenced professional services company. To that end, the Receiver requests the Court to establish an expedited briefing schedule for responses to this motion.

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of Defendants Complete Business Solutions Group, Inc. d/b/a Par Funding; Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; and RE Income Fund 2 LLC (the "Receivership Entities"), by and through undersigned counsel, and pursuant to L.R. 7.1(d)(2), hereby files this Expedited Motion to Approve Retained Professional and states as follows:

1. On Friday, June 24, 2020, the Securities and Exchange Commission ("SEC") filed its Complaint for Injunctive and Other Relief [DE 1] against the Receivership Entities, Lisa McElhone, Joseph Cole Barleta, a/k/a Joe Cole, Joseph W. Laforte, a/k/a Joe Mack, a/k/a Joe Macki, a/k/a Joe McElhone, Perry S. Abbonizio, Dean J. Vagnozzi, Michael C. Furman, John Gissas, and Relief Defendant L.M.E. 2017 Family Trust.

2. On Friday, July 24, 2020, the SEC also filed a Motion for Appointment of Receiver [D.E. 4] requesting the Court to appoint Ryan K. Stumphauzer as the Receiver for the Receivership Entities.

3. On Monday, July 27, 2020, the Court entered an Order Granting the SEC's Motion for Appointment of Receiver ("Receivership Order") [D.E. 36].

4. On Friday, July 31, 2020, the Court entered an Order Granting Plaintiff's Urgent Motion to Amend Order Appointing Receiver to Include Litigation Injunction (the "Amended Receivership Order") [D.E. 56].

5. The Amended Receivership Order, which is the operative order setting forth the Receiver's duties and responsibilities, authorizes the Receiver to "engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, lawyers, and paralegals." Amended Receivership Order at ¶ 3.

6. Consistent with these authorized duties, the Receiver has retained the undersigned law firm of Stumphauzer Foslid Sloman Ross & Kolaya PLLC in Miami, Florida, along with the law firm of Pietragallo Gordon Alfano Bosick & Raspanti, LLP in Philadelphia, Pennsylvania, to serve as his counsel in this matter ("Counsel"). The Receiver and his Counsel have appeared in this matter [D.E. 49, 50] and Counsel has filed motions for the *pro hac vice* admission of the

Philadelphia-based attorneys that are not admitted in this District [D.E. 51, 52]. Those motions for *pro hac vice* admission have now been granted [D.E. 57, 58].

7. The Amended Receivership Order provides the Receiver with the power "[t]o take any other action as necessary and appropriate for the preservation of the Receivership Entities' property interests or to prevent the dissipation or concealment of such property interests." Amended Receivership Order at ¶ 4.

8. Based on information the Receiver has learned to date through a review of information about and records of the Receivership Entities, as well as discussions with employees of the Receivership Entities and other third-parties, the Receiver believes immediate assistance of a professional services company is necessary to secure and analyze the assets of, and assess the ongoing operations of, the Receivership Entities.

9. For example, the SEC attached to its Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief ("TRO Motion") certain evidence reflecting representations the Receivership Entities made to investors that the default rate for its merchant cash advance ("MCA") agreements (*i.e.*, when a merchant doesn't "meet the daily commitment" to pay back the required amounts to Par Funding under its agreement) was "less than 1 percent." (Exhibit 20 to TRO Motion [D.E. 41-7], at 51-52). Additionally, on the website of Par Funding, the company discloses that it has transferred "more than $600 million in funds" to merchants under these MCAs over a six-year period from 2013 through 2019. (Exhibit 43 to TRO Motion [D.E. 23-5], at p. 11.

