UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
   INC. d/b/a/ PAR FUNDING,
                                                   /

## PLAINTIFF'S EXPEDITED MOTION TO AMEND RECEIVERSHIP ORDER

### I. INTRODUCTION

As addressed during the August 3, 2020 telephonic hearing on Defendant Dean Vagnozzi's Motion for Protective Order, the promissory notes Defendants Dean Vagnozzi, ABFP Income Fund and ABFP Income Fund 2 offered and sold to investors have been exchanged for promissory notes offered and sold by Vagnozzi's other entities. Plaintiff Securities and Exchange Commission now seeks to expand the Receivership to include these other entities in the form of the proposed Order filed with this Motion. The Commission also requests that the Court amend the existing Receivership Order to clarify the Receiver's powers and duties with respect to the entities already under the control of the Receiver.

### II. ABFP INCOME FUND INVESTOR MONIES ARE NOW UNDER THE CONTROL OF SO-CALLED "ABFP INCOME FUND PARALLEL" ENTITIES

Defendants ABFP Income Fund and ABFP Income Fund 2 are currently in a Receivership pursuant to this Court's Order. [D.E. 36, amended at D.E. 56]. It is undisputed that the promissory notes issued by the ABFP Income Funds have been exchanged for notes issued by the so-called "ABFP Income Fund Parallel" investment funds.

In his Answers to Interrogatories, Vagnozzi, admits that "ABFP Income Fund 1 conducted an exchange offer into ABFP Income Fund 1 Parallel, ABFP Income Fund 3 conducted an exchange offer into ABFP Income Fund 3 Parallel, ABFP Income Fund 4 conducted an exchange offer into ABFP Income Fund 4 Parallel, and ABFP Income Fund 6 conducted an exchange offer into ABFP Income Fund 6 Parallel." (Exhibit A at Interrogatory Answer No. 2(b)). Vagnozzi also

admits that Defendant ABFP Management Company LLC is the manager of the ABFP Income Fund Parallel entities. (Exhibit A at Interrogatory Answer No. 2(c)).

As Vagnozzi's counsel agreed during the August 3 hearing, the accounts of the ABFP Income Fund Parallel entities remain unfrozen, and these entities now hold the promissory notes with Complete Business Solutions Group in which investors invested.

Therefore, for the reasons discussed during the August 3 telephonic hearing in this matter, the Commission seeks to expand the Receivership to include the ABFP Income Fund Parallel entities.

### III. IF THE COURT GRANTS THE RELIEF SOUGHT, IT SHOULD ENTER THE "MODEL ORDER APPOINTING RECEIVER"

#### A. An Order Providing Greater Specificity Will Help Realize The Court's Intent In Appointing the Receiver

If the Court grants the relief sought herein, it should enter the proposed Order accompanying this Motion, which is the Commission's "Model Order Appointing Receiver." This Order, and variations of it, have been entered in Commission cases nationwide, including in this District. [Composite Exhibit B]. The Court has vested the Receiver with the power to take custody, control, and possession of the Receivership Entities' property, to safeguard the Receivership's property, and to take any action necessary and appropriate to preserve the Receivership Entities' property interests and to prevent the dissipation or concealment of such property interests [D.E. 36 & 56]. To ensure the Court's intent in appointing the Receiver is realized, the Commission respectfully requests that the Court enter the proposed Order which provides greater clarification of the Receiver's powers, duties, and limitations.

