### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  9:20-cv-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

**v.**

**COMPLETE BUSINESS SOLUTIONS GROUP,**
    **INC. d/b/a/ PAR FUNDING, et al.,**

        **Defendants.**
_____/

### SPECIALLY APPEARING DEFENDANT DEAN VAGNOZZI'S
### RESPONSE TO SECURITIES AND EXCHANGE COMMISSION'S
### <u>SECOND REQUEST FOR INTERROGATORIES</u>

Specially appearing Defendant DEAN VAGNOZZI (hereinafter "Defendant"), by and through his undersigned counsel, hereby responds to Plaintiff SECURITIES AND EXCHANGE COMMISSION'S ("Plaintiff") Second Request for Interrogatories (the "Request") as follows:

### <u>GENERAL STATEMENT AND OBJECTIONS</u>

1.      Defendant objects to the Request for lack of due process under the United States Constitution.  The Court has imposed a two-calendar day response deadline without having provided Defendant any notice or opportunity to contest expedited discovery.  This violates the Federal Rules of Civil Procedure and the United States Constitution.  Defendant has not had adequate time to investigate his responses to the Request, which violates his Constitutional rights.  Moreover, Defendant's counsel only appeared in this action the day prior to service of the Request, and has not had adequate time to investigate the allegations and the Interrogatory in order to properly advise Defendant on his responses, which further violates Defendant's Constitutional

**EXHIBIT**

**A**

rights.   To the extent this Request is attempted to be used in any criminal prosecution, the circumstances of the Request further deny Defendant his right to effective assistance of counsel under the United States Constitution.

2.      In responding to this Request, Defendant does not concede the information requested is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Any response, in whole or in part, to the Request is not intended to be, and should not be construed as, a waiver by Defendant of all or any part of any objection. Defendant reserves the right to object, and hereby gives notice of its intent to object, to the admissibility into any information disclosed herein.

3.      Defendant objects to the Request to the extent that it seeks to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

4.      Defendant objects to the Request to the extent it calls for the disclosure of information that is not in Defendant's possession, custody, or control, or that is not ascertainable after a reasonably diligent search.

5.      Defendant reserves the right to supplement its responses as more information is available.

6.      Defendant objects to the Request to the extent it seeks information that is not relevant to the issues in the pending action or reasonably calculated to lead to the discovery of admissible evidence supporting the claims in this proceeding.

7.      Defendant objects to the Request to the extent it is, in whole or part, vague or ambiguous, duplicative, harassing, overbroad, or unduly burdensome, not restricted by time or

subject matter, in that the burdens imposed by responding to the Request clearly outweighs any potential value to Plaintiff of the response.

8.      Defendant objects to the Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine.

9.      Defendant objects to the Request to the extent it seeks information constituting trade secrets or other financial, strategic, confidential, proprietary, or otherwise highly sensitive commercial or personal information without protective measures necessary to prevent disclosure.

10.     No incidental or implied admissions are intended by the, or shall be inferred from, response to the Request. That Defendant has responded to any Request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any General or specific objection. Nor shall such a response be construed as a waiver of any argument, whether or not as of yet asserted, in support of judgment in favor of Defendant.

11.     Defendant objects to the Request insofar as it contains misstatements of fact and inaccurate assumptions. Nothing in the response shall be construed as constituting or implying an admission of any allegation or agreement with any assertion or characterization in the Request.

12.     Defendant objects to the Request to the extent it seek information that would require the production of information that include private consumer, banking, and financial information protected by various state and federal privacy laws.

13.     Defendant incorporates each of these General Objections into the specific responses below as if fully set forth therein.

14.     Without waiver of any of the foregoing general objections, Defendant responds and specifically objects to Plaintiff's Request as follows:

### RESPONSE AND OBJECTION TO INDIVIDUAL INTERROGATORIES

For each of ABFP Income Fund 1, ABFP Income Fund 2, ABFP Income Fund 3, ABFP Income Fund 4, ABFP Income Fund 5, ABFP Income Fund 6, and ABFP Income Fund 7, state:

• 2(a)     Whether or not the promissory notes (or, for ABFP Income Fund 2, limited partnership interests) offered and sold to investors was exchanged for a replacement note offering a lower interest rate.

