UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a/ PAR FUNDING, et al.,
_____/

DEFENDANT DEAN VAGNOZZI'S
RESPONSE TO RECEIVER'S EXPEDITED MOTION
TO APPROVED RETAINED PROFESSIONAL

Defendant DEAN VAGNOZZI (hereinafter "Defendant" or "Vagnozzi"), by and through his undersigned counsel, and pursuant to the Court's paperless Order on expedition [Dkt. 102], hereby responds to the Receiver's Expedited Motion to Approve Retained Professional (the "Motion") [Dkt. 101], and respectfully states as follows:

1. The facts relevant to this Receivership and the Receiver's pending Motion are developing. Defendant Vagnozzi testified under oath over the last two days about what actually happened, as opposed to what the SEC has alleged. These facts will be presented in full at the August 18, 2020, preliminary injunction hearing, at which time the Court would be in a better position to address the Receiver's Motion, but in summary, the facts will show as follows:

- Mr. Vagnozzi is an independent professional who did not work "for" PAR Funding.

- Based on all the information that Mr. Vagnozzi was given, PAR Funding ran a legitimate and profitable business lending to small businesses, and had a consistent demonstrated track record of success.

- Mr. Vagnozzi invested all of the monies raised from his funds' investors <u>exactly</u> as outlined in the private placement memos for those offerings.

- Mr. Vagnozzi also invested his personal money into PAR Funding promissory notes.

- Mr. Vagnozzi did not divert any investor funds, or receive any kickbacks or other payments from PAR "on the side."

- Mr. Vagnozzi would love for his clients who invested in promissory notes of PAR Funding to get paid their August 2020 interest payments and all later payments, but obviously cannot do so himself because PAR Funding must pay that money first.

- If PAR Funding did anything improper, then Mr. Vagnozzi and his funds are one of the largest victims.

- Mr. Vagnozzi also wants to get back to communicating and working with all of his other clients regarding his other lines of business, but right now he is hamstrung from doing so by this Receivership;

2. Mr. Vagnozzi's number one goal in this Receivership is to maximize the ability of PAR Funding to repay its promissory notes that it owes to him and his funds.

3. While Mr. Vagnozzi reserves his general objection to a Receivership and the scope of the Receivership in this case, he does not oppose the Receiver's request to retain professionals to assist with the Receiver's analysis of the business. That appears to be a prudent course.

4. However, Mr. Vagnozzi does object to the retention of professionals to manage and run the day-to-day PAR Funding business rather than rely on the experienced employees who already work there. During the Court's last hearing, both the SEC and the Receiver confirmed that they are not looking to liquidate PAR Funding, which Mr. Vagnozzi agrees with. Bringing in new people unfamiliar with the business could jeopardize the ability to make this Receivership succeed.

5. Mr. Vagnozzi is getting more concerned with the passage of time. He understands that the PAR Funding business requires constant interaction with the merchants they lend to, and affirmative ACH transfers to repay amounts that the merchants are obligated to pay for the benefit of the investors in this case. Mr. Vagnozzi would be concerned if those ACH payments have not now been administered.

6. Because Mr. Vagnozzi has no firsthand visibility into PAR Funding's business, he defers to the parties who worked in that business on a day-to-day basis to address the Receiver's statements regarding PAR Funding's financial condition and operations.

7. Mr. Vagnozzi also obviously is concerned with the damage to his own business and clients from being in Receivership, and intends to address that fully during the August 18 hearing.

8. Finally, Mr. Vagnozzi wishes to clarify one statement in the Receiver's motion at paragraph 11. Mr. Vagnozzi has not refused to provide information to the Receiver. He has made his employees available in multiple conversations to answer questions. Mr. Vagnozzi also was deposed himself for nearly seven hours over two days, at the end of which the Receiver's counsel elected not to ask a single question. Mr. Vagnozzi believes that he has answered all information requests to date, and will continue to cooperate fully with the Receiver.[1]

---

[1] On a similar note, the SEC also incorrectly accuses Mr. Vagnozzi of not being cooperative [Dkt. 105 at page 6]. Mr. Vagnozzi's employee spoke with the Receiver's counsel for nearly two hours on Sunday morning about a list of entities at issue, and listed fifteen or twenty off the top of his head. He promised to provide a detailed list. As the Court knows, Mr. Vagnozzi's employees have been locked out of their offices, which complicates things. The list was provided to undersigned counsel yesterday, when Mr. Vagnozzi was deposed. Prior to the deposition, undersigned counsel told the Receiver the list would be provided after the deposition. Undersigned counsel then wrote to the Receiver's counsel yesterday evening and advised that we had reviewed the list but needed to get some additional answers in the morning in order to ensure its accuracy. Then we sent an 14-page letter – with the detailed lists the SEC is griping about – to the Receiver this morning *before* the SEC even filed its motion today. All parties would be better served if these sorts of petty gripes were left on the cutting room floor – and instead we just litigate this case on the merits.

Dated:  August 7, 2020

        **AKERMAN LLP**
Three Brickell City Centre, Suite 1100
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: */s/ Brian P. Miller*
    Brian P. Miller, Esq.
    Florida Bar No. 980633
    E-mail: brian.miller@akerman.com
    E-mail: Kelly.connolly@akerman.com
    Alejandro J. Paz, Esq.
    Florida Bar No. 1011728
    E-mail: Alejandro.paz@akerman.com
    Secondary: marylin.herrera@akerman.com

*Attorneys for Dean Vagnozzi*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2020, a true and correct copy of the foregoing brief was served via the Court's CM/ECF System upon all counsel of record.

        */s/ Brian P. Miller*
        Brian P. Miller

4