**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-81205-RAR**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.,*

      Defendants.
_____/

**RECEIVER, RYAN K. STUMPHAUZER'S RESPONSE TO PLAINTIFF'S**
**EXPEDITED MOTION TO AMEND RECEIVERSHIP ORDER**

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of Defendants
Complete Business Solutions Group, Inc. d/b/a Par Funding; Full Spectrum Processing, Inc.;
ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company,
LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP
Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement
Evolution Group, LLC; RE Income Fund LLC; and RE Income Fund 2 LLC (the "Receivership
Entities"), by and through undersigned counsel, and pursuant to L.R. 7.1(d)(2), hereby files this
Response to Plaintiff's Expedited Motion to Amend Receivership Order (ECF No. 105) (the
"Motion").

## INTRODUCTION

The Receiver respectfully submits this Response to report on the status of several issues
identified in the Securities and Exchange Commission's ("SEC") Motion relating to the Receiver's

appointment and fulfillment of his duties.  Specifically, the Motion identified two sets of issues

that had arisen as of August 7, 2020, when the SEC filed the Motion:

> (1) issues relating to the ongoing participation in this matter of attorneys based on
> unspecified representations of affiliates or owners of the Receivership Entities[1]
> (*see* Motion at 3-5); and
>
> (2) issues relating to officers, employees, and agents of the Receivership Entities
> (*see id.* at 5-6).

Brief summaries of recent events relevant to both issues are set forth below.

## **RESPONSE**

### I.   **Ongoing Attorney Participation in this Matter (*See* Motion at 3-5)**

The SEC's Motion explains that, over the last two weeks, the law firm of Fox Rothschild

(the "Firm") had made a number of appearances before the Court in different capacities.  The Firm

initially advised the Court in a letter dated July 27, 2020, that it represented Defendants Complete

Business Solutions Group, Inc. d/b/a Par Funding, Full Spectrum Processing, Inc., Lisa McElhone,

Joseph Cole Barleta and Joseph W. LaForte.  During the status conference on August 4, 2020, the

Court acknowledged the concerns raised by the SEC regarding the Firm's continuing

representations of any Receivership Entities:

> I think her concern really is more as we -- especially as we get, for example, into
> the preliminary injunction hearing, and we hear from the receiver (inaud.) in the
> best interest of the company are (inaud.) in the forefront of the receiver's mind, that
> we don't have kind of a clash, if you will, and counsel for the entity in receivership
> and the receiver who is supposed to be representing the entity going forward.
>
> ******
>
> So can you maybe walk me through that because if you do feel that you are able,
> whether it be due process or whatever, to remain in the case while I have a receiver
> representing the entity, then I think what we are going to see either from the receiver
> or from the SEC is a motion that will effectively end your representation of the
> entity given the receivership, which I would then review and then have to write a

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in
the Motion.

> ruling on that, but maybe I'm getting ahead of myself, maybe you are recognizing
> that dichotomy between your representation and that of the receiver.

(*See* **Exhibit 1** at 104:15-106:4.)  The Court thereafter instructed the Fox Rothschild attorneys to notify the Court by August 6, 2020, if they intended to represent CBSG at the preliminary injunction hearing on August 18, 2020.  Fox Rothschild subsequently advised the Court that it would not appear on behalf of CBSG at that hearing.  (*See* **Exhibit 2** ("As the Court requested that we file a notice today, I will prepare a notice confirming that we have no role in the preliminary injunction hearing and informing the Court of our discussions.").)

       Contemporaneous with making that representation to the Court, Fox Rothschild continued to state its intention to act on behalf of the Receivership Entities.  Examples include:

- An e-mail to the SEC on the evening of August 5, 2020, wherein a Fox Rothschild attorney wrote: "I'll try to make this clear.  The individuals and the relief defendant have their own counsel. . . . That leaves representation of the two companies.  Brett and I had a detailed conversation with the Receiver's counsel today about the legal and practical issues related to the representation of the companies." (*See* ECF No. 105-3.)

- An e-mail to counsel for the Receiver on August 6, 2020, wherein a Fox Rothschild attorney stated that "the officers, directors and owner of this company are a constituency that have a right to be protected for under Florida corporate law . . . . We would like to discuss with you how the receiver and you intend to protect the interests of the owner, officers and directors of this Florida company." (*See* **Exhibit 3**.)

- An e-mail to counsel for the Receiver on August 6, 2020, wherein Fox Rothschild explained that it was continuing to speak with the owners of certain Receivership Entities regarding its ongoing participation in the case. (*See* **Exhibit 4** ("We passed along your position to the owners of the Companies.  It is their call as to whether they want to litigate this issue.").)

At the same time Fox Rothschild suggested that it was now communicating with the owners of certain Receivership Entities regarding their legal rights, it also filed a five-page "Notice of Independent Counsel's Continuing Role for the Companies."  (ECF No. 100.)

