UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

        Defendants.

_____/

## DEFENDANT MICHAEL C. FURMAN'S AGREED MOTION TO MODIFY THE SCOPE OF THE RECEIVERSHIP ORDERS AND ASSET FREEZE

Defendant Michael C. Furman ("Furman"), by and through his undersigned counsel, respectfully moves this Court per agreement with the Plaintiff, Securities and Exchange Commission ("Commission"), and the Receiver, Ryan Stumphauzer, Esq. (collectively with Furman, the "Parties"), to modify the scope of the receivership orders and asset freeze [ECF Nos. 42 (the "Asset Freeze Order"), 56, 141, and 182 (collectively, the "Receivership and Asset Freeze Orders").[1] Specifically, the Parties seek to modify the Receivership and Asset Freeze Orders to: 1) permit Furman to conduct his insurance business and other businesses that are unrelated to the instant case; and 2) provide him with reasonable living expenses for two (2) months from monies traceable to monies that are personal and that Mr. Furman made from businesses unrelated to the instant case.

---

[1] Furman reserves his right to seek to further modify such orders in the future.

1. **Other Businesses and Accounts**

Furman is asserting his Fifth Amendment rights in this case. Based on the proffer of the undersigned counsel and the bank records reviewed to date, the Receiver and the Commission have determined that Furman maintains other entities and have agreed that these separate entities: Fidelis CRE Fund LLC ("CRE Fund"), Fidelis Senior Living Fund LLC ("Living Fund"), and Furman Holdings Inc. ("Furman Holdings"), should not be not subject to Receivership and Asset Freeze Orders.[2] Therefore, the entities can operate at Mr. Furman's direction and expense rather than that of the Receivership Estate.

If the Receiver's analysis of the additional bank records reveals that Par Funding-related investor funds were deposited into accounts in the names of CRE Fund, Living Fund, and/or Furman Holdings exceeding the amounts previously generated from these Furman's other businesses, the Parties have agreed for any such entities that were in Receivership to be placed back into the Receivership upon a Motion by the Receiver.

Further, Mr. Furman understands that by agreeing to this relief, the Securities and Exchange Commission and the Receiver are not giving any opinion, legal or otherwise, on any issue whatsoever regarding Mr. Furman's entities that are being carved out of the Receivership and asset freeze. The only issue is whether these entities hold funds related to Complete Business Solutions Group and/or Fidelis Financial Planning.

---

[2] While neither Senior Living nor Furman Holdings are subject to the Receivership Order, these entities maintain personal funds and Furman wants to ensure that he may utilize such funds. United Fidelis Group Corp., which is a Receivership entity, is the manager of the limited liability company, CRE Fund. the Receiver will work with Furman in amending the corporate filings of CRE Fund to remove United Fidelis Group Corp. as its manager.

### 2. Personal Living Expenses

The Parties agree that the Court should permit Furman access to reasonable living expenses from funds deposited into either personal account(s) or business account(s) to the extent that the funds may be traced to monies that are personal and that Mr. Furman made from businesses unrelated to the instant matter. Specifically, the Parties have agreed that Furman may utilize $7,800 per month for two (2) months commencing on the entry of an order on this motion. While Furman may apply for additional reasonable living expenses in the future, the Commission and Receiver may oppose such a request.

## MEMORANDUM OF LAW

The Court's power to supervise an equity receivership and determine the appropriate action to be taken in the administration of the receivership is extremely broad. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. First City Fin. Corp.,* 890 F.2d 1215, 1230 (D.C. Cir. 1989). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d 1560, 1566 (citing *SEC v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 372 (5th Cir. 1982)). As an exercise of its broad discretion to fashion equitable relief, the Parties submit the attached proposed order for the Court's consideration.

## CONCLUSION

For the reasons stated above, Furman submits that the Court should use its broad discretion

to fashion equitable relief by entering the proposed Order.

Date: August 21, 2020                    Respectfully submitted,

**SALLAH, ASTARITA & COX, LLC**
*Counsel for Defendant Michael C. Furman*
3010 N. Military Trail, Ste. 210
Boca Raton, FL 33431
Tel.:  561-989-9080
Fax:  561-989-9020

/s/ James D. Sallah
Fla. Bar No. 92584

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 21, 2020, the foregoing document is being served this day on all parties, witnesses, and counsel of record by CM/ECF.

/s/James D. Sallah
James D. Sallah