UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.
_____/

### ORDER GRANTING DEFENDANT MICHAEL C. FURMAN'S AGREED MOTION TO MODIFY THE SCOPE OF THE RECEIVERSHIP ORDERS AND ASSET FREEZE

**THIS CAUSE** comes before the Court on Defendant Michael C. Furman's Agreed Motion to Modify the Scope of the Receivership Orders and Asset Freeze [ECF No. 184] ("Motion"), filed on August 21, 2020. Defendant Furman, by and through his undersigned counsel, respectfully moves this Court jointly with the Plaintiff, Securities and Exchange Commission ("Commission"), and the Receiver, Ryan Stumphauzer, Esq. (collectively with Furman, the "Parties"), to modify the scope of the receivership orders and asset freeze [ECF Nos. 42 ("Asset Freeze Order"), 56, 141, and 182 (collectively, the "Receivership and Asset Freeze Orders")].[1] Specifically, the Parties seek to modify the Receivership and Asset Freeze Orders to: 1) permit Furman to conduct his insurance business and other businesses that are unrelated to the instant case; and 2) provide him with reasonable living expenses for two (2) months from monies traceable to monies that are personal and that Mr. Furman made from businesses unrelated to the instant case.

---

[1] Furman reserves his right to seek to further modify such orders in the future.

Based on the agreement of the Parties, there is a sufficient and proper showing in support of the relief requested. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 184] is **GRANTED** as follows:

1. Fidelis CRE Fund LLC ("CRE Fund"), Fidelis Senior Living Fund LLC ("Living Fund"), and Furman Holdings Inc. ("Furman Holdings") are not subject to Receivership and Asset Freeze Orders [ECF Nos. 42, 56, 141, and 182]. These entities shall operate at Furman's direction and expense. If the Receiver's analysis of the additional bank records reveals that Par Funding-related investor funds were deposited into these accounts in the names of CRE Fund, Living Fund, and/or Furman Holdings exceeding the amounts previously generated from Furman's other businesses, the Receiver may seek to have any such entities that were in Receivership placed back into the Receivership Estate. Mr. Furman understands that by agreeing to this relief, the Securities and Exchange Commission and the Receiver are not giving any opinion, legal or otherwise, on any issue whatsoever regarding Mr. Furman's entities that are being carved out of the Receivership and Asset Freeze Orders. The only issue is whether these entities hold funds related to Complete Business Solutions Group and/or Fidelis Financial Planning.

2. Furman is permitted access to reasonable living expenses from funds deposited into either personal account(s) or business account(s) to the extent that the funds may be traced to monies that are personal and that Mr. Furman made from businesses unrelated to the instant matter. Furman may utilize $7,800 per month for two (2) months commencing on the entry of an Order on this Motion. Furman may apply for additional reasonable living expenses in the future and the Commission and Receiver may oppose such a request.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of August, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**