UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.,*

    Defendants.
_____/

## ORDER GRANTING PRELIMINARY INJUNCTION
## BY CONSENT AS TO DEFENDANT LISA MCELHONE

**THIS CAUSE** is before the Court upon the Court's Order to Show Cause why a Preliminary Injunction should not be granted against Defendants [ECF No. 42 at 3], entered on July 28, 2020, and Plaintiff's Motion for Entry of Proposed Consent Order [ECF No. 221], filed on September 2, 2020. Based on the consent of Defendant Lisa McElhone and good cause appearing in the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's request for a Preliminary Injunction is **GRANTED** with respect to Defendant McElhone as set forth herein.

### I. PRELIMINARY INJUNCTION

**A. Section 17(a) of the Securities Act of 1933 ("Securities Act")**

Until further Order of Court, McElhone is restrained and enjoined from violating Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)        to employ any device, scheme, or artifice to defraud;

      (b)        to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)        to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction: (a) McElhone's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McElhone or with anyone described in (a).

### B. Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5

Until further Order of Court, McElhone is restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) McElhone's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McElhone or with anyone described in (a).

### C. **Section 5 of the Securities Act**

Until further Order of Court, McElhone is restrained and enjoined from violating Section 5 of the Securities Act (15 U.S.C. § 77e) by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Securities and Exchange Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) McElhone's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II. ASSET FREEZE

A.     McElhone and her respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with her who receive notice of this Order by personal service, mail, email, facsimile transmission or otherwise, hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located, Lisa McElhone.

B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of McElhone, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

This asset freeze is limited to the amount of $482,000,000 Million Dollars.

## III.  RECORDS PRESERVATION

Until further Order of the Court, McElhone, any of her directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise

rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants or Relief Defendant, wherever located and in whatever form, electronic or otherwise.

## IV.  RETENTION OF JURISDICTION

This Court shall retain jurisdiction over this matter and Defendants and Relief Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 2nd day of September, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to:  Counsel of Record