UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.

_____/

**RECEIVER RYAN K. STUMPHAUZER'S MOTION TO LIFT LITIGATION
INJUNCTION TO PERMIT RECEIVER TO VOLUNTARILY RELEASE
SUBORDINATE SECURITY INTERESTS IN 230 NORTH BROAD STREET,
BAYFIELD, WIS. AND 441 EAST MONBO ROAD, STATESVILLE, N.C.**

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities,[1] by and through undersigned counsel, hereby files this Motion to Lift Litigation Injunction to Permit Receiver to Voluntarily Release Subordinate Security Interests in 230 North Broad Street, Bayfield, Wis. and 441 East Monbo Road, Statesville, N.C., (the "Motion") and states as follows:

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; and MK Corporate Debt Investment Company LLC.

**230 North Broad Street, Bayfield, Wis.**

1. On February 14, 2019, Par Funding entered into a Purchase and Sale of Future Receipts with Seller Recourse (the "Purchase Agreement") with Winnfield Inn, Inc. d/b/a Winfield Inn & Gardens d/b/a Winfield Inn d/b/a Winfield Inn and Properties ("Winfield") in which Par Funding purchased various accounts and other obligations of Winfield.

2. In connection with the Purchase Agreement, on or about February 20, 2019, Robert A. Hansen and Jacquelyn R. Hansen a/k/a Jacquelyn Hansen[2] (the "Hansens") entered into a Security Agreement granting certain security interests in favor of Par Funding.

3. The Security Agreement granted Par Funding a security interest in two parcels of real property. The first parcel is commonly identified as 230 North Broad Street, Bayfield, WI (the "North Broad Property"). The second parcel is commonly identified as 86030 East Lynde Avenue a/k/a 86030 Lynde Avenue, Bayfield, WI (the "Lynde Avenue Property").

4. Par Funding duly recorded the Security Agreement in the Bayfield County Register of Deeds on March 22, 2019.

5. Pursuant to the Purchase Agreement, Winfield has a receivable balance with Par Funding of $140,185.62. Both Winfield and the Hansens filed for bankruptcy protection in 2019. The United State Bankruptcy Court for the Western District of Wisconsin dismissed the Winfield bankruptcy on February 20, 2020. The Hansens received a discharge on December 5, 2019.

6. According to recorded documents from the Bayfield County Register of Deeds, on or about November 21, 2012, the Hansens granted Northern State Bank a mortgage on the North Broad Street Property in the amount of $165,750,00.

---

[2] Jacquelyn Hansen died in December 2019. Her interests in the North Broad Property passed to Robert Hansen as survivorship marital property.

7. Furthermore, on or about April 17, 2015, the Hansens granted Northern State Bank an additional mortgage on the North Broad Street Property in the amount of $23,000.

8. Par Funding's security interest is subordinate to both of the existing Northern State Bank mortgages.

9. The total amount owing by the Hansens to Northern State Bank is $101,577,06. The North Broad Property is also subject to $9,073.03 in unpaid real estate tax obligations. The Hansens are in default on their mortgage with Northern Bank.

10. Northern State Bank has contacted the Receiver with the terms of a proposed settlement, which would alleviate the need for foreclosure proceedings and would benefit all parties. Under the proposed settlement, Northern State Bank has received a deed in lieu of foreclosure from the Hansens for the North Broad Property.

11. Northern State Bank has requested that the Receiver voluntarily release the subordinate security interest in the North Broad Property so that Northern State Bank may actively market the property to prospective third parties with no existing liens on title. Furthermore, Northern State Bank has agreed that, following the sale, it will pay the Receiver the greater of the amount of: (i) any and all proceeds above what is then owed to Northern State Bank as well as the amounts then owed for past due and accrued property taxes and costs, or (ii) $5,000.00.

12. The proposed Settlement Agreement provides the Receiver a greater opportunity for a recovery in the North Broad Property than a foreclosure and sheriff's sale.

13. The Settlement Agreement does not release, or otherwise diminish, the Receiver's rights in the Lynde Avenue Property.

**441 East Monbo Road, Statesville, North Carolina**

14. Allison Transportation, LLC ("Allison") entered into two Factoring Agreements with Par Funding on November 29, 2018. In connection with the second Factoring Agreement, Rhonda Jones and Larry Jones (the "Owners") executed a Security Instrument ("Security Instrument") in favor of Par Funding on certain real property located at 441 East Monbo Road, Statesville, North Carolina 28677 (the "Monbo Road Property"). Allison has a receivable balance of $287,162.91 with Par Funding and is in default.

15. Par Funding recorded the Security Instrument in Iredell County, North Carolina on December 11, 2018. Prior to the filing of the Security Instrument, the Monbo Road Property was security for and subject to a senior lien and mortgage from SmartBank.

16. On July 1, 2020, SmartBank filed a notice with the Clerk of Superior Court for Iredell County, North Carolina of a proposed deed of trust foreclosure of its senior lien on the Monbo Road Property (the "Foreclosure Proceedings").

17. In an effort to resolve the Foreclosure Proceedings, the Owners and SmartBank have consented to a sale of the Monbo Road Property for a purchase price of $525,000.00 (the "Proposed Sale"). The total amount due and owing to Smart Bank on its senior lien, inclusive of principal, accrued interest, fees, and costs, together with estimated closing costs, is approximately $456,000.00. Thus, the Proposed Sale would satisfy the senior lien and result in a payment to Par Funding of the remaining sale proceeds of approximately $69,000 (the "Remaining Proceeds").

18. SmartBank and the Owners have requested that Par Funding voluntarily release its subordinate security interest in the Monbo Road Property so that the Owners may proceed with this Proposed Sale outside of the Foreclosure Proceedings. In return for Par Funding's voluntary

release of its subordinate security interest in the Property, SmartBank and the Owners have agreed that the Remaining Proceeds will be paid to Par Funding.

19. Par Funding's security interest in the Property is subordinate to the senior lien of SmartBank.

20. Par Funding intends to consent to the release of its security interest. Upon the closing of the Proposed Sale, however, SmartBank would be obligated to dismiss the Foreclosure Proceedings in Iredell County, North Carolina. Accordingly, Par Funding requests the Court to lift the Stay of Litigation for the limited purpose of allowing SmartBank to dismiss the Foreclosure Proceedings following the closing of the Proposed Sale.

21. This proposed sale and the voluntary release of the Security Instrument does not release, or otherwise diminish, the Receiver's rights to seek repayment of the remaining receivable balance from Allison.

## Legal Authority and Argument

22. "The Court should lift the stay if there is good reason to do so, but part of the purpose of the stay against litigation is to preserve the assets for the benefit of creditors and investors while the Receiver investigates claims; requiring the Receiver to monitor and engage in litigation early on in the receivership would deplete the assets of [the Receivership Entities]." *SEC v. Onix Capital, LLC*, Case No. 16-cv-24678, 2017 WL 6728814 (S.D. Fla. July 24, 2017) (adopted by District Court Judge Cooke, 2017 WL 6728773 and denying motion to lift stay and file bankruptcy petitions). *See SEC v. Stanford Int'l. Bank Ltd.*, 424 Fed.Appx. 338, 341-42 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010) (holding that the receivership was still in its early stages and thus maintaining the stay against litigation was appropriate where Receiver had been in place for one year and was tasked with investigating the fraudulent scheme at issue); *U.S. v. Acorn Tech.*

*Fund, L.P.*, 429 F.3d 428, 443 (3d Cir. 2005) ("[T]he purpose of imposing a stay of litigation is clear. A receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant.").

23. Lifting the stay to allow for the actions identified in this Motion is proper as it presents the greatest opportunity for the Receivership Estate to capture value in the North Broad Street and Monbo Road Properties from subordinate liens and to bring assets into the Receivership Estate, while eliminating additional costs and fees associated with prosecuting any such claims.

WHEREFORE, Ryan K. Stumphauzer, as Court-Appointed Receiver, by and through his undersigned counsel, respectfully requests this Honorable Court to grant this Motion and lift the Litigation Injunction on a limited basis to permit the Receiver to release Par Funding's subordinate security interests in the North Broad Street and Monbo Road Properties. A proposed Order for the Court's consideration is attached as Exhibit 1.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

The undersigned counsel has conferred or attempted to confer with all counsel of record in this matter regarding the relief sought through this motion and certifies that: (1) Defendants Perry Abbonizio and Michael Furman do not oppose the requested relief; (2) Defendant John Gissas, against whom this action is currently stayed, has not responded with his position on the requested relief; (3) Defendant Dean Vagnozzi takes no position on the requested relief; (4) Defendants Joseph Cole Barletta and Joseph LaForte do not consent to the requested relief; (5) Defendants Lisa McElhone and The LME 2016 Family Trust have not responded with their position on the requested relief; and (6) the Securities and Exchange Commission does not object to the Receiver's request to lift the litigation stay, but does not provide any position on the underlying transactions, as the Receiver is only seeking through this Motion the Court's approval to lift the litigation

injunction, and is not seeking approval of the Receiver's proposed actions in releasing Par Funding's subordinate liens in these properties.

Dated: November 5, 2020

Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: */s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sfslaw.com

*Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

By: */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com
DOUGLAS K. ROSENBLUM
Pennsylvania Bar No. 90989
*(Admitted Pro Hac Vice)*
DKR@Pietragallo.com

*Co-Counsel for Receiver*

- 8 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 5, 2020, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
