**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-81205-RAR**

**SECURITIES AND EXCHANGE
COMMISSION,**

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING**, *et al.,*

    Defendants.
_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AGAINST THE CORPORATE DEFENDANTS**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Judgment of Permanent Injunction and Other Relief Against Corporate Defendants [ECF No. 387] ("Motion"), filed on November 12, 2020. In the Motion, Plaintiff Securities and Exchange Commission seeks a Judgment of Permanent Injunction and Other Relief ("Judgment") against Defendants Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"), Full Spectrum Processing, Inc. ("Full Spectrum"), Abetterfinancialplan.com LLC d/b/a A Better Financial Plan ("ABFP"), ABFP Management Company, LLC f/k/a/ Pillar Life Settlement Management Company, LLC ("ABFP Management"), ABFP Income Fund, LLC ("ABFP Income Fund"), ABFP Income Fund 2, L.P. ("ABFP Income Fund 2"), United Fidelis Group Corp. ("United Fidelis"), Fidelis Financial Planning LLC ("Fidelis Financial"), Retirement Evolution Group, LLC ("Retirement Evolution"), Retirement Evolution Income Fund LLC, a/k/a RE Income Fund LLC ("RE Income Fund"), and RE Income Fund 2 LLC ("RE Income Fund 2"), (collectively "Corporate Defendants").

By the Consent of the Corporate Defendants to Judgment of Permanent Injunction and Other Relief [ECF No. 387-1] ("Consent"), without admitting or denying the allegations of the Amended Complaint (except that the Corporate Defendants admit the jurisdiction of this Court over them and over the subject matter of this action), the Corporate Defendants have entered a general appearance, agreed to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment.  The Court finds that good cause exists for entry of the Judgment.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Motion for Entry of Judgment of Permanent Injunction and Other Relief Against Corporate Defendants [ECF No. 387] is **GRANTED** as set forth herein.

## I. PERMANENT INJUNCTION

### A. Section 17(a)(1) of the Securities Act

Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds

or investment proceeds; (F) orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning.

### B.  Section 17(a)(2) of the Securities Act

The Corporate Defendants are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) orders issued against the

Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants.

### C. Section 17(a)(3) of the Securities Act

The Corporate Defendants are permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:  (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendant.

### D. Section 10(b) and Rule 10b-5(a) of the Exchange Act

Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning officers, directors, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning.

### E. Section 10(b) and Rule 10b-5(b) of the Exchange Act

Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, is hereby restrained and enjoined from violating: Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP

Income Fund 2, United Fidelis, and Fidelis Financial Planning officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning.

### F. Section 10(b) and Rule 10b-5(c) of the Exchange Act

Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) any of the Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Par Funding, Full Spectrum, ABFP, ABFP Management, ABFP Income Fund, ABFP Income Fund 2, United Fidelis, and Fidelis Financial Planning.

### G. Sections 5(a) and 5(c) of the Securities Act

The Corporate Defendants and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to

the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants.

## II. DISGORGEMENT AND CIVIL PENALTY

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest on disgorgement against the Corporate Defendants, and a civil penalty against the Corporate Defendants pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and, if so, the amount(s) of the disgorgement and civil penalties.  If disgorgement is ordered, the Corporate Defendants shall pay prejudgment interest on disgorgement, calculated from June 27, 2020, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (i) the Corporate Defendants will be precluded from arguing that the Corporate Defendants did not violate the federal securities laws as alleged in the Amended Complaint; (ii) the Corporate Defendants may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III. INCORPORATION OF CONSENT

The Consent filed with the Motion is incorporated herein with the same force and effect as if fully set forth herein, and the Corporate Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV. RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

### V. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **ORDERED** to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this 13th day of November, 2020, at Ft. Lauderdale, Florida.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel and Parties of Record