**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-CV-81205-RAR

**SECURITIES AND EXCHANGE**
**COMMISSION**,

        Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS**
**GROUP, INC. d/b/a PAR FUNDING**, *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION TO EXPAND RECEIVERSHIP ESTATE

**THIS CAUSE** comes before the Court upon the Receiver's Motion to Expand Receivership Estate [ECF No. 357] ("Motion"), filed on October 30, 2020. In the Motion, the Receiver seeks to modify the Court's Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] ("Receivership Order"), which has already been amended by this Court's order dated September 4, 2020 [ECF No. 238].[1] The Court has carefully reviewed the Motion, Defendant Perry Abbonizio's Response in Opposition [ECF No. 376], Non-Party Capital Source 2000, Inc.'s Response [ECF No. 399], Defendants' Joint Response in Opposition [ECF No. 401], and Receiver's Reply in Support of the Motion [ECF No. 414].

---

[1] The current "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding; Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; and MK Corporate Debt Investment Company LLC.

The Court finds that the Receiver has made a sufficient and proper showing in support of the relief requested. *See SEC v. Quiros*, 966 F.3d 1195, 1199 (11th Cir. 2020) ("A district court has 'broad powers and wide discretion to determine relief in an equity receivership.'") (quoting *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992)). As noted during the Status Conference held on December 15, 2020 [ECF No. 433], the Court believes that expansion of the Receivership is necessary to effectively safeguard assets for the benefit of investors in this matter and to guard against potential dissipation.[2]

To be clear, the Court does not take this decision lightly and recognizes that the instant request to expand the receivership estate "should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012) (internal quotations and citations omitted); *see also United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (noting that "[a] district courts' appointment of a receiver . . . is an extraordinary equitable remedy."). Here, having reviewed the Receiver's findings—as well as Defendants' overall conduct to date—the Court finds a clear necessity for expansion given that tainted funds, which could be the subject of disgorgement, may be found in the entities and properties identified herein. *See SEC v. Laurer*, No. 03-80612, 2009 WL 812719, at *3 (S.D. Fla. Mar. 26, 2009)

---

[2] In determining whether expansion of the Receivership is appropriate in this case, the Court has also considered the following factors: "(1) whether [the party] seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7) whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership." *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (internal quotations and citations omitted).

(noting that "when tainted funds are used to pay costs associated with maintaining ownership of the property, the property itself and its proceeds are tainted by the fraud."); *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 4362729, at *4 (N.D. Tex., Sept. 12, 2008) (explaining that it is "often appropriate to appoint a receiver over an entity that has violated securities law and regulations[,]" and a court "may also exercise its equitable powers over an entity that has *not* engaged in wrongdoing, but nonetheless (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds.") (internal quotations and citations omitted, emphasis in original).

Further, the Court does not find that the existing asset freeze will sufficiently safeguard the property at issue in this Motion, thereby necessitating the requested expansion. *See Netsphere*, 703 F.3d at 306 ("[I]n cases of non-compliance with SEC regulations, a receiver may be appointed to prevent the corporation from dissipating corporate assets and to pay defrauded investors."); *see also SEC v. Posner*, 16 F.3d 520, 521 (2d Cir. 1994) (holding that once the "equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation," the court has "broad discretion" to fashion an appropriate remedy) (quoting *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1103 (2d Cir. 1972)). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion to Expand Receivership Estate [ECF No. 357] is **GRANTED** as follows:

1. The scope of the receivership created in this case is expanded to include the following entities:

    a. Capital Source 2000, Inc.

    b. Fast Advance Funding LLC

    c. Beta Abigail, LLC

    d. New Field Ventures, LLC

    e.    Heritage Business Consulting, Inc.

    f.    Eagle Six Consulting, Inc.

    g.    20 N. 3rd St. Ltd

    h.    118 Olive PA LLC

    i.    135-137 N. 3rd St. LLC

    j.    205 B Arch St Management LLC

    k.    242 S. 21st St. LLC

    l.    300 Market St. LLC

    m.    627-629 E. Girard LLC

    n.    715 Sansom St. LLC

    o.    803 S. 4th St. LLC

    p.    861 N. 3rd St. LLC

    q.    915-917 S. 11th LLC

    r.    1250 N. 25th St. LLC

    s.    1427 Melon St. LLC

    t.    1530 Christian St. LLC

    u.    1635 East Passyunk LLC

    v.    1932 Spruce St. LLC

    w.    4633 Walnut St. LLC

    x.    1223 N. 25th St. LLC

    y.    Liberty Eighth Avenue LLC

2.    The scope of the receivership created in this case is expanded to include the following properties:

      a.      568 Ferndale Lane, Haverford PA 19041

      b.      105 Rebecca Court, Paupack, PA 18451

      c.      107 Quayside Dr., Jupiter FL 33477

3. The scope of the receivership created in this case is expanded to include Relief Defendant L.M.E. 2017 Family Trust.

4. The Court finds that based upon the Securities and Exchange Commission's previous filings and the information the Receiver has supplied in the Motion, the same findings and conclusions that led the Court to include the other Receivership Entities apply equally to those listed in paragraphs 1 through 3 above. Ryan K. Stumphauzer is appointed Receiver of all entities, properties, and Relief Defendant listed in paragraphs 1 through 3 above and all the "Receivership Assets" of those entities, properties, and Relief Defendant, as defined in the Receivership Order [ECF No. 141]. The Receivership Order shall apply with equal force and effect to the entities, properties, and Relief Defendant listed in paragraphs 1 through 3 above as it applies to the other Receivership Entities. The terms and provisions of the operative Receivership Order are incorporated by reference herein.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record