## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

        Defendants.

_____/

### PROTECTIVE ORDER

**THIS CAUSE** came before the Court for a status conference on December 15, 2020 [ECF No. 433] ("Hearing") where the parties advised the Court that they have been unable to agree upon a stipulated protective order in order to facilitate discovery.  Consequently, as directed by the Court at the Hearing, both parties have submitted competing protective orders for the Court's review. Having reviewed the parties' submissions, and in a concerted effort to facilitate discovery and eliminate unnecessary delay in this matter, it is hereby

**ORDERED AND ADJUDGED** that the following provisions will adequately govern discovery, as well as the handling of confidential, proprietary, competitively sensitive, or private information as set forth herein.

### 1.  PURPOSES, LIMITATIONS, AND GOOD CAUSE

#### A.  Purposes and Limitations

This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as set forth in this Protective Order and as otherwise permissible under applicable legal principles.  Further, as set forth in Section 12.1 below,

this Protective Order does not entitle the parties to file confidential information under seal; rather, Local Rule 5.4 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.  **Good Cause Statement**

This action is likely to involve the production or disclosure of confidential financial information, trade secrets, valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this action is warranted. Concerns about the release of these confidential materials and information is especially pronounced in this case because the documents that may be produced and information that may be disclosed in this case include, among other things, information relating to the identity of the many investors and other creditors of Complete Business Solutions Group, Inc., including their personal identifying information, as well as information pertaining to the merchants who entered into merchant cash advance agreements with Complete Business Solutions Group, Inc., including the details of the accounts and financial transactions involving these merchants.

Such confidential materials and information consist of, among other things, documents, testimony, information or other things that the Designating Party (as defined below) believes, in good faith, contain: (1) confidential business, financial, personal, or commercial information or competitively sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party persons, firm, partnership, corporation or organization from which the documents, testimony or information was obtained.  Confidential information shall also include business negotiations and/or dealings,

- 2 -

business agreements, financial information, financial transactions, information regarding confidential business practices, commercial information, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1   Action: this pending federal lawsuit.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Such information may consist of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any Non-Party (whether oral, in writing, or via videotape); (2) documents produced in this action by any Party or by any Non-Party; (3) written discovery responses given by any

Party; (4) any documents or pleadings filed with the Court that attach, contain, or disclose any such "CONFIDENTIAL" Information; and (5) the information contained within such documents, testimony, or discovery responses so properly designated.

2.4     "HIGHLY CONFIDENTIAL" shall be limited to such documents, testimony, information, or other things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret.

2.5     Counsel: counsel of record for a Party who have appeared in this action and House Counsel (as well as their support staff).

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in responses to discovery, disclosures, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include counsel of record for a Party who have appeared in this action.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record who have appeared in this action (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public

record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

For the avoidance of doubt, none of the restrictions set forth in this Protective Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Protective Order, or any law or statute.

### 4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. **DESIGNATING PROTECTED MATERIAL**

5.1     Designating Material for Protection.     Parties and Non-Parties may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" where the material meets the requirements listed in Sections 2.3 and 2.4, above.

5.2     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3     Any Party May Designate Information Produced by Other Party.  Any Party may designate information or documents disclosed by another Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.  After such indication, the Designating Party shall, at its own expense, within seven (7) days, provide to all other Parties new copies of such information or documents appropriately labeled as per paragraph 5.4 below.

5.4     Manner and Timing of Designations.  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

stamp or affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.  To the extent electronic documents are produced in native form, the Producing Party may satisfy this marking obligation by including the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the appropriate field in a load file accompanying the production, or else by including such a label in the filename of a natively-produced file.

   A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.  If the material to be produced includes electronic files to be produced in native form, the Producing Party may label such native files using the same means as covered in the immediately preceding paragraph.

   (b) for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of a certified transcript to identify the specific portions

of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.  The Designating Party shall inform the court reporter of these requirements.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.5      <u>Inadvertent Failures to Designate.</u>  If corrected within a reasonable time after learning of the inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

The Producing Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give prompt, written notice to counsel of record for the Party to whom such documents, testimony, or other information have been disclosed

informing them that the information produced is designated Protected Material; (b) counsel of record receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice; and (c) at its own expense, the Designating Party will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

5.6     Service of Protective Order on Non-Parties.  The Parties agree that, simultaneously with the issuance of any subpoena to a Non-Party, the Party serving that subpoena shall also serve a copy of this Protective Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

6.2     Meet and Confer.  To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Parties with written notice of each designation at issue that (a) identifies the document by Bates number(s), and (b) describes the basis for each challenge.  Within 7 days of receipt of said notice, or as otherwise agreed between the Challenging and Designating Parties in writing, the Designating Party shall provide the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation to the Challenging Party and the Parties.  The parties shall attempt to resolve each challenge in good faith by conferring directly within 7 days of the Designating Party providing the bases for its

designations to the Challenging Party, or as otherwise agreed between the Challenging and Designating Parties in writing.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to do so in a timely manner.

6.3     Judicial Intervention.    If the parties cannot resolve a challenge without Court intervention, the Designating Party shall seek relief with the Honorable Bruce E. Reinhart no later than 21 days from the initial notice of challenge, unless otherwise agreed between the Challenging and Designating Parties in writing.  In addition, the Challenging Party may submit a challenge to any confidentiality designation directly with Judge Reinhart where there is good cause that the process delineated in this Section 6 cannot be followed, provided that the Challenging Party has made reasonable efforts under the circumstances to meet-and-confer with the Designating Party.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When

- 11 -

the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's insurers and outside counsel of record in this Action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the individual Parties or, in the context of a Party that is an entity, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, videographers, and their staff;

(f)     professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     Professional Vendors to whom disclosure is reasonably necessary for this Action and for which an appropriate employee of such Professional Vendor has signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of the Professional Vendor as a company, with such signatory and the Professional Vendor as a whole being responsible for ensuring compliance with this Order by all of that Professional Vendor's employees who will access Protected Material;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "HIGHLY CONFIDENTIAL" only to the following persons:

(a)     the individual Parties or, in the context of a Party that is an entity, only the individuals as permitted in writing by the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     the Receiving Party's outside counsel of record in this action;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court and its personnel;

(d)      court reporters and videographers and their staff;

(e)      professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      Professional Vendors to whom disclosure is reasonably necessary for this Action and for which an appropriate employee of such Professional Vendor has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of the Professional Vendor as a company, with such signatory and the Professional Vendor as a whole being responsible for ensuring compliance with this Order by all of that Professional Vendor's employees who will access Protected Material;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court from which the subpoena or order issued that the Protected Material must be produced, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party, if requested.

(c)      If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Materials improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>[1]

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection.  In the event of such inadvertent disclosure, the producing party may provide written notice of same and request that all copies of any such documents be returned, whereupon the Receiving Party shall return all copies of such documents, delete them from its files, take reasonable steps to destroy all notes or other work product that reflect them, and shall not use the documents in any way.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

### 12. <u>FILING PROTECTED MATERIAL IN COURT</u>

12.1     <u>Filing Protected Materials.</u>  A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4.

12.2     This Order does not govern the treatment of Protected Material at trial, which shall be raised by the parties but separately addressed by the Court.

---

[1] Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the Court.

### 13.  MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 14.  FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record

<u>EXHIBIT A</u>

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of _____

 [print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the Southern

District of Florida on _____ in the case of *Securities and Exchange Commission v.*

*Complete Business Solutions Group, Inc. d/b/a Par Funding et al,* Case No. 20-CV-81205-RAR.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern

District of Florida for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after the termination of this action.

I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my Florida agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:     _____