UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

        Defendants.
_____/

**RECEIVER, RYAN K. STUMPHAUZER'S COMBINED NINTH MOTION
TO LIFT LITIGATION INJUNCTION AS TO CERTAIN GARNISHMENT
PROCEEDINGS, TO ALLOW RECEIVER TO RELEASE OR REMOVE
SECURITY AGREEMENTS, AND TO AUTHORIZE RECEIVER TO ENTER
INTO A SETTLEMENT AGREEMENT WITH CHAPTER 11 DEBTOR IN
POSSESSION FOR ASHLEY AARONS d/b/a COFFEE DOG ENTERTAINMENT**

    Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities[1], by and through undersigned counsel, hereby files this Combined Ninth Motion to Lift

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc. ("Full Spectrum"); ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Investment Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consultants, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; Liberty Eighth Avenue LLC; The

Litigation Injunction as to Certain Garnishment Proceedings, to Allow Receiver to Release or Remove Security Agreements, and to Authorize Receiver to Enter into a Settlement Agreement with Chapter 11 Debtor, Ashley Aarons d/b/a Coffee Dog Entertainment, and states as follows:

**I.   MOTION TO LIFT LITIGATION INJUNCTION AS TO CERTAIN GARNISHMENT PROCEEDINGS**

1. The Receiver hereby moves this Court to lift the Litigation Injunction for the limited purpose of allowing the Receiver, in his discretion, to dissolve current writs of garnishment, to mark judgments satisfied, and/or to reopen confessed judgments, where the counterparty merchant either has resolved, filed for bankruptcy protection, or has agreed to resolve prior defaults in the following cases in the Court of Common Pleas of Philadelphia County, Pennsylvania.[2]

2. The cases are:

    a. *Complete Business Solutions Group, Inc. v. Wyldewood Cellars d/b/a Wyldewood Cellars and John Brewer,* Docket No. 200203204.

    b. *Complete Business Solutions Group, Inc. v. Mountainville Dental PLLC d/b/a Mountainville Dental and David Burt,* Docket No. 200501032.

    c. *Complete Business Solutions Group, Inc. v. APC Maintenance LLC and Kelen Cristine Davis,* Docket No. 191204469.

    d. *Complete Business Solutions Group, Inc. v. Wallace Enterprises Inc. d/b/a Peak Performance Training Center d/b/a Tiger Academy Martial Arts d/b/a Peak Performance Training Center and John P. Wallace*, Docket No. 190400072.

---

LME 2017 Family Trust; Blue Valley Holdings, LLC; LWP North LLC; and 500 Fairmount Avenue, LLC and the Receivership Estate also includes the properties located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; and 107 Quayside Dr., Jupiter FL 33477.

[2] *See* the Court's Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] (the "Operative Receivership Order"). The Receiver generally incorporates the background section of his prior Motions to Lift Litigation Injunction as to Certain Garnishment Proceedings. [*See, e.g.* ECF Nos. 111, 145, 198, 232, and 264.]. To conserve resources and promote efficiency, the Receiver is providing only a summary narrative, as approved by the Court at the October 7, 2020 status conference.

    e. *Complete Business Solutions Group, Inc. v. Istanbul, LLC d/b/a Advanced Granite Solutions and Ibrahan Kucuk and Zekeriya Serner*, Docket No. 200100882.

    f. *Complete Business Solutions Group, Inc. v. New Vegetarian Palate, Inc. and Richard Wong*, Docket No. 200200029.

    g. *Fast Advance Funding, Inc. v. Coastal Computer Consulting LLC d/b/a Coastal Computer Consulting d/b/a Coastal Computer and Adam Casgar*, Docket No. 190901823.

    h. *Complete Business Solutions Group, Inc. v. Greensboro City Roofing LLC d/b/a Greensboro City Roofing and Bleu Siu*, Docket No. 200300686.

    i. *Complete Business Solutions Group, Inc. v. Park Transportation Inc., Christin Kim, and Eric Seo*, Docket No. 200101510.

    j. *Complete Business Solutions Group, Inc. v. Simplified Software Development LLC and Stephen Bennett,* Docket No. 171003666.

    k. *Complete Business Solutions Group, Inc. v. Hoffman Funeral Home and Christopher Hoffman*. Docket No. 190301833.

    l. *Complete Business Solutions Group, Inc. v. South Trails RV Center, LLC and Michael Schriver*. Docket No. 200100901.

    m. *Complete Business Solutions Group, Inc. v. Richman Restaurants LLC d/b/a The Varsity Sports Bar and Grill, and Erik T. Richman.* Docket No. 1911000465.

    n. *Complete Business Solutions Group, Inc. v. James R. Chumley Sole Proprietor, Chumley Trucking d/b/a Chumley Trucking d/b/a Chumley Trucking and Excavating LLC d/b/a Chumley Trucking and Excavating and James R. Chumley.* Docket No. 200202282.

3. The Receiver has determined, in his professional judgment, that it is in the best interests of the Receivership Estate to dissolve current writs of garnishment, to mark judgments satisfied, and/or to reopen confessed judgments with respect to these cases.

## II. MOTION TO LIFT LITIGATION INJUNCTION TO ALLOW RECEIVER TO RELEASE OR REMOVE SECURITY AGREEMENTS.

4. Additionally, on December 21, 2018, Wallace Enterprises Inc. d/b/a Peak Performance Training Center d/b/a Tiger Academy Martial Arts d/b/a Peak Performance Training Center entered into a Factoring Agreement with Par Funding, guaranteed by John Wallace ("Wallace"). On December 27, 2018, Wallace entered into a Security Agreement with Par

Funding, which was filed as an encumbrance on real property. The obligation was satisfied on December 11, 2020, and according to Par Funding's books and records, the amount outstanding on the Agreements is $0.00. The Receiver seeks the Court's permission to lift the litigation injunction to release and/or remove the Security Agreement.

5.      On October 31, 2018, Advantage Roofing of LA Inc. d/b/a Advantage Roofing and Construction of LA ("Advantage") entered into a Factoring Agreement with Par Funding, guaranteed by James Strawbridge and Joy Strawbridge ("the Strawbridges"). On November 1, 2018, the Strawbridges entered into a Security Agreement with Par Funding, which was filed as an encumbrance on real property. The obligation was satisfied and according to Par Funding's books and records, the amount outstanding on the Agreements is $0.00. The Receiver seeks the Court's permission to lift the litigation injunction to release and/or remove the Security Agreement.

6.      On November 7, 2018, S and G Corrugated Packaging, Inc. d/b/a S and G Corrugated Packaging ("S and G") entered into a Factoring Agreement with Par Funding, guaranteed by Earl Sampson and Daryl Sampson ("the Sampsons"). On November 2, 2018, the Sampsons entered into a Security Agreement with Par Funding, which was filed as an encumbrance on real property. As part of an agreement with S and G and Earl Sampson, the Receiver seeks the Court's permission to lift the litigation injunction to release the Security Agreement.

7.      On February 11, 2019, William E. Hoffman, Gretchen H. Hoffman, Christopher H. Hoffman, and Becky P. Hoffman ("the Hoffmans") entered into a Security Agreement with Par Funding, which was filed as an encumbrance on real property. Par Funding also initiated a foreclosure action against the Hoffmans relating to the Security Agreement in the Court of

Common Plea of Cumberland County, Pennsylvania at Docket No. 2019-6380. As part of an agreement with the Hoffmans, the Receiver seeks the Court's permission to lift the litigation injunction to release the Security Agreement and dismiss the foreclosure action.

### III. MOTION TO LIFT LITIGATION INJUNCTION TO AUTHORIZE RECEIVER TO ENTER INTO A SETTLEMENT AGREEMENT WITH CHAPTER 11 DEBTOR IN POSSESSION FOR ASHLEY AARONS d/b/a COFFEE DOG ENTERTAINMENT.

8. Ashley Aarons, d/b/a Coffee Dog Entertainment ("Debtor") is listed on the records of Par Funding as an open Factoring Agreement account with an outstanding account receivable of $399,395.07, resulting in an unpaid cash exposure sum due to the Receivership Estate of $95,574.07.

9. The aforesaid indebtedness is currently secured by a third priority record lien evidenced by a Security Agreement on real property known as 984 Bel Air Road, Los Angeles, CA 90077 ("Bel Air Property") dated January 10, 2019. The Security Agreement was not recorded as a lien, however, until May 21, 2019, and is further subordinate to approximately $3.6 million in priority debt owed to other lien creditors of the Debtor.

10. The Debtor's Chapter 11 Bankruptcy Petition was filed on July 17, 2019. As a result, Par Funding's lien is subject to the ninety (90) day preference period pursuant to the United States Bankruptcy Code. It is believed by Bankruptcy Counsel for the Receiver that if the claim was litigated as a preference claim and not treated as has been negotiated with the Bankruptcy Debtor's Estate by retaining its secured lien on real estate, the Par Funding debt could be rendered wholly unsecured and the Bel Air Property could be lost as security for the debt. Any recovery would thereafter be severely impaired if not recoverable in any sum as compared to the negotiated Chapter 11 Plan treatment, which should collect a secured priority recovery to the receivership of $75,000.00.

11.     After a review and assessment of the Debtor's financial records filed of record in the aforesaid bankruptcy proceedings, it is believed that the Debtor, absent a successful sale of the Bel Air Property, has little to no likelihood of making any distribution to unsecured creditors.

12.     The Receiver has negotiated a stipulated treatment of Par Funding's claim with the Debtor's counsel as part of the confirmation of the Chapter 11 Plan, which allows the Receivership Estate to retain its secured lien position, and in the event the Debtor successfully markets and sells or refinances the Bel Air Property, the Receiver will receive the sum of $75,000 as a secured creditor and the amount necessary for the Receiver to release the Bel Air Property Lien.

13.     In the event the Debtor does not successfully sell and market the Bel Air Property, the Receivership Estate retains its full recorded lien claim interest against the real property, which, subject to the priority debt and the outcome of any competitive bidding at a foreclosure/trustee's sale, could still result in the recovery of secured sums due to Par Funding in a "forced sale" scenario outside the bankruptcy proceedings.

14.     The alternative to the above stipulation and agreement entered as part of the Chapter 11 Plan confirmation proceedings in the Bankruptcy could result in the declaration that the lien is avoidable as a preferential transfer of an interest in estate property under Section 547 of the Bankruptcy Code.  Moreover, any ongoing delay in the Debtor's ability to confirm her Chapter 11 Plan and proceed to voluntarily market the property for sale will reduce or eliminate the ability of the Debtor to further hold off an involuntary foreclosure on the property by the priority lien creditor(s).

15.     Specifically, non-party Wilmington Savings Fund Society, FSB as Trustee for Invictus Residential Pooler Trust 3A ("Wilmington Trust"), as assignee of a Promissory Note secured by a Deed of Trust, is the first priority creditor against the Bel Air Property.  Wilmington

Trust, which filed a Motion to Intervene and for Relief from the Amended Order Appointing Receiver on January 21, 2021 [ECF No. 476], is seeking to sell the Bell Air Property through a non-judicial foreclosure.

16. For the reasons set forth above and at the recommendation of Bankruptcy counsel, the Receiver seeks permission to enter into a Chapter 11 plan confirmation with the Debtor in Possession consistent with the parameters set forth above which will achieve an enhanced cash recovery in excess of the amount that could otherwise be obtained under any other legal proceedings, and conserve Receivership Estate resources by avoiding further time-consuming litigation.

WHEREFORE, Ryan K. Stumphauzer, as Court-Appointed Receiver, by and through his undersigned counsel, respectfully requests this Honorable Court to grant the motion and lift the Litigation Injunction on a limited basis as set forth above. A proposed order for the Court's consideration is attached as Exhibit 1.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

The undersigned counsel has conferred with all counsel of record in this matter regarding the relief sought through this motion. The SEC takes no position on the motion to lift the litigation injunction. Its position on the underlying transaction was not solicited and therefore none was provided. In addition, undersigned counsel sent an email to counsel of record for all other parties and requested that they notify the Receiver if they opposed the relief sought. No counsel of record indicated their opposition to the relief sought or otherwise responded to this request.

The Receiver has discussed this Motion with counsel for non-party Wilmington Savings Fund Society, FSB as Trustee for Invictus Residential Pooler Trust 3A ("Wilmington Trust"), the first priority creditor against the Bel Air Property. Wilmington Trust agrees with the relief sought

by the Receiver and has agreed to withdraw its Motion to Intervene and for Relief from the Amended Order Appointing Receiver, filed on January 21, 2021 [ECF No. 476].

Dated: February 4, 2021

Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:   (305) 614-1425

By: */s/ Timothy A. Kolaya*
    TIMOTHY A. KOLAYA
    Florida Bar No. 056140
    tkolaya@sfslaw.com

    *Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone:  (215) 320-6200
Facsimile:   (215) 981-0082

By: */s/ Gaetan J. Alfano*
    GAETAN J. ALFANO
    Pennsylvania Bar No. 32971
    *(Admitted Pro Hac Vice)*
    GJA@Pietragallo.com
    DOUGLAS K. ROSENBLUM
    Pennsylvania Bar No. 90989
    *(Admitted Pro Hac Vice)*
    DKR@Pietragallo.com

    *Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2021, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA