**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-81205-RAR**

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PAR FUNDING**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation [ECF No. 486] ("Report"), filed on February 5, 2021. The Report recommends that the Court grant the Receiver's First Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for July 27, 2020 through September 30, 2020 [ECF No. 438] ("Application"). *See* Report at 2. The Report properly notified the parties of their right to object to Magistrate Judge Reinhart's findings and the consequences for failing to object. *Id.* at 2. It also indicated that if counsel did not intend to file objections, they were required to file a notice advising the Court within five days of the Report— *i.e.*, by February 10, 2021. *Id.* at 3.

This Court further entered a Paperless Order reminding the parties that if they intended to file objections to the Report, they were to notify the Court by 5:00 P.M. EST on February 10, 2021. *See* Paperless Order [ECF No. 488]. The time for notifying the Court of an intent to file objections to the Report has expired and no party has filed such a notice.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Because no party indicated an intent to file an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Reinhart's findings.  Rather, the Court has carefully reviewed the Report for clear error.  Finding none, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [**ECF No. 486**] is **AFFIRMED AND ADOPTED**.
2. The Application [**ECF No. 438**] is **GRANTED** as follows:

   | | |
   |---|---|
   | Professional Fees | $2,073,116.31 |
   | Expenses | $81,902.33 |
   | **TOTAL** | **$2,155,018.64** |

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**