UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-81205-RAR/REINHART

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC., d/b/a PAR FUNDING, *et al.*,

        Defendants.
_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EXPEDITED MOTION FOR LEAVE TO FILE DEPOSITION TRANSCRIPTS AS THE RESTRICTIONS IN THE PROTECTIVE ORDER (DE 487) DO NOT APPLY TO TRANSCRIPTS OF DEPOSITIONS ATTENDED BY MEMBERS OF THE PUBLIC**

**AND**

**IN THE ALTERNATIVE, FOR LEAVE TO FILE UNDER SEAL A MOTION TO OVERRULE PRIVILEGE OBJECTIONS AND TO COMPEL THESE NON-PARTIES' ANSWERS TO DEPOSITION QUESTIONS**

## I. INTRODUCTION

The Motion concerns transcripts of depositions attended by members of the public, with the consent and knowledge of the Deponents and without any objection by any Party, who were not asked to execute Acknowledgements and Agreements to be Bound by the Protective Order and who did not execute such Agreements. Plaintiff Securities and Exchange Commission seeks leave to file the transcripts in the public docket, as these depositions were observed by members of the public and therefore the transcripts of these same depositions are not subject to the restrictions for "confidential" materials as set forth in the Protective Order (DE 487).

We seek this relief on an expedited basis pursuant to Local Rule 7.1(d)(3) for the reasons set forth below. A ruling on this issue will avoid significant delay and, we posit wholly unnecessary, litigation with Deponents concerning their stated intent to designate as confidential

portions of these transcripts of depositions, the substance of which is already public. In the alternative, we ask the Court to grant the Commission leave to file the transcripts under seal. so we can litigate the confidentiality designations as well as objections, for which the Court will require the transcripts.

## I. THE COMMISSION RESPECTFULLY SEEKS EXPEDITED RELIEF

The Commissions respectfully files this as an Expedited Motion pursuant to Local Rule 7.1(d)(2) and respectfully requests an expedited briefing schedule and a ruling by April 29, in advance of the May 4 depositions in this case.

Non-parties John Pauciulo and his law firm, Eckert Seamans Cherin & Mellot (collectively, the "Deponents") were deposed by the Commission on April 9 and 14, respectively. Pauciulo is the unnamed attorney referenced in the Commission's complaint, and as set forth in the evidence previously filed by the Commission, Pauciulo and/or Eckert, among other things:

- Were architects of the method by which Defendant Complete Business Solutions Group converted its sales agents to Agent Fund Managers (which the Commission alleges is part of the Defendants' fraudulent scheme and unregistered offering);

- Created Agent Funds referenced in the Complaint (many of which Agent Funds have now waived their attorney-client privileges with Pauciulo and Eckert);

- Represented Agent Fund Managers (many of whom have now waived their attorney-client privileges with Pauciulo and Eckert);

- Prepared and filed with the Commission forms representing that various Agent Funds, including various Agent Funds that are Defendants in this case, were not participating in general solicitations and were therefore exempt from registration with the Commission; and

- During this same time frame, assisted Vagnozzi with his solicitation of investors in the unregistered offerings, and appeared in videos with Vagnozzi to encourage investors to accept the Exchange Offering at issue in this case.

Accordingly, the Commission requires the deposition testimony of Pauciulo and Eckert during the discovery period, and in advance of other depositions we have noticed.

Prior to the Pauciulo and Eckert depositions, Deponents' counsel obtained the Court's Protective Order in this case (DE 437). Thereafter, Deponents agreed for members of the public to observe the depositions, and this occurred. Neither the Deponents nor any Party to this case asked the members of the public who attended the depositions to execute the "Acknowledgment and Agreement to Be Bound" by the Protective Order. *See* DE 437 at Section 7.2(g). Nor did the members of the public who attended the depositions execute that agreement.

However, during these depositions, Deponents' counsel announced they were designating the depositions as "confidential" under this Court's Protective Order [DE 437]. At no time did they ask the members of the public to leave the deposition, and they did not leave. Immediately after the depositions, the Commission challenged the blanket confidential designations, and Pauciulo/Eckert's counsel responded on April 16, 2021 that they will utilize the Protective Order provision allowing for 21 days to designate portions of the transcripts as confidential. Thus, we will not receive designations from them until as long as 21 days after they receive the certified transcripts are received – likely mid or late-May. Thereafter, we would need to expend considerable resources to litigate those designations, and therefore we would not reasonably obtain clarity until this Summer. The deadline for discovery is September 10, and dispositive motions are due September 24.

The Defendants' depositions have been noticed in May, commencing May 4, 2021, and the Commission will seek additional discovery and depositions shortly thereafter. We also anticipate litigation concerning confidentiality and privilege matters, among other things, in connection with those depositions. If in fact, depositions shared with members of the public are not subject to the Protective Order, such a ruling would obviate the need for protracted litigation – including with the instant Deponents – concerning designations to deposition transcripts the public experienced first-hand as observers. It would avoid a waste of judicial resources as well as those of the Commission and Defendants. Further, it would help clarify the matter so that the Parties and Deponents can make informed decisions about consenting to members of the public attending depositions and the need for any safeguards if any Party or Deponent seeks to subsequently designate any upcoming deposition transcript as confidential. Thus, it would benefit all parties if we could obtain clarification prior to May 4, when we depose the first defendant, Lisa McElhone, and would avoid the need for significant litigation concerning the confidential designations.

Additionally, Pauciulo, as the designated witness for Eckert during its April 14, 2021 deposition pursuant to Fed. R. Civ.P. 30(b)(6), left the deposition before it concluded, after advising that he would return on another, unidentified day in the future, to continue it. We require that continued deposition in May, prior to certain other depositions and interviews already scheduled. Members of the public who attended the first day of the deposition will likely appear for the continuation, and thus addressing the issue in advance of that date is requested.

Finally, only after the Court rules on the instant motion can we file – either under seal or in the sunshine – our Motion to overrule the Deponents' privilege objections during day 1 of both Deponents' depositions, and to compel their testimony. And only after that Motion is fully briefed and ruled upon can we proceed to day 2 of Eckert's deposition and, if the Court grants the Motion

to overrule objections and compel testimony, depose Pauciulo and Eckert during a deposition where we can obtain answers. We require those answers before taking other witness testimony in this case, discovery concludes on September 10, and dispositive motions are due September 24. The December trial date should not be continued again, nor will we seek such a continuance, because the investors cannot receive distributions in this case until and unless final judgments are entered against the Defendants.

Accordingly, we ask that the Court order that Responses to this motion be filed by Thursday, April 21, and that the Commission file its Reply by Friday, April 23.

## II. The Deposition Transcripts Are Not – And Cannot Be – Subject To The Protective Order Because The Depositions Were Attended By Members of the Public With The Agreement of The Deponents And Without Objection

The Court's Protective Order makes clear that:

> For the avoidance of doubt, **none of the restrictions set forth in this Protective Order shall apply to any documents or other information that are or become public knowledge** by means not in violation of the provisions of this Protective Order, or any law or statute.

DE 437 at Section 3; *see also id.* at Section 1, p.3 (nothing should be designated as confidential "without a good faith belief that it has been maintained in a confidential, non-public manner").

The entirety of both depositions has already been shared with members of the public. Pauciulo and Eckert's counsel agreed for third parties to attend and observe the depositions. And third parties unaffiliated with any deponent, attorney, or any party to this case did in fact attend both depositions in their entirety. The Protective Order requires that "Confidential" information may only be disclosed to certain categories of individuals identified in Section 7.2 of the Order. The third party observers who attended and heard every minute of both depositions fall into *none* of the categories identified in Section 7.2 of the Order. And Pauciulo and Eckert knew that when they agreed for these third parties to attend.

The third parties, with the consent of Pauciulo and Eckert's counsel, observed the testimony, saw the exhibits, and heard every word of the depositions. Neither Deponent took any precautions to preserve the confidentiality of the depositions. The observers were not directed to refrain from taking notes. Nor were they asked to execute that Acknowledgement and Agreement to be Bound by the Protective Order. Nor did they execute that Acknowledgement and Agreement. Nor is there a protective order in place in the private litigation pending against Pauciulo and Eckert, though plaintiffs' counsel in such matters attended both depositions with their consent.

In sum, the information Pauciulo and Eckert now claim is confidential is already – by their own consent to permit members of the public to observe the depositions – ***not confidential***. The cat is out of the bag. Therefore, we should not waste resources litigating the merits of myriad confidential designations as to whether that portions of that cat should have never left the bag.

Accordingly, the Court should enter an Order finding that the transcripts are not subject to the restrictions of the Protective Order.

### III.  IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE COMMISSION LEAVE TO FILE ITS MOTION TO OVERRULE PRIVILEGE OBJECTIONS AND TO COMPEL TESTIMONY, UNDER SEAL PURSUANT TO LOCAL RULE 5.4

The Commission requires the complete testimony of Pauciulo and Eckert, and will be filing a Motion to overrule some of Pauciulo and Eckert's privilege objections during the depositions and to compel them to testify (the "Motion to Overrule Objections"). Therefore, if the Court declines to find that depositions attended by members of the public are not subject to the restrictions in the Protective Order, then we respectfully request leave to file under seal pursuant to Local Rule 5.4:

(1)  A Motion to Overrule Pauciulo and Eckert's Depositions, attaching the deposition transcripts as exhibits; and

(2)     A Motion challenging the Deponents' specific designations of purportedly confidential information within those transcripts, attaching the transcripts as exhibits, after we receive those designations next month.

WHEREFORE, the Commission respectfully requests that the Court enter an Order finding that the deposition transcripts are not subject to the restrictions in the Protective Order or, in the alternative, permitting the Commission to file the transcripts under seal, and that the Court order an expedited briefing schedule on the instant Motion.

|  |  |  |
|---|---|---|
| April 19, 2021 | By: | Respectfully submitted,<br>Amie Riggle Berlin<br>Amie Riggle Berlin<br>Senior Trial Counsel<br>Florida Bar No. 630020<br>Telephone: (305) 982-6322<br>Facsimile: (305) 536-4154<br>Email: berlina@sec.gov<br><br>Attorney for Plaintiff<br>SECURITIES AND EXCHANGE COMMISSION<br>801 Brickell Avenue, Suite 1800<br>Miami, Florida 33131<br>Telephone: (305)982-6300<br>Facsimile: (305)536-4154 |

**CERTIFICATE OF CONFERRAL**

The Receiver agrees with the relief sought herein.

Counsel for Defendants Vagnozzi, Furman, and Abbonizio indicated they take no position as to whether the transcripts can be designated as confidential under the Protective Order.

Undersigned counsel conferred with counsel for Pauciulo and Eckert concerning the inapplicability of the Protective Order because the depositions were open to third parties, with Pauciulo and Eckert's agreement. We were unable to resolve the matter. However, such counsel does not object to the transcripts being filed under seal (the relief we seek in the alternative).

s/Amie Riggle Berlin
Amie Riggle Berlin

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2021, I electronically filed the foregoing response with the Clerk of Court using CM/ECF and copies were delivered via the CM/ECF system to counsel of record.                                          By:    s/Amie Riggle Berlin