**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CV-81205-RAR**

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, et al.,

        Defendants.

_____/

**RECEIVER RYAN K. STUMPHAUZER'S MOTION TO LIFT THE**
**LITIGATION STAY TO ALLOW COMMENCEMENT OF PROCEEDINGS**
**AGAINST D19 LIQUOR, INC., FAWZI SIMON, AND RELATED ENTITIES**

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver, (the "Receiver") of the

Receivership Entities,[1]  by and through his undersigned counsel, hereby files this Motion to Lift

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Investment Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six  Consultants, Inc.; 20 N. 3rd  St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd  St. LLC; 205 B Arch St Management LLC; 242 S. 21st  St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th  St. LLC; 861 N. 3rd  St. LLC; 915-917 S. 11th  LLC; 1250 N. 25th  St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th  St. LLC; Liberty Eighth Avenue LLC; The LME 2017 Family Trust; Blue Valley Holdings, LLC; LWP North LLC; and 500 Fairmount Avenue, LLC and the Receivership also includes the properties located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; 107 Quayside Dr., Jupiter FL 33477; and 2413 Roma Drive, Philadelphia, PA 19145.

the Litigation Stay to Allow Commencement of Proceedings Against D19 Liquor, Inc., Fawzi Simon, and Related Entities, stating as follows:

## INTRODUCTION

D19 Liquor, Inc. ("D19 Liquor") and SimonXpress Pizza, LLC ("SimonXpress") are two (2) of many companies under the common control of Fawzi Simon ("Simon"). D19 Liquor and various of Simon's other related entities[2] entered into several merchant cash advance ("MCA") agreements with Par Funding, and currently owe $5,573,511.72 to Par Funding under those agreements as of April 30, 2021. In total, Simon persuaded Par Funding to provide over 30 merchant cash advances to the D19 Liquor Entities prior to the establishment of this receivership, which systematically increased Par Funding's exposure. Despite the increasing risk, as well as multiple instances of non-payment, Par Funding continued to fund these advances, while simultaneously failing to take sufficient action against Simon and his entities. In April of 2020, Par Funding issued yet another MCA agreement to D19 Liquor, which only served to aggregate past overdue balances on the several other outstanding MCA agreements.

Further, SimonXpress Pizza executed two promissory notes in favor of Eagle Six Consultants Inc. ("Eagle Six"), a Receivership Entity since December 16, 2020.  Eagle Six loaned SimonXpress $500,000 under each note, for a total of $1,000,000. The first note, entitled "Promissory Note" (hereinafter the "December 2019 Note"), was executed as of December 30, 2019. The second note, entitled "Credit and Security Agreement" (hereinafter the "March 2020 Note"), was executed as of March 9, 2020. SimonXpress has not paid any principal on either of

---

[2] Collectively, D19 Liquor, 643 Telegraph, LLC, F and Z Holding, LLC, J and J New Baltimore Corp., QM Enterprise, Simon Land Development, LLC, and SimonXpress are hereinafter referred to as the "D19 Liquor Entities."

the notes.  As of April 30, 2021, SimonXpress owes Eagle Six $555,416.67 on the December 2019 Note and $571,694.99 on the March 2020 Note, inclusive of accrued interest.

In total, the D19 Liquor Entities' total obligation to the Receivership Entities is $6,700,623.37. Simon has guaranteed the payment and performance of the D19 Liquor Entities' obligations under each of these agreements.  The Receiver seeks authority to lift the litigation injunction to pursue claims against the D19 Liquor Entities and Simon in an effort to rectify Par Funding and Eagle Six's questionable underwriting practices in advancing these amounts.

## THE PARTIES

1.      Pursuant to orders entered on July 27, 2020 [ECF No. 36] (the "Order Appointing Receiver"), August 13, 2020 [ECF No. 141] (the "Amended Order Appointing Receiver"), September 4, 2020 [ECF No. 238] (the "First Order to Expand"), December 16, 2020 [ECF No. 436] (the "Second Order to Expand"), February 2, 2021 [ECF No. 484] (the "Third Order to Expand"), and  March 21, 2021 [ECF No. 517] (the "Fourth Order to Expand"), Ryan K. Stumphauzer, Esq. is the Court appointed receiver for the Receivership Entities.

2.      Pursuant to these Orders, the Court entered a litigation injunction that stays all legal proceedings involving the Receivership Entities until further Order of this Court (the "Litigation Injunction").  *See, e.g.,* Amended Order Appointing Receiver, at ¶ 32.

3.      D19 Liquor is a Michigan corporation incorporated on January 29, 2018. D19 Liquor's registered address is 180 S. Telegraph Road, Waterford, Michigan, 48328.

4.      643 Telegraph, LLC ("643 Telegraph") is a Michigan limited liability company ("LLC") organized on September 9, 2008. 643 Telegraph's registered address is 180 S. Telegraph Road, Waterford, Michigan, 48328.

5.      F and Z Holding, LLC ("F and Z") is a Michigan LLC organized on July 17, 2013. F and Z's registered address is 180 S. Telegraph Road, Waterford, Michigan, 48328.

6.      J and J New Baltimore Corp. ("J and J") is a Michigan corporation incorporated on January 11, 2012 and dissolved on July 15, 2015.[3] J and J's registered address was 2575 W. Hickory Drive, Bloomfield, Michigan, 48302.

7.      QM Enterprise ("QM") is a Michigan corporate entity. QM's registered address is 2975 W. Hickory Drive, Bloomfield, Michigan, 48302.

8.      Simon Land Development, LLC ("Simon Land Development") is a Michigan LLC organized on July 6, 2005. Simon Land Development's registered address is 180 S. Telegraph Road, Waterford, Michigan, 48328.

9.      SimonXpress is a Michigan LLC organized on August 23, 2017. SimonXpress' registered address is 180 S. Telegraph Road, Waterford, Michigan, 48328.

10.     Fawzi Simon is an adult individual with a last known address in Bloomfield Hills, Michigan. Upon information and belief, Simon is a principal for all active D19 Liquor Entities besides J and J.[4]

## FACTUAL HISTORY

### A.  Relationship Between Par Funding and D19 Liquor

11.     Par Funding's relationship with the D19 Liquor Entities began in April 2018. Operating as a franchised pizza restaurant, SimonXpress—one of the D19 Liquor Entities—sought

---

[3] Despite dissolving in July of 2015, J and J is listed as a "d/b/a" for D19 Liquor as recently as the April 7, 2020 MCA agreement between Par Funding and D19 Liquor. *See* Exhibit 1.
[4] The registered agent of J and J is listed as Joseph Simon, whose relation to Fawzi Simon is unknown.

to obtain a merchant cash advance in exchange for selling a portion of its accounts receivable to Par Funding.

12.     On April 13, 2018, Par Funding entered into its first MCA Agreement with SimonXpress, under which Par Funding advanced $152,200 to SimonXpress. To recoup the purchase price, SimonXpress authorized Par Funding to take daily draws from its bank account until the outstanding balance was paid off.

13.     Over the course of nearly two (2) years, Par Funding continued to enter into multiple MCA agreements with the D19 Liquor Entities.

14.     On April 7, 2020, nearly two (2) years after the inception of this relationship, Par Funding and D19 Liquor entered into an MCA agreement (the "April 2020 MCA"), under which Par Funding purchased future receivables from D19 Liquor in the amount of $7,068,770.68. The April 2020 MCA transaction restructured the obligations of 32 prior MCA agreements between Par Funding and the various D19 Liquor Entities controlled by Simon, with a total outstanding balance of $5,437,515.91. A copy of the April 2020 MCA is attached hereto as **Exhibit 1**.

15.     The payment terms of the April 2020 MCA included daily payments of $25,000 for 30 business days, followed by daily payments of $40,000 for 30 business days, followed by daily payments of $50,000 for the remaining 120 business days. Based on these payment terms, the total obligation should have been paid on or before November 24, 2020. *Id.*

16.     Simon, individually, guaranteed performance of D19 Liquor's obligations under the April 2020 MCA.  *Id*.

17.     Immediately upon execution of the April 2020 MCA, D19 Liquor experienced problems repaying Par Funding. On 43 separate occasions, Par Funding's daily draws on the April 2020 MCA were not completed due to a "Returned Payment," resulting in  43 separate bank

charges for "insufficient funds." Attached as **Exhibit 2** is a true and correct copy of a payment history that DSI prepared for the April 2020 MCA.

18.     D19 Liquor paid a total of $1,588,883.96 on this obligation. *Id.* The last successful payment made by D19 Liquor, however, was nearly nine (9) months ago, on July 30, 2020. *Id.*

19.     After the Court appointed the Receiver, Par Funding attempted to resume automatic debits from D19 Liquor's account via ACH transfer on September 10, 11, 14, and 15, 2020. The D19 Liquor Entities affirmatively stopped all four (4) debits, however, by instructing their bank to dishonor the ACH. As a result, Par Funding never received the funds. *Id.*

20.     Despite multiple instances of non-payment prior to the Receiver being appointed, Par Funding failed to pursue action against the D19 Liquor Entities. Instead, Par Funding continued to advance funds, while simultaneously allowing the D19 Liquor Entities to miss payments on several different occasions. Currently, the D19 Liquor Entities' total balance owed to Par Funding is $5,573,511.72. *Id.*

**B. Relationship Between Eagle Six and the D19 Liquor Entities**

21.     Eagle Six's relationship with the D19 Liquor Entities began in December of 2019.

22.     On December 30, 2019, SimonXpress and Eagle Six executed the December 2019 Note, by which Eagle Six advanced SimonXpress $500,000. A copy of the December 2019 Note is attached as **Exhibit 3**.

23.     Under the terms of the December 2019 Note, SimonXpress agreed to pay annual interest at a rate of eighteen percent (18%), payable each month for a period of 12 months. Thus, starting on January 31, 2020, the December 2019 Note obligated SimonXpress to pay a monthly interest payment of $7,500. *Id.*

24.     The principal balance of $500,000 was due and payable on or before December 30, 2020. The December 2019 note provided that if SimonXpress did not pay the principal balance on the due date, interest would continue to accrue at 10% until paid in full. *Id.*

25.     Simon, individually, guaranteed the payment and performance of SimonXpress's obligations under the December 2019 Note.  *Id*.

26.     SimonXpress only made its required interest payments for the months of January through July 2020. Attached as **Exhibit 4** is a true and correct copy of a payment schedule that DSI prepared for the December 2019 Note, effective as of April 30, 2021.

27.     SimonXpress has not made a single interest payment on the December 2019 Note since July 31, 2020. *Id.*

28.     Due to accruing interest on the outstanding balance, SimonXpress owes $555,416.67 on the December 2019 Note, as of April 30, 2021. *Id*.

29.     In addition to the December 2019 Note, SimonXpress also entered into another note with Eagle Six on March 9, 2020 (the "March 2020 Note"). A copy of the March 2020 Note is attached as **Exhibit 5**.

30.     Under the terms of the March 2020 Note, Eagle Six agreed to advance SimonXpress an additional $500,000.

31.     The March 2020 Note had similar terms to the December 2019 Note regarding the interest rate and monthly interest payments for the first 12 months. Thus, starting in April of 2020, the terms of the March 2020 Note obligated SimonXpress to pay Eagle Six $7,500 monthly for the first 12 months. However, unlike the December 2019 Note, the March 2020 Note provided that interest would continue to  accrue at 18% after 12 months until the Note was paid in full. *Id*.

32.     Simon, individually, guaranteed the payment and performance of SimonXpress's obligations under the March 2020 Note.  *Id*.

33.     SimonXpress has not made a single interest payment on the March 2020 Note since July 9, 2020. Attached as **Exhibit 6** is a true and correct copy of a payment schedule that DSI prepared for the March 2020 Note, effective as of April 30, 2021.

34.     Due to accruing interest on the outstanding balance, SimonXpress owes $571,694.99 on the March 2020 Note, as of April 30, 2021. *Id.*

35.     SimonXpress stopped payments on the MCA balances due to Par Funding and the note obligations due to Eagle 6 in July 2020, the same month the Receiver was appointed.

### C.  Appointment of Receiver, Review of Records, and Attempts to Resolve

36.     Pursuant to the Order Appointing Receiver, the Receiver assumed control of Par Funding on July 28, 2020.

37.     On September 8, 2020, one of the employees who the Receiver rehired to oversee collections for Par Funding sent notice of the receivership to merchants, including D19 Liquor, advising that ACH payments would re-commence on September 8, 2020. Attached as **Exhibit 7** is a copy of that letter.

38.     Pursuant to the Second Order to Expand, the Receiver assumed control of Eagle Six on December 16, 2020.

39.     In the course of his duties, the Receiver undertook a review of Par Funding's and Eagle Six's records relating to the accounts of the D19 Liquor Entities, which uncovered that Par Funding and Eagle Six had inadequate institutional risk protocols.

40.     Specifically, despite systemically increasing advances to the D19 Liquor Entities through which the MCA balance grew to over $5.5 million, Par Funding did not perform an adequate substantive risk analysis on the D19 Liquor Entities' ability to repay.

41.     Likewise, despite Eagle Six's undisputed intertwinement with Par Funding, Eagle Six performed no substantive risk analysis on the D19 Liquor Entities' ability to repay prior to advancing a total of $1,000,000 to SimonXpress.

42.     The Receiver, through his consultants at DSI, attempted on numerous occasions between February 23, 2021 and March 11, 2021 to resolve this matter short of Court intervention. Attached as **Composite Exhibit 8** are true and correct copies of multiple email communications between DSI and representatives for the D19 Liquor Entities and Simon regarding these efforts.

43.     Despite several requests by DSI on behalf of the Receiver, the D19 Liquor Entities and Simon, through their representatives, have refused to engage in good faith negotiations or provide any assurance to the Receiver that the D19 Liquor Entities and Simon will resolve these outstanding balances.   In fact, despite agreeing to participate in a video call with DSI, the representatives for the D19 Liquor Entities failed to appear for that call and have not responded to any of the Receiver's requests since March 11, 2021. *Id*.

44.     Accordingly, the Receiver believes that an imminent resolution appears unlikely and, therefore, legal action is necessary. Thus, the Receiver seeks permission to lift the Litigation Injunction to commence the appropriate actions against Simon and the D19 Liquor Entities for the benefit of the creditors of the Receivership Estate.

## **ARGUMENT**

A district court enjoys broad equitable powers to appoint a receiver over disputed assets in litigation before the court. The receiver's role, and the district court's purpose in the appointment,

is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets, if necessary. *See* 13 *Moore's Federal Practice* ¶¶ 66.02–.03 (3d ed.1999).  Here, lifting the Litigation Injunction is appropriate to allow the Receiver to pursue claims against Simon and the D19 Liquor Entities.

Once assets are placed in receivership, a district court's equitable purpose demands that the court be able to exercise control over claims brought against those assets. The receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets. *See SEC v. Universal Fin*., 760 F.2d 1034, 1038 (9th Cir. 1985). The district court may require all such claims to be brought before the receivership court for disposition pursuant to summary process consistent with the equity purpose of the court. *See SEC v. Basic Energy & Affiliated Resources, Inc*., 273 F.3d 657, 668 (6th Cir. 2001). The district court may also authorize, to the extent the court deems appropriate, "satellite" litigation in forums outside of the receivership court to address ancillary issues. However, the receivership court typically retains jurisdiction over any attempt at execution of a judgment in such situations. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 552 (6th Cir. 2006)

Receivership courts generally rely on a three-factor test to adjudicate requests to lift the litigation stay injunction. These factors include:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*S.E.C. v. Byers*, 592 F. Supp. 2d 532, 536 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010).  The above elements and the equities weigh in favor of lifting the Litigation Injunction to allow the Receiver to commence an action against Simon and the D19 Liquor Entities.

The Receiver and the Receivership Estate will suffer substantial injury if not permitted to pursue the claims. At $6,700,623.37, the outstanding balance for the D19 Liquor Entities represents a significant portion of the Receivership Estate. The Receiver possesses a valid and enforceable claim against the D19 Liquor Entities and Simon for repayment of that amount. Notwithstanding these enforceable claims, Simon and the D19 Liquor Entities have not provided any assurances to the Receiver that they will make payments on or otherwise resolve these accounts. Accordingly, the Receiver intends to pursue the claim to maximize the value of the estate and promote recovery for the creditors of the Receivership Estate.

Second, the timing is appropriate in this instance to lift the Litigation Injunction. This Court appointed the Receiver on July 27, 2020, nearly nine (9) months ago. This litigation is necessary to promote the orderly administration of the estate. While the Receiver continues to undo improper actions by Par Funding and its insiders, the Receiver simultaneously seeks to lay the groundwork for an eventual claim administration process. To do so, the Receiver must maximize the value of the Receiver's claims against the debtors of the Receivership Entities, including Simon and the D19 Liquor Entities. Although the Receiver attempted a consensual resolution, those discussions do not appear likely to maximize the return on the Receiver's claims. Thus, in the Receiver's legal and business judgment, litigation is necessary to deliver the maximum return to the creditors of the Receivership Estate.

Finally, the Receiver's claims against the D19 Liquor Entities are legally sound and meritorious. The D19 Liquor Entities and Simon executed a number of agreements wherein they promised payments to Par Funding and Eagle Six. The D19 Liquor Entities and Simon breached those agreements by failing to make the necessary payments. The Receiver's claims, as written in the contracts, are enforceable against the D19 Liquor Entities and Simon. The balance of the

elements, as well as equities, weigh towards lifting the Litigation Injunction to allow the Receiver to commence the appropriate litigation to recover the $6,700,623.37 outstanding balance for the benefit of the Receivership Estate and its creditors.

**CONCLUSION**

WHEREFORE, Ryan K. Stumphauzer, as Court-Appointed Receiver, by and through his undersigned counsel, respectfully requests this Honorable Court to grant the motion and lift the Litigation Injunction on a limited basis as set forth above to commence actions against D19 Liquor, 643 Telegraph, F and Z, J and J, QM, Simon Land Development, SimonXpress Pizza, and Fawzi Simon. A proposed order for the Court's consideration is attached as **Exhibit 9**.

**CERTIFICATION REGARDING PRE-FILING CONFERENCE**

The undersigned counsel has conferred with all counsel of record who have confirmed that their clients either do not oppose or take no position with respect to the relief sought, or have not responded to the Receiver's conferral requests. The SEC does not oppose the motion to lift the litigation injunction; its position on the underlying transaction was not solicited and therefore none was provided.

Dated: April 27, 2021                    Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN**
**ROSS & KOLAYA, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:   (305) 614-1425

By:   */s/ Timothy A. Kolaya*
        TIMOTHY A. KOLAYA
        Florida Bar No. 056140
        tkolaya@sfslaw.com

        *Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO**
**BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone:  (215) 320-6200
Facsimile:   (215) 981-0082

By:  */s/ Gaetan J. Alfano*
    GAETAN J. ALFANO
    Pennsylvania Bar No. 32971
    *(Admitted Pro Hac Vice)*
    GJA@Pietragallo.com
    DOUGLAS K. ROSENBLUM
    Pennsylvania Bar No. 90989
    *(Admitted Pro Hac Vice)*
    DKR@Pietragallo.com

    *Co-Counsel for Receiver*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2021, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

    */s/ Timothy A. Kolaya*
    TIMOTHY A. KOLAYA