**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-CIV-81205-RAR**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.

_____/

**DEFENDANTS' OBJECTION TO RECEIVER RYAN K. STUMPHAUZER'S
THIRD APPLICATION FOR ALLOWANCE AND PAYMENT OF
PROFESSIONALS' FEES AND REIMBURSEMENT OF EXPENSES FOR
<u>JANUARY 1, 2021-MARCH 31, 2021</u>.**

    The Defendants respectfully submit this memorandum in support of their objections to the Receiver's Third Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for January 1, 2021 through March 31, 2021 in the amount of $2,322,620.00 to the professionals engaged by the Receiver for fees incurred and reimbursement of $57,491.00 in expenses for a total payment of $2,380,111.00. (DE 589, p.2). As discussed below, the billing statements request reimbursement for expenses that are a blatant waste of the receivership estate's assets.

    **<u>The Applicable Law</u>**

    There is no dispute that a District Court's power over a receiver is a matter for the District Court's discretion. Indeed, a receiver "is a creature of equity" whose powers "are limited by the district judge's concept of equity." *In re Wiand*, No. 8:10-cv-71-T-17MAP, et al., 2012 U.S. Dist. LEXIS 22667, 2012 WL 611896, at *5 (M.D. Fla. Jan. 4, 2012). A receiver "receives h[er] power and authority directly from the court and therefore is subject to the court's directions and orders in the discharge of h[er] official duties." *SEC v. Elfindepan, S.A.*, 169 F. Supp. 2d 420, 424 (M.D.N.C. 2001). It is

particularly relevant to the instant motion that once appointed, a receiver is a "neutral officer of the Court." *Sterling v. Stewart,* 158 F.3d 1199, 1201 n.2 (11th Cir 1998). Put another way, the receiver must be impartial between parties, although that impartiality "does not extend to h[er] relationship with the receivership estate" as receivers owe a "'fiduciary duty to the owners of the property under h[er] care' and thus must 'protect and preserve' the receivership's assets 'for the benefit of the persons ultimately entitled to it.'" *SEC v. Schooler,* No. 3:12-cv-2164-GPC-JMA, 2015 U.S. Dist. LEXIS 46870, 2015 WL 1510949, at *3 (S.D. Cal. March 4, 2015) (quoting *Sovereign Bank v. Schwab*, 414 F.3d 450, 454 (3d Cir. 2005). As neutral officers of the court, however, receivers must avoid the appearance of impropriety or partiality in their actions. *Schooler,* 2015 U.S. Dist. LEXIS 46870, 2015 WL 1510949, at *3.  See also *FTC v. On Point Global LLC*, 2020 U.S. Dist. LEXIS 180255, at *11 (S.D. Florida September 30, 2020).

Courts should scrutinize fee applications to ensure they are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Even in the absence of an objection, courts should carefully examine Receivers' fee applications to determine whether the time spent, services performed, hourly rates charged, and expenses incurred are justified under the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *SEC v. Megafund Corp.*, 2008 WL 2839998, *2 (N.D. Tex. June 24, 2008). The amount of the award, and any reduction in the amount sought, is within the discretion of the trial court. See, e.g., *United States Football League v. National Football League*, 887 F.2d 408, 415 (2nd Cir. 1989).

Here, the receiver's billing records show that some of his conduct is wasteful of the estate's assets.

**<u>The Receiver is Wasting Receivership Assets</u>**

In the time frame allowed for this objection, counsel has been unable to sift through the over 800

pages of billing records supplied by the Receiver in support of his bill.[1] However, an example of what we believe is the wasteful spending of the receivership's estate is the inordinate and unnecessary amount of billing related to investigator travel and their use of excess manpower. Thus, rather , rthan retaining an investigator in the Pennsylvania area where Par Funding and most of the relevant witnesses are located, the receiver retained as its investigator HD Investigative Group (HDIG) located in <u>Miami, Florida.</u> According to the receiver's billing records submitted to the Court for approval, on January 10, 2021, <u>three</u> HDIG investigators spent <u>six</u> hours for "PA Inv. Trip Prep/Inv. Research." The receivership was billed $1350.00. On January 19, 2021, rather than simply using Zoom or another virtual method to conduct it business, <u>three</u> HDIG investigators <u>flew to Pennsylvania</u> for "Prep/Doc Review," and billed for 15 hours of time at a cost of $3375.00. That same day, <u>two</u> HDIG investigators interviewed "JK [James Klenk] in PA" for 6 hours and billed the estate $1375.00.[2] In sum, HDIG billed the estate for 19 hours of investigative work in one day. The following day, January 20, <u>two</u> HDIG investigators travelled to New York City, New Jersey and back to Pennsylvania to conduct interviews. They billed the estate for 13 hours of time at a cost of $2925.00. The use of Zoom would have eliminated the need for all travel time. On January 21, <u>three</u> HDIG investigators travelled to various properties for "Inventory Search/Pics/Locksmith" and billed the estate for <u>30 hours</u> in a single day, at a cost to the estate of $6750.00. On January 22, 2021, the <u>three</u> investigators flew back to Florida and charged the estate $2,025 for nine hours of travel time. In total, HDIG charged the receivership $$50,905.00 for 226.25 hours of work during the instant billing period (DE 589-7) $32,118.00 of which was in the month of January alone,  a substantial portion of which was comprised of travel and the unnecessary use of multiple investigators.[3]

---

[1] We note that during the period covered by this Application, the Receiver and SFSRK billed 926.6 hours. Put another way, the Receiver and SFRSK spent over 10 hours a day, seven days a week, for 90 days on this matter. This does not include legal work for any other cases the firm is engaged in.

[2] Klenk, who used to work for Par Funding, is now employed by DSI.

[3] Ironically, on January 4, 2021, HDGI used Zoom to speak with the receiver's office located about 30

It is inconceivable that this type of profligate spending is consistent with the receiver's fiduciary obligation to "protect and preserve" the estate's assets. For all of these reasons, the Defendants object to the bill as proposed.

Dated: May 28, 2021

                              Respectfully submitted,

                              Michael Bachner, Esq.
                              Bachner & Weiner PC
                              *Co-Counsel for Lisa McElhone*
                              39 Broadway
                              Suite 1610
                              New York, NY 10006
                              (212) 344-7778
                              mb@bhlaawfrm.com

                              *Michael F. Bachner*
                              MICHAEL BACHNER
                              *Admitted Pro Hac Vice*

                              Alejandro Soto, Esq.
                              Daniel Fridman, Esq.
                              *Co-Counsel for Joseph LaForte*
                              Fridman Fels & Soto, PLLC
                              2525 Ponce de Leon Blvd., Suite 750
                              Coral Gables, FL 33134
                              (305) 569-7701
                              asoto@ffslawfirm.com
                              dfridman@ffslawfirm.com

                              **Alejandro O. Soto**
                              ALEJANDRO O. SOTO
                              Florida Bar No. 172847

                              Bettina Schein, Esq.
                              *Attorney for Joseph Cole Barleta*
                              565 Fifth Avenue, 7th Floor
                              New York, New York 10017
                              (212) 880-9417
                              bschein@bettinascheinlaw.com

---

minutes from their offices (DE 589-10, p.215), but charged the estate for flights to Pennsylvania, New York, and New Jersey.

**Bettina Schein**
BETTINA SCHEIN
*Admitted Pro Hac Vice*

Andre G. Raikhelson, LLC
301 Yamato Road, Suite 1240
Boca Raton, FL 33431
(954) 895-5566
arlaw@raikhelsonlaw.com

**Andre G. Raikhelson**
Andre G. Raikhelson Esq.
Bar Number: 123657

Law Offices of Alan S. Futerfas
*Attorneys for Lisa McElhone*
565 Fifth Avenue, 7th Floor
New York, New York 10017
(212) 684-8400
asfuterfas@futerfaslaw.com

**Alan S. Futerfas**
ALAN S. FUTERFAS

*Admitted Pro Hac Vice*

**KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT**
*Attorneys for Joseph W. LaForte*
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
(954) 525-4100

**David L. Ferguson**
DAVID L. FERGUSON
Florida Bar Number: 0981737
Ferguson@kolawyers.com
SETH D. HAIMOVITCH
Florida Bar Number: 0085939
Haimovitch@kolawyers.com


**GRAYROBINSON, P.A.**
*Attorneys for Lisa McElhone*
Joel Hirschhorn, Esq.
333 S.E. 2d Avenue, Suite 3200
Miami, Florida 33131
 (305) 416-6880
joel.hirschhorn@gray-robinson.com

**Joel Hirschhorn**
JOEL HIRSCHHORN
Florida Bar #104573