UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE NON-PARTY LLC FUNDING II, LLC'S AMENDED MOTION TO INTERVENE AND LIFT LITIGATION INJUNCTION

**THIS CAUSE** comes before the Court upon Non-Party Lead Funding II, LLC's Amended Motion to Intervene and Lift Litigation Injunction to Allow it to Proceed with Foreclosure Action in Colorado State Court [ECF No. 616] ("Motion"), filed on June 9, 2021. Lead Funding seeks an order from the Court that: (i) allows Lead Funding to intervene as a party Defendant in this action; and (ii) lifts the litigation injunction set forth in the Court's Amended Order Appointing Receiver [ECF No. 141] to allow Lead Funding to proceed with a foreclosure action in Colorado state court that names Defendant Complete Business Solutions Group, Inc. d/b/a Par Funding as a junior lienholder defendant.

Having carefully reviewed the Motion, Receiver's Response [ECF No. 629], Lead Funding's Reply [ECF No. 638], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    The Motion [ECF No. 616] is **DENIED *without prejudice***. Given the Receiver's ongoing investigation of the issues raised in the Motion and his efforts to reach a resolution with

the Colorado Home Entities,[1] the Court finds that lifting the litigation injunction to allow the foreclosure action to proceed at this time may undermine the objective of preserving assets for the benefit of investors and creditors.  *See United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 450 (3d Cir. 2005) (denying repeated request to lift litigation stay and noting that timing is "inherently case-specific"); *see also S.E.C. v. Onix Cap., LLC*, No. 16-24678, 2017 WL 6728814, at *5 (S.D. Fla. July 24, 2017), report and recommendation adopted, No. 16-24678-CIV, 2017 WL 6728773 (S.D. Fla. Oct. 23, 2017).

The Receiver continues to collect relevant information regarding Par Funding's involvement in the seven Projects developed through Colorado Home Entities, and has determined that Defendant Lisa McElhone acquired an interest in the Elbert County Property (via Pink Lion LLC) in exchange for Par Funding's continued funding to Colorado Farms.  *See* Resp. at 6-7.  The litigation injunction protects and preserves the Elbert County Property so that it is not prematurely lost through foreclosure or other proceedings while the Receiver concludes his investigation and settlement discussions with counsel for the Colorado Home Entities.  Thus, having balanced the interests of the Receiver and Lead Funding, the Court finds that good cause exists to maintain the status quo for additional time.  *See S.E.C. v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985); *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984); *see also Schwartzman v. Rogue Intern. Talent Group, Inc.*, No. 12-5255, 2013 WL 460218, at *3 (E.D. Pa. Feb. 7, 2013) (denying motion to lift stay more than two years after establishment of receivership, given that "receivership is at an early stage and the Receiver is still collecting relevant information.").

2. Given that the Receiver is engaged in active discussions with the Colorado Homes Entities about potential settlement opportunities that may result in significant payments to the

---

[1] The Colorado Home Entities include Colorado Farms LLC, Colorado Homes LLC, United by ECH LLC, and Colorado World Resorts, LLC.  *See* Resp. at 4.

Receivership Estate—as well as a potential payoff of the amount owed to Lead Funding—*see* Resp at 7, the Receiver shall provide the Court with a status report on the progress of said discussions **ninety (90) days** from the date of this Order.

3.   The Court, which recognizes the importance of Lead Funding's right to enforce its contractual rights through the foreclosure action, will entertain a renewed Motion to Intervene and Lift Litigation Injunction by Non-Party Lead Funding if the Receiver is unable to reach a resolution regarding the Elbert County Property in the next ninety (90) days.[2]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of record

---

[2] Preliminarily, the Court has concluded that Lead Funding has established its right to intervene under Fed. R. Civ. P. 24(a); should the Receiver fail to reach a resolution regarding the Elbert County Property and Lead Funding renew its motion, the Court will request the SEC's position regarding Section 21(g) of the Securities Exchange Act of 1934.