UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONSTRUE SOME AFFIRMATIVE DEFENSES AS DENIALS, AND TO STRIKE OTHERS

**THIS CAUSE** comes before the Court on Plaintiff Securities and Exchange Commission's

Motion to Construe Some Affirmative Defenses as Denials, and to Strike Others [ECF No. 627]

("Motion").  Having reviewed the Motion, Defendants' Response [ECF No. 659], and Plaintiff's

Reply [ECF No. 676], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND**

**DENIED IN PART** as follows:[1]

     1.     Abbonizio and Furman's First Affirmative Defenses of Failure to State a Claim are

stricken as agreed to by the parties.  *See* Resp. at 9; *see also United States v. Halifax Hosp. Med.*

*Ctr.*, No. 09-01002, 2013 WL 6017329, at *12 (M.D. Fla. Nov. 13, 2013) (indicating that failure

---

[1]  *See* [ECF No. 607] for Defendant LaForte's Answer and Affirmative Defenses; [ECF No. 608] for Defendant Barleta's Answer and Affirmative Defenses; [ECF No. 609] for Defendant McElhone's Answer and Affirmative Defenses; [ECF No. 615] for Defendant Abbonizio's Answer and Affirmative Defenses; [ECF No. 617] for Defendant Furman's Answer and Affirmative Defenses; and [ECF No. 658] for Defendant Vagnozzi's Answer and Affirmative Defenses.

to state a claim upon which relief may be granted is a failure of pleading, not an affirmative defense); *In re Rawson Food Serv. Inc.*, 846 F.2d 1343, 1350 n.9 (11th Cir. 1988) (noting that failure to state a claim is not an affirmative defense).

2.      Abbonizio and Furman's Second Affirmative Defenses of Statute of Limitations are stricken as agreed to by the parties.  *See* Resp. at 9.

3.      Abbonizio and Furman's Third Affirmative Defenses of Lack of Scienter are construed as denials as agreed to by the parties.  *See* Resp. at 9; *see also Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (construing as denials defenses that do not attempt to avoid liability while admitting the facts of the complaint, but rather deny the complaint's allegations outright or identify a defect or lack of evidence in the plaintiff's case).

4.      Abbonizio and Furman's Fifth Affirmative Defenses of Mistake are construed as denials as agreed to by the parties.  *See id.*

*5.*      Abbonizio and Furman's Eighth Affirmative Defenses of Acts of Others are construed as denials as agreed to by the parties.  *See id.*

6.      Abbonizio and Furman's Ninth Affirmative Defense of Improper Forfeiture and Tenth Affirmative Defense of Unjust Enrichment are stricken with leave to amend.  Defendants are permitted to plead such relief-based affirmative defenses.  *See United States Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-61960, 2016 WL 3944101, at *4 (S.D. Fla. May 17, 2016) (declining to "draw a line between defenses limiting or eliminating damages and those precluding liability for purposes of defining affirmative defenses"); *S.E.C. v. Spartan Sec. Grp., LTD*, No. 19-00448, 2019 WL 3323477, at *2 (M.D. Fla. July 24, 2019) (allowing defendant to assert affirmative defense that the SEC's request for disgorgement is not a proper remedy); *S.E.C. v. Esposito*, No. 16-10960, 2017 WL 5615571, at *3 (D. Mass. Nov. 21, 2017) (denying SEC's

motion to strike affirmative defenses that "do not pertain to liability per se but to the SEC's requested remedies").   However, as currently pleaded, Defendants' relief-based defenses are barebones, conclusory, and do not satisfy the pleading requirements of Fed. R. Civ. P. 8.

7.      Abbonizio and Furman's Eleventh Affirmative Defenses of Unconstitutionality are stricken as agreed to by the parties.  *See* Resp. at 9.

8.      Abbonizio and Furman's Twelfth Affirmative Defenses of Lack of Causation are stricken with prejudice.  *See S.E.C. v. Curshen*, 888 F. Supp. 2d 1299, 1307 ("The SEC, unlike private litigants, does not need to prove investor reliance, loss causation or damages in actions under [Section 10(b) of the Securities Exchange Act or Section 17(a) of the Securities Act].") (quotation omitted); *S.E.C. v. BIH Corp.*, No. 10-00577, 2013 WL 1212769, at *5 (M.D. Fla. Mar. 25, 2013) (striking legally irrelevant defenses).

9.      Abbonizio and Furman's Thirteenth Affirmative Defenses of Lack of Materiality are construed as denials as agreed to by the parties.  *See* Resp. at 9.

10.     Defendants' affirmative defenses of waiver (Vagnozzi's Fifth Affirmative Defense in Amended Answer; McElhone, LaForte, and Barleta's Sixth Affirmative Defense; and Furman and Abbonizio's Fifteenth Affirmative Defense) are stricken with prejudice.  *See Fed. Trade Comm'n v. On Point Glob. LLC*, No. 19-25046, 2020 WL 4505811, at *2 (S.D. Fla. Aug. 4, 2020) (striking waiver defense because "the government cannot waive its sovereign capacity to defend the public interest"); *United States v. BayCare Health Sys.*, No. 14-00073, 2016 WL 7232445, at *1 (M.D. Fla. Apr. 14, 2016) (finding waiver defense unavailable against the government); *Fed. Trade Comm'n v. Leshin*, No. 06-61851, 2007 WL 9703567, at *4 (S.D. Fla. Oct. 9, 2007) (striking waiver defense because it "has been found not to be applicable against a government agency in

that an agency 'may not waive the requirement of an act of Congress.'") (quoting *S.E.C. v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1954)).

11.    Defendants' affirmative defenses of laches (Vagnozzi's Sixth Affirmative Defense in Amended Answer; McElhone, LaForte, Barleta's Fourth Affirmative Defense; and Furman and Abbonizio's Sixteenth Affirmative Defense) are stricken with prejudice.  *S.E.C. v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009) (affirming "district court's finding that laches is not available as a defense to this SEC civil law enforcement action" and indicating that "where, as in this case, a government agency brings an enforcement action to protect the public interest, laches is not a defense."); *Savoury v. U.S. Atty. Gen.*, 449 F.3d 1307, 1320 (11th Cir. 2006) ("[L]aches cannot be asserted against the United States in its sovereign capacity to enforce a public right or to protect the public interest.") (quotation omitted); *On Point Glob. LLC*, 2020 WL 4505811, at *2 (indicating that laches affirmative defense "cannot be used against the government in a civil suit brought to enforce a public right or protect a public interest"); *Fed. Trade Comm'n v. U.S. Work All., Inc.*, No. 08-02053, 2009 WL 10669724, at *3 (N.D. Ga. Feb. 24, 2009) (striking laches defense because "[t]he law is clear that laches cannot be pleaded against the federal government in suits by it to protect the public interest" and "the public policy in favor of protecting the federal government from a laches defense outweighs the very slight prejudice caused to the Defendants by striking this affirmative defense"); *Leshin*, 2007 WL 9703567, at *3 (striking laches affirmative defense); *S.E.C. v. Rivlin*, No. 99-01455, 1999 WL 1455758, at *4 (D.D.C. Dec. 20, 1999) ("Where all claims are brought within the statute of limitations, the court presumes the action was commenced without unreasonable delay.").

12.    Defendants' affirmative defenses of estoppel (Vagnozzi's Fourth Affirmative Defense in Amended Answer; McElhone, LaForte, and Barleta's Fifth Affirmative Defense; and

Furman and Abbonizio's Fourteenth Affirmative Defense) are stricken with leave to amend. Defendants are permitted to plead an estoppel defense. *See Spartan Sec. Grp., LTD*, 2019 WL 3323477, at *2 (declining to strike affirmative defense of estoppel because the fact that it is only available in extreme circumstances does not render it insufficient as a matter of law); *S.E.C. v. Calmes*, No. 09-80524, 2010 WL 11505260, at *6 (S.D. Fla. Nov. 19, 2010) (declining to strike estoppel defense even though defendants have to meet a very high burden to establish it against the government); *On Point Glob. LLC*, 2020 WL 4505811 at *3 (declining to strike estoppel defense because it may be used against the government in extreme circumstances). However, as currently pleaded, Defendants' estoppel defenses are barebones, conclusory, and do not satisfy the pleading requirements of Fed. R. Civ. P. 8.

13.    Plaintiff's motion to strike Defendants' Reliance on Advice of Counsel, Reliance on Professionals, and Good Faith defenses is denied. The Court finds said defenses are sufficiently pleaded and do not cause prejudice to Plaintiff.

14.    McElhone, LaForte, and Barleta's Seventh Affirmative Defense and Furman and Abbonizio's Eighteenth Affirmative Defense averring that the promissory notes at issue are not securities are construed as denials because they negate an element Plaintiff must prove as part of its prima facie case. *See S.E.C. v. Morgan Keegan & Co.*, 678 F.3d 1233, 1244 (11th Cir. 2012) (describing the elements the SEC must prove to establish securities fraud violations, which include "the purchase or sale of a security" and "the offer or sale of a security"); *Rawson Food Services*, 846 F.2d at 1349 ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").[2]

---

[2] To the extent Defendants are relying on a statutory or regulatory exemption that is not part of Plaintiff's prima facie case and may be asserted as a defense, Defendants are permitted to replead it but must do so with greater specificity.

15.     Furman and Abbonizio's Seventh Affirmative Defense of Justifiable Reliance is stricken as agreed to by the parties.  *See* Resp. at 9.

16.     Defendants shall file Amended Answers and Affirmative Defenses in conformance with this Order by **August 20, 2021**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 13th day of August, 2021.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**