UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Partial Summary Judgment and Incorporated Memorandum of Law [ECF No. 817] ("Motion") and accompanying Statement of Facts [ECF No. 816-1] ("PSOF"), filed on October 6, 2021 and October 5, 2021, respectively. Although Defendants Joseph LaForte, Lisa McElhone, Joseph Cole Barleta, Dean Vagnozzi, and Perry Abbonizio all filed responses in opposition with supporting statements of material facts, they have since signed consent judgments, *see* [ECF Nos. 999, 1006, 1008, 1010, 1018]. Accordingly, only the claims against Defendant Michael Furman remain at issue. Furman filed a Response in Opposition to Plaintiff's Motion for Partial Summary Judgment [ECF No. 890] ("Resp."), and a Statement of Disputed Facts in Opposition to Plaintiff's Motion for Summary Judgment [ECF No. 891] ("DSOF"), on October 28, 2021. Plaintiff filed a Reply [ECF No. 962] ("Reply") and a Response to Defendants' Additional Facts [ECF No. 961-1] ("PRSOF") on November 16, 2021. Having carefully reviewed all the pleadings, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

## BACKGROUND

As the parties are intimately familiar with the underlying facts in this case—all of which were extensively covered by the Court in its Order Denying Motion to Dismiss [ECF No. 583] ("Order Denying MTD")—only a summary is warranted, with a particular focus on the role of Defendant Furman given that he is the remaining Defendant contesting liability.

### I. *Factual Background*

This case is an enforcement action brought by the Securities and Exchange Commission ("SEC") alleging that Defendants issued, marketed, and sold unregistered, fraudulent securities to fund short-term loans to small businesses—known as "merchant cash advances." Par Funding—a company founded in 2011 by husband-wife duo McElhone and LaForte—was engaged in the business of making "opportunistic loans" to small businesses across the country. *See* Am. Compl. ¶ 1. From approximately August 2012 through mid-2020, to fuel these merchant cash advances (MCAs), Defendants raised nearly half a billion dollars through unregistered securities sold to over a thousand investors nationwide. *Id*. The SEC describes the alleged scheme as consisting of two primary phases.

During the first phase, from August 2012 until around December 2017, Par Funding primarily issued promissory notes and offered them to the investing public directly and through a network of sales agents ("Phase I"). *Id*. ¶ 2. During Phase 1, the Amended Complaint alleges that Furman solicited investors to purchase Par Funding Notes and cites one example of such solicitation, in November 2017. *Id*. ¶ 58. Further, Furman distributed Par Funding marketing materials and informed investors of the specifics of investing in Par Funding, such as the amount of interest they could expect. *Id.* ¶ 59-60.

Then, in early January 2018—after Par Funding learned it was under investigation by the Pennsylvania Department of Banking and Securities for violating state securities laws through the use of unregistered agents—Par Funding implemented a new way to raise funds for the MCAs ("Phase II"). *Id.* ¶¶ 3-4. Par Funding began relying on "Agent Funds" that were "created for the purpose of issuing their own promissory notes, selling the notes to the investing public through unregistered security offerings, and funneling investor funds to Par Funding." *Id.* ¶ 4. Par Funding would compensate the Agent Funds by offering them promissory notes that had higher rates of return than the notes the Agent Funds sold to investors. *Id.* ¶ 4.

The Amended Complaint states that Michael C. Furman operated one such Agent Fund, beginning no later than August 2018. *Id*. ¶¶ 7, 108. It is alleged that Furman, through his company, United Fidelis Group, operates and manages Fidelis Financial Planning, which issued, offered, and sold promissory notes to investors. *Id*. Allegedly, Fidelis is a pooled financial fund created for the purpose of raising investor funds for Par Funding. *Id*. ¶ 31. As of December 2019, Furman, through Fidelis Planning, had raised more than $11 million from investors for Par Funding through the offer and sale of promissory notes. *Id*. ¶ 114.

## II. Procedural Background

The SEC filed this action on July 24, 2020, seeking—among other things—a temporary restraining order and preliminary injunction, an asset freeze, appointment of a receiver, a permanent injunction, disgorgement, and penalties. *See* Compl. [ECF No. 1]. The Court entered an order appointing a receiver over certain Defendant entities, as well as several subsequent orders expanding the scope of the receivership [ECF Nos. 141, 238, 436, 484, 517]. The Court also granted the SEC's request for a temporary restraining order and asset freeze [ECF No. 42] and held a two-day preliminary injunction hearing [ECF Nos. 170, 192]. Following the hearing, each Defendant consented to a preliminary injunction [ECF Nos. 173, 176, 187, 200, 201, 221, 255,

336]. On October 27, 2020, the Court stayed this case as to Defendant Gissas, who reached a tentative settlement with the SEC [ECF No. 349]. On November 2, 2020, Defendants filed a Motion to Dismiss, seeking dismissal of the Amended Complaint that the SEC filed on August 10, 2020. [ECF No. 363] ("Motion to Dismiss"). The Court denied the Motion to Dismiss on May 11, 2021. [ECF No. 583] ("Order Denying Motion to Dismiss"). On October 4, 2021 Defendants LaForte, McElhone, and Barleta filed a Motion for Partial Summary Judgment [ECF No. 804], which this Court denied on November 19, 2021 [ECF No. 988] ("Order Denying Defendants' MSJ").

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252. If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)).

## ANALYSIS

Plaintiff seeks partial summary judgment against Furman on two issues: (1) that the Par Funding and Fidelis promissory notes are securities; and (2) that Furman engaged in an unregistered securities offering under Section 5 of the Securities Act of 1933 ("Securities Act"). Mot. at 1. Defendant Furman does not take a position as to whether the Par Funding or Fidelis promissory notes are securities. However, Furman argues that summary judgment is unwarranted because there are genuine issues of material fact as to whether any offer or sale of securities by Furman was exempt from the registration requirements under Sections 5(a) and 5(c) of the Securities Act. Resp. at 2.

### I. *The Par Funding and Fidelis Promissory Notes are presumptively securities.*

Plaintiff argues that the Par Funding and Fidelis Promissory Notes (collectively, "Notes") are securities because the Notes were for a duration of longer than 9 months, and Defendants cannot overcome the presumption that these Notes are securities. Mot. at 3. Furman does not address the SEC's argument in his Response. *See generally* Resp. However, it is undisputed that Par Funding and Fidelis Financial issued promissory notes providing for a 12-month duration. PSOF ¶¶ 28, 73; DSOF ¶ 73. At the Motion to Dismiss stage, the Court conducted a lengthy analysis as to whether the Par Funding Notes were securities. Order Denying MTD at 10–19. Although the Court did not specifically address the Fidelis Notes, the same analysis applies here. The Court finds that the two instruments were wholly similar, both lasting for a 12-month duration, and that Furman has not overcome the presumption that the Notes are securities. *See Reves v. Ernst & Young*, 494 U.S. 56 (1990). Accordingly, Plaintiff's Motion is **GRANTED** in that the SEC has established the Par Funding and Fidelis Promissory Notes are securities—and therefore are subject to the regulatory parameters of the Securities Act.

### *II. Plaintiff cannot establish that Furman violated Section 5 of the Securities Act.*

To demonstrate a *prima facie* case for violation of Section 5 of the Securities Act, the SEC must show that (1) the defendant directly or indirectly sold or offered to sell securities; (2) through the use of interstate transportation or communication and the mails; and (3) when no registration statement was in effect. *U.S. S.E.C. v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 806–7 (11th Cir. 2015) (quoting *S.E.C. v. Calvo*, 378 F.3d 1211, 1214 (11th Cir. 2004)). "Thus, at least where the defendant is not being prosecuted criminally and where his liability is primary rather than secondary, the Securities Act imposes strict liability on offerors and sellers of unregistered securities, who are held accountable regardless of whether there was any degree of fault, negligent or intentional." *S.E.C. v. Tuchinsky*, No. 89-6488, 1992 WL 226302, at *2 (S.D. Fla. June 29, 1992) (citing *Swenson v. Engelstad*, 626 F.2d 421, 425 (5th Cir. 1980)). Once the SEC establishes that participation in an unregistered sale has been shown, defendants bear the burden of proving an exemption to the registration requirements. *Big Apple Consulting USA, Inc.*, 783 F.3d at 807 (citing *Zacharias v. SEC*, 569 F.3d 458, 464 (D.C. Cir. 2009)) (cleaned up). Defendants' burden applies at the summary judgment stage of the proceedings. *Id*.

Plaintiff asserts that the undisputed facts show the SEC has satisfied each element of a *prima facie* case for a Section 5 claim. Mot. at 3–4. Specifically, as to the first element, the SEC argues that Furman participated in the offer or sale of securities by "creating Fidelis and managing it through his company United Fidelis, for the purpose of soliciting numerous investors to invest in Fidelis' securities for the ultimate purpose of funneling that investor money to Par Funding in exchange for Par Funding promissory notes[.]" Mot. at 9.[1] As to the second element, the SEC

---

[1] This statement indicates the SEC is moving for summary judgment based on the actions alleged in the Amended Complaint related to Phase II of the Par Funding offerings—in which Furman issued Fidelis notes to investors for the alleged purpose of raising money for Par Funding. Am. Compl. ¶¶ 7, 108. To the extent that the SEC is seeking summary judgment as to Furman's actions during Phase I of the Par Funding

asserts that Furman used the phone and email to solicit investors. Mot. at 10. Lastly, the SEC asserts that there was no registration statement in effect for Par Funding. However, the facts cited in support of that statement only refer to ABFP Income Fund, which is not at issue in this case. In any event, it is undisputed that Fidelis was not registered with the Commission. PSOF ¶¶ 25–26; DSOF ¶¶ 25–26.

In Response, Furman argues the SEC has failed to provide any evidence showing that his offer and sale of the Fidelis notes was not exempted under Rule 506(c) of Regulation D. Resp. at 2. Rule 506(c) exempts certain offers and sales of securities from the registration requirements found under Section 5 of the Securities Act where (i) issuers take reasonable care to ensure that investors are accredited; (ii) where the issuer is not an underwriter; and (iii) where the issuer files a Form D with the SEC. 17 C.F.R. §§ 230.502, 230.506. As indicated above, the SEC has established its *prima facie* case that the Fidelis notes are securities. Thus, the burden lies with Furman to show that the foregoing exemption applies to his offerings. *See* Mot. at 10.[2] Here, Furman has identified sufficient evidence in support of his entitlement to an exemption—thereby creating an issue of material fact sufficient to defeat summary judgment.

Specifically, Furman notes that the SEC has presented enough evidence to show that he substantially complied with Rule 506(c). Resp. at 3. The SEC's own evidence includes Fidelis's Private Placement Memorandum [ECF No. 27-3] ("Fidelis Memorandum") and Form D (Fidelis's

---

Offerings—where he is alleged to have engaged in the solicitation of investors and distribution of Par Funding marketing materials—the Court has reviewed the one piece of evidence cited by the SEC to establish solicitation during the Phase I offering. *See* [ECF No. 41-10] ("Declaration of Renee Meyer"). This is insufficient evidence to grant summary judgment as to the Phase I offering.

[2] In his Response, Furman argues that the burden is on the SEC to show "there are no genuine issues of material fact that an exemption does not apply" and cites *Tuchinsky*, 1992 WL 226302 at *5, for support. However, the Court in *Tuchinsky* stated that "[o]nce the Commission has established a *prima facie* case, [defendant] has the burden of raising and proving that the securities or transaction involved were exempt from the Securities Act's registration requirements." *Id.* at *3. Thus, the Court will hold Defendant Furman to his burden.

Notice of Exempt Offering of Securities) [ECF No. 27-5] ("Furman Form D"). *Id.* The Fidelis Memorandum highlights that investments in Fidelis were to be made by "accredited investors only." Fidelis Mem. at 2. Further, there is evidence of a general solicitation made by Furman which, on its face, included wording suggesting that the event was for accredited investors. [ECF No. 30-2] ("Reikes Declaration") at 5. Taken together—and with all inferences in favor of Furman as the non-movant—the evidence put forth by the SEC is enough to rebut the SEC's own statement that "[t]here is no evidence in the record to demonstrate that any exemption applies, and therefore the Defendants cannot meet their burden." Mot. at 10. The Court will not go so far as to say this evidence conclusively establishes that Furman fully complied with Section 506(c) and therefore, his offerings were exempt from registration requirements. However, it is certainly enough to establish that there are genuine issues of material fact precluding summary judgment.[3] *See SEC v. Levin*, No. 12-21917, 2014 WL 11878357, at *13 (S.D. Fla. Oct. 6, 2014) (denying a motion for partial summary judgment because there remained genuine issues of material fact as to whether Defendant's offerings qualified for an exemption under Rule 508)*; see also S.E.C. v. Ishopnomarkup.com, Inc.*, No. 04-4057, 2007 WL 2782748, at *9 (E.D.N.Y. Sept. 24, 2007) (denying a motion for partial summary judgment because there remained genuine issues of material fact as to whether Defendant's offerings qualified for an exemption under Rules 506 and 508).

Accordingly, Plaintiff's Motion is **DENIED** as to whether Defendant Michael C. Furman engaged in an unregistered securities offering under Section 5 of the Securities Act.

---

[3] In making this determination, the Court need only consider the evidence put forth by the SEC to conclude that genuine issues of material fact persist. The Court has not—and need not—consider the evidence recently presented in the Declaration of Michael Furman [ECF No. 891-1].

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment [ECF No. 817] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of December, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**