UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Securities & Exchange Commission,                Case No.: 9:20-cv-81205-RAR

        Plaintiff,

v.

Complete Business
Solutions Group, Inc., *et al.*

        Defendants.
_____/

## MOTION TO LIFT LITIGATION STAY; INCORPORATED MEMORANDUM OF LAW

Non-parties Mark Nardelli, Francis Cassidy, David Gollner and Christopher McMorrow ("Movants") respectfully submit this motion, and incorporated memorandum of law, seeking an Order lifting the litigation stay entered in this action solely to permit Movants to proceed with litigation pending in the Pennsylvania Court of Common Pleas, Philadelphia County, against non-parties Eckert Seamans Cherin & Mellott ("Eckert") and John W. Pauciulo, Esquire ("Pauciulo"), and in support thereof, state as follows:

### RELEVANT FACTS

Movants are, among others, plaintiffs in a legal malpractice action now pending in the Pennsylvania Court of Common Pleas, Philadelphia County, captioned *Parker, et al. v. Pauciulo, et al.,* December Term 2020 No. 00892 (the "Parker Action"). (A true and correct copy of the verified Complaint in the Parker Action is attached as Exhibit A).[1] Plaintiffs' claims in the Parker Action arise from legal advice provided to them by Pauciulo and Eckert related to the formation

---

[1] Plaintiff in the Parker Action initiated the action in December 2020, utilizing a Pennsylvania-specific process, by filing a Writ of Summons. Plaintiffs filed their Complaint in March 2021.

of limited liability companies created for the purpose of investing in Complete Business Solutions Group, Inc. d/b/a PAR Funding ("Par Funding"). As set forth in the Parker Action Complaint, plaintiffs' claims are not asserted against any officer, director, or principal of PAR Funding, nor is any claim made against PAR Funding or any of its affiliates. Indeed, the Complaint is solely focused on legal representation provided by a lawyer and a law firm -- Pauciulo and Eckert -- that are not parties to this action. It does not seek damages from any party to the instant action, nor will it generate any funds that would be subject to seizure by the receiver.

On July 31, 2020, this Court entered an Order Granting Plaintiff's Urgent Motion to Amend Order Appointing Receiver to Include Litigation Injunction (the "Order Staying Litigation") [ECF No. 56]. In the Order Staying Litigation, the Court stayed all civil legal proceedings involving the Receiver, the Receivership Entities, any of the Receivership Entities' property interests, and any of the Receivership Entities' past or present officers, directors, managers, agents or partners sued in connection with actions take in such capacity (the "Ancillary Proceedings"). (*Id.* at 4.) In doing so, this Court enjoined all Courts having any jurisdiction of Ancillary "from taking or permitting any action until further Order of this Court." (*Id.*) On August 13, 2020, the Court entered its Amended Order Appointing Receiver (the "Amended Order," and together with the Order Staying Litigation, the "Litigation Injunction") [ECF No. 141] wherein it repeated the terms of the Order Staying Litigation.

Thereafter, Pauciulo and Eckert filed a motion to stay the proceedings in the Parker Action, arguing that the Parker Action is an ancillary action to this one. (A true and correct copy of the motion is attached as Exhibit B). On May 27, 2021, the Honorable Leon Tucker entered an Order that acknowledged that plaintiffs' opposition to a stay of the Parker Action "clearly has merit," but nevertheless entered a stay of proceedings in deference to this Court. (A true and correct copy of

2

the Order is attached as Exhibit C). Accordingly, it is unlikely that the Pennsylvania court will lift the stay absent an Order from this Court clarifying that the Parker Action is not the type of action contemplated by this Court's Litigation Injunction, and/or lifting the Litigation Injunction as to the Parker Action.

To that end, plaintiffs in the Parker Action have asserted claims against defendants in their capacity as plaintiffs' attorneys, and such claims are independent of any investment made in PAR Funding or its affiliates. As such, plaintiffs' claims are unrelated to any actions defendants may have taken on behalf of PAR Funding, and plaintiffs do not seek any damages subject to, or recoverable by, the Receiver. Indeed, any recovery in the Parker Action will most likely be funded by insurance (or funds to be provided by Eckert's receipts) covering claims against attorneys for legal malpractice. The funds available to satisfy any judgment in the Parker Action may not be seized by the Receiver because there is no attorney-client relationship between Eckert/Pauciulo and investors whose position is represented by the receiver. And even if the subject funds were available to the Receiver (and they are not), the funds, when collected, can be held in an attorney trust account or other secured account pending resolution of that issue. In the interim, the proceeds of the litigation will have been obtained and will be more promptly distributed either to the parties to the Parker action, or otherwise (if the Receiver articulates a proper basis for including the funds in the receivership estate).

**ARGUMENT**

In determining whether to lift a litigation stay, a court should consider "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. Appx 338, 341 (5th Cir. 2011) (quoting *SEC v.*

*Wencke*, 742 F. 2d 1230, 1231 (9th Cir. 1984)); see also *SEC v. Provident Royalties*, Civ. A. No. 3:09-CV-1238-L, 2011 U.S. Dist. LEXIS 74304 at *6-14 (N.D. Tex. July 7, 2011) (when balancing the movant's interest in lifting a stay, the Court should consider "whether the moving party will suffer substantial injury if not allowed to proceed"). Each of these factors weigh heavily in favor of lifting the Litigation Injunction.

First, the stay is not necessary to preserve the *status quo* because no defendant in the Parker Action is a party in the instant matter. Nor do the claims at issue in the Parker Action or the relief sought affect the receivership estate in any way. The Receiver has not moved to intervene in the Parker Action and has no ability to seize or attach any recovery in that action. Thus, the Parker Action provides no benefit to the receivership estate, and there is no proper basis to prevent adjudication of a meritorious claim that cannot affect the outcome of this action. By contrast, Movants will suffer substantial prejudice if not permitted to proceed. Indeed, Movants have been unable to pursue their claims in the Parker Action since its initiation in December 2020, while memories fade and time passes since the incidents giving rise to the Parker Action occurred. *See United States v. JHW Greentree Capital LP*, Civ. Action No. 3:12-CV-00116, 2014 U.S. Dist. LEXIS 203206, at *13-14 (D. Conn. May 16, 2014) (lifting stay of litigation where movant was prejudiced by its inability to prosecute breach of contract and fraud claims against a small asset that was indirectly owned by receivership entity, and where neither the receiver nor the estate were or would be parties to the movant's action).

Second, even assuming the Receiver could attach the proceeds of this litigation (and he cannot), the Receiver has had more than ample time to investigate the claim and to intervene to assert an interest, but he has not done so. Indeed, the Parker Action was commenced over a year ago. Yet, the Receiver has not intervened in the Parker Action, nor set forth a basis for seizing the

proceeds of the Parker Action for the receivership estate. To that end, the Receiver never even requested a stay of the Parker Action; the stay was imposed at the request of Eckert and Pauciulo. Moreover, the Receiver was appointed nearly two years ago, and has had sufficient time to organize, understand, and marshal the entities under its control, and already has liquidated many of their assets. *See JHW supra* at *23 (litigation stay lifted where the receiver had been appointed 22 months before the motion to lift the stay was filed, and the receiver had progressed sufficiently in its duties to marshal the assets under his control).

Finally, Movant's claims in the Parker Action have overwhelming merit, and the Receiver has not asserted anything to the contrary; nor could he. *See JHW, supra* at *24. (in determining whether the underlying claims of a movant seeking to lift a stay have merit, a Court need only decide if the claims are "colorable"). In this regard, Movants are being prevented from seeking redress for the harm caused to them (and the other plaintiffs in the Parker Action) by their legal counsel, when such redress will not cause any harm to the receivership estate.

In fact, permitting the Parker Action to proceed may benefit the receivership estate to the extent any recovery in that action may compensate the Parker Action plaintiffs, in whole or in part, and thereby reduce any other claims they may have to be compensated through the receivership estate. Moreover, to the extent the Receiver could have an arguable interest in the recovery (and he does not), advancing the Parker Action toward the goal of recovery will more readily make those funds available. To that end, the proceeds of that litigation could be held in trust, or in some other protected account, while any dispute over the receivership estate's interest is adjudicated in this Court.

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court enter an Order (i) either clarifying that the Litigation Injunction does not contemplate a stay of litigation of the claims

5

in the Parker Action, or expressly lifting the Litigation Injunction to permit the Parker Action to proceed, and (ii) granting such further relief as the Court deems just and proper.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel has conferred with all counsel of record and unrepresented parties in this matter regarding the relief sought by this motion. Counsel certifies that the Receiver opposes the relief sought, and all other parties either do not oppose the motion, take no position, or have not responded with their position.

## REQUEST FOR HEARING

The Movants hereby request oral argument on this motion.

Dated:  February 15, 2022

Respectfully submitted,

MINSKER LAW, PLLC

/s/ Jonathan E. Minsker
Jonathan E. Minsker
Florida Bar No. 38120
1100 Biscayne Blvd., Ste. 3701
Miami, Florida  33132
Telephone: (786) 988-1020
jminsker@minskerlaw.com

*Counsel to Movants Mark Nardelli, Francis Cassidy, David Gollner and Christopher McMorrow*

-and-

HAINES & ASSOCIATES
Clifford E. Haines
The Widener Building, 5th Floor
1339 Chestnut Street
Philadelphia, Pennsylvania 19107
Telephone:  (215) 246-2200
chaines@haines-law.com

*Admitted Pro Hac Vice for Movants Mark Nardelli, Francis Cassidy, David Gollner and Christopher McMorrow*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 15, 2022, via the Court's ECF Filing System, on all counsel in this matter.

/s/ Jonathan E. Minsker
Jonathan E. Minsker
Florida Bar No. 38120
MINSKER LAW, PLLC
1100 Biscayne Blvd., Ste. 3701
Miami, Florida  33132
Telephone: (786) 988-1020
jminsker@minskerlaw.com

*Counsel to Movants Mark Nardelli, Francis Cassidy, David Gollner and Christopher McMorrow*