UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## FINAL JUDGMENT AS TO DEFENDANT PERRY S. ABBONIZIO

**THIS CAUSE** comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Entry of Final Judgment Against Defendant Perry S. Abbonizio [ECF No. 1166] ("Motion"). The Securities and Exchange Commission filed an Amended Complaint and Defendant Perry S. Abbonizio has entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED** and it is hereby **ORDERED AND ADJUDGED** as follows:

I.

This Final Judgment supersedes the Judgment of Permanent Injunction and Other Relief Against Defendant Perry S. Abbonizio entered by the Court on November 23, 2021 [ECF No. 999].

II.

Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Defendants by state or federal enforcement agencies; (G) the financial status of Par Funding; or (H) the management of Par Funding.

Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

Defendant is liable for disgorgement of $10,498,581, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $372,524, and a civil penalty in the amount of $400,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], for a total of $11,271,105.

Defendant shall satisfy $9,271,105 of this obligation by

    a.    within ten (10) days of the entry of this Final Judgment:

        i.    surrendering control over and causing the transfer of title to the Court-appointed Receiver of the following real property:

           (a)    159 26th Street, Avalon, New Jersey, and

           (b)    164 84th Street, Stone Harbor, New Jersey; and

        ii.    paying to the Receiver the amount of $250,000.

    b.    on or before April 1, 2022, either

        i.    surrendering to the Receiver the following vehicles:

           (a)    2017 Mercedes Benz G63 (VIN WDCYC7DF4HX269083)

           (b)    2019 Mercedes Benz G550 (VIN WDCYC6BJ7KX321878); or

        ii.    paying the Receiver an amount to be agreed upon between Defendant and the Receiver representing the fair market value of the vehicle(s) being retained by Defendant.

Defendant shall satisfy the balance of $2,000,000 as follows:

    a.    by paying $250,000 to the Receiver on or before April 1, 2022.

    b.    by paying $1,750,000 to the Receiver within one year of the entry of this Final Judgment.

Defendant agrees that once he turns over the aforementioned property and assets he relinquishes all legal and equitable right, title, and interest in the property and assets ("Funds"), and no part of the Funds shall be returned to him.

The Commission may file and/or record any documents necessary to secure payment of Defendant's obligations under the Final Judgment, including any of the documents provided to the Commission pursuant to the Consent.

Post-judgment interest shall not accrue except as follows: if Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made or amounts satisfied, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court, and post-judgment interest shall accrue on unpaid amounts pursuant to 28 U.S.C. § 1961.

At any time after Defendant fails to make any payment or turnover of property required under this Final Judgment, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

Payments to the Receiver shall be made to:

Ryan K. Stumphauzer
Stumphauzer Foslid Sloman Ross & Kolaya, PLLC
Two S. Biscayne Boulevard--Suite 1600
Miami, Florida 33131

The Receiver shall notify the Commission upon receipt of a payment.

The Commission shall hold any funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission along with the Receiver may propose a plan to distribute the Funds subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Funds and the Fund may only be disbursed pursuant to an order of the Court.

Regardless of whether any such Fair Fund distribution is made, the amount ordered to be paid as a civil penalty pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this

Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## VI.

The Commission and the Court have based their decision on what Property Defendant is turning over in satisfaction of his disgorgement, prejudgment interest, and civil penalty liability on Defendant's sworn representations provided to the Commission as described in the Consent. If at any time following the entry of this Final Judgment the Commission obtains information indicating that the information Defendant provided to the Commission about his assets was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, and without prior notice to Defendant, petition the Court for an order requiring Defendant to turn over any undisclosed assets to the Commission in further satisfaction of his disgorgement, prejudgment interest, or civil penalty liability. In connection with any such petition, the only issues shall be whether the financial information Defendant provided was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time Defendant made such representations. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or the Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) contest the amount of disgorgement, pre-judgment interest, or civil penalty; or

(4) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VII.

The undertakings described in paragraphs 3a and 3c of the Consent of Defendant Perry S. Abbonizio to Order of Preliminary Injunction and Other Relief [ECF No. 173-1] shall remain in effect subject to paragraph VIII.

## VIII.

Upon notice by the Commission that Defendant has satisfied his obligations under paragraph V of the Final Judgment: (a) the Commission shall provide the mortgagors on the real properties described in paragraph V of the Consent with documentation sufficient to release the mortgages, and (b) Defendant's obligations pursuant to paragraph VII of this Final Judgment shall be lifted and extinguished in their entirety.

## IX.

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the

violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## XI.

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 24th day of February, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**