UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.,*

    Defendants.
_____/

## ORDER GRANTING RECEIVER'S MOTION TO COMPEL

**THIS CAUSE** comes before the Court upon Receiver Ryan K. Stumphauzer's Motion to Compel Defendant Joseph Cole Barleta to Comply with Court Orders [ECF No. 1188] ("Motion"), filed on March 19, 2022. The Court has reviewed the Motion, Defendant's Response in Opposition [ECF No. 1195] ("Response"), Receiver's Reply in Support of its Motion [ECF No. 1207] ("Reply"), all relevant portions of the record, and held a hearing on the Motion on April 21, 2022 [ECF No. 1218] ("Hearing"). For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion is **GRANTED**.

## BACKGROUND

On July 28, 2020, the Court granted an Emergency *Ex Parte* Motion for a Temporary Restraining Order and Other Relief [ECF No. 42] ("Asset Freeze") against various defendants in this matter, including Defendant Cole. On July 27, 2020, the Court appointed Ryan K. Stumphauzer as Receiver for Complete Business Solutions Group, Inc. ("CBSG") and other associated entities. [ECF No. 36]. In an Amended Order Appointing Receiver [ECF No. 141] ("Receivership Order"), the Court explained that a receiver was necessary to marshal and preserve

the assets of all defendants. On December 16, 2020, the Court expanded the Receivership over Beta Abigail, LLC, an entity owned and controlled by Cole, because it received millions of dollars in commingled investor funds. [ECF No. 436].

As a result of these orders, on February 12, 2021, the Receiver served Cole with a First Request for Production of Documents and a First Set of Interrogatories—which sought the production of all documents and communications in Cole's possession, custody, or control concerning any of the Receivership Entities, as well as bank accounts, property, and other assets of Cole, with an operative time frame of January 1, 2017, to the present. Mot. at 3–4. Cole took the position that he did not have to respond to these requests. *Id*. at 4.

Most recently, the Court expanded the Receivership to include ALB Management, LLC, another entity owned and controlled by Cole, because it too received millions of dollars in commingled investor funds. *See* [ECF No. 1156]; Mot. at 4. Again, on February 21, 2022, the Receiver contacted Cole's counsel with a request for information. Mot. at 4. The Receiver requested documents related to 10 categories of assets owned by Cole from 2016 through the present. *Id*. On March 7, 2022, counsel for Cole responded and refused to provide the information requested on the basis that Cole was "assert[ing] his right not to answer questions" due to "an investigation by the U.S. Attorney's Office in Philadelphia." Mot. at 5.

Since the filing of the instant Motion on March 19, 2022, Cole has failed to turn over any of the requested documents. *Id*. Instead, he has responded in opposition, asserting his Fifth Amendment privilege. Resp. at 1.

## **LEGAL STANDARD**

While the Court has the "inherent power to enforce compliance with its lawful orders," *Sexual MD Sols., LLC v. Wolff*, No. 20-20824, 2020 WL 2813146, at *1 (S.D. Fla. May 29, 2020),

a defendant has the right to raise his Fifth Amendment privilege in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1342 (11th Cir. 2012). For a disclosure to fall within the ambit of the Fifth Amendment privilege, an individual must show each of the following three things: (1) compulsion; (2) a testimonial communication or act; and (3) incrimination. *Id*. at 1341 (citing *United States v. Ghidoni*, 732 F.2d 814, 816 (11th Cir. 1984) (cleaned up)).

## ANALYSIS

Beginning in February 2021, the Receiver requested any documents in Cole's possession, custody, or control pertaining to 10 categories of assets (real estate; stocks; bonds and securities; bank accounts; safe deposit boxes; automobiles; indebtedness owed to Cole; partnerships and other business interests; trusts; other property; and disposal of property). Mot. at 4. These requests were based on disclosures made by Cole in a September 24, 2019 Interagency Biographical and Financial Report [ECF No. 1207-1] ("2019 Disclosures"). Reply at 3. Cole argues that any production of such documents would violate his Fifth Amendment privilege because the act of producing the documents is testimonial in nature. Resp. at 1–2.

As a threshold matter, the Court finds that the contents of the requested documents themselves are not protected by Cole's Fifth Amendment privilege. The Supreme Court has consistently held that documents previously generated and voluntarily prepared do not fall under the protections afforded by the Fifth Amendment. *Fed. Trade Comm'n v. PointBreak Media, LLC*, 343 F. Supp. 3d 1282, 1286 (S.D. Fla. 2018) (citing *United States v. Hubbell*, 530 U.S. 27, 35 (2000)). "Where documents are voluntarily prepared before they are requested, for example, the

Supreme Court has held that such documents do not contain 'compelled testimonial evidence' within the meaning of the Fifth Amendment, even if the contents are incriminating." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1371 (S.D. Fla. 2012) (citing *Hubbell*, 530 U.S. at 36); *see also Fisher v. United States*, 425 U.S. 391, 409–10 (1976)). Here, the Receiver seeks the production of records that were voluntarily prepared and generated prior to the Receiver's request(s). Mot. at 3–4. For instance, Cole's 2019 Disclosures, which identified his assets at the time, were voluntarily prepared to assist Cole in his efforts to acquire a bank. *Id*. The Receiver simply requests documents relating to the assets identified by Cole in his prior disclosure—documents which would have been voluntarily prepared prior to the Receiver's request. *Id.*

The Court now turns to the core issue presented by the parties: whether Cole's act of producing the requested documents is testimonial, and therefore, violative of Cole's Fifth Amendment privilege. "[A]n act of production can be testimonial when that act conveys some explicit or implicit statement of fact that certain materials exist, are in the subpoenaed individual's possession or control, or are authentic." *In re Grand Jury Subpoena*, 670 F.3d at 1345–46. The Eleventh Circuit has made clear that there are two specific ways in which an act of production is *not* testimonial. *Id*. First, when it is merely a physical act that is compelled—i.e., "where the individual is not called upon to make use of the contents of his or her mind." *Id*. And second, under the "foregone conclusion" doctrine, "an act of production is not testimonial—even if the act conveys a fact regarding the existence or location, possession, or authenticity of the subpoenaed materials—if the Government can show with 'reasonable particularity' that, at the time it sought to compel the act of production, it already knew of the materials, thereby making any testimonial aspect a 'foregone conclusion.'" *Id*. at 1345–46. Further, "[c]ase law from the Supreme Court does not demand that the Government identify exactly the documents it seeks, but it does require

some specificity in its requests—categorical requests for documents the Government anticipates are likely to exist simply will not suffice." *Id.* at 1347–48 (citing *Hubbell*, 530 U.S. at 45).

Here, the Receiver argues that the production of the requested documents by Cole falls under the "foregone conclusion" doctrine because the Receiver has shown, with "reasonable particularity," that he is aware of the materials he is seeking. Reply at 3–4. The Receiver points to the 2019 Disclosures made by Cole as the basis for his requests. *Id.* at 4–5. Those disclosures included an accounting of all assets held by Cole as of September 24, 2019, with specific and detailed information as to Cole's cash on hand and in depository institutions, marketable securities, notes receivable, real estate, proprietary interests and other securities, retirement funds and other assets, accounts payable, and real estate mortgages. 2019 Disclosures at 11–19; *cf.* Mot. at 5.

At the Hearing held on April 21, 2022, Cole's counsel took the position that because time has passed between Cole's filing of the 2019 Disclosures and the Receiver's requests, those disclosures cannot be used to show, with "reasonable particularity," that the Receiver is aware of the materials he seeks because Cole's assets have changed over time. Therefore, Defendant maintains that the "foregone conclusion" doctrine does not apply to Cole's act of production.

The Court disagrees. As a starting point, the Court temporarily froze Cole's assets on July 28, 2020. *See* Asset Freeze. Roughly one month later, on August 27, 2020, the Court entered a Preliminary Injunction by Consent, freezing Cole's assets for the pendency of this action. [ECF No. 202] ("Preliminary Injunction"). In essence, ten months passed between Cole's disclosures and the day his assets were frozen. Whatever change in the valuation of his assets that occurred in that ten-month period of time, and whatever limited changes have occurred since the Asset Freeze and Preliminary Injunction were put into place (which, this Court must assume, are *quite limited* due to the conditions of the Preliminary Injunction), do not overcome the "reasonable

particularity" the Receiver has shown in requesting documents of which he has prior knowledge. The circumstances presented here are markedly different than those laid out in *Hubbell*, a case in which the Government wholly failed to show that it had any prior knowledge of either the existence or whereabouts of the documents produced. *See Hubbell*, 530 U.S. at 45.

Lastly, the Court does not find that the Receiver is entitled to any fees and costs associated with Cole's filing of the instant Motion. At the Hearing, Receiver's counsel asked the Court to award the Receiver reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A). Cole's counsel understandably disagreed, arguing that Cole's objection was substantially justified. The Court agrees with the Defendant—Cole's objection, one made to protect his constitutional rights, was substantially justified. As such, Cole is not ordered to pay the expenses of the Receiver associated with the filing of this Motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Receiver's Motion [ECF No. 1188] is **GRANTED**. Within **seven (7) days** of the date of this Order, Cole shall respond to the Receiver's requests—producing copies of all documents within Cole's possession, custody, or control containing information from 2016 through the present about the following 10 categories of assets in which Cole may have a personal or business interest:

- Real Estate
- Stocks, Bonds, and Securities
- Bank Accounts
- Safe Deposit Boxes
- Automobiles
- Indebtedness Owed to Cole
- Partnerships and Other Business Interests
- Trusts
- Other Property
- Disposed of Property

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of April, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**