UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

### ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS

**THIS CAUSE** comes before the Court upon Defendant Joseph Cole Barleta's Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [ECF No. 1225] ("Motion"). Barleta requests to file an interlocutory appeal of this Court's Order Granting Receiver's Motion to Compel [ECF No. 1222] ("Order").[1] Having considered the Motion and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as set forth herein.

### BACKGROUND

This Motion stems from this Court's Order granting the Receiver's Motion to Compel Defendant Joseph Cole Barleta to Comply with Court Orders [ECF No. 1188] ("Motion to Compel"), filed on March 19, 2022. Over the course of thirteen months, Receiver made multiple requests for production from Barleta. Order at 3. These included requests for documents related

---

[1] The Court is already aware of the Receiver's position given oral argument on the Motion to Compel on April 21, 2022 [ECF No. 1218]. Thus, in an effort to conserve receivership resources for the benefit of investors, the Court is addressing the instant Motion without a formal response.

to 10 categories of Barleta's assets: real estate; stocks, bonds and securities; bank accounts; safe deposit boxes; automobiles; indebtedness owed to Barleta; partnerships and other business interests; trusts; other property; and disposal of property from 2016 through the present. *Id*. Barleta failed to produce such documents, claiming that he was asserting his Fifth Amendment right not to answer questions. *Id*. The Court held a hearing and on April 29, 2022, issued an Order Granting Receiver's Motion to Compel finding that (1) the contents of the requested documents themselves are not protected by Barleta's Fifth Amendment privilege and (2) Barleta's act of producing the requested documents is not testimonial, and therefore not violative of his Fifth Amendment privilege. Order at 3–4.

## LEGAL STANDARD

Pursuant to section 1292(b), an interlocutory appeal may be certified when three elements are present: (1) where the case presents a controlling question of law; (2) where there is a substantial ground for difference of opinion; and (3) where the appeal will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Generally, appeals from interlocutory orders should be used only in exceptional cases. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256-57 (11th Cir. 2004).

## ANALYSIS

As a result of the Order, Barleta wishes to certify the question as to whether his Fifth Amendment privilege applies to his act of producing the requested documents. Mot. at 3. Defendant argues that this question satisfies all three elements laid out in section 1292(b).

As a threshold matter, in the Eleventh Circuit, there is a strong presumption against interlocutory appeals. *See McFarlin*, 381 F.3d at 1259 ("Because permitting piecemeal appeals is bad policy, permitting liberal use of [section] 1292(b) interlocutory appeals is bad policy.") (alteration added); *see also Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir.

2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive ... and consequently are generally disfavored.") (alterations added; internal quotation marks and citations omitted); *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1272 (11th Cir. 2006) ("The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.") (internal quotation marks and citation omitted); *Securities and Exchange Commission v. Brooks*, No. 7-61526, 2017 WL 11591856, at *1 (S.D. Fla. Nov. 28, 2017) ("The Eleventh Circuit has articulated a strong presumption against interlocutory appeals.").

With the Eleventh Circuit's concerns regarding interlocutory appeals in mind, the Court turns to the three required elements under section 1292(b)—none of which are met in this case.

### (i)     *No controlling question of law*

The Court finds that Barleta fails to present a controlling question of law. A "controlling question of law" arises where the appellate court can rule on a "pure" question of law without having to search deep into the record to discern the facts of the underlying case. *See McFarlin*, 381 F.3d at 1258; *see also Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). "A controlling issue of law is one that will end the litigation," *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), and "may also be found where the issue is serious to the conduct of the litigation, either practically or legally," *Katz v. Carte Balance Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). *See also McFarlin,* 381 F.3d at 1259 ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.").

Contrary to Barleta's position, the Court finds that the issue here is a mixed question of law and fact. For example, the Eleventh Circuit would be required to make factual determinations related to the matter, such as what financial documents were in Barleta's possession at the time he filled out his 2019 financial disclosures. And as discussed below, the answer to this question will

not serve to avoid a trial nor substantially shorten the litigation. Indeed, nearly all Defendants in this case have settled as to liability, and one remaining Defendant has already gone to trial. Thus, the only remaining issue for the Court is what amount of disgorgement is appropriate.

### *(ii)   No substantial ground for difference of opinion*

Defendant has not shown that the legal issue presented contains substantial grounds for a difference of opinion as contemplated by section 1292(b). A substantial ground for difference of opinion requires that a legal issue is "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Brooks*, 2017 WL 11591856, at *2 (quoting *Flaum v. Doctor's Assocs., Inc.,* No. 16-61198, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016)). Here, Barleta fails to even attempt to show how his question presented satisfies any of the three grounds laid out above. Instead, he posits that "this Court found … that Mr. Barleta's position was 'substantially justified' as the law from this area is far from clear." Mot. at 4. In reality, however, this Court noted—as the basis for not awarding fees under Federal Rule of Civil Procedure 37(a)(5)(A)(ii)—that Barleta was substantially justified in objecting to the Receiver's Motion to Compel because he had endeavored to protect his constitutional rights. Order at 6.

### *(iii)   The appeal will not materially advance termination of litigation*

Certification of this interlocutory appeal will not materially advance the ultimate termination of the litigation. This dispute is but an ancillary part of the case—a case which, notably, has settled in part. The core dispute in this case centers around whether Defendants violated certain securities laws. *See generally* Am. Compl. That issue has been settled as to all Defendants, and specifically, as to Barleta who entered into a Consent Agreement with the Securities and Exchange Commission. *See* [ECF No. 1016-1] ("Consent"). In that Consent, Barleta neither admitted nor denied the allegations found in the Amended Complaint. *Id*. at 1.

The dispute in this Motion centers around an entirely separate issue—the production of documents related to Barleta's assets. This request was made by the Receiver in an effort to carry out his court-ordered role to "marshal and preserve all assets of the Defendants." Mot. to Compel at 2-3. A determination by the Eleventh Circuit as to what financial documents Barleta is required to produce does nothing to satisfy the underlying merits of the case; it is relevant only to the determination of whether Barleta has assets which belong in the Receivership estate. *See Ward v. Estaleiro Itajai, S/A*, No. 05-61821, 2008 WL 2414925, at *2 (S.D. Fla. Jun. 12, 2008) (holding that a Defendant's net worth was only relevant to fashioning an appropriate remedy in the case, and thus it would "not serve to avoid a trial or otherwise substantially shorten the litigation.").

In an attempt to satisfy this third element of section 1292(b), Barleta maintains that an "immediate appeal from the order may materially advance the ultimate termination of the litigation." Mot. at 4. But this statement is pure conjecture and misstates the procedural posture of the case, as the Court is left only to determine what amount of disgorgement is appropriate.

## CONCLUSION

Based on the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that Barleta's Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [ECF No. 1225] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 13th day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**