UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

**SECURITIES AND EXCHANGE
COMMISSION,**

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING**, *et al.*,

    Defendants.

_____/

**ORDER (1) FOR JOSEPH LAFORTE AND LISA
MCELHONE TO SHOW CAUSE WHY THEY SHOULD NOT BE
HELD IN CONTEMPT AND (2) GRANTING RECEIVER'S MOTION TO
LIFT LITIGATION INJUNCTION AGAINST SPECIFIED THIRD PARTIES**

    **THIS CAUSE** comes before the Court upon the Receiver's Motion for an Order to Show Cause Why Defendants Joseph LaForte and Lisa McElhone Should Not Be Held in Contempt, and to Lift Litigation Injunction Against Specified Third Parties [ECF No. 1328] ("Motion"), filed on July 29, 2022. The Court having reviewed the Motion and the record in this matter, and being otherwise fully advised, it is hereby

    **ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

    A party may initiate contempt proceedings by filing a motion requesting the court to issue an order to show cause why a party should not be held in civil contempt. *Newman v. State of Ala.*, 683 F.2d 1312, 1318 (11th Cir. 1982). "If the court finds that the conduct as alleged would violate the prior order, it enters an order requiring [the party] to show cause why [the party] should not be held in contempt and conducts a hearing on the matter." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990).

The Court's Orders appointing the Receiver in this case [ECF Nos. 36, 141, 579, *et al.*] ("Orders") authorize the Receiver to exercise exclusive possession or control over Receivership Property and to marshal and preserve Receivership Assets and Recoverable Assets. The Orders also prohibit Defendants from interfering with the Receiver's efforts to take control, possession, or management of any Receivership Property.

The Motion asserts that despite the Orders, Defendants Joseph LaForte and Lisa McElhone, with the assistance of various third parties, diverted funds due and owing to the Receivership Estate, and interfered with the Receiver's efforts to recover Receivership Property and to marshal and preserve Receivership Assets and Recoverable Assets. *See* Mot. at 10-16. Specifically, the Motion notes that Defendants Joseph LaForte and Lisa McElhone violated the Orders by: (1) diverting merchant collections from CBSG and CFS to other entities LaForte and McElhone controlled; (2) laundering the diverted funds through shell and nominee corporations; and (3) using the laundered funds for their personal use and benefit, including the payment of their legal and expert witness fees in this case. *Id*. at 10.

The Receiver also requests the Court to lift the litigation injunction provided for in the Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] to allow the Receiver to pursue claims against various individuals and entities that assisted LaForte and McElhone in executing the diversion scheme, or that received proceeds from the diversion scheme.

Considering the allegations and evidence presented by the Receiver regarding the aforementioned violations of the Court's Orders, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion [ECF No. 1328] is **GRANTED**.

2. Defendants Joseph LaForte and Lisa McElhone shall show cause why they should not be held in civil contempt for violating the Orders [ECF Nos. 36 and 141] by filing a written response to the Receiver's Motion on or before **August 26, 2022**. The Receiver shall file any reply **on or before September 7, 2022**.

3. The Court will hold an evidentiary hearing on the Motion on **Monday, September 12, 2022 at 11:00 A.M.** The hearing will take place in Courtroom 205C of the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida.

4. The litigation injunction set forth in the Court's Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] is hereby lifted to allow the Receiver to pursue claims against the following individuals and entities related to their alleged involvement and participation in the diversion scheme: James LaForte, Jr. (a/k/a "Jimmy LaForte," a/k/a "Jimmy McElhone," a/k/a "Jimmy Schillaci"), Tina LaForte, Sage Choi LaForte, Jamie McElhone, Francis L. Scarpati (a/k/a "Frank Scarpati"), Peter Padovano, Vincent Bardong, Marc Roddini, Justin Scavetti, John R. Mulvihill, III, Alan Redmond, Platinum Rapid Funding Group, Ltd., Financial Mutual, Inc., Total Business Strategies, LLC, Straight Line Source, Inc., BG Sky Trade LLC, Bene Market LLC, Mac Mrktng, LLC (a/k/a Mac Marketing), F and N Consulting, Inc., and Bushwick Beer Garden LLC (a/k/a Bushwick BG LLC).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of July, 2022.

                                                                                                 **RODOLFO A. RUIZ II**
                                                                                                  UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of record