## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.,*

       Defendants.
_____/

### RECEIVER RYAN K. STUMPHAUZER'S
### QUARTERLY STATUS REPORT DATED AUGUST 1, 2022

       Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities,[1] pursuant to the requirements of the Amended Order Appointing Receiver [ECF No. 141],

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Investment Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consultants, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; Liberty Eighth Avenue LLC; The LME 2017 Family Trust; Blue Valley Holdings, LLC; LWP North LLC; 500 Fairmount Avenue, LLC; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, Inc., and the Receivership also includes the properties located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack,

hereby files this Quarterly Status Report dated August 1, 2022. By way of summary, the Receivership Estate consists of, among other things, approximately $60 million of real property, $3 million in other tangible assets the Receiver has brought into the Receivership Estate (including boats, cars, artwork, and luxury watches), and $105,873,218 in cash (as of June 30, 2022). As of July 31, 2022, the current cash balance was $110,188,975.

I. **Overall Administration of Receivership Estate**

A. **Quarterly Report of Receivership Estate**

Pursuant to the requirements of the Amended Order Appointing Receiver [ECF No. 141], attached as Exhibit 1 is a full report and accounting reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates (the "Quarterly Report"). The Quarterly Report contains the following information: (1) summary of the operations of the Receiver; (2) the amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate; (3) a schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership; (4) a description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended; (5) a description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims;

---

PA 18451; 107 Quayside Dr., Jupiter FL 33477; 2413 Roma Drive, Philadelphia, PA 19145; 159 26th Street, Avalon, NJ 08202; and 164 84th Street, Stone Harbor, NJ 08247.

and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments); (6) a list of all known creditors with their addresses and the amounts of their claims; (7) the status of Creditor Claims Proceedings, after such proceedings have been commenced; and (8) the Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations, as required pursuant to Paragraphs 53 and 54 of the Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141].

## II.     Update on Other Assets Included within the Receivership Estate

### A.     Accounts Receivable and Collection Activities

At the time of his appointment, the Receiver obtained control over $28,779,570 in cash held by the various original Receivership Entities. As a result of various Orders expanding the Receivership, the Receiver obtained an additional $14,756,649 in cash held by the additional Receivership Entities. The Receiver has also acquired an additional $86,672,538 in cash through collections, settlements, and other recoveries. After accounting for expenses, the total cash balance was $105,873,218 as of June 30, 2022. As of July 31, 2022, the current cash balance was $110,188,975.

### B.     Accounts Receivable – Merchant Cash Advance Accounts

The Receiver, his professionals, and the staff he rehired at Par Funding have been continuing to collect on the accounts receivable for the merchant cash advance ("MCA") accounts that were pending with the company as of the time the Receiver took over the operations of Par Funding. Historically, the Receiver has reported the entire accounts receivable balances that were on Par Funding's books for these MCA accounts, while explaining that these balances did not reflect appropriate reductions for collectability or bad debt. After the current reporting period

(May 1, 2022 through June 30, 2022), the Receiver, through his outside consultants, counsel, and internal collection staff and accountants, analyzed the collectability of the balances for all MCA companies. The Receiver determined that $18.7 million should be written off due to closed bankruptcies; circumstances where the merchant is out of business; and circumstances where there is neither viable guarantors nor viable collateral. In analyzing the MCA balances, the Receiver also determined that a reserve in the amount of $100.6 million was required for accounts with ongoing bankruptcies and other circumstances where full payment is doubtful. *See* DSI's Report, attached as Exhibit 1. The Receiver will continue to analyze this portfolio to determine realistic write-offs and allowances for additional amounts that are not likely to be collected.

### C.   Collection Efforts Through Outside Collection Company and Litigation

Altus Receivables Management, Inc. ("Altus") is a national collection company that the Receiver has engaged on a contingency fee recovery basis. Altus is seeking to collect judgments previously entered against select non-performing, non-bankruptcy merchants, guarantors, and counterparties that had outstanding balances and/or were otherwise in default at the time of the establishment of the receivership (collectively "merchants"). Thus, these recovery efforts are being pursued in the ordinary course of the administration and operation of the receivership.

The judgments against these merchants are being exemplified under Pennsylvania law and will be domesticated for legal action in the merchant's home state and where assets may be found. The judgments referred to Altus range from low five (5)-figure balance accounts to accounts in excess of one million dollars ($1,000,000), based upon the Receivership Entities' records. Referrals began on January 9, 2022, and 169 exemplified judgments have since been referred to Altus with active collection efforts are underway. The Receiver has also initiated 38 actions against merchants in the Philadelphia Court of Common Pleas either through civil action

complaints or confessions of judgment. The cases filed in Philadelphia typically have resulted in either legal challenges to the underlying agreements; offers of settlement; or default or confessed judgments. Thus far, merchant challenges to the underlying agreements have been unsuccessful. The Receivership Estate is receiving offers of settlement through the Receiver's litigation in the Philadelphia Court of Common Pleas and Altus collection activities. The Receiver is considering and, where appropriate, approving offers when he deems the proposal to be in the best interests of the Receivership Estate. Finally, as additional judgments become available from the Philadelphia litigation, they will be assigned to Altus for further collection efforts if not resolved by the Receiver directly with the merchant.

### D. Collection Activity and Settlements with ESC and HBC Counterparties

To date, the Receiver has resolved, either through full payoffs of the amount owed or settlements, the account balances of several counterparties to agreements with Eagle Six Consultants, Inc. ("ESC") and Heritage Business Consulting, Inc. ("HBC"). In addition, the Court has entered motions to lift the litigation injunction to allow the Receiver to pursue claims against several counterparties (and their guarantors) to agreements with ESC and HBC. [ECF No. 642; ECF No. 747; ECF No. 879]. The Receiver is in active litigation and/or settlement discussions with several of these counterparties for which the litigation injunction has been lifted.

### E. Life Settlements

Two of the Receivership Entities—ABFP Multi-Strategy Investment Fund LP ("MSIF") and ABFP Multi-Strategy Investment Fund II LP ("MSIF II")—own portfolios of life settlement policies. Since the time of his appointment, the Receiver and his consultants at DSI have been managing these portfolios. These duties have included, among other things, the payment of

premiums, corresponding with the insurers and servicers of these policies, and communicating with a potential third party regarding a valuation and potential purchase of these policies.

On April 26, 2022, the Receiver learned that two policies owned by MSIF matured with total death benefits payable in the amount of $1,000,000.00. The Receiver received and deposited those proceeds on July 27, 2022. The Receiver has not received notification that any other policies owned by MSIF have matured since he took over control of this company.

With respect to MSIF II, the Receiver was previously notified of the maturity of, and received the proceeds for, eight (8) of these polices, which amounted to gross death benefits totaling $5,482,143. Over this reporting period, the Receiver did not learn of the maturity of any additional policies, and the Receiver did not receive any additional death benefits.

### III. Receiver-Controlled Real Estate

#### A. The McElhone Properties

The Receiver controls 25 properties, either directly or indirectly owned by Lisa McElhone (collectively, the "Receiver-Controlled Properties"). Three (3) are single-family residential properties previously occupied by Joseph LaForte and McElhone (the "Single-Family Homes"): 107 Quayside Drive, Jupiter Florida (the "Florida Home"); 105 Rebecca Court, Paupack, Pennsylvania (the "Poconos Home"); and 568 Ferndale Lane, Haverford Pennsylvania (the "Haverford Home"). Pursuant to an agreement with the Receiver, McElhone and LaForte may live in the Haverford Home, but may not occupy or otherwise use the Florida Home or Poconos Home. McElhone and LaForte pay the Receiver rent for the Haverford Home and are responsible for paying all carrying costs (taxes, insurance, and maintenance) for all 3 Single-Family Homes.

Two other properties historically have been used for business operations, 20-22 North 3rd Street (4 units) and 205 B Arch Street. The Receiver has consolidated all CBSG business

operations within the 20-22 North 3rd Street office suite and directed OCF to market 205 B Arch Street for rent. The remaining 20 Receiver-Controlled Properties are either commercial, residential, or mixed-use rental properties in Philadelphia. Prior to the Receivership, these properties were managed by OCF Realty LLC ("OCF") at McElhone's direction. The Receiver has retained OCF to continue its management services for these properties (the "OCF-Managed Properties"). The 20 OCF-Managed Properties comprise 121 rental units (110 residential units and 11 commercial units). The Receiver, through OCF, continues to collect rent, pay the necessary expenses, and market units for rent as they become available.

### B. Title Clearance Efforts

Certain title defects encumber several Receiver-Controlled Properties dating back to McElhone's original acquisition. As reported in the Receiver's prior Status Reports, these title defects, which primarily relate to a failure to terminate prior owner-created liens, were effectively "insured over" through the title insurance policies provided to McElhone at closing. The Receiver is continuing to attempt to resolve these liens.

### C. Abbonizio Properties

Pursuant to the Receiver's settlement with Perry Abbonizio and PCA 159 26th St. Avalon LLC, the Receiver acquired two single family properties located in Cape May County, New Jersey: 159 26th Street, Avalon, NJ (the "Avalon Property") and 164 84th Street, Stone Harbor, NJ (the "Stone Harbor Property"). On July 12, 2022, in accordance with the "Sales Procedures" established in a Stipulation the Receiver entered into with the Securities and Exchange Commission and Defendant Perry Abbonizio [ECF No. 1301] (the "Stipulation"), which the Court has approved, the Receiver listed each property for sale at a price of $4,250,000. On July 27, 2022, the Receiver executed an agreement to sell the Stone Harbor Property for $4,150,000 in an all-

cash transaction, a sales price that exceeds the appraised value of the property. On Saturday, July 30, 2022, the Receiver filed a motion, pursuant to the procedures established in the Stipulation, to authorize the sale of the Stone Harbor Property. Assuming the motion is granted, the sale of the Stone Harbor Property is scheduled to close on August 31, 2022. The Receiver continues to market the Avalon Property for sale.

### IV. Information Regarding Anticipated Claims and Distribution Process

The Receiver continues to receive numerous inquiries from investors and other creditors of the Receivership Entities regarding the timing of a claims and distribution process in this matter, as well as an estimate of the potential amounts that will be distributed to each investor/creditor. With respect to timing, the Receiver continues to assemble information regarding all known investors in and creditors of the Receivership Entities, and anticipates that the claims and distribution process will begin as soon as possible following the Court's resolution of the SEC's motion seeking an order of disgorgement and penalties against the Defendants.

There still remain a number of questions and uncertainties surrounding the accounts receivable of the Receivership Entities and other claims the Receiver is pursuing or otherwise evaluating. Additionally, the amount of the orders of disgorgement and/or penalties to be entered against the Defendants have not yet been determined, much less an understanding of how much will be collected and available for distribution from those amounts. The Court will also need to consider the Receiver's recommendations and establish a procedure for determining the manner in which various claims will be evaluated and administered. As a result, it is still too early for the Receiver to provide any estimates of the amounts that may be available—either on an individual level or in total—for distribution to investors and other creditors.

Additionally, given that certain claims or collection efforts from various sources of potential recovery are not likely to be resolved in the near future, the Receiver also anticipates the possibility of recommending a phased distribution process.  Under this phased process, the Receiver would request permission to make an initial distribution from amounts already collected, after the disgorgement and penalty amounts have been determined.  Then, as the Receiver continues to recover additional funds on behalf of the Receivership Estate and otherwise liquidates assets the Receiver has collected, the Receiver would anticipate making a supplemental distribution (or supplemental distributions, depending on the timing of these future recoveries). The Receiver and his professional staff will continue to evaluate these issues and provide updates as they are available.  Information regarding the proposed claims and distribution plan will be posted on the Receivership website after the Receiver has filed it with the Court.

## V. **Expansion of Receivership Estate**

In total, the Receiver has filed and obtained Orders from the Court granting 10 motions to expand the Receivership Estate.

In addition, as the Receiver has previously reported, the Court's Order Granting Motion to Expand Receivership Estate dated December 16, 2020 [ECF No. 436], through which several entities and properties were included in the Receivership Estate as additional Receivership Entities, is currently on appeal to the United States Court of Appeals for the Eleventh Circuit.  That appeal is fully briefed and oral argument was conducted before the Eleventh Circuit in Miami on June 7, 2022.  No opinion has been issued yet on this appeal.

## VI. **Update on Pending Motions and Other Matters**

As of the filing of this report, there are three pending motions that pertain specifically to the Receiver and the administration of the Receivership Estate:

1. <u>Receiver's Expedited Motion to Expand the Receivership to include 19 Country Drive, Morristown, NJ 07960 [ECF No. 1180], filed on March 9, 2022</u>. Through this Motion, the Receiver seeks to expand the scope of the Receivership Estate over certain property located at 19 Country Drive, Morristown, NJ 07960 that Daniel Scaramellino purchased with comingled investor funds he received from one of the Receivership Entities, Eagle Six Consultants, Inc. The Receiver filed this Motion upon learning that Scaramellino was attempting to sell the property in a transaction he failed to disclose to the Receiver at a time the Receiver was in discussions with Scaramellino in an attempt to resolve the more than $8.7 million debt he owes to the Receivership Estate. Pursuant to an agreement between the affected parties, the sale of the property was permitted to close and the net proceeds from that sale were substituted in place of the property as the subject of the Motion, which the Receiver is holding in trust pending the resolution of the Motion. After several unopposed extensions of time to facilitate settlement discussions between the Receiver and Scaramellino that were ultimately unsuccessful, the Motion is now fully briefed and scheduled for a hearing before the Court on August 3, 2022, at 10:30 a.m. [ECF No. 1321].

2. <u>Receiver's Motion for an Order to Show Cause Why Defendants Joseph LaForte and Lisa McElhone Should Not Be Held in Contempt, and to Lift Litigation Injunction Against Specified Third Parties [ECF No. 1328], filed on July 29, 2022</u>. In this Motion, the Receiver requests the Court to issue an order to show cause why Defendants Joseph LaForte and Lisa McElhone should not be held in civil contempt based on alleged violations of the Court's Orders appointing the Receiver in this case. The Court's Orders authorized the Receiver to exercise exclusive possession or control over Receivership Property and to marshal and preserve Receivership Assets and Recoverable Assets. The Orders also prohibited the Defendants from interfering with the Receiver's efforts to take control, possession, or management of any

Receivership Property. The Motion asserts that despite the Orders, Defendants Joseph LaForte and Lisa McElhone, with the assistance of various third parties, diverted funds due and owing to the Receivership Estate, and interfered with the Receiver's efforts to recover Receivership Property and to marshal and preserve Receivership Assets and Recoverable Assets. Specifically, the Motion alleges that Defendants Joseph LaForte and Lisa McElhone violated the Orders by: (1) diverting merchant collections from CBSG and its affiliate, Contract Financing Solutions, Inc. ("CFS") to other entities LaForte and McElhone controlled; (2) laundering the diverted funds through shell and nominee corporations; and (3) using the laundered funds for their personal use and benefit, including the payment of their legal and expert witness fees in this case. The Receiver also requests the Court to lift the litigation injunction provided for in the Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] to allow the Receiver to pursue claims against various individuals and entities that assisted LaForte and McElhone in executing the diversion scheme, or that received proceeds from the diversion scheme.  On July 30, 2022, the Court entered an Order [ECF No. 1332] on the Motion: (a) requiring LaForte and McElhone to file a written response to the Motion on or before August 26, 2022; (b) requiring the Receiver to file any reply on or before September 7, 2022; (c) scheduling an evidentiary hearing on the Motion on September 12, 2022, at 11:00 A.M., and (d) lifting the litigation injunction, as requested in the Motion.

3. <u>Receiver's Motion for Order Authorizing Receiver's Sale of Real Property Located at 164 84th Street, Stone Harbor, NJ 08247 [ECF No. 1331], filed on July 30, 2022</u>.  As described above in Section III(C), the Receiver filed a motion, pursuant to the procedures established in a Stipulation approved by the Court, to authorize the sale of the residential property located at 164 84th Street, Stone Harbor, NJ 08247.  If neither the Securities and Exchange Commission nor Defendant Perry Abbonizio file an objection to the proposed sale within 10 days from the date the

Receiver filed the Motion (*i.e.*, by August 9, 2022), then the Court may enter an Order approving the sale. The Receiver does not anticipate that the Commission or Mr. Abbonizio will be filing an objection.

### VII. Website / Communications with Interested Parties

The Receiver continues to receive many e-mails, telephone calls, and other inquiries from investors, merchants, administrators of agent funds, and other interested parties. The Receiver and his professionals have returned phone calls and emails from thousands of investors, merchants, and others. Since the Receiver established the receivership website on August 16, 2020, which is available at parfundingreceivership.com, there have been more than 118,522 visitors and 539,024 pageviews to the website. The Receiver will continue to update this website with key court filings, news and updates, reports from the Receiver, answers to frequently asked questions, important dates and deadlines (including Zoom or telephone dial-in information for status conferences and other significant hearings before the Court), and other pertinent information. Additionally, the Receiver will utilize this website to provide notice to investors and other claimants regarding the claims and distribution process in this matter, once that information is available.

### VIII. Conclusion

WHEREFORE, Ryan K. Stumphauzer, as Court-Appointed Receiver, by and through his undersigned counsel, respectfully files this Quarterly Status Report dated August 1, 2022.

Dated: August 1, 2022

Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400

By: */s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sfslaw.com

*Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200

By: */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com
DOUGLAS K. ROSENBLUM
Pennsylvania Bar No. 90989
*(Admitted Pro Hac Vice)*
DKR@Pietragallo.com

*Co-Counsel for Receiver*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2022, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA