UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

**ORDER DENYING RECEIVER'S EXPEDITED MOTION TO EXPAND RECEIVERSHIP TO INCLUDE 19 COUNTRY DRIVE, MORRISTOWN, NJ 07960**

**THIS CAUSE** comes before the Court upon the Receiver's Expedited Motion to Expand the Receivership to Include 19 Country Drive, Morristown, NJ 07960 [ECF No. 1180] ("Motion"), filed on March 9, 2022. In the Motion, the Receiver seeks to expand the scope of the Court's Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] ("Receivership Order"), to include the property located at 19 Country Drive, Morristown, NJ 07960 ("Property"). The Court has reviewed the Motion; One Country Drive, LLC and Michelle Scaramellino's Response in Opposition [ECF No. 1290] ("MS Response"); Daniel Scaramellino's Response [ECF No. 1291] ("DS Response"); the Receiver's Reply [ECF No. 1312]; all relevant portions of the record; and held a hearing on the Motion on August 3, 2022 [ECF No. 1336] ("Hearing"). For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion is **DENIED**.

**BACKGROUND**

On December 16, 2020, the Court expanded the Receivership to include Eagle Six Consultants, Inc. ("Eagle Six"). [ECF No. 436]. On May 28, 2019, Daniel Scaramellino entered

into a series of agreements with Eagle Six—including a Loan Agreement and a Secured Convertible Line of Credit—under which Scaramellino borrowed $7,500,000.00 from Eagle Six. Mot. ¶ 2. Daniel Scaramellino deposited the first advance under the Loan Agreement, for $2,500,000, into a checking account with a prior balance of $187,925.36. *Id*. ¶¶ 2–3. On June 10, 2019, Daniel Scaramellino transferred $1,499,220.38 from the checking account to a savings account in the name of V&S. *Id*. ¶ 4. Prior to this transfer, the savings account had a balance of $1,500,779.62. *Id*. On July 3, 2019, Daniel Scaramellino transferred $2,072,173.86 from the savings account to a checking account. *Id*. ¶ 5. That same day, on July 3, 2019, Daniel Scaramellino sent a wire totaling $2,072,173.86 to Signature Closing Services, LLC. The wire referenced "19 Country Drive, Morristown NJ 07960." *Id*. ¶ 6. The Property was titled in the name of Michelle Scaramellino. *Id*. ¶ 7.

Since that time, Daniel Scaramellino has made some interest payments on his Loan Agreement with Eagle Six. *Id*. ¶ 1. However, he stopped making any payments when the Court issued its Order Appointing Receiver in this case. *Id*. The current balance, including interest, that Daniel Scaramellino owes Eagle Six exceeds $8.7 million dollars. *Id*. On September 7, 2021, the Court entered an Order allowing the Receiver to file a lawsuit against Daniel Scaramellino relating to the outstanding debt. [ECF No. 747]. The Receiver has since filed a lawsuit against Daniel Scaramellino and it is currently pending in the United States District Court for the Middle District of Florida. Mot. at 3, n.2.

In March of 2022, the Receiver learned that the Property was listed for sale for $2,450,000.00 and was in the process of being sold. Mot. ¶ 10. As a result, the Court approved a temporary agreement between the parties to allow the sale of the Property to proceed, on the condition that the proceeds from the sale of the Property ("Sale Proceeds") would be held in escrow by the Receiver pending resolution of the instant Motion, and the Sale Proceeds would be

substituted in place of the Property as the *res* of the Motion. Reply at 3, n.2. Since that time, the parties have attempted to settle this matter, but were ultimately unsuccessful.

## ANALYSIS

In the Motion, the Receiver asks the Court to expand the Receivership to include the Sale Proceeds from 19 Country Drive. *See generally* Mot. Daniel Scaramellino, Michelle Scaramellino, and 19 Country Drive are not parties to the underlying action and have never been accused of any wrongdoing related to the CBSG/Par Funding fraudulent scheme. *See* Reply at 7. In the Receiver's view, the Property was purchased with, and represents proceeds of, commingled investor funds and thus constitutes Recoverable Assets under the terms of this Court's Receivership Order. Mot. at 6. As such, the Receiver believes it is necessary to include the Sale Proceeds within the Receivership Estate to preserve these "scheme proceeds" so they may be available for the benefit of investors. *Id*. He argues, "expansion is particularly appropriate 'to effectively safeguard assets for the benefit of investors . . . and to guard against potential dissipation.'" *See CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, 21-CV-60462, 2021 WL 1738764, at *2 (S.D. Fla. May 3, 2021).

The Court may order equitable relief against a person who is not accused of wrongdoing (*i.e.*, a non-party) in a securities enforcement action. *See S.E.C. v. Sun Cap., Inc.*, No. 209-CV-229-FtM-29SPC, 2009 WL 1362634, at *1 (M.D. Fla. May 13, 2009) (citing *S.E.C. v. Cavanaugh*, 445 F.3d 105, 109 n.7 (2d Cir. 2006)). This non-party is commonly referred to as a relief defendant. *Id*. The Court can order such relief where the relief defendant (1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds." *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (citing *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998)). Here, it is undisputed that the funds received by Daniel Scaramellino—advances under the Loan Agreement

with Eagle Six—were received from ill-gotten funds.[1] But for the inflow of funds from Eagle Six, Daniel Scaramellino did not have sufficient funds in his checking and savings accounts to purchase the Property at the time he did. Reply at 2. Having established that Daniel Scaramellino received and used ill-gotten funds to purchase the Property, the Court must determine whether Daniel Scaramellino has a legitimate claim to the funds he received from Eagle Six. As discussed at the Hearing, the short answer is yes.

Daniel Scaramellino received the funds at issue as the result of a valid written loan agreement between himself and Eagle Six. *See* Mot. at 2; *see also* [ECF No. 1180-1] ("Loan Agreement"). The Loan Agreement imposed rights and obligations upon Daniel Scaramellino— namely, the right to receive funds in return for the repayment of the loan with interest. *See* Loan Agreement; *see also* DS Resp. at 8. There has been no indication that the loan was fraudulent or that the Scaramellinos were otherwise involved in Defendants' fraudulent scheme. Without more, the Court cannot determine that Daniel Scaramellino did not have a legitimate claim to the funds. *Compare Sun Cap. Inc.*, 2009 WL 1362634, at *2 (holding relief defendant had legitimate claim to loan proceeds from the wrongdoer defendant where there was a valid written loan agreement that imposed obligations and rights upon the relief defendant), *with In re Fin. Federated Title & Trust, Inc.,* 347 F.3d 880, 881 (11th Cir. 2003) (affirming bankruptcy court order establishing constructive trust on defendant wrongdoer's home that was purchased with 90% fraudulent funds), *S.E.C. v. Kirkland*, No. 606-CV183-ORL-28KRS, 2006 WL 2639522, at *2–3 (M.D. Fla. 2006) (granting motion to expand receivership over property defendant wrongdoer purchased with fraudulent funds from receivership entities), *and Commodity Futures Trading Comm'n v. Hudgins*, 620 F. Supp. 2d 790, 795 (E.D. Tex. 2009) (imposing equitable lien and directing sale of

---

[1] The Court has previously determined that the funds Eagle Six received from Par Funding constitute commingled investor funds. *See* [ECF No. 436].

condominium where defendant wrongdoer gifted his girlfriend the funds to pay off her condominium mortgage with Ponzi scheme funds).

This finding is further supported by the Receiver's Notice Regarding Expedited Motion to Expand Receivership to Include 19 Country Drive, Morristown, NJ 07960. [ECF No. 1363] ("Notice"). At the Hearing, the Court granted the Receiver's *ore tenus* motion to allow supplemental briefing. *See* [ECF No. 1337]. The purpose of the supplemental briefing was to give the Receiver an opportunity to present the Court with evidence that the loan agreement was invalid, or that the Scaramellinos were more closely tied to the fraudulent scheme than previously indicated. In light of the issues addressed at the Hearing, the Receiver has informed the Court that he will not be filing supplemental briefing. *See* Notice. Accordingly, given the current record before the Court, Daniel Scaramellino has a legitimate claim to the funds at issue.[2]

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Receiver's Motion to Expand [ECF No. 1180] is **DENIED**.

2. The Receiver shall disburse the Sale Proceeds to the Respondents—Daniel Scaramellino, Michelle Scaramellino, and 19 Country Drive, LLC.

**DONE AND ORDERED** Fort Lauderdale, Florida, this 22nd day of August, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

---

[2] Moreover, the Receiver is currently in litigation to collect on the total debt owed by Daniel Scaramellino in the Middle District of Florida. Mot. ¶ 8.