**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 20-CV-81205-RAR**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

      Defendants.

_____/

**RECEIVER, RYAN K. STUMPHAUZER'S (1) RESPONSE TO NON-PARTY**
**TOORAK CAPITAL PARTNERS, LLC'S MOTION TO INTERVENE AND LIFT**
**LITIGATION INJUNCTION, AND (2) MOTION TO LIFT LITIGATION**
**INJUNCTION TO ALLOW TOORAK CAPITAL PARTNERS, LLC TO PROCEED**
**WITH CERTAIN FORECLOSURE ACTIONS IN NEW YORK STATE COURT**

      Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership

Entities,[1] by and through undersigned counsel, hereby files his: (1) response in opposition to Non-

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding; Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; 500 Fairmount Avenue, LLC; Liberty Eighth Avenue LLC; Blue Valley Holdings, LLC; LWP North LLC; The LME 2017 Family Trust; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management

Party Toorak Capital Partners, LLC's Motion to Intervene and Lift Litigation Injunction to Allow it to Proceed with Foreclosure Actions in New York State Court [ECF No. 1391] (the "Motion to Intervene"); and (2) Motion to Lift Litigation Injunction to Allow Toorak Capital Partners, LLC to Proceed with Certain Foreclosure Actions in New York State Court (the "Receiver's Motion to Lift Litigation Injunction"), and states as follows:

1.      In the Motion to Intervene, non-party Toorak Capital Partners, LLC ("Toorak") asks the Court to permit it to intervene in this action for the purpose of obtaining relief from the litigation injunction contained in the Court's Amended Order Appointing Receiver [ECF No. 141] (the "Amended Order"), so that Toorak may proceed with the following two foreclosure actions that are pending in the Supreme Court of the State of New York, Kings County: (a) *Toorak Capital Partners, LLC v. 145 Stuyvesant Ave Prop LLC et al.*, Index No. 500868/2021 (the "145 Stuyvesant Foreclosure Action"), which names Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG") as a junior lienholder defendant; and (b) *Toorak Capital Partners, LLC v. 347A Quincy St Prop LLC, et al.*, Index No. 501908/2021 (the "347A Quincy Foreclosure Action"), which names Fast Advance Funding Inc. ("FAF") as a junior lienholder defendant.

### The 145 Stuyvesant Foreclosure Action

2.      Toorak holds a first position lien over certain real property that 145 Stuyvesant Ave Prop LLC owns at 145 Stuyvesant Avenue, Brooklyn, NY 11221 (the "145 Stuyvesant Property") through various loan documents and mortgages that 145 Stuyvesant Ave Prop LLC executed in favor of Toorak or its successors in interest.  These mortgages encumbering the 145

---

LLC; and ALB Management, LLC; and the receivership also includes the properties located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; 107 Quayside Dr., Jupiter FL 33477; 2413 Roma Drive, Philadelphia, PA 19145; 159 26th Street, Avalon, NJ 08202; and 164 84th Street, Stone Harbor, NJ  08247.

Stuyvesant Property were recorded on March 26, 2019 and March 28, 2019 (the "145 Stuyvesant Mortgages").

3.     In the 145 Stuyvesant Action, Toorak alleges that 145 Stuyvesant Ave Prop LLC defaulted under these loan documents and mortgages and seeks to foreclose on the 145 Stuyvesant Property.

4.     CBSG, as collateral for a merchant cash advance it provided to Gordon Management Group LLC, obtained a Security Agreement against the Stuyvesant Property dated as of April 17, 2019, and recorded on May 28, 2019, which is junior to the 145 Stuyvesant Mortgages.

5.     As a result of CBSG's interest in the 145 Stuyvesant Property as a junior lienholder, Toorak named CBSG as a Defendant in the 145 Stuyvesant Foreclosure Action.

6.     The Amended Order, and in particular the litigation injunction contained therein, prevents Toorak from proceeding with the 145 Stuyvesant Foreclosure Action.

7.     The Receiver has no reason to believe that CBSG's lien interest on the 145 Stuyvesant Property is superior to the 145 Stuyvesant Mortgages.

8.     According to an appraisal report dated August 24, 2022, the value of the 145 Stuyvesant Property is $1,530,000.

9.     According to representations from Toorak's counsel, the amount of principal, interest, and other amounts 145 Stuyvesant Ave Prop LLC owes under the 145 Stuyvesant Mortgages is in excess of $2.1 million, with additional interest continuing to accrue.

10.    Through the Receiver's investigation, he has determined that a foreclosure sale in the 145 Stuyvesant Foreclosure Action is not likely to result in any surplus proceeds beyond the amount necessary to satisfy Toorak's first position lien on the 145 Stuyvesant Property.

11.     As a result, the Receiver believes that Toorak should be permitted to proceed with the 145 Stuyvesant Foreclosure Action and a potential foreclosure sale of the 145 Stuyvesant Property, provided that any surplus proceeds to which CBSG may be entitled are promptly distributed to the Receiver.

### The 347A Quincy Foreclosure Action

12.      Toorak holds a first position lien over certain real property that 347A Quincy St Prop LLC owns at 347A Quincy Avenue, Brooklyn, NY 11216 (the "347A Quincy Property") through various loan documents and mortgages that 347A Quincy St Prop LLC executed in favor of Toorak or its successors in interest.  These mortgages encumbering the 347 Quincy Property were recorded on May 8, 2019 (the "347A Quincy Mortgage").

13.     In the 347A Quincy Foreclosure Action, Toorak alleges that 347A Quincy St Prop LLC defaulted under these loan documents and the 347A Quincy Mortgage and seeks to foreclose on the 347A Quincy Property.

14.     FAF, as collateral for a merchant cash advance it provided to Gordon Management Group LLC, obtained a Security Agreement against the 347A Quincy Property dated as of May 13, 2019, and recorded on June 12, 2019, which is junior to the 347A Quincy Mortgage.

15.     As a result of FAF's interest in the 347A Quincy Property as a junior lienholder, Toorak named FAF as a Defendant in the 347A Quincy Foreclosure Action.

16.     The Amended Order, and in particular the litigation injunction contained therein, prevents Toorak from proceeding with his foreclosure action.

17.     The Receiver has no reason to believe that FAF's lien interest on the 347A Quincy Property is superior to the 347A Quincy Mortgage.

18.     According to an appraisal report dated August 24, 2022, the value of the 347A Quincy Property is $1,460,000.

19.     According to representations from Toorak's counsel, the amount of principal, interest, and other amounts 347A Quincy St Prop LLC owes under the 145 Stuyvesant Mortgages is in excess of $1.8 million, with additional interest continuing to accrue.

20.     Through the Receiver's investigation, he has determined that a foreclosure sale in the Foreclosure Action is not likely to result in any surplus proceeds beyond the amount necessary to satisfy Toorak's first position lien on the 347A Quincy Property.

21.     As a result, the Receiver believes that Toorak should be permitted to proceed with its 347A Quincy Foreclosure Action and a potential foreclosure sale of the 347A Quincy Property, provided that any surplus proceeds to which FAF may be entitled are promptly distributed to the Receiver.

**The Receiver Opposes Toorak's Proposed Intervention in this Action, But**
**Agrees that Toorak Should be Permitted to Proceed with its Foreclosure Actions**

22.     As this Court is aware, CBSG and its related MCA companies, included FAF, have more than 1,000 merchants with outstanding balances on their merchant cash advance agreements. The Receiver is negotiating on a daily basis with these merchants to resolve issues relating to their accounts.  For example, as a result of Orders from this Court granting the Receiver's prior motions to lift the litigation injunction contained in the Amended Order, the Receiver has marked confessed judgments as satisfied or dissolved writs of attachment with respect to collections proceedings involving hundreds of merchants.

23.     Recognizing the challenges that may accompany allowing numerous non-parties to intervene in this action for the purpose of seeking to lift the litigation injunction, the Receiver

requests the Court to deny the Motion to Intervene.[2]  At the same time, however, the Receiver, through the Receiver's Motion to Lift Litigation Injunction, hereby requests the Court to lift the litigation injunction contained in the Amended Order for the limited purpose of allowing Toorak to proceed with the 145 Stuyvesant Foreclosure action and the 347A Quincy Foreclosure Action, and a potential foreclosure sale of the 145 Stuyvesant Property and the 347A Quincy Property.

WHEREFORE, Ryan K. Stumphauzer, as Court-Appointed Receiver, by and through his undersigned counsel, respectfully requests this Honorable Court to: (1) deny Toorak's Motion to Intervene; and (2) grant the Receiver's Motion to Lift Litigation Injunction, on a limited basis as set forth above. A proposed order for the Court's consideration is attached as Exhibit 1.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

The undersigned counsel has conferred with the SEC regarding the relief sought herein and certifies that the SEC is in agreement with the Receiver's opposition to the Motion to Intervene and does not oppose the relief requested in the Receiver's Motion to Lift Litigation Injunction.

Dated: September 25, 2022                    Respectfully Submitted,

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:  (305) 614-1425

By:  */s/ Timothy A. Kolaya*
      TIMOTHY A. KOLAYA
      Florida Bar No. 056140
      tkolaya@sknlaw.com

      *Co-Counsel for Receiver*

---

[2] To that end, the Receiver incorporates the SEC's prior arguments opposing requests by non-parties to intervene in this SEC enforcement action. *See, e.g.*, SEC's Response in Opposition to Lead Funding's first Motion to Intervene [ECF No. 409].

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone:  (215) 320-6200
Facsimile:   (215) 981-0082

By:   */s/ Gaetan J. Alfano*
    GAETAN J. ALFANO
    Pennsylvania Bar No. 32971
    *(Admitted Pro Hac Vice)*
    GJA@Pietragallo.com
    DOUGLAS K. ROSENBLUM
    Pennsylvania Bar No. 90989
    *(Admitted Pro Hac Vice)*
    DKR@Pietragallo.com

    *Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2022, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

    */s/ Timothy A. Kolaya*
    TIMOTHY A. KOLAYA