# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 07, 2022

**FILED BY** _____ *JE* _____ **D.C.**

*Oct 7, 2022*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  21-10195-GG
Case Style: Securities and Exchange Comm. v. Complete Business Solutions, et al
District Court Docket No: 9:20-cv-81205-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10195

_____

SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

JOSEPH CAPUTO,

Intervenor-Plaintiff,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,
d.b.a. Par Funding. et al.,

Defendants,

L.M.E. 2017 FAMILY TRUST,
JOSEPH W. LAFORTE,
a.k.a. Joe Mack,
a.k.a. Joe Macki,

2                                                                21-10195

a.k.a. Joe McElhone,

LISA MCELHONE,

                                                Defendants-Appellants,

THE LME 2017 FAMILY TRUST,

                                                Defendant-Appellee,

LEAD FUNDING, II, LLC,

                                                Intervenor,

RYAN K. STUMPHAUZER,

as Receiver for Complete Business Solutions Group, Inc.

d.b.a Par Funding and the Other Receivership Entities,

                                                Interested Parties-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

ISSUED AS MANDATE:  10/07/2022

21-10195                Opinion of the Court                3

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 15, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10195

_____

SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

JOSEPH CAPUTO,

Intervenor-Plaintiff,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,
d.b.a. Par Funding et al.,

Defendants,

L.M.E. 2017 FAMILY TRUST,
JOSEPH W. LAFORTE,
a.k.a. Joe Mack,

a.k.a. Joe Macki,
a.k.a. Joe McElhone,
LISA MCELHONE,

Defendants-Appellants,

THE LME 2017 FAMILY TRUST,

Defendant-Appellee,

LEAD FUNDING II, LLC,

Intervenor,

RYAN K. STUMPHAUZER,
as Receiver for Complete Business Solutions Group, Inc.
d.b.a. Par Funding and the Other Receivership Entities,

Interested Parties-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

21-10195                    Opinion of the Court                       3

Before Newsom, Marcus, Circuit Judges, and Covington,* District Judge.

Newsom, Circuit Judge:

In this interlocutory appeal, we must decide whether we have jurisdiction to review a district court order expanding the scope of a previously created receivership estate. Because the receivership-expansion order is neither an order "appointing [a] receiver[]" within the meaning of 28 U.S.C. § 1292(a)(2) nor an order "granting, continuing, modifying, refusing or dissolving [an] injunction[]" within the meaning of 28 U.S.C. § 1292(a)(1), we hold that we lack jurisdiction to review it and dismiss the appeal.

I

In July 2020, the Securities and Exchange Commission initiated an enforcement action against several entities and individuals, including Complete Business Solutions Group, Inc. d/b/a Par Funding, its controllers Lisa McElhone and Joseph LaForte, and its owner L.M.E. 2017 Family Trust. It alleged that McElhone and LaForte used Par Funding to raise money through unregistered securities offerings and to make opportunistic loans to small businesses across America. Simultaneously, the SEC moved for the appointment of a receiver over Par Funding and other defendant

---

* Honorable Virginia M. Hernandez Covington, United States District Judge for the Middle District of Florida, sitting by designation.

entities to protect investor funds that were commingled with or transferred to those companies.  The district court granted the unopposed motion and appointed Ryan Stumphauzer as receiver, authorizing him to "take custody, control, and possession of all Receivership Entity records, documents, and materials" and to "take any other action as necessary and appropriate for the preservation of the Receivership Entities' property interests."  The defendants didn't appeal the order appointing Stumphauzer as receiver.

The following month, the SEC moved to amend the receivership order to include several other entities in the receivership and to clarify the receiver's powers and duties.  The district court granted the motion and issued an amended order that gave Stumphauzer "all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Entities" and suspended the powers of the persons in those positions.  The defendants didn't appeal that order either.

In October 2020, Stumphauzer moved to expand the receivership estate once again to include entities and properties that had been found to have received proceeds of the fraud scheme.  In particular, the receiver sought to include the L.M.E. 2017 Family Trust, which had received commingled investor funds, and McElhone's personal real estate, which had been purchased with commingled proceeds.  The district court granted the motion.  It found "a clear necessity for expansion given that tainted funds . . . may be found in the entities and properties identified."

The defendants appealed, contending that they weren't afforded an adequate opportunity to be heard before the receivership estate's expansion. Stumphauzer has moved to dismiss the defendants' appeal for lack of jurisdiction.[1]  Because this appeal stems from an interlocutory order—*i.e.*, a nonfinal decision in an ongoing case—we must first determine our jurisdiction to review it.[2]

## II

Appellate jurisdiction is generally limited to "final decisions of the district courts."  28 U.S.C. § 1291.  Congress, however, has granted appellate jurisdiction over certain categories of district court orders that don't fall within § 1291's final-judgment rule.  As relevant here, 28 U.S.C. § 1292(a) authorizes appellate review of:

> (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court; [and]

---

[1] Stumphauzer also challenges the standing of one of the defendants—the L.M.E. 2017 Family Trust—to challenge the district court's order.  Because we conclude that we lack jurisdiction to entertain this appeal, we needn't address the Trust's standing.  *See Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) ("If we lack jurisdiction, our only remaining function is to announce that we lack jurisdiction and dismiss the cause.").

[2] "We review *de novo* questions of our jurisdiction."  *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019).

(2) Interlocutory orders appointing receivers, or re-
fusing orders to wind up receiverships or to take steps
to accomplish the purposes thereof, such as directing
sales or other disposals of property.

It is undisputed that § 1291 doesn't provide jurisdiction here
because the order expanding the receivership estate was just an in-
terim order entered in the course of an ongoing enforcement ac-
tion. Stumphauzer contends, most prominently, that § 1292(a)(2)
doesn't provide jurisdiction either because the expansion order was
not an "order[] appointing [a] receiver[]." Because he was *ap-
pointed* by the July 2020 order, not the October 2020 order that
underlies this appeal, he says that the expansion order falls outside
§ 1292(a)(2)'s ambit. For their part, the defendants contend that the
expansion order falls within § 1292(a)(2) because it "appoint[ed]"
Stumphauzer as the receiver over assets not previously subject to
his control. Separately, they assert that the expansion order can be
characterized as an order "granting" (or "modifying") an injunction
and is thus appealable under § 1292(a)(1).[3]

## A

Because it addresses receiverships specifically, we begin with
§ 1292(a)(2). Again, that section provides for the immediate appeal
of interlocutory orders doing any of three things: (1) "appointing
receivers"; (2) "refusing . . . to wind up receiverships"; and

---

[3] Section 1292(b) isn't implicated here because the district court never certified
the expansion order for immediate appeal.

(3) refusing "to take steps to accomplish the purposes" of winding up receiverships, "such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2); *see also Netsphere, Inc. v. Baron*, 799 F.3d 327, 331–32 (5th Cir. 2015) (explaining that every circuit to address the issue has held that § 1292(a)(2)'s "refusing orders" clause modifies the phrase "to take steps to accomplish the purposes thereof"). Section 1292(a)(2)'s text clearly shows that Congress authorized appellate jurisdiction over what we'll call "front-end" and "back-end" receivership-related orders—*i.e.*, initial orders establishing receiverships and later orders refusing to wind them up. But it remained silent as to interim receivership-related orders. Given the general principle that "[s]tatutes authorizing appeals are to be strictly construed," *California Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 579 (1987), we take Congress's silence in that respect to indicate that mid-stream orders entered in the normal course of receivership proceedings are *not* immediately appealable. *See, e.g.*, *Netsphere*, 799 F.3d at 332–33 (reasoning that orders entered in the normal course of a receivership are unappealable); *United States v. Solco I, LLC*, 962 F.3d 1244, 1250 (10th Cir. 2020) (same); *Florida v. United States*, 285 F.2d 596, 600 (8th Cir. 1960) (construing § 1292(a)(2) strictly and disposing of argument that an expansion order was "in practical effect the appointment of a receiver"); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3925 (3d ed. 2015) ("Orders entered in the course of a receivership administration generally are not appealable as such.").

This plain-text reading of § 1292(a)(2) is bolstered by reference to its statutory neighbor, § 1292(a)(1).  That provision more broadly confers jurisdiction over orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1).  It thereby expressly authorizes immediate appeals not only of front- and back-end orders "granting," "refusing," or "dissolving" injunctions, but also of mid-stream orders "continuing," "modifying," or "refusing to dissolve or modify" them.  The contrast is unmistakable.  Had Congress wanted to authorize the same robust interlocutory appellate review of interim receivership-related orders, it could have included similar language in § 1292(a)(2).  It didn't, and its decision in that respect is "telling." *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484–85 (1996); *see also Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 777 (2020) (explaining the interpretive "presum[ption] that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another" (quotation omitted)).

The defendants seek to shoehorn the district court's expansion order into § 1292(a)(2)'s language by asserting that it was, in fact, an order "appointing" a receiver because the order said that it "appointed" Stumphauzer as receiver of all the entities described therein.  But colloquial usage, while relevant, doesn't control a statute's meaning, *see Heyman v. Cooper*, 31 F.4th 1315, 1320 n.3 (11th Cir. 2022), and "the label used by the district court is not dispositive in a determination of the appealability of an order under

section 1292(a)(2)," *In re Pressman-Gutman Co.*, 459 F.3d 383, 393 (3d Cir. 2006) (citing *United States v. Sylacauga Props., Inc.*, 323 F.2d 487, 490 (5th Cir. 1963)).  Moreover, and in any event, the defendants' argument fails to account for the balance of the district court's order, which was titled "Order Granting Motion to Expand the Receivership Estate," described the receiver's motion as seeking "to modify" the appointment order, and repeatedly said that it was "expand[ing]" the receivership estate.

Text and structure aside, the defendants' position suffers from an acute line-drawing problem.  At oral argument, the defendants acknowledged—as they must, given existing precedent— that an order expanding a receivership to include new *assets* isn't a new "appoint[ment]" order.  *See* Oral Arg. at 2:00–3:00; *see also United States v. Beasley*, 558 F.2d 1200 (5th Cir. 1977) (per curiam) (holding that an order directing a party to turn over a certain amount of money to an existing receivership isn't appealable under § 1292(a)(2)); *Wark v. Spinuzzi*, 376 F.2d 827 (5th Cir. 1967) (per curiam) (same for bonds); *cf. Belleair Hotel Co. v. Mabry*, 109 F.2d 390 (5th Cir. 1940) (holding that an order authorizing the receiver to execute a lease for a property in his control isn't immediately appealable).  But, they insisted, an order expanding an existing receiver's authority to encompass additional *entities* is different.  The asset-entity distinction that the defendants seek to draw is found nowhere in § 1292(a)(2)'s text and makes little practical sense.  We can discern no reason why Congress would have wanted to preclude immediate appellate review of an order expanding a

receiver's authority to reach a significant new "asset"—say, a $100 million brokerage account—but to authorize interlocutory review of a similar order extending his authority to include a relatively insignificant "entity."

Finally, the defendants' reading of § 1292(a)(2) contravenes the general policy against piecemeal appeals.  As the Supreme Court has said, "[p]ermitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quotation omitted); *see also Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty.*, 280 F.3d 1289, 1293 (11th Cir. 2002) ("The Supreme Court, this Court, and our sister circuits all have warned of the dangers of piecemeal appeals . . . .").  That policy is especially salient in the receivership context.  A receivership is fluid; its scope will often evolve as proceedings unfold.  For just that reason, district courts have "broad powers and wide discretion to determine relief in an equity receivership." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).  Were we to immediately review all scope-related orders of the sort that this case entails, we would, in effect, become the micromanagers of district courts' day-to-day administration of receiverships.  That is the very sort of meddling the final-judgment rule was designed to prevent.  *Cf. Solco*, 962 F.3d at 1250 ("[Section] 1292(a)(2) creates a narrow exception to the long-established policy against piecemeal appeals." (quotation omitted)); *Netsphere*, 799 F.3d at 332 ("We have also

refused to find jurisdiction over other orders issued in the course of a receivership . . . . So have our sister circuits.").

These common-sense considerations confirm what § 1292(a)(2)'s text and structure indicate:  We lack jurisdiction over scope-related orders entered in an ongoing receivership.

## B

What about § 1292(a)(1)?  The defendants separately assert that because the October 2020 receivership-expansion order incorporated the district court's earlier receivership-appointment order that possessed injunctive qualities—in that it required them to turn over certain entities and properties to the newly appointed receiver—it can be appealed as an order "granting . . . an injunction." *See* Appellants' Supplemental Br. at 5–7; Oral Arg. at 7:15–7:30. That argument fails for two reasons.  First, it is foreclosed by Supreme Court precedent, which makes clear that an order appointing a receiver can't be construed as "embrac[ing] within its terms an injunction or the necessary equivalent of an injunction." *Highland Ave. & B.R. Co. v. Columbian Equip. Co.*, 168 U.S. 627, 629, 631–32 (1898).  In particular, the Court in *Highland* said that "[o]rders granting injunctions and orders appointing receivers are . . . entirely independent" and "it would savor of judicial legislation to hold that [an order appointing a receiver is] appealable[] as an order granting an injunction."  *Id.*  Second, even if the expansion order incorporated injunctive qualities, it was entered in the context of a receivership.  We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders,

to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes.  *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384–85 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general.").

In an effort to obtain injunction status, the defendants separately assert that the district court's October 2020 expansion order can be understood as an injunction issued under the All Writs Act. *See* Appellants' Supplemental Br. at 1.  That Act provides, in relevant part, that "courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The All Writs Act, we have said, is best understood as "a residual source of authority." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (quotation omitted).  It allows courts to "protect the jurisdiction they already have, derived from some other source," but it "does not create any substantive federal jurisdiction." *Id.* at 1099.  In other words, if a court has equitable or statutory authority to enter an injunction in a cause of action, the All Writs Act isn't implicated. *See id.* at 1097–99.

To the extent that the appointment of the receiver or the expansion of his duties could be viewed as an injunction at all, the district court possessed freestanding authority to enter it.  The Securities Exchange Act expressly allows courts to grant "any equitable relief that may be appropriate or necessary" when it appears that a person is engaged in acts or practices violative of the

securities laws, 15 U.S.C. § 78u(d)(5), and we have held that the "appointment of a receiver is a well-established equitable remedy available to the SEC in its civil enforcement proceedings for injunctive relief," *SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 438 (5th Cir. Unit A May 1981). Given that the district court had both statutory and residual equitable authority to establish and expand the receivership, it had no cause to invoke the All Writs Act to aid its jurisdiction.

For all these reasons, the expansion order can't be recast as an injunction appealable under § 1292(a)(1).

### III

Neither § 1292(a)(2) nor § 1292(a)(1) grants us jurisdiction to consider this appeal because the expansion order was neither an order appointing a receiver nor an order granting (or modifying) an injunction.

**APPEAL DISMISSED.**

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 15, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-10195-GG
Case Style:  Securities and Exchange Comm. v. Complete Business Solutions, et al
District Court Docket No:  9:20-cv-81205-RAR

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10195

ERRATA

_____

SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

JOSEPH CAPUTO,

Intervenor-Plaintiff,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,
d.b.a. Par Funding. et al.,

Defendants,

L.M.E. 2017 FAMILY TRUST,
JOSEPH W. LAFORTE,
a.k.a. Joe Mack,

a.k.a. Joe Macki,

a.k.a. Joe McElhone,

LISA MCELHONE,

Defendants-Appellants,

THE LME 2017 FAMILY TRUST,

Defendant-Appellee,

LEAD FUNDING, II, LLC,

Intervenor,

RYAN K. STUMPHAUZER,

as Receiver for Complete Business Solutions Group, Inc.

d.b.a Par Funding and the Other Receivership Entities,

Interested Parties-Appellees.

————————————

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 9:20-cv-81205-RAR

————————————

The opinion has been changed as follows:

On page 1, "d.b.a. Par Funding. et al." changed to "d.b.a. Par Funding et al."

On page 2, "Lead Funding, II" change to "Lead Funding II."

On page 2, "d.b.a Par Funding" changed to "d.b.a. Par Funding."

On page 12, deleted the word "on."

On page 12, deleted the word "a."

On page 13, "(5th Cir. 1981)" changed to "(5th Cir. Unit A May 1981)."