UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO CORRECT, AND FOR PARTIAL RELIEF FROM, THE FINAL JUDGMENT AND ORDER GRANTING IN PART PLAINTIFF'S AMENDED OMNIBUS MOTION FOR FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon Defendants Lisa McElhone and Joseph LaForte's Motion to Correct, and for Partial Relief from, the Final Judgment and Order Granting in Part Plaintiff's Amended Omnibus Motion for Final Judgment [ECF No. 1444] ("Motion") filed on November 18, 2022. Defendants ask the Court to (1) correct a clerical mistake in the Disgorgement Order [ECF No. 1432] and Final Judgment as to Defendants Joseph W. LaForte and Lisa McElhone [ECF No. 1433]; (2) reconsider its reliance on the SEC Expert Report as opposed to the Bradley Sharp report; and (3) revise its prejudgment interest calculation based on the corrected disgorgement amount along with providing an explanation of the methods used to calculate prejudgment interest. The Court conducted a status conference via Zoom videoconference on November 21, 2022. *See* [ECF No. 1446] ("Hearing"). During that Hearing, the Court acknowledged the clerical error in its calculations, denied Defendants' request to relitigate the use of the SEC Expert Report, and explained how it calculated prejudgment interest

up through the date of the Disgorgement Order. Further, the SEC stated *ore tenus* that it agreed with the Court's position on all three points. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Rule 59(e) motion to amend the Final Judgment and Rule 60(a) motion to correct the clerical mistake in the Disgorgement Order calculations is **GRANTED**. Rule 59(e) permits a district court to amend a judgment in order to "rectify its own mistakes in the period immediately following its decision." *See Harris v. Wingo*, No. 2:18-CV-17-JES-MRM, 2022 WL 562263, at *1 (M.D. Fla. Feb. 24, 2022) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020)) (internal citations omitted). "A district court may act under Rule 60(a) only to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time." *Phuc Quang Le v. Humphrey*, 703 F. App'x 830, 835 (11th Cir. 2017) (citing *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 688–91 (11th Cir. 1987)) (internal quotations omitted); *see also Hale Container Line, Inc. v. Houston Sea Packing Co., Inc.*, 137 F.3d 1455, 1474 (11th Cir. 1998) (correcting mathematical error in a damage award pursuant to Rule 60(a)). The Court intended to deduct Cole and Abbonizio's disgorgement amounts from the disgorgement amounts entered against McElhone and LaForte but failed to do so. The Court will therefore enter an Amended Disgorgement Order and Amended Final Judgment as to Lisa McElhone and Joseph W. LaForte to rectify the clerical error in its calculations.

2. The Court declines to relitigate its reliance on the SEC Expert Report prepared by Melissa Davis as opposed to Bradley Sharp's report. *See* Disgorgement Order at 15–16. Rule 59(e) cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Further, "[p]arties cannot file motions for reconsideration that ask

the Court to rethink what the Court . . . already thought through—rightly or wrongly." *American Univ. of Caribbean, N.V. v. Carital Healthcare, Inc.*, No. 08-20374, 2011 WL 13174780, at *1 (S.D. Fla. Mar. 17, 2011) (internal quotations and citation omitted); *see also Farrell v. Flecha*, No. 13-22457, 2013 WL 12139327, at *1 (S.D. Fla. Jul. 25, 2013) ("A motion for reconsideration cannot be used to re-litigate old matters or present evidence that was available prior to the entry of judgment.") (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)).  Therefore, for the reasons stated in the Disgorgement Order, Defendants' motion to reconsider and amend on this point is **DENIED**.

3. The Court will recalculate the prejudgment interest amounts for McElhone and LaForte up through the date of the original Disgorgement Order based on the corrected disgorgement calculation.  This recalculated amount will be reflected in the Amended Disgorgement Order and Amended Final Judgment.  Accordingly, Defendants' motion on this point is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of November, 2022.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  Counsel of Record