UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## AMENDED FINAL JUDGMENT AS TO DEFENDANTS
## LISA MCELHONE AND JOSEPH LAFORTE

**THIS CAUSE** comes before the Court upon the Amended Order Granting in Part Plaintiff's Amended Omnibus Motion for Final Judgment [ECF No. 1449] ("Amended Order").[1] For the reasons set forth in the Order, it is hereby **ORDERED AND ADJUDGED** as follows:

## INCORPORATION OF JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court's Judgments of Permanent Injunction as to Defendants entered on November 24, 2021 [ECF Nos. 1008 and 1010] are hereby adopted and incorporated by reference with the same force and effect as if fully set forth herein, and that Defendants shall comply with all the undertakings and agreements set forth therein.

---

[1] Pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), the Amended Order solely corrected a clerical mistake in the disgorgement calculations for Lisa McElhone and Joseph W. LaForte and provided updated prejudgment interest amounts based on those corrected calculations. Defendants moved the Court to make these corrections, [ECF No. 1444], the SEC stated *ore tenus* it did not oppose Defendants' motion related to the clerical mistakes, [ECF No. 1446], and the Court granted in part Defendants' motion, [ECF No. 1449].

## **DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are jointly and severally liable for disgorgement of $142,529,980, representing the amount of their ill-gotten gains as a result of the conduct alleged in the Amended Complaint [ECF No. 119], together with prejudgment interest thereon in the amount of $10,694,758.24. Defendants are also liable for civil penalties in the amount of $21,850,000 each for a total of $43,700,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendants shall pay the total of **$196,924,738.24** to the Court-appointed Receiver within **thirty (30)** days of entry of this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after thirty (30) days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post-judgment interest on any amounts due after thirty (30) days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission or the Receiver may propose a plan to distribute the funds subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fair Fund and the Fund may only be disbursed pursuant to an order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## **RETENTION OF JURISDICTION**

This Court shall retain jurisdiction over this matter and Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any

suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of November, 2022.

                                            **RODOLFO A. RUIZ II**
                                            **UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record