10. Pursuant to paragraphs 4 and 7 of the Amended Receivership Order, the Receiver has interviewed Ms. Aida Lau, an accountant at Par Funding in Philadelphia, Pennsylvania. Ms. Lau explained the mechanics of the ACH processing of MCA agreements and disclosed numbers that are materially different than those marketed by Par Funding. Ms. Lau told the Receiver that

Par Funding has approximately $500 million in outstanding MCA agreements that are considered "performing.," *i.e.*, where the merchant is not in default and continues to pay the periodic payments required under its MCA agreement with Par Funding. Of these $500 million in performing MCA agreements, approximately 10% are the subject of daily negotiations regarding payments, including "restructuring" the agreements to advance additional funds to the merchant so that the merchant can continue to make the required payments. Ms. Lau said that Par Funding has an additional $500 million in MCA agreements that are "non-performing," *i.e.*, the subject of collection efforts and/or litigation. Based on these numbers, there may be in excess of one billion dollars ($1,000,000,000.00) of outstanding funds deployed to merchants under Par Funding's MCA agreements, with as many as fifty percent (50%) of those deployed funds in some stage of "default."

11. At a hearing before the Court on August 4, 2020, lawyers from the Fox Rothschild firm, who appeared as counsel for Par Funding, disputed these amounts and percentages. Despite requests from Counsel for the Receiver, however, the principal officers and owners of the Receivership Entities—including Lisa McElhone, Joseph Cole Barleta, a/k/a Joe Cole, Joseph W. Laforte, a/k/a Joe Mack, a/k/a Joe Macki, a/k/a Joe McElhone, Perry S. Abbonizio, Dean J. Vagnozzi, Michael C. Furman, and John Gissas—have thus far refused to sit for direct interviews with the Receiver to discuss the historical (and potential future) financial and operational status and viability of these businesses.

12. Without cooperation from these principal officers and owners of the Receivership Entities, it is all but impossible for the Receiver to assess the financial and operational status of these businesses and, thus, take "other action as necessary and appropriate for the preservation of

4

the Receivership Entities' property interests or to prevent the dissipation or concealment of such property interests." Amended Receivership Order, at ¶ 4.

13. Accordingly, the Receiver has determined that the immediate assistance of a financial advisor and operations consulting firm ("Retained Professional") is necessary on an expedited basis to, among other things: (a) review and analyze the financial records of the Receivership Entities; (b) assist the Receiver with financial analysis and forensic accounting services; (c) assess the ongoing operations of the Receivership Entities and provide input and guidance regarding the management and oversight of the day-to-day operations of the Receivership Entities, including efforts to collect on accounts receivable and to maximize recovery for investors; and (d) provide various other consulting services.

14. As these proceedings advance, the Receiver anticipates that there may be further clarification or amendment regarding the scope of the Receiver's duties and responsibilities. To the extent that occurs, the Receiver may seek the Court's approval to amend the services authorized under this proposed engagement of the Retained Professional.

15. The Receiver has solicited proposals from two consulting firms that, in his best judgment, are highly experienced in this field. In his evaluation of these proposals, the Receiver believes that he would best be able to carry out the duties granted to him under the Amended Receivership Order with the assistance of the following Retained Professional:

> Development Specialists, Inc. ("DSI"): DSI is an advisory and fiduciary services firm with experienced specialists in crisis management, financial advisory and third-party fiduciary services, and interim management. Attached as Composite Exhibit 1 is: (a) a copy of the proposed engagement letter from DSI; (b) a letter from DSI with a summary of its qualifications and proposed rate structure for this

engagement; and (c) a brochure with DSI's qualifications and relevant experience with financial fraud matters, and in particular in the merchant cash advance industry, along with biographies of DSI's proposed advisory team, including Brad Sharp, who would lead DSI's efforts as a financial advisor and operations consultant to the Receiver.

16. DSI has significant prior experience in similar matters in the financial services industry. For example, DSI was previously retained as a financial advisor and Mr. Sharp was appointed Chief Restructuring Officer in *In re Woodbridge Group of Cos. LLC*, No. 1:17-bk-12560 (Bankr. D. Del.), a series of Chapter 11 cases involving a company that was found to have defrauded 8,400 retail investors nationwide in the sale of securities.

17. In addition, DSI was retained as a financial advisor and Mr. Sharp was appointed Chief Restructuring Officer in *In re: 1 Global Capital LLC* and *In re: 1 West Capital LLC*, No. 18-bk-19121 (Bankr. S.D. Fla.), a series of Chapter 11 cases involving allegations that a merchant cash advance business, similar to the Receivership Entities here, sold unregistered securities and defrauded investors. Mr. Sharp and the DSI team were directly involved in overseeing the management of those businesses and their employees, including efforts to service and collect on outstanding merchant cash advance agreements, maximize the assets of the businesses, and preserve investor funds.

18. DSI has agreed to charge the time for all professionals and staff working on this engagement on an hourly basis at their standard hourly rates, with an agreed-upon cap on the total amount charged in any periodic invoice submitted to the Court based on a blended hourly rate for all professionals of $450 per hour.

19. DSI has not requested a retainer and has committed to a discount of the firm's typical fees for its work in this engagement through this blended hourly rate cap.

20. DSI has advised the Receiver that no conflicts of interest exist in connection with its potential retention in this matter.

21. Accordingly, the Receiver seeks this Court's approval for the formal engagement of DSI as the Receiver's financial advisor and operational consultant in connection with this matter.

WHEREFORE, Ryan K. Stumphauzer, as Court-Appointed Receiver, by and through his undersigned counsel, respectfully requests this Honorable Court to grant the expedited motion and approve the Receiver's proposed Retained Professional for engagement on this matter. A proposed order for the Court's consideration is attached as Exhibit 2.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for the Receiver certifies that he has conferred with counsel for all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion, and has received the following responses:

The SEC does not oppose the relief requested herein.

Several parties, including: (1) Fox Rothschild, responding as counsel for Par Funding and Full Spectrum Processing, Inc.; and (2) John Gissas, Retirement Evolution Group, LLC, RE Income Fund LLC, and RE Income Fund 2 LLC; and (3) Defendant Perry S. Abbonizio, have indicated that they do not oppose the engagement of the Retained Professional to the extent the duties are limited to (a) reviewing and analyzing the financial records of the Receivership Entities and (b) assisting the Receiver with financial analysis and forensic accounting services.  They oppose,

however, the engagement as proposed by the Receiver to the extent it would permit the Retained Professional to: (c) manage or otherwise oversee the day-to-day operations of the Receivership Entities; and (d) provide various other consulting services that may be consistent with the duties enumerated in section (c).

Counsel for Dean Vagnozzi has indicated that Mr. Vagnozzi, while retaining his objection to the necessity of a receivership in general, does not oppose the Receiver's retention of the Retained Professional to assist with analysis, but objects to the extent the authorization of this Retained Professional would include "managing the day-to-day business without a full hearing before the judge to determine whether that is appropriate."

Defendants Joseph W. LaForte, Lisa McElhone, the L.E.M. Family Trust, and Joseph Cole Barletta oppose the relief requested.

Defendant Michal Furman takes no position on the motion.

Dated: August 6, 2020                                          Respectfully Submitted,

                                                               **STUMPHAUZER FOSLID SLOMAN**
                                                               **ROSS & KOLAYA, PLLC**
                                                               Two South Biscayne Blvd., Suite 1600
                                                               Miami, FL 33131
                                                               Telephone: (305) 614-1400
                                                               Facsimile: (305) 614-1425

                                                               By:  */s/ Timothy A. Kolaya*
                                                                    TIMOTHY A. KOLAYA
                                                                    Florida Bar No. 056140
                                                                    tkolaya@sfslaw.com

                                                                    *Co-Counsel for Receiver*

        **PIETRAGALLO GORDON ALFANO**
        **BOSICK & RASPANTI, LLP**
        1818 Market Street, Suite 3402
        Philadelphia, PA 19103
        Telephone: (215) 320-6200
        Facsimile: (215) 981-0082

        By:  */s/ Gaetan J. Alfano*
              GAETAN J. ALFANO
              Pennsylvania Bar No. 32971
              *(Admitted Pro Hac Vice)*
              GJA@Pietragallo.com
              DOUGLAS K. ROSENBLUM
              Pennsylvania Bar No. 90989
              *(Admitted Pro Hac Vice)*
              DKR@Pietragallo.com

        *Co-Counsel for Receiver*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2020, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        */s/ Timothy A. Kolaya*
        TIMOTHY A. KOLAYA