Acting under order of the appointing court, the Receiver's goal is to maximize the Receivership Estate's value for harmed investors and other rightful claimants. The proposed Order specifies that appointing a Receiver is necessary for "marshaling and preserving" all assets subject to receivership. To achieve those goals, the Receiver has certain powers under the Court's equity jurisdiction.[1] The proposed Order enumerates many of these powers, as well as those set forth in 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

---

[1] *Chi. Deposit Vault Co. v. McNulta*, 153 U.S. 554, 561 (1894) ("The receiver being an officer of the court, and acting under the court's direction and instructions, his powers are derived from and defined by the court under which he acts."); *Liberte Capital Grp., L.L.C. v. Capwill*, 421 F.3d 377,

With the Receiver's broad powers come certain duties. In managing the Receivership Estate, the Receiver "must exercise ordinary care and prudence, that is, the same care and diligence that an ordinary prudent person would exercise in handling his or her own estate, or under like circumstances"[2] The Receiver must also account for the assets in the Receivership Estate.[3] Under the proposed Order, the Receiver must provide the court quarterly accountings, "reflecting the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations" of the Receivership Estate.[4] The Order also protects the Receivership Assets from interference, and ensures that there is no ambiguity whatsoever concerning the scope of the Receiver's duties, authority, and powers.

### B. A More Specific Order Will Avoid Issues Arising From Perceived Ambiguities Concerning the Role of the Receiver

The Model Order is important in all receivership cases, as the structure and clarity it provides benefit the Receiver, the parties, and third parties that have an interest in the Receivership Entities or Receivership Assets. The reason for such a specific order has been illustrated in this case by myriad issues that have arisen in the past two weeks since the Receiver was appointed.

#### 1. The Current Issue Of Attorneys Claiming They Cannot Withdraw As Counsel For Receivership Entities On Grounds The Order Appointing Receiver Does Not Explicitly Vest The Receiver With "Binding Legal Authority"

On July 24, 2020, the Commission filed this case *ex parte* and under seal, seeking, among other emergency relief, the appointment of a Receiver over the corporate Defendants [D.E. 1, 3, 4 & 5]. On July 27, 2020, attorneys from the law firm of Fox Rothschild LLP (the "Fox Rothschild Attorneys") filed notices of appearance in this case on behalf of: corporate Defendants Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding") and Full Spectrum Processing, Inc. ("Full Spectrum"); individual defendants Lisa McElhone, Joseph LaForte, and Joseph Cole Barleta; and Relief Defendant LME 2017 Family Trust [D.E. 16-18], and argued both in a Court

---

382 (6th Cir. 2005) ("a district court has broad powers and wide discretion in fashioning relief in an equity receivership proceeding").

[2] *SEC v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2012 U.S. Dist. LEXIS 126739, at *6 (M.D. Fla. Aug. 1, 2012) (quoting 65 Am. Jur. 2d *Receivers* § 146 (2007)).

[3] *In re Andrews*, 25 F.2d 450, 452 (3d Cir. 1928).

[4] Model Order, Section XIII.

filing and during a telephonic hearing against the appointment of a Receiver [D.E. 19 & 26]. Thereafter, the Court appointed the Receiver over, among others, Par Funding and Full Spectrum [D.E. 36].

The Receiver did not retain or hire the Fox Rothschild Attorneys.[5] Nonetheless, the Fox Rothschild Attorneys have continued to appear on behalf of Par Funding and Full Spectrum – to argue against the Receiver, both in Court filings and during a hearing in this case [D.E. 85 & 92].

As the Fox Rothschild Attorneys acknowledge, the Receiver's counsel have made clear to the Fox Rothschild Attorneys that Fox Rothschild no longer represents Par Funding and Full Spectrum as Defendants in this case [D.E. 100 at p.5]. Therefore, on August 4, the Fox Rothschild Attorneys filed what is essentially a second notice of appearance in this case. As with their first notice of appearance, they claim to file on behalf of Defendants Par Funding and Full Spectrum – but this time they claim to appear as so-called "independent counsel" for Par Funding and Full Spectrum at the behest of the unidentified "owners" of these entities. [D.E. 100].

The Fox Rothschild Attorneys claim they cannot withdraw as counsel because they have an ethical duty to continue their representation of Par Funding and Full Spectrum on grounds "the Court did not provide the Receiver with a legal change of control of the Companies" and therefore the Receiver lacks "binding legal authority." *Id.* at pp.4-5.[6] It is a mystery who, if anyone, is the client in connection with the Fox Rothschild Attorneys' so-called "independent counsel" legal work. Par Funding is owned by Relief Defendant LME 2017 Family Trust, Full Spectrum is owned by Defendant McElhone, and both entities are under a Court-Ordered Receivership. Undersigned

---

[5] The law firm of Fox Rothschild currently holds a retainer it received from Par Funding and/or Full Spectrum. As the Commission expressed during the August 4 hearing, these funds should be returned to the Receivership Entities and are subject to the Court's Asset Freeze Order.

[6] We give Fox Rothschild Attorneys' argument that the Receiver lacks legal authority – despite this Court's Order – the attention it is due. They cite a bankruptcy case, *NCL Corp. v. Lone Star Bldg. Centers*, 144 B.R. 170 (S.D. Fla. 1992), and *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83 (5th Cir. 1976), to assert that attorney-client privilege does not change hands based merely on the exchange of assets. These cases are inapposite. The issue in both *NCL* and *Yarn* was whether the transfer of a lease automatically transfers the attorney-client privilege from the predecessor lessee to the successor lessee. Further, as clarified in the *NCL* case upon which the Fox Rothstein Attorneys rely, the Supreme Court has held that the right to assert the attorney-client privilege is an incident of control of the corporation. 144 B.R. at 174 (citing *CFTC v. Weintraub*, 471 U.S. 343, 349 (1985) (holding that when the control of a corporation passes to new management, the authority to assert attorney-client privileges and other rights passes as well)).

counsel's efforts to obtain the name of the "owners" the Fox Rothschild Attorneys claim to now represent resulted in a vague response from one of the Fox Rothschild Attorneys that "We are informed that the legal ownership of CBSG is held in a trust." (Exhibit C).

The Model Order addresses these and other issues that might arise because it clearly vests the Receiver with the legal authority the Fox Rothschild Attorneys claim is lacking as the basis for their purported inability to withdraw as counsel.

### 2. The Issue Of Defense Counsel Appearing On Behalf Of A Receivership Entity (Unbeknownst To The Receiver) Before Another Federal District Court To Oppose Compliance With The S.E.C.'s Administrative Subpoena

Shortly after the Fox Rothschild Attorneys received the Court's Order Appointing the Receiver and after they had emailed undersigned counsel about "a team of FBI agents has raised the offices in Philadelphia of this firm's clients" [Exhibit D], one of the Fox Rothschild Attorneys appearing in this case appeared in another case – before the Eastern District of Pennsylvania during a telephonic hearing or status conference to object to the production of a Par Funding document that was responsive to an S.E.C. Administrative Subpoena. [Exhibit E, Declaration of Shane Heskin]. Neither the Commission nor the Receiver was aware of the fact that a Receivership entity was appearing in another Court through the Fox Rothschild Attorney. Nor were the Commission and Receiver aware that the Receivership Entity was contesting a matter concerning an S.E.C. Administrative Proceeding (or even that there was such a legal dispute), until after the hearing occurred. It is unclear whether the Honorable Juan Ramon Sanchez was aware during this hearing that Par Funding – the Defendant in that case – was in a Receivership.

A detailed Order reflecting the legal authority of the Receiver to litigate matters and retain counsel for the Receivership Entities will ensure that all counsel retained previously by the Receivership Entities refrain from engaging in litigation or taking legal positions outside of the scope of the Receivership and without the Receiver's knowledge and approval.

### 3.  Issues Concerning Receivership Entities' Employees and Officers

As the Receiver has expressed to this Court, the principal officers and owners of the Receivership Entities – *i.e.*, the individual Defendants – have thus far refused to sit for direct interviews with the Receiver to discuss the historical (and potential future) financial and operational status and viability of these businesses. [D.E. 101 at ¶ 11]. Perhaps because there is no cooperation requirement in the Order and the Defendants claim the Order is not clear, the

Receiver is resorting to contacting the attorneys of the individual Defendants to obtain information about the Receivership Entities those individual Defendants operated.

By way of example, Defendant Dean Vagnozzi testified during his recent deposition during the expedited discovery phase of this case that there are about 20 "agent funds" involved with his company ABFP Management Company, a Receivership Entity; and that these agent funds offer and sell promissory notes to investors and send that investor money to Par Funding in exchange for promissory notes. Vagnozzi testified he signed contracts with the agent funds and ABFP Management handles all the paperwork for the agent funds, an ABFP employee is a signatory on each of the agent funds' bank accounts through which the investor money flows, and ABFP Management transfers and distributes the investor funds.

The Receiver has been trying to obtain information about the identities of these roughly 20 agent funds from Vagnozzi's counsel since no later than August 2. On August 6, Vagnozzi testified he cannot recall the names of these agent funds. After the deposition concluded, an employee of A Better Financial Plan advised undersigned counsel that information about each of the agent funds – the very information the Receiver has been seeking for days while the Defendants claim the lack of activity in the Receivership Entities is causing harm to investors – had in fact been requested by, and provided to, Vagnozzi and/or his counsel earlier on the day of Vagnozzi's deposition. Apparently, Vagnozzi, directly or through his counsel, continues to utilize the ABFP employees for the information he wants, and is now serving as a sort of gatekeeper – absent taking the testimony of all the employees – for the information necessary to preserve and protect ABFP entities. As to ABFP, the employees of the Receivership Entity were compiling information for Vagnozzi and/or his counsel, while the Receiver and Commission could not obtain this same information. After five days, including two days of deposition testimony, Vagnozzi's counsel provided the list to the Receiver this morning. The Receiver should not need to go through the individual Defendants or their counsel to gain access to information about the Receivership Entities. Yet that is what is occurring.

The proposed Order includes the standard language for a Receivership Order requiring individuals to cooperate with the Receiver, and making clear that the Receiver has the legal authority to request and receive information about the Receivership Entities and to control them.

These are but three of the issues that have arisen in the 11 days since the Court appointed the Receiver. Without a more specific Order concerning the Receiver's duties, powers, and

limitations, there is a real concern that similar issues will continue to plague this matter, resulting in the further deterioration of the Receivership Estate and further litigation concerning the scope of the Receivership. All of which does nothing to advance the interests of the victims in this case.

## IV.  CONCLUSION

WHEREFORE, the Commission respectfully requests that the Court expand the Receivership to include the ABFP Income Fund Parallel entities, in the form of the proposed Order.

August 7, 2020                           Respectfully submitted,


By:     s/Amie Riggle Berlin
        Amie Riggle Berlin, Esq.
        Senior Trial Counsel
        Florida Bar No. 630020
        Direct Dial: (305) 982-6322
        Direct email: berlina@sec.gov

        Attorney for Plaintiff
        **SECURITIES AND EXCHANGE COMMISSION**
        801 Brickell Avenue, Suite 1800
        Miami, Florida  33131
        Telephone: (305) 982-6300
        Facsimile:  (305) 536-4154


## CERTIFICATE OF CONFERRAL

The Receiver's counsel agrees with the relief requested. Commission counsel emailed Mr. Vagnozzi's Defense Counsel Brian Miller to confer about moving the agent funds discussed during Monday's hearing into the Receivership, but we have not heard back from him. Undersigned emailed other defense counsel today. Because they have made their objections to the Receivership clear, both in their recent filings and during the August 4 hearing, and because this Motion seeks expedited relief to curtail the issues addressed herein, we did not want to delay filing this Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 7, 2020, I certify that the foregoing document is being served this day on all parties, witnesses, and counsel of records by cm-emf and via email to Bettina Schein, whom we understand is counsel for Joseph Cole Barleta, at her email address, bschein@bettinascheinlaw.com.

                             s/Amie Riggle Berlin
                             Amie Riggle Berlin

7