**Response:     Defendant objects to this interrogatory on the grounds that the interrogatory is overbroad in scope, ambiguous, and not limited to the timeframe of the Complaint nor Securities and Exchange Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief. Particularly, this interrogatory is irrelevant and disproportionate for purposes of the August 4, 2020 Preliminary Injunction Hearing.  This interrogatory also seeks information, which is irrelevant and disproportionate to the claims or defenses of this action.  Defendant further objects to this interrogatory to the extent that it seeks information that is not in the Defendant's possession, custody, or control.  Currently, information that would be necessary to respond to this interrogatory are subject to the Court's receivership. Defendant has no access to his office in order to retrieve the information as a result of the Court's receivership.  Specifically, the Receiver's letter to Defendant, attached hereto as "Exhibit A", directs Defendant to: (1)"[r]efrain from attempting to access the premises of ABetterFinancialPlan.com"; (2) "Immediately turn over to me any and all objects, assets or documents, including, but not limited to, any devices,**

writings, client or investor files and documents, ESI, invoices, and bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession"; (3) refrain from accessing "bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities"; and (4) refrain from "directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take control, possession, or management of any accounts belonging to the Receivership Entities."   Further, Defendant objects to the term "investors" as being overly broad, vague, and undefined.  Subject to and without waiving the foregoing objections, Defendant states that ABFP Income Fund 1, ABFP Income Fund 3, ABFP Income Fund 4, and ABFP Income Fund 6 conducted an exchange offer in or about April 2020, which is now completed.   ABFP Income Fund 2, ABFP Income Fund 5 (which never had operations), and ABFP Income Fund 7 (which never had operations) did not conduct such an exchange offer.

- 2(b)   The name of the entity offering the replacement note to investors (for example, for ABFP Income Fund: ABFP Income Fund Parallel.

**Response**: Defendant objects to this interrogatory on the grounds that the interrogatory is overbroad in scope, ambiguous, and not limited to the timeframe of the Complaint nor Securities and Exchange Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief. Particularly, this interrogatory is irrelevant and disproportionate for purposes of the August 4, 2020 Preliminary Injunction Hearing.

This interrogatory also seeks information, which is irrelevant and disproportionate to the claims or defenses of this action. Defendant further objects to this interrogatory to the extent that it seeks information that is not in the Defendant's possession, custody, or control. Currently, information that would be necessary to respond to this interrogatory are subject to the Court's receivership. Defendant has no access to his office in order to retrieve the information as a result of the Court's receivership. Specifically, the Receiver's letter to Defendant, attached hereto as "Exhibit A", directs Defendant to: (1)"[r]efrain from attempting to access the premises of ABetterFinancialPlan.com"; (2) "Immediately turn over to me any and all objects, assets or documents, including, but not limited to, any devices, writings, client or investor files and documents, ESI, invoices, and bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession"; (3) refrain from accessing "bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities"; and (4) refrain from "directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take control, possession, or management of any accounts belonging to the Receivership Entities." Further, Defendant objects to the term "investors" as being overly broad, vague, and undefined. Subject to and without waiving the foregoing objections, Defendant states that ABFP Income Fund 1 conducted an exchange offer into ABFP Income Fund 1 Parallel, ABFP Income Fund 3 conducted an exchange offer into ABFP Income Fund 3 Parallel, ABFP Income Fund 4 conducted an exchange offer into ABFP Income Fund 4 Parallel, and ABFP Income Fund 6 conducted an exchange offer into ABFP Income Fund 6 Parallel.

- 2(c) The name of the person who runs or controls the entity that offered the replacement note.

**Response:** **Defendant objects to this interrogatory on the grounds that the interrogatory is overbroad in scope, ambiguous, and not limited to the timeframe of the Complaint nor Securities and Exchange Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief. Particularly, this interrogatory is irrelevant and disproportionate for purposes of the August 4, 2020 Preliminary Injunction Hearing. This interrogatory also seeks information, which is irrelevant and disproportionate to the claims or defenses of this action. Defendant further objects to this interrogatory to the extent that it seeks information that is not in the Defendant's possession, custody, or control. Currently, information that would be necessary to respond to this interrogatory are subject to the Court's receivership. Defendant has no access to his office in order to retrieve the information as a result of the Court's receivership. Specifically, the Receiver's letter to Defendant, attached hereto as "Exhibit A", directs Defendant to: (1)"[r]efrain from attempting to access the premises of ABetterFinancialPlan.com"; (2) "Immediately turn over to me any and all objects, assets or documents, including, but not limited to, any devices, writings, client or investor files and documents, ESI, invoices, and bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession"; (3) refrain from accessing "bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities"; and (4) refrain from "directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take**

control, possession, or management of any accounts belonging to the Receivership Entities."
Further, Defendant objects to the term "controls" as being overly broad, vague, and
undefined.  Subject to and without waiving the foregoing objections, Defendant states that
all of the entities referenced above in the response to No. 2(b) that conducted an exchange
offer in or about April 2020 are LLC's whose Manager is ABFP Management Company
LLC.

- 2(d)   The name of each bank where the entity that offered the replacement note has a bank account.

**Response**: Defendant objects to this interrogatory on the grounds that the
interrogatory is overbroad in scope, ambiguous, and not limited to the timeframe of the
Complaint nor Securities and Exchange Commission's Emergency *Ex Parte* Motion for
Temporary Restraining Order and Other Relief.  Particularly, this Interrogatory is
irrelevant and disproportionate for purposes of the August 4, 2020 Preliminary Injunction
Hearing.   This interrogatory also seeks information, which is irrelevant and
disproportionate to the claims or defenses of this action.  Defendant further objects to this
interrogatory to the extent that it seeks information that is not in the Defendant's possession,
custody, or control.  Currently, bank records that would be necessary to respond to this
interrogatory are subject to the Court's receivership.  Defendant has no access to his office
in order to retrieve the information as a result of the Court's receivership.  Specifically, the
Receiver's letter to Defendant, attached hereto as "Exhibit A", directs Defendant to:
(1) "[r]efrain from attempting to access the premises of ABetterFinancialPlan.com"; (2)
"Immediately turn over to me any and all objects, assets or documents, including, but not
limited to, any devices, writings, client or investor files and documents, ESI, invoices, and

bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession"; (3) refrain from accessing "bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities"; and (4) refrain from "directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take control, possession, or management of any accounts belonging to the Receivership Entities."  Subject to and without waiving the foregoing objections, Defendant states that all of the entities referenced above in the response to No. 2(b) that conducted an exchange offer in or about April 2020 have separate bank accounts at Citizens Bank.

- 2(e)   The amount of interest and principal owed to investors by the entity that offered the replacement note.

**Response**: Defendant objects to this interrogatory on the grounds that the interrogatory is overbroad in scope, ambiguous, and not limited to the timeframe of the Complaint nor Securities and Exchange Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief. Particularly, this interrogatory is irrelevant and disproportionate for purposes of the August 4, 2020 Preliminary Injunction Hearing. This interrogatory also seeks information, which is irrelevant and disproportionate to the claims or defenses of this action.  Defendant further objects to this interrogatory to the extent that it seeks information that is not in the Defendant's possession, custody, or control. Currently, information that would be necessary to respond to this Request are subject to the Court's receivership.  Defendant has no access to his office in order to retrieve the

information as a result of the Court's receivership.  Specifically, the Receiver's letter to Defendant, attached hereto as "Exhibit A", directs Defendant to: (1)"[r]efrain from attempting to access the premises of ABetterFinancialPlan.com"; (2) "Immediately turn over to me any and all objects, assets or documents, including, but not limited to, any devices, writings, client or investor files and documents, ESI, invoices, and bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession"; (3) refrain from accessing "bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities"; and (4) refrain from "directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take control, possession, or management of any accounts belonging to the Receivership Entities." Further, Defendant objects to the term "investors" as being overly broad, vague, and undefined. Lastly, Defendant generally objects to this Request for the reason it imposes a burden and expense on Defendant which outweighs any potential benefit.  Subject to and without waiving the foregoing objections, Defendant states that the principal amounts of notes issued by the entities referenced above in the response to No. 2(b) that conducted an exchange offer in or about April 2020 varies, but that the interest rate on the notes issued by such entities in the exchange offer is 4%.

- 2(f)    Expenditures the entity offering the replacement note has made since March 1, 2020.

**Response**: Defendant objects to this interrogatory on the grounds that the interrogatory is overbroad in scope, ambiguous, and not limited to the timeframe of the

Complaint nor Securities and Exchange Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief. Particularly, this interrogatory is irrelevant and disproportionate for purposes of the August 4, 2020 Preliminary Injunction Hearing. This interrogatory also seeks information, which is irrelevant and disproportionate to the claims or defenses of this action. Defendant further objects to this interrogatory to the extent that it seeks information that is not in the Defendant's possession, custody, or control. Currently, bank records that would be necessary to respond to this interrogatory are subject to the Court's receivership. Defendant has no access to his office in order to retrieve the information as a result of the Court's receivership. Specifically, the Receiver's letter to Defendant, attached hereto as "Exhibit A", directs Defendant to: (1)"[r]efrain from attempting to access the premises of ABetterFinancialPlan.com"; (2) "Immediately turn over to me any and all objects, assets or documents, including, but not limited to, any devices, writings, client or investor files and documents, ESI, invoices, and bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession"; (3) refrain from accessing "bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities"; and (4) refrain from "directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take control, possession, or management of any accounts belonging to the Receivership Entities." Lastly, Defendant generally objects to this interrogatory for the reason it imposes a burden and expense on Defendant which outweighs any potential benefit. Subject to and without waiving the foregoing objections, Defendant states he does not have details on amounts

expended by the entities referenced above in the response to No. 2(b) that conducted an exchange offer in or about April 2020 varies, but that information could be located in company records within the current control of the Receiver.

By: _____

STATE OF_____ )
                                         ) ss:
COUNTY OF_____ )

The foregoing instrument was acknowledged before me this ___day of _____, 2020, by
_____, who executed the foregoing Answers To Interrogatories and is personally ___ known to me ___ or who produced the following identification _____.

                                                                    _____
                                                                    Notary Public

                                                                    _____
                                                                    Print name

My Commission Expires:

Dated:  August 3, 2020

**AKERMAN LLP**
Three Brickell City Centre, Suite 1100
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: */s/ Brian P. Miller*
    Brian P. Miller, Esq.
    Florida Bar No. 980633
    E-mail: brian.miller@akerman.com
    E-mail: Kelly.connolly@akerman.com
    Alejandro J. Paz, Esq.
    Florida Bar No. 1011728
    E-mail: Alejandro.paz@akerman.com
    Secondary: marylin.herrera@akerman.com

    *Attorneys for Dean Vagnozzi*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing *Specially Appearing Defendant Dean Vagnozzi's Response to Securities and Exchange Commission's Second Request for Interrogatories* was served electronically this 3rd day of August, 2020 to:

Amie Riggle Berlin
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL  33131
Direct:  305-982-6322
Tel:  305-982-6300
Fax:  305-536-4154
Email: berlina@sec.gov

*Attorney for Plaintiff*

Daniel Fridman
Fridman Fels & Soto, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL  33134
Tel:  305-569-7720
Fax:  786-627-4145
Email: dfridman@ffslawfirm.com
Secondary:  ypantin@ffslawfirm.com

James R. Froccaro, Jr.
20 Vanderventer Avenue, Suite 103W
Port Washington, NY  11050
Tel:  516-944-5062
Email: jrfresq61@aol.com

*Attorneys for Defendant Joseph W. LaForte*

Joseph A. DeMaria
Robert F. Elgidely
Fox Rothschild LLP
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, FL  33131
Tel:  305-442-6547
Email: JDeMaria@FoxRothschild.com
Email: Relgidely@FoxRothschild.com
Secondary: mmiller-
hayle@foxrothschild.com

Alex L. Braunstein
Fox Rothschild LLP
777 S. Flagler Drive, Suite 1700 West Tower
West Palm Beach, FL  33401
Tel:  561-804-4497
Email:  ABraunstein@FoxRothschild.com

*Attorneys for Complete Business Solutions
Group, Inc., d/b/a Par Funding, Full
Spectrum Processing, Inc., Lisa McElhone,
Joseph Cole Barleta and Joseph W. LaForte
and relief defendant L.M.E. 2017 Family
Trust*

Joel Hirschhorn
GrayRobinson, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL  33131
Tel:  305-416-6880
Fax:  305-416-6887
Email:  joel.hirschhorn@gray-robinson.com

*Attorneys for Relief Defendant L.M.E. 2017
Family Trust*

Daniel I. Small
Allison Kernisky
Holland & Knight LLP
701 Bickell Avenue, Suite 3300
Miami, FL  33131
Tel:  305-374-8500

Ryan K. Stumphauzer
Timothy A. Kolaya
Adam M. Foslid
Stumphauzer Foslid Sloman Ross & Kolaya,
PLLC
Two South Biscayne Blvd., Suite 1600
Miami, FL  33131
Tel:  305-614-1400
Fax:  305-614-1425
Email:  afoslid@sfslaw.com
Email:  tkolaya@sfslaw.com
Email:  afoslid@sfslaw.com

*Attorneys for Receiver, Ryan K. Stumphauzer,
court-appointed receiver over Defendants
Complete Business Solutions Group, Inc. d/b/a
Par Funding; Full Spectrum Processing, Inc.;
ABetterFinancialPlan.com LLC d/b/a A Better
Financial Plan; ABFP Management Company,
LLC f/k/a Pillar Life Settlement Management
Company, LLC; ABFP Income Fund LLC;
ABFP Income Fund 2, L.P.; United Fidelis
Group Corp.,; Fidelis Financial Planning
LLC; Retirement Evolution Group, LLC; RE
Income Fund LLC; and RE Income Fund 2
LLC*

Gaetan J. Alfano
Douglas K. Rosenblum
Pietragallo Godon Alfano Bosick & Raspanti,
LLP
1818 Market Street, Suite 3402
Phaladelphia, PA  19103
Tel:  215-320-6200
Email:  GJA@pietragallo.com
Email:  DKR@pietragallo.com

*Attorney for Receiver, Ryan K. Stumphauzer*

Jeff Marcus
Daniel L. Rashbaum
Jason L. Mays
Marcus Neiman Rashbaum & Pineiro LLP
2 South Biscayne Blvd., Suite 1750
Miami, FL  33131

Fax:  305-789-7799
Email:  Daniel.Small@hklaw.com
Email:  Allison.Kernisky@hklaw.com

*Attorneys for John Gissas, Retirement Evolution Group, LLC, Retirement Evolution Income Fund, LLC f/k/a RE Income Fund LLC and RE Income Fund 2, LLC*

Jeffrey L. Cox
Sallah Astarita & Cox, LLC
3100 N. Military Trail, Suite 210
Boca Raton, FL  33431
Tel:  561-989-9080
Fax:  561-989-9020
Email:  jcox@sallahlaw.com

*Attorneys for Defendant Michael C. Furman*

Tel:  305-400-4260
Email:  jmarcus@mnrlawfirm.com
Email:  drashbaum@mnrlawfirm.com
Email:  jmays@mnrlawfirm.com

*Attorneys for Defendant Perry S. Abbonizio*

*/s/ Brian P. Miller* _____
Attorney

# EXHIBIT A

# STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA PLLC

**Ryan K. Stumphauzer**
Telephone: 305. 614. 1400
rstumphauzer@sfslaw.com

July 31, 2020

**<u>VIA EMAIL AND FEDERAL EXPRESS</u>**

Dean J. Vagnozzi
c/o Brian Miller, Esq.
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL  33131
brian.miller@akerman.com

      Re:    *SEC v. CBSG., et al*, No. 20-CIV-81205 (S.D. Fla.)

Dear Mr. Vagnozzi,

      In light of a preliminary injunction entered on July 28, 2020 by the Honorable Rodolfo A. Ruiz in the United States District Court for the Southern District of Florida, I am writing this letter to direct you to preserve all documents, assets and electronically-stored information (ESI) relating to ABetterFinancialPlan.com d/b/a A Better Financial Plan.

      On July 27, 2020, Judge Ruiz appointed me as Receiver in the above-referenced case.  I am enclosing with this letter a copy of the Order Granting Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver ("the Receivership Order"), along with a copy of the Order Granting Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief (the "Order Granting TRO"), which was entered on July 28, 2020.

      The Receiver appointment relates to the following entities: Complete Business Solutions Group, Inc. d/b/a Par Funding, Full Spectrum Processing, Inc., ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan, ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC, ABFP Income Fund, LLC, ABFP Income Fund 2, L.P., United Fidelis Group Corp., Fidelis Financial Planning LLC, Retirement Evolution Group, LLC, RE Income Fund LLC, and RE Income Fund 2 LLC (the "Receivership Entities").

      Pursuant to the Receivership Order, the Receiver has been directed by the United States District Court for the Southern District of Florida to take possession of and safeguard all property and assets of the Receivership entities, including all ESI and accounts, immediately upon the Court granting a temporary restraining order.

      I understand that you are affiliated with ABetterFinancialPlan.com d/b/a A Better Financial Plan.  Accordingly, I am writing to direct you to:

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC** | **ATTORNEYS AT LAW**

Dean Vagnozzi/ *SEC v. CBSG., et al*, No. 20-CIV-81205 (S.D. Fla.)
July 31, 2020
Page 2 of 2

---

- Refrain from attempting to access the premises of ABetterFinancialPlan.com d/b/a A Better Financial Plan, located at 234 Mall Blvd, Suite 270 King of Prussia, PA 19406-2940;

- Immediately turn over to me any and all objects, assets or documents, including, but not limited to, any devices, writings, client or investor files and documents, ESI, invoices, and bank records pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities that are within your possession;

- Do not destroy or tamper with any objects, assets or documents, including, but not limited to, any devices, writings, client or investor files and documents, ESI, invoices or bank records relating to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities; and

- Do not access any bank accounts, email accounts, or other electronic media pertaining to ABetterFinancialPlan.com d/b/a A Better Financial Plan, or any other Receivership Entities.

Please be advised that pursuant to the Receivership Order you are hereby restrained and enjoined from directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receiver that interferes with or hinders the Receiver's efforts to take control, possession, or management of any accounts belonging to the Receivership Entities. Please contact me at rstumphauzer@sfslaw.com if you have any questions or concerns.

Sincerely,

Ryan K. Stumphauzer, Esq.

Enclosures: Receivership Order, Order Granting TRO

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CIV-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION,**

        Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PAR FUNDING**, *et al.,*

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S URGENT MOTION TO AMEND ORDER APPOINTING RECEIVER TO INCLUDE LITIGATION INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") Urgent Motion to Amend Order Appointing Receiver to Include Litigation Injunction [ECF No. 48] ("Motion"), filed on July 31, 2020. In the Motion, Plaintiff seeks to amend the Court's Order Granting Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver [ECF No. 36] ("Order Appointing Receiver"), entered on July 27, 2020.

Specifically, Plaintiff seeks to amend the Order Appointing Receiver to include a litigation injunction in all cases and proceedings to which the following entities are a party: Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"), Full Spectrum Processing, Inc., ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC ("ABFP Management"), ABFP Income Fund, LLC, ABFP Income Fund 2, L.P., United Fidelis Group Corp., Fidelis Financial Planning LLC, Retirement Evolution Group, LLC, RE Income Fund LLC, and RE

Income Fund 2 LLC (collectively, the "Receivership Entities"). The Receiver agrees with and joins in the request for this relief. For the reasons set forth in the Motion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Securities and Exchange Commission's Motion to Amend Order Appointing Receiver to Include Litigation Injunction [ECF No. 48] is **GRANTED**.

The Receiver, Ryan Stumphauzer, is authorized, empowered, and directed as follows until further Order of the Court:

1.    To take custody, control, and possession of all Receivership Entity records, documents, and materials, and to safeguard these items until further Order of the Court;

2.    To secure and safeguard the Receivership Entities' information technology, data, documents, storage systems, and documents, including by making contact with any third-party vendors, such as movers and information technology personnel, to assist in this process;

3.    To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, lawyers, and paralegals ("Retained Personnel");

4.    To take any other action as necessary and appropriate for the preservation of the Receivership Entities' property interests or to prevent the dissipation or concealment of such property interests; and

5.    To take such other action as may be approved by this Court.

6.    Additionally, the Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of each Receivership Entity, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

7. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and the Receiver's appointment.

8. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Entities' estates. The Receiver shall seek the Court's approval by filing a Motion for the reimbursement of expenses and compensation for time spent on the matters set forth herein.

9. The Receivership Entities and all persons receiving notice of this Order shall not hinder or interfere with the Receiver's efforts to take control or possession of the Receivership Entities' property interests identified above or hinder his efforts to preserve them.

## **STAY OF LITIGATION**

"[W]hile it should be sparsely exercised, district courts possess the authority and discretion to enter anti-litigation orders" in the context of a Securities and Exchange Commission receivership. *Sec. & Exch. Comm'n v. Byers*, 609 F.3d 87, 89 (2d Cir. 2010); *see also Sec. & Exch. Comm'n v. Onix Capital, LLC*, No. 16-24678-CIV, 2017 WL 6728814, at *4 (S.D. Fla. Jul. 24, 2017) ("That the receivership is not 'substantially underway' is not a compelling factor to lift a stay against litigation when balanced against the Receiver's interest in preventing ancillary litigation during the early stages of the receivership."); *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) ("[T]he receivership court may issue a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained.").

As set forth below, the following proceedings—excluding the instant proceeding—and all law enforcement, police, or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are hereby stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or any other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any of the Receivership Entities' property interests, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of a Receivership Entity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of July, 2020.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Case 9:20-cv-81205-RAR Document 142 Entered on FLSD Docket 07/27/2020 Page 23 of 41

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-81205-RAR**

SECURITIES AND EXCHANGE                     UNDER SEAL
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.,*

      Defendants.

_____/

**ORDER GRANTING EMERGENCY *EX PARTE* MOTION**
**FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF**

**THIS CAUSE** comes before the Court upon Plaintiff's Emergency *Ex Parte* Motion for

Temporary Restraining Order and Other Relief [ECF No. 14] ("Motion"), filed on July 27, 2020.

The Motion seeks the following relief with respect to Defendants Complete Business Solutions

Group, Inc. d/b/a PAR Funding ("Par Funding"), Full Spectrum Processing, Inc. ("Full

Spectrum"), ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP

Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC ("ABFP

Management"), ABFP Income Fund, LLC ("ABFP Income Fund"), ABFP Income Fund 2, L.P.

("ABFP Income Fund 2"), United Fidelis Group Corp. ("United Fidelis"), Fidelis Financial

Planning LLC ("Fidelis Financial"), Retirement Evolution Group, LLC ("Retirement Evolution"),

Retirement Evolution Income Fund LLC, a/k/a RE Income Fund ("RE Income Fund"), RE Income

Fund 2 LLC ("RE Income Fund 2"), Lisa McElhone ("McElhone"), Joseph Cole Barleta, a/k/a Joe

Cole ("Cole"), Joseph W. LaForte, a/k/a Joe Mack, a/k/a Joe Macki, a/k/a Joe McElhone

("LaForte"), Perry S. Abbonizio, Dean J. Vagnozzi, Michael C. Furman, and John Gissas, and Relief Defendant L.M.E. 2017 Family Trust ("L.M.E. Trust"):

1.  a Temporary Restraining Order;

2.  an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

3.  an Order Freezing the Assets of Defendants and Relief Defendant;

4.  an Order Requiring Sworn Accountings;

5.  an Order Prohibiting Destruction of Documents; and

6.  an Order Expediting Discovery.

The Court has reviewed Plaintiff's Complaint, the Motion, Plaintiff's exhibits filed in support of the Motion, and the Response to Plaintiff's *Ex-Parte* Motions for Appointment of a Receiver and for an Asset Freeze, submitted on July 28, 2020 by Defendants Par Funding, Full Spectrum, McElhone, Cole, LaForte, and L.M.E. Trust.

The Court finds that Plaintiff has made a sufficient and proper showing in support of the relief granted herein by: (i) presenting a *prima facie* case of securities laws violations by Defendants; and (ii) showing a reasonable likelihood the Defendants will harm the investing public by continuing to violate the federal securities laws unless they are immediately restrained. The Court also finds good cause to believe that unless immediately enjoined by Order of this Court, the Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 14] is **GRANTED** as follows:

# I.

## SHOW CAUSE HEARING AND TELEPHONIC STATUS CONFERENCE

The Defendants shall show cause, if any, before the Court **via a Zoom hearing on Tuesday, August 4, 2020 at 3:30 P.M.**, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against Defendants, as requested by Plaintiff.  In advance of the hearing, the Court will provide the parties with information on how to join via Zoom.

Additionally, the Court will hold a telephonic status conference on **Monday, August 3, 2020 at 4:15 P.M.**  The parties are instructed to call 1-877-402-9753 by no later than 4:10 P.M. The access code is 9372453 and the password is 0918.  The Court requires that the parties appear via a landline (i.e., not a cellular phone or a speaker phone) for clarity.

# II.

## TEMPORARY RESTRAINING ORDER

### A.  Section 17(a)(1) of the Securities Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman are preliminarily restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false

or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

## B. Section 17(a)(2) of the Securities Act

Pending further Order of the Court, all Defendants are preliminarily restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any

investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of the Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant.

## C.  Section 17(a)(3) of the Securities Act

Pending further Order of the Court, all Defendants are preliminarily restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the

Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of the Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant.

### D.  Section 10(b) and Rule 10b-5(a) of the Exchange Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state

or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

### E.    Section 10(b) and Rule 10b-5(b) of the Exchange Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating: Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any

investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

## F. Section 10(b) and Ruleb-5(c) of the Exchange Act

Pending further Order of the Court, Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, and Furman and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading

documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state of federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, Fidelis Planning, McElhone, LaForte, Cole, Abbonizio, Vagnozzi, or Furman.

### G. Sections 5(a) and 5(c) of the Securities Act

Pending further Order of the Court, that all Defendants and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e, by directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the

mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Securities and Exchange Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) any of Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant.

### III.

### <u>ASSET FREEZE AS TO PAR FUNDING, MCELHONE, AND LAFORTE</u>

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.    Defendants Par Funding, McElhone, and LaForte and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of

this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located, Par Funding, Lisa McElhone, and Joseph LaForte, a/k/a Joe Mack, a/k/a Joe Macki, a/k/a Joe McElhone.

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants Par Funding, McElhone, or LaForte, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

This asset freeze is limited to the amount received from the securities fraud, which is estimated at this time to be $482,000,000.

## ASSET FREEZE AS TO FULL SPECTRUM

Pending determination of Plaintiff's request for a Preliminary Injunction:

Defendant Full Spectrum and its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring,

setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property of Par Funding, Full Spectrum, McElhone, or LaForte.

This asset freeze is limited to the amount received from the securities fraud, which is estimated at this time to be $4,398,535.

## ASSET FREEZE AS TO DEFENDANT ABFP, ABFP INCOME FUND, AND ABFP INCOME FUND 2

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Defendants ABFP, ABFP Income Fund, and ABFP Income Fund 2, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: ABFP, ABFP Income Fund, and ABFP Income Fund 2.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants ABFP, ABFP Income Fund, and ABFP Income 2, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.     This asset freeze is limited to the amounts ABFP, ABFP Income Fund, and ABFP Income Fund 2 received from the securities fraud, which is estimated at this time to be: $25,487,690 as to ABFP Income Fund and ABFP, jointly and severally; $13,252,600 as to ABFP Income Fund 2 and ABFP, jointly and severally; and $1,914,045 as to ABFP independent of ABFP Income Fund and ABFP Income Fund 2.

## ASSET FREEZE AS TO DEFENDANTS UNITED FIDELIS AND FIDELIS FINANCIAL

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Defendants United Fidelis and Fidelis Financial, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: United Fidelis and Fidelis Financial.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of United Fidelis and Fidelis Financial, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge,

encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.     This asset freeze is limited to the amounts United Fidelis and Fidelis Financial received from the fraud, which is estimated at this time to be: $11,603,000, jointly and severally.

## ASSET FREEZE AS TO DEFENDANTS RETIREMENT EVOLUTION, RE INCOME FUND, AND RE INCOME FUND 2

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Defendants Retirement Evolution, RE Income Fund, and RE Income Fund 2, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: Retirement Evolution, RE Income Fund, and RE Income Fund 2.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Retirement Evolution, RE Income Fund, and RE Income Fund 2, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer,

disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.     This asset freeze is limited to the amounts Retirement Evolution, RE Income Fund, and RE Income Fund 2 received from the fraud, which is estimated at this time to be: $6.5 million as to Retirement Evolution; $5,450,000 as to RE Income Fund; and $150,000 as to RE Income Fund 2.

## ASSET FREEZE AS TO DEFENDANT COLE

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Defendant Cole and his respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: Joseph Cole Barleta, a/k/a Joe Cole.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Cole, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and

prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.     This asset freeze is limited to the amount Cole received from the fraud, which is estimated at this time to be $16,159,000.

## ASSET FREEZE AS TO L.M.E. 2017 FAMILY TRUST

Pending determination of Plaintiff's request for a Preliminary Injunction:

A.     Relief Defendant L.M.E. 2017 Family Trust and its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located: The L.M.E. 2017 Family Trust.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of the L.M.E. 2017 Family Trust, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C. This asset freeze is limited to the amount the L.M.E. 2017 Family Trust received from the fraud, which is estimated at this time to be $14.3 million.

## IV.

### SWORN ACCOUNTINGS

### Accounting and Identification of Accounts by Each Defendant

Within five calendar days of the issuance of this Order, each Defendant, separately, shall:

 (a) make a sworn accounting to this Court and the Plaintiff of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by the Defendant making the sworn accounting;

(b) make a sworn accounting to this Court and the Plaintiff of all assets, funds, or other properties, whether real or personal, held by the Defendant making the sworn accounting, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Plaintiff a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which the Defendant making the sworn accounting (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

## V.

## RECORDS PRESERVATION

Pending determination of the Plaintiff's request for a Preliminary Injunction, all Defendants and the Relief Defendant, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any and all Defendants and the Relief Defendant, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.

## EXPEDITED DISCOVERY

(a)     Immediately upon entry of this Order, and while the Plaintiff's request for a Preliminary Injunction is pending, the parties may take depositions upon oral examination of parties and non-parties subject to two days' notice.  Should any Defendant fail to appear for a properly noticed deposition, that party may be prohibited from introducing evidence at the hearing on the Plaintiff's request for a preliminary injunction;

(b)     Immediately upon entry of this Order, and while the Plaintiff's request for a Preliminary Injunction is pending, the parties shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within two days of service;

(c)     Immediately upon entry of this Order, and while the Plaintiff's request for a Preliminary Injunction is pending, the parties may issue subpoenas for documents, things and electronically stored information to non-parties pursuant to Fed. R. Civ. P. 45, with responses due within one week of the date of service;

(d)     All responses to the Plaintiff's discovery requests shall be delivered to Amie Riggle Berlin, Esq. at 801 Brickell Avenue, Suite 1950, Miami, Florida 33131 by the most expeditious means available; and

(e)     Service of discovery requests shall be sufficient if made upon the parties by email, facsimile, or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## VII.

## <u>RETENTION OF JURISDICTION</u>

This Court shall retain jurisdiction over this matter and Defendants and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of July, 2020.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record