In this Notice, Fox Rothschild explained its view that because the "[c]ourt did not provide the Receiver with a legal change of control of the Companies, the terms of this Receivership order does not, under this binding legal authority, allow the Receiver to control the attorney-client privilege and terminate the Companies existing counsel." (*Id.* at 4-5.) Fox Rothschild further indicated that "undersigned counsel respectfully submits that it remains our ethical duty to continue our representation of the Companies, unless and until an arrangement between the owner of the Companies and the Receiver can be accomplished, or until the Court orders a change in that representation. See ABA Model Rule 1.16; Florida Rules of Professional Conduct 4-1.16." (*Id.*) That evening, the SEC asked Fox Rothschild:

> I just saw your filing of today where you tell the Court you represent "the owners" of CBSG. Who are "the owners" to whom you are referring? Please let me know today.

Fox Rothschild responded:

> We are informed that the legal ownership of CBSG is held in a trust.

(*See* ECF No. 105-3.)

At the timing of this filing, the Firm's ongoing representation of certain Receivership Entities or its "legal ownership" (as "independent counsel"), and how it may relate to other representations of other individual Defendants or their owners, has not been clarified.[2]

---

[2] The Receiver's concerns here also relate to the sharing of confidential or privileged information belonging to the Receivership Entities in other ongoing representations. For example, in ongoing litigation pending in the Eastern District of Pennsylvania, CBSG and a company called Fast Advance Funding, Inc. are jointly represented by Fox Rothschild. Individual Defendant Joseph Laforte, when defended during his deposition by Fox Rothschild on March 5, 2020, testified that he was an employee of Fast Advance Funding, Inc., and disclaimed any involvement in or knowledge of CBSG/Par Funding or his wife's role in the company:

> Q. Who is the compliance person that Par Funding, in 2012, that would have been responsible --
> MR. LAFORTE: I don't know any employees of Par Funding. I'm not going to testify of things I don't know about because I won't insult the judge.

4

## II.      Officer, Employee, and Attorney Cooperation (*See* Motion at 5-6)

### A.      Officers and Employees

The SEC reports in its Motion that "the principal officers and owners of the Receivership

Entities—*i.e.*, the individual Defendants—have thus far refused to sit for direct interviews with

the Receiver to discuss the historical (and potential future) financial and operational status and

viability of these businesses."  (Motion at 5.)  The individual Defendants have continued to refuse

to sit for direct interviews.

On August 3, 2020, the Receiver sent e-mails to counsel for each of the individual

Defendants asking to schedule a telephonic interview of each of the individual Defendants that

would last no more than one hour.  At the time of this filing, none of these individual Defendants

have agreed to participate in these interviews. Counsel for Joseph LaForte demanded that the

---

Q. If you could just let me finish my question because --
MR. LAFORTE:  I have a question for you. Did you take $50,000 in cash advances?
. . .

Q. Can you please let me know whether you know whether your wife, Lisa
McElhone, had any involvement with CBSG in 2019.
MR. LAFORTE: No.
Q. You don't know or she didn't?
MR. LAFORTE: I don't know any answers to these questions about Par
Funding/CBSG.
. . .

Q. So it's true that your wife has had nothing to do with CBSG since she purchased
Laquer Lounge?
MR. LAFORTE. I don't know.
Q. Got it.
MR. LAFORTE Is that illegal? Is that illegal? You can't -- you have to work in the
Laquer Lounge, girl. Is that illegal? Who the president is, who this and that. This
poor client, I feel bad for the 30,000 they paid.
Q. Is your wife still the president of CBSG?
MR. LAFORTE. I don't know.

(*See* ECF No. 20-2.)

Receiver provide him in advance with a list of questions that the Receiver intended to ask of Mr. LaForte.  Mr. LaForte's attorney also responded that he wanted to interview the Receiver.

On August 10, 2020, the Receiver sent a letter to counsel for the individual Defendants and advised that the Receiver wanted to schedule discussions with employees who were most knowledgeable about various aspects of the operations of these Companies.  A copy of this letter (the "Letter Seeking Information") is attached hereto as **Exhibit 5**.  The Receiver asked that the individual Defendants provide the names and contact information for these employees by August 11, 2020.  None of the individual Defendants provided the requested information as requested.

On August 12, 2020, however, Bettina Schein, the attorney for Joseph Cole, responded that Mr. James Klenk, the comptroller of the Company, would be able to answer most of the Receiver's questions.  Ms. Schein offered to schedule the interview, but initially made clear that she and her co-counsel, although they do not represent Mr. Klenk, would be present for any interview of Mr. Klenk.  After a lengthy meet-and-confer call, counsel for the individual Defendants have now receded from this position and agreed that the Receiver may communicate directly with CBSG employees without the individual Defendants' counsel being present.  As a result, the interview of Mr. Klenk has now been confirmed for tomorrow, August 13, 2020, at 11:00 a.m.[3]

In the Letter Seeking Information, the Receiver also asked for answers to a few basic questions and requested the individual Defendants to provide the Receiver with certain documents.  The Receiver asked the individual Defendants to respond with this information by

---

[3] The individual Defendants have not provided the Receiver with the names and contact information for any other employees of CBSG, but rather suggested that Mr. Klenk "is well equipped to respond to most of the questions" the Receiver posed in the Letter Seeking Information.

August 12, 2020.  As of this filing, the Receiver has not received any response from the individual Defendants to these requests.

### B.        Attorneys and Agents

Several Defendants have told the Court that "counsel for CBSG are available for consultation with the Receiver on the legal and compliance issues relating to CBSG's business." (*See* ECF No. 115 at 5 ("Whom better for the Receiver to consult with on the questions of the current litigation around the country (involving hundreds of cases), and the various state laws and rules than the excellent lawyers who have been full-time prosecuting and defending these cases – successfully, we might add – for the last six months.")).  Specifically, on August 4, 2020, Lisa McElhone, Joseph Cole Barleta, Joseph W. LaForte, and The L.M.E. 2017 Family Trust—along with the Fox Rothschild firm who joined on behalf of Complete Business Solutions Group, Inc. d/b/a Par Funding, Full Spectrum Processing, Inc., Lisa McElhone, Joseph Cole Barleta, Joseph W. LaForte, and the L.M.E 2017 Family Trust—filed a Joint Memorandum to the Court Regarding the Scope of the Receiver's Activities Pursuant to the Current TRO (ECF No. 84) ("Joint Memorandum").  In the Joint Memorandum, these Defendants detailed in over three (3) pages the many attorneys CBSG has utilized since 2014 to provide legal opinions and guidance regarding the company's compliance regarding the legality of its funding business and raising of capital from investors.  The individual Defendants identified five different law firms (the "Legal Advisors") that provided legal advice, opinion letters, formal memoranda (internal or otherwise), and analysis regarding these various legal issues.[4]

---

[4] Defendants advised the Court that CBSG had received legal advice on, among other things, its "MCA business" and "risks associated with the MCA business," "the legality of the funding business," "the purchase and sale of future receivables agreement[s]," "initial promissory note/security agreement[s]," "note purchase agreement[s]," "non-principal debt instruments,"

On August 10, 2020, the Receiver sent a letter to the Legal Advisors identified by Defendants in their filings to the Court.  (*See* **Exhibit 6.**)  The Receiver requested copies of opinion letters, formal memoranda (internal or otherwise), or analysis of the legal and compliance issues referenced by Defendants in their filings.  (*See id.*; *see also* Defendants' Memorandum at 3-4; ECF No. 115 at 5 ("Attorneys from Fox Rothschild know the applicable state law and regulation and have successfully prosecuted and defended CBSG in courts all over the country.").)

At the time of this filing (after the close of business on the Receiver's requested response date), the Receiver has been told by counsel for one of the letter recipients that he has been instructed by certain individual Defendants to assert privilege over the CBSG materials and, thus, he cannot provide these materials to the Receiver, absent an Order from the Court or agreement from the individual Defendants.  This is consistent with prior correspondence from counsel for Defendant Lisa McElhone wherein she stated her intent to assert privilege against the Receiver, not only on her own behalf, but on "behalf of CBSG, herself, its officers, directors and employees," over "each and every communication by, between or amongst any and all counsel for CBSG and Ms. McElhone and/or its other officers, directors and employees."  (*See* August 6, 2020 Ltr., attached as **Exhibit 7**.)  Ms. McElhone advised that the Receiver and his counsel should not review any such communications, given Ms. McElhone's assertion of a privilege, and that Ms. McElhone intended to "litigate the applicability of the privilege" if the Receiver refused to turn over all such documents to Ms. McElhone.  (*Id.*)  The Receiver has not received responses from several other Legal Advisors.

---

"defaults by merchants," "issues raised by the Texas Securities Commission," and "note restructure[s]" relating to an "Exchange offer."  (Joint Memorandum at 3-4.)

On August 12, 2020, the Receiver and his counsel engaged in a meet-and-confer with counsel for the individual Defendants regarding the Receiver's request for these materials from the Legal Advisors.  The individual Defendants have now advised that they will agree to allow the Receiver access to these materials from the Legal Advisors, but only if "the Receiver agrees to keep all such communications confidential and not provide such communications to any third party, including any litigant, the SEC or any governmental agency, as such may be determined to constitute a waiver of the company's privilege."  As of the filing of this Response, the parties have not yet been able to reach an agreement on this issue.

<u>**CONCLUSION**</u>

The Receiver offers this Response for the purpose of updating the Court on these recent events and to assist the Court in its consideration of the issues raised in the Motion.

Dated: August 12, 2020

Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:  (305) 614-1425

By:  */s/ Timothy A. Kolaya*
    TIMOTHY A. KOLAYA
    Florida Bar No. 056140
    tkolaya@sfslaw.com

    *Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone:  (215) 320-6200
Facsimile:  (215) 981-0082

By:  */s/ Gaetan J. Alfano*
    GAETAN J. ALFANO
    Pennsylvania Bar No. 32971
    *(Admitted Pro Hac Vice)*
    GJA@Pietragallo.com
    DOUGLAS K. ROSENBLUM
    Pennsylvania Bar No. 90989
    *(Admitted Pro Hac Vice)*
    DKR@Pietragallo.com

    *Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2020, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA