## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

      Defendants.

_____/

### RECEIVER'S MOTION TO ESTABLISH AND APPROVE: (1) PROOF OF CLAIM FORM; (2) CLAIMS BAR DATE AND NOTICE PROCEDURES; AND (3) PROCEDURE TO ADMINISTER AND DETERMINE CLAIMS

      Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership

Entities,[1] by and through his undersigned counsel, respectfully requests the Court to approve his

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; 500 Fairmount Avenue, LLC; Liberty Eighth Avenue LLC; Blue Valley Holdings, LLC; LWP North LLC; The LME 2017 Family Trust; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, LLC; and the receivership also includes the properties

proposed procedures and framework for a claims process, which includes approval of a proof of claim form, a claims bar date, and notice procedures. In support thereof, the Receiver states:

## I.      **INTRODUCTION**

This case involves allegations that CBSG, including its principals Lisa McElhone and Joseph LaForte, together with certain other individuals, violated the securities laws in an offering that raised hundreds of millions of dollars from investors, including direct investors and through various "agent funds."   Based on evidence presented by Plaintiff Securities and Exchange Commission (the "SEC"), the Court granted various relief, including the appointment of a Receiver to marshal and safeguard assets for the benefit of defrauded investors. (ECF No. 141). The Receiver has made significant progress since his appointment, including recovering or otherwise taking possession of approximately $115 million in cash and more than $60 million in other assets that the Defendants obtained with commingled investor funds.

The records of the Receivership Entities reflect that, as of the Receiver's appointment, there were 80 current investors (either individuals or entities) (the "Current Direct Investors") that had a total of approximately $360 million in net principal invested with CBSG, and had received in excess of $100 million in interest from CBSG.[2]   Of these Current Direct Investors, 44 are investment funds that were established for the sole purpose of pooling funds from individual investors for investment in CBSG ("Agent Funds"), eight (8) of which are Receivership Entities under the Receiver's control.   There are hundreds of individual investors in the eight (8) Agent

---

located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; 107 Quayside Dr., Jupiter FL 33477; and 2413 Roma Drive, Philadelphia, PA 19145.

[2] These figures do not include previous investors in CBSG who were paid back their entire investment prior to July 27, 2020.

Funds that are Receivership Entities under the Receiver's control, and hundreds more of individual investors in the Agent Funds that are not Receivership Entities.

In establishing a claims process for eventual distribution of recovered funds, the Receiver seeks Court approval of the proposed framework and procedures of the claims process detailed herein. Accordingly, the Receiver respectfully moves this Court for an Order: (i) approving the proof of claim form (the "Proof of Claim Form") attached hereto as **Exhibit 1** and the procedure to administer and determine claims set forth herein; (ii) establishing a deadline for filing any proof of claim with the Receivership; and (iii) permitting notice of the deadline by mail and e-mail in the form attached hereto as **Exhibit 2**, by publication in specified newspapers in the form attached hereto as **Exhibit 3**, and on the Receiver's website at www.parfundingreceivership.com. A proposed Order granting this Motion is attached as **Exhibit 4**.

## II.      BACKGROUND

### A.      Procedural Background

On July 24, 2020, the SEC filed a complaint (the "Complaint") (ECF No. 1) in the United States District Court for the Southern District of Florida (the "Court"), alleging that the Defendants violated the securities laws by, among other things, making false or materially misleading representations to investors relating to their investment in CBSG.  On July 27, 2020, the Court entered the Order Appointing Receiver which, in relevant part, directed the Receiver to "[t]o take custody, control and possession of all Receivership Entity records, documents, and materials, and to safeguard these items until further Order of the Court."  (ECF No. 36 ⁋ 1).  The Court later entered an Amended Order Appointing Receiver on August 13, 2020, which authorized the Receiver to "develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered and recoverable Receivership Property." (ECF No. 141 ⁋ 52).

B.      **Sources of Recovery for Potential Future Distribution to Claimants**

The vast majority of assets recovered to date generally fall into three categories: (1) funds recovered from bank accounts or otherwise collected from individuals or entities that were obligated to pay funds to the Receivership Entities; (2) real estate the Receiver has identified and secured that the Defendants purchased with commingled investor funds; and (3) other property, including vehicles, watercraft, artwork, and luxury watches, that the Defendants obtained with commingled investor funds. In addition to the assets secured to date, the Receiver anticipates he will recover additional funds from individuals and entities that have remaining obligations to the Receivership Entities, and he continues to analyze and pursue other claims against third parties.

IIII.   **DISCUSSION**

A.      **Legal Standard**

The Court's power to supervise an equity receivership and determine the appropriate actions to be taken in its administration is extremely broad. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). It is appropriate for a receiver to seek guidance from a court when devising a claims process in an equity receivership, given the importance of such a matter and wide discretion in how such a process could be structured.  As has been noted, "[i]t is the court itself which has the care of the property in dispute . . . [and the] receiver is but the creature of the court." *SEC v. Safety Finance Service, Inc.*, 674 F.2d 368, 373 (5th Cir. 1982).

In receivership proceedings, "[e]very person who has any claim or demand against the estate or property in the custody of the court through the receiver, . . . must assert such claim or demand in the court in which such receiver was appointed." Ralph E. Clark, Clark on Receivers § 646, at 1132 (3rd ed. 1992). One way for claimants to assert a claim is for claimants to be authorized "under a general order of the appointing court [to file their] claim with the receiver."

*Id*. at 1132. The receiver may agree or disagree with the claim, which is ultimately decided by the court. *Id*.; *see also S.E.C. v. Founding Partners Capital Mgmt.*, 2014 WL 2993780, at *1 (M.D. Fla. 2014) (agreeing with and adopting the receiver's recommendations concerning investor claims). "The claims should be definite enough to enable the receiver to pass on their validity, fairness and legality and to place them in their proper and legal category of claims for preference, if any." Clark on Receivers § 651, at 1142.

In addition to approving a Proof of Claim Form, a court is often asked to approve relief regarding submission and notice of claims. This includes a "bar date" limiting the time within which claims must be presented. *See S.E.C. v. Onix Capital, LLC*, 2018 WL 1124435 (S.D. Fla. 2018) ("among these broad powers is the power to establish proof of claim procedures and set an effective claims bar date"). An order limiting the time within which claims must be submitted has been deemed to be necessary to "lay the foundation for the court to order payments to creditors and distribution to those entitled to receive." Clark on Receivers § 651, at 1142; *see also SEC v. Morriss*, 2014 WL 585395, at *3 (E.D. Mo. 2014) (finding claimant forfeited his right to either claim or object to a distribution by failing to submit a claim).

Furthermore, a court with jurisdiction over a receivership should take measures to notify interested parties affected by the receivership by advertisement and by proper notices by mail, by publication and otherwise. Clark on Receivers § 652, at 1143; *see also SEC v. Tanner*, 2006 WL 897642, *1 (D. Kan. 2006) (approving receiver's website notice and e-mail notice to investors of a claims process and claims bar date). District courts within the Eleventh Circuit have previously approved similar distribution methods, procedures, proof of claim forms, and bar dates to those proposed in this motion. *See, e.g., SEC v. Natural Diamonds Investment Co., et al.*, Case No. 19-cv-80633, ECF No. 296 (S.D. Fla. May 27, 2021); *SEC v. Onix Capital, LLC*, 16-24678-CIV, 2018

WL 1124435, at *1 (S.D. Fla. Feb. 23, 2018); *SEC v. Oasis International Group, Limited, et al.*, Case No. 8:19-cv-966-T-33SPF, Order Doc. 231 (M.D. Fla. Feb. 4, 2020).

### B.     The Proposed Claims Process

#### i.     <u>Claims Agent</u>

In an Order dated December 5, 2022, the Court authorized the Receiver to engage Epiq Corporate Restructuring LLC as the Receiver's Noticing, Claims, and Distribution Agent in this matter ("Claims Agent").  (ECF No. 1456).  The Receiver is currently working with the Claims Agent to establish an online portal and database for the management of the claims process that the Receiver has proposed through this Motion.  As described in the Motion to Approve Engagement of Noticing, Claims, and Distribution Agent (ECF No. 1455), the Claims Agent will be involved in sending out notice to potential claimants, receiving and processing claim forms, and providing other administrative support to the Receiver in connection with the claims process.

#### ii.     <u>Claim Bar Date</u>

The Receiver seeks entry of an order establishing a deadline by which all claimants holding a claim against any of the Receivership Entities arising out of the activities of the Receivership Entities (the "Claimants") must assert their claim (the "Claim Bar Date"). The Receiver proposes that the Claim Bar Date be set 90 days from the date when the Court approves the Receiver's proposed claims process.  This date will allow the Receiver sufficient time to arrange for and publish the proposed Notice and provide potential Claimants sufficient time to file a claim. Claimants must file claims to participate in any future distribution of assets within the Receivership Estate. The Receiver proposes that any claim received (or, in the case of a claim submitted by United States Postal Service, postmarked) after the Claim Bar Date be disallowed.

A Claim Bar Date is necessary to allow as many Claimants as possible to participate in the claims process, while also allowing the Receiver to obtain certainty in a reasonably prompt fashion of the total amount of potential claims to the assets of the Receivership Entities. Such certainty is necessary to be able to determine, prior to the commencement of any distribution process, the amount of money each Claimant with an allowed claim may ultimately be entitled to receive and to facilitate a timely claims resolution and distribution process.  Accordingly, the Receiver requests the Court to include a Claims Bar Date within the Order granting this Motion and approving the Receiver's proposed claims process (the "Bar Date Order").

### iii.    The Proof of Claim Form

Attached as **Exhibit 1** is the Receiver's proposed Proof of Claim Form for Claimants. Claimants will be encouraged to complete the claims process online and will be instructed to provide supporting documentation. Detailed instructions for completing the Proof of Claim are provided on page 4 of the form itself and will also be included in the notice to be provided to Claimants. The website/portal will also include answers to frequently asked questions and will direct claimants to send any further questions to a designated e-mail address.

The Proof of Claim Form is designed to make it clear to claimants what information they need to provide and submit in order for a claim to be accepted and allowed. Accordingly, the Receiver requests approval of the Proof of Claim Form and authorization to establish, with the assistance of the Claims Agent, the web portal where Claimants will be able to electronically file their Proof of Claim Form.

iv.     **Categories of Claimants**

a.      **Direct Claimants and Other Potential Claimants**.

Based on the Receiver's and his professionals' review and analysis of relevant documentation, the Receiver believes he has identified all (if not substantially all) direct investors who invested funds with the Receivership Entities ("Direct Investors"), former employees of the Receivership Entities as of the date the Court appointed the Receiver ("Former Employees"), other individuals and companies that had a pending accounts payable balance from one or more of the Receivership Entities as of the date the Court appointed the Receiver ("Other Known Creditors"), and any individual or entity that instituted a legal action against any of the Receivership Entities ("Pre-Receivership Litigants"). The Direct Investors, Former Employees, Other Known Creditors, and Pre-Receivership Litigants are referred to herein as the "Direct Claimants." As to each of these Direct Claimants, the Receiver possesses last known mailing addresses and, in some instances, an e-mail address, either for the Claimant itself or, in the case of the Pre-Receivership Litigants, their legal counsel. As a result, the Receiver proposes delivering direct notice by U.S. Mail and, where an e-mail address is available, by e-mail, to all known Direct Claimants.

Some of the last known mailing addresses for Direct Claimants may no longer be current. In addition, it is possible that Other Potential Claimants may be currently unknown. Other Potential Claimants include, but are not limited to, individuals or entities that have or believe they may have a claim against any Receivership Entity based on the conduct by: (i) any of the Receivership Entities; (ii) any individual employed by a Receivership Entity arising from any action of the employee undertaken in the course and scope of that employment; or (iii) any officer or director of a Receivership Entity arising from any actions undertaken by that person prior to July 27, 2020, in relation to that role. Without limiting the generality of the foregoing, a Receivership Entity-

- 8 -

Related Claim includes, but is not limited to a Claim against a Receivership Entity based on: (i) a transaction related to promissory notes or other money loaned to any Receivership Entity; (ii) investments (by subscription or otherwise) in any Receivership Entity; (iii) any contract, lease, or other agreement entered into prior to July 27, 2020, for which payment has not been made in whole or in part or for which payment will become due prior to, on or after July 27, 2020; (iv) the provision of goods or services provided prior to July 27, 2020; (iv) an uncashed check issued prior to July 27, 2020; (v) unpaid wages, compensation, or other employment benefits, for periods prior to July 27, 2020; (vi) any legal action or claim filed or otherwise asserted against any of the Receivership Entities; and (vii) taxes payable by a Receivership Entity arising from or attributable to tax periods beginning prior to July 27, 2020, even if due and payable subsequent to July 27, 2020, including those that may be asserted by federal, state, local or other governmental entities or authorities.  The Receiver does not have complete knowledge or details regarding all Other Potential Claimants.

As such, alternative forms of notice are advisable.  Based upon the documents reviewed and information gathered to date, it appears that the vast majority of investors and Other Potential Claimants are located in Pennsylvania and Florida. Given the concentration of Other Potential Claimants in these locations, as well as the significant expense associated with publishing notice in every city/state where Other Potential Claimants or interested parties may reside and the relatively few (if any) interested parties who might benefit from such publication, the Receiver proposes providing notice in the New York Times (national edition), USA Today, Philadelphia Inquirer, Palm Beach Post, Fort Lauderdale Sun Sentinel, and Orlando Sentinel for one day within forty (40) calendar days of entry of the Bar Date Order. As indicated herein, the proposed notice

plan includes notice by publication in two national newspapers and four local newspapers.  The Receiver further proposes to publish the Proof of Claim Form and Notice on his website.

> **b.    Investors in Agent Funds.**

Concerns have been raised about whether certain Direct Claimants, and in particular some of the Agent Funds, are properly equipped to submit a Proof of Claim Form, provide the necessary information and documentation to the Receiver to validate their claims, and ultimately receive and distribute any funds they recover through this process to the ultimate investors whose funds were invested in Par Funding.  For example, some Agent Funds previously delegated full responsibility to ABFP Management, LLC, one of the Receivership Entities, for managing the flow of funds to and from their individual investors and Par Funding and providing accounting support to these Agent Fund managers.  Because these accounting tasks were performed exclusively by an entity that is now under the control of the Receiver, some of the Agent Fund managers have advised that they do not have the capability to distribute funds to their own investors and would oppose receiving a distribution from the Receivership Estate, and that it might be more efficient to allow the Receiver to make direct distributions to the investors in those particular Agent Funds.

In addition, many of the individual investors in these Agent Funds have been contacting the Receiver about how they may submit a claim in this Receivership.  The Receiver believes that further discussion with the Court is warranted regarding the potential of distributing funds to the individual investors of certain Agent Funds.  To account for the possibility that the Court later determines it is appropriate for the Receiver to make distributions directly to the individual investors in certain of the Agent Funds, the Receiver's proposed claims process allows any investor in the Agent Funds to submit a Proof of Claim Form to the Receiver.  The notice procedures do

not, however, provide for delivery of direct notice to these individual investors in the Agent Funds at the current time.  Rather, they will be entitled to notice through publication.

Additionally, to ensure the Court has sufficient information to assess whether certain Agent Funds are equipped to distribute any funds they receive to their individual investors, or conversely whether direct distributions to any investors in the Agent Funds may be appropriate in any circumstances, the Receiver's proposed Proof of Claim Form requests the Agent Funds, when submitting their own direct claims, to provide the Receiver with details concerning all of the individual investors within that Agent Fund, including the identity of all investors, the amount of funds each investor invested in and received back (whether in the form of principal or interest) from the Agent Fund, including the dates of all such transactions, and confirmation that the manager of the Agent Fund will, in fact, distribute any funds received through this process to the individual investors in that Agent Fund, including the details of their proposed distribution plan.

The Receiver is not making a specific recommendation at this time about whether direct distributions to investors in Agent Funds should occur.  Rather, the Receiver anticipates that, upon receiving Proof of Claims from Agent Funds and from individual investors in these Agent Funds, including the additional information the Receiver will request from managers of the Agent Funds, it may be appropriate for the Receiver to file a motion with the Court requesting permission to make direct distributions to investors in Agent Funds.  At that time, the Receiver will have additional data, input, and other information that will inform the Receiver regarding his potential recommendations to the Court for making such direct distributions.

In the event the Court determines, upon the Receiver's motion or otherwise, that it would be appropriate for the Receiver to make direct distributions to investors in certain Agent Funds, the Receiver would likely propose providing additional direct notice (by US Mail and email) to

those individual investors at the addresses provided by the managers of those Agent Funds. Additionally, the Receiver would propose extending the Claims Bar Date for only that class of individual investors in these Agent Funds to allow them sufficient time to submit a Proof of Claim following the Court's determination and the Receiver's providing of direct notice.[3]

### c.   Investments Through Individual Retirement Accounts.

Many of the investors in the Agent Funds that are Receivership Entities (for example, the various ABFP-related income funds) invested in those Agent Funds through a self-directed individual retirement account ("IRA"). The majority of those IRAs are maintained by a custodian by the name of CamaPlan Self-Directed IRA LLC ("CamaPlan"). Because the IRA accounts, rather than the individual owners of those accounts, are the creditors/investors in these various Agent Funds, the Receiver anticipates that CamaPlan, as the custodian of these various IRA accounts, will be responsible for submitting the appropriate Proof of Claim on behalf of the owners of these accounts.

The Receiver has been in communication with CamaPlan regarding a process through which CamaPlan would be permitted to submit a "bulk claim" on behalf of its multiple account holders against the various Receivership Entities against which these IRA accounts may be entitled to assert claims. This will reduce the time and expense for administering the many claims that CamaPlan will be submitting on behalf of these various IRA accounts. As a result, the claims

---

[3] For example, with respect to claimants already entitled to receive direct mailed notice where the mailed notice is returned as undeliverable and the Receiver has an additional address for that claimant, the Receiver's proposed notice procedures in Section III(B)(v)(b) herein provide that the Claims Bar Date would be extended for a period of 30 additional days from the date the Claims Agent resent the additional notice (as reflected by the postmark on the mailing) to those claimants. The Receiver would anticipate proposing a similar extension of the Claims Bar Date in the event the Court determines that certain individual investors in Agent Funds will be entitled to receive distributions directly from the Receivership Estate.

process that the Receiver is proposing herein permits CamaPlan or any other IRA custodian to submit a Proof of Claim, in bulk, on behalf of all of its various account holders in any format mutually agreed upon by the Receiver and the IRA custodian.

      **d.**     **Administrative Claimants**.

Certain individuals or entities (including, without limitation, partnerships, corporations, joint ventures, estates, trusts, and governmental entities or authorities) may submit claims for: (i) goods or services they provided for the benefit of the Receivership Estate, or at the request of the Receiver, beginning on or after July 27, 2020, which remain unpaid; (ii) any taxes arising from or attributable to tax periods beginning on or after July 27, 2020, including those that may be asserted by federal, state, local or other governmental entities or authorities, which remain unpaid; or (iii) any current, future or contingent contractual obligations (including indemnification obligations) arising from any contract entered into by or on behalf of the Receivership Estate ("Administrative Claimants"). The process, including the Claims Bar Date, for Administrative Claimants to submit a Proof of Claim Form will be the same as for Direct Claimants. In addition, the Receiver will provide direct notice to any Administrative Claimants for which the Receiver has a last known mailing address.

      **v.**     <u>**Claim Notice and Publication Procedures**</u>

      **a.**     **Timing and Substance of Notice.**

The Receiver proposes to provide notice to Claimants within forty (40) calendar days of entry of the Bar Date Order. The notice will include: (i) the Proof of Claim Form (substantially in the form of Exhibit 1), and (ii) the Notice (substantially in the form of Exhibit 2 for those who receive direct notice, and substantially in the form of Exhibit 3 for those who receive notice by publication).

###### b.       Means of Serving Notice.

The Receiver proposes to provide notice to Direct Claimants and Administrative Claimants: (a) by United States first class mail (for those Direct Claimants and Administrative Claimants with a last known mailing address within the United States) and, if an e-mail address is available for a particular Direct Claimant or Administrative Claimant, by e-mail; and (b) by any method the Receiver deems reasonable in his sole and absolute discretion (for those Direct Claimants / Administrative Claimants without a last known address or with a last known address outside the United States). Upon return of any service item through United States first class mail as undeliverable, the Receiver will employ the following protocol:

(a)   If the United States Postal Service ("USPS") provided notice of an updated address as part of the undeliverable process or through a National Change of Address ("NCOA") search, notice will be resent to the new address as provided by the USPS;

(b)   If the primary address in the records of the Receivership Estate is not marked as undeliverable and the mail is still returned, but information within the records of the Receivership Entities includes a secondary address that matches the address on a W-9 provided by the claimant, notice will be resent to the secondary address;

(c)   If the primary address was previously undeliverable without a USPS update, notice will be resent to any secondary address within the records of the Receivership Entities.  If the USPS provides notice of an update to the secondary address as part of the undeliverable process, notice will be resent to the new secondary address provided by the USPS;

(d)   If no secondary address is readily available, the Claims Agent will research the NCOA database for one, and notice will be resent to the new address identified in the NCOA database.

In the event, pursuant to this protocol, additional notice is resent by mail to a new address to a Direct Claimant or Administrative Claimant, and the additional notice is resent less than 30 days prior to the Claims Bar Date, the potential claimant receiving additional mailed notice will be provided a grace period for submission of a Proof of Claim of 30 days from the date the Claims Agent resent the additional notice (as reflected by the postmark on the mailing).

Complying with this protocol for serving notice to Direct Claimants and Administrative Claimants with last known mailing addresses will satisfy the Receiver's notice requirements.

### c.    Individuals and Entities to Receive Notice by Mail.

At the direction of the Receiver, the Books and Records (including information obtained during the pendency of this receivership proceeding) have been examined and the Receiver proposes to provide notice by mail on the following known individuals or entities (including, without limitation, partnerships, corporations, joint ventures, estates, trusts, and governmental entities or authorities):

    i.      Direct Investors

    ii.     Former Employees of the Receivership Entities;

    iii.    Other Known Creditors;

    iv.     Pre-Receivership Litigants

    iv.     Administrative Claimants;

    v.      Federal, state, local or other governmental entities or authorities who may assert a Claim for taxes arising from or attributable to tax periods ending on or before July 27, 2020, even if the taxes are due and payable subsequent to July 27, 2020;

### d.    Notice by Publication.

The Receiver proposes that notice by publication to Other Potential Claimants be provided in the following manner.

### 1.    *Timing of notice.*

The Receiver proposes to provide notice by publication within forty (40) calendar days of entry of the Bar Date Order.

2.      *Substance of notice.*

The Notice to be provided by publication shall be substantially in the form of Exhibit 3.

3.      *Means of publishing notice.*

The Receiver proposes to publish the Notice of Claims Bar Date to Other Potential Claimants by publication in: (a) the New York Times, USA Today, Philadelphia Inquirer, Palm Beach Post, Fort Lauderdale Sun Sentinel, and Orlando Sentinel; and (b) such other publications, if any, that in the Receiver's sole and absolute discretion are reasonably calculated to provide notice to Other Potential Claimants and Administrative Claimants.  The Receiver has chosen newspapers of general circulation in the states listed above because they are reasonably likely to reach Other Potential Claimants and Administrative Claimants.  The Receiver's Claims Agent has obtained the following quotation for notice by publication from Hilsoft Notifications:

| **Publication** | **Distribution** | **Ad Size** |
|---|---|---|
| Sun-Sentinel | Broward County, Florida | 3 col x 5.25" |
| New York Times | National | 1 col x 2.5" |
| Orlando Sentinel | Orlando, Florida | 3 col x 5.25" |
| Philadelphia Inquirer | Philadelphia, Pennsylvania | 2 col x 2.5" |
| USA Today | National | 1 col x 3.5" |
| Palm Beach Post | Palm Beach County, Florida | 1 col x 3.5" |

The total quotation for providing notice by publication in these six publications is $8,206.00.  The For comparison and to confirm that this estimated cost is reasonable and appropriate, the Receiver will obtain additional quotations for these same publications prior to finalizing and authorizing this notice by publication.

   **e.**  **Notice by Press Release and Posting to the Receiver's Website.**

  Not later than fifteen (15) calendar days after entry of the Bar Date Order, the Receiver shall issue a press release and post it for review on the Receiver's website (http://www.parfundingreceivership.com/) along with the (i) Notice of Claims Bar Date, and (ii) Proof of Claim Form.

   **f.**  **Notice Upon Inquiry.**

  Copies of the Notice of Claims Bar Date and the Proof of Claim Form will be provided not later than fifteen (15) calendar days after receipt of a written request by any Claimant or Administrative Claimant for such documents to the Claims Agent's e-mail address: parfunding@epiqglobal.com or to the Claims Agent's mailing address: Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97005.

   **g.**  **Notice of Claims Bar Date and Proof of Claim Form Available Online.**

  Not later than fifteen (15) calendar days after entry of the Bar Date Order, copies of the Notice of Claims Bar Date and Proof of Claim Form will be available by downloading them from the Receiver's website (http://www.parfundingreceivership.com).

   **h.**  **Notice to Counsel.**

  Where the Receiver has notice that any Direct Investors, Other Known Creditors, Administrative Claimants, or other individual or entity, who is entitled to notice, is represented by counsel, copies of the documents sent by the Receiver to that counsel's client(s) will also be sent by e-mail to counsel who have not otherwise already received the documents.

**i.      Notice to the Receiver of Current Address.**

It is the responsibility of Claimants, Administrative Claimants and other interested parties to keep the Receiver apprised with a current e-mail and mailing address in order to receive notices or other communication from the Receiver or the Receivership Estate. A link to the Change of Information Form will be found on the Receiver's website.  The completed Change of Information Form must be sent to the Claims Agent by electronic mail, as an attachment in portable document format (.pdf), to parfunding@epiqglobal.com, or sent by mail addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421.

**vi.      <u>Claims Procedures for the Submission of a Proof of Claim.</u>**

The Receiver requests this Court to approve the following procedures for the submission of claims (the "Claims Procedures"):

**a.      Eligibility to Submit a Proof of Claim.**

All Claimants asserting or who believe they are entitled to assert a Claim or assert a right to distribution from the Receivership Estate, regardless of whether the Claim is held with or through any individual or entity or based on a primary, secondary, direct, indirect, secured, unsecured, unliquidated or contingent liability, MUST timely and properly submit a Proof of Claim.

**b.      Professional Claims and Intercompany Receivership Claims.**

Any claim based on professional services provided and fees and costs incurred after July 27, 2020, by the Receiver and his professionals for the benefit of the Receivership Estate ("Professional Claims") are not required to submit a Proof of Claim. Rather, the Receiver will continue to satisfy Professional Claims in the ordinary course of the Receivership, or through

quarterly applications for the payment of fees and reimbursement of expenses, in accordance with prior or future Court orders, as appropriate to the claim.

Any claims between and among the Receivership Entities ("Intercompany Claims") are preserved without the requirement of filing a Proof of Claim by the Receiver at this time.  Any such Intercompany Claims, as appropriate, will be subject to a Court-approved distribution plan.

### c.      Procedure for Submitting a Proof of Claim.

Except as otherwise ordered by this Court or provided herein, each Claimant and Administrative Claimant must properly complete and sign a Proof of Claim Form which, together with supporting documentation, must be timely submitted to the Receiver's Claims Agent by: (i) online submission to the Claims Portal, which is available at the Receiver's website (www.parfundingreceivership.com); (ii) mail addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421; or (iii) courier service addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, such that if submitted through the claims portal or sent by courier service, it is delivered to the Claims Agent no later than the Claims Bar Date, or if sent by mail, it is  postmarked no later than the Claims Bar Date.

If a Claimant or Administrative Claimant chooses to submit a Proof of Claim by courier service, they should retain evidence the Proof of Claim was delivered to the Claims Agent no later than the Claims Bar Date. If they choose to submit a Proof of Claim by mail, it is recommended that they submit their Proof of Claim by certified or registered mail and retain evidence that the Proof of Claim was postmarked no later than the Claims Bar Date.

CamaPlan or any other IRA custodian may submit a Proof of Claim, in bulk, on behalf of all of its various account holders in any alternate format mutually agreed upon by the Receiver and the IRA custodian, provided however that the IRA custodian must submit the Proof of Claim to the Receiver or his Claims Agent no later than the Claims Bar Date. In the event the Receiver and an IRA custodian are unable to agree on an alternate form for a bulk claim, the IRA custodian must submit a Proof of Claim on behalf of each of its account holders according to the general procedures applicable to all Claimants, as otherwise detailed herein.

        **d.**       **Required Supporting Documentation for the Proof of Claim.**

Each submitted Proof of Claim shall include attached copies of all available documents that support such Proof of Claim. Such documentation may include, but is not limited to: copies of personal checks, cashier's checks, wire transfer advices, and other documents evidencing the investment of funds; copies of each signed investment contract; copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection of lien; Form 1099s, Schedule K-1s, or other similar tax forms related to any investment in, ownership of, or receipt of principal or interest from one of the Receivership Entities; and other documents evidencing the amount and basis of the Claim. In addition, the Proof of Claim shall include a Form W-9, Form W-8, or other similar IRS form to confirm the Claimant's name, address, and taxpayer identification number (TIN).

As applicable, supporting documentation must also include a chronological accounting of any payments received from any of the Receivership Entities, whether such payments were denominated as the return of principal, interest, commissions, finder's fee, or otherwise, indicating the date and amount of each withdrawal or payment. Investors must include such information

starting from at least January 1, 2017, through July 27, 2020. If supporting documentation is not available, the Proof of Claim must include an attachment explaining why the documentation is unavailable. Claimants should include their name on every document submitted.

Claimants should only send copies, and should not send original documents, for any supporting documentation they include with their Proof of Claim.

Each Proof of Claim Form must satisfy certain minimum standards in order to establish a Claim and be eligible to receive a distribution pursuant to a Court-approved distribution plan. Accordingly, the more directly relevant information a Proof of Claim includes, the easier it will be for the Receiver to validate the Proof of Claim.

### e.    Materials That Should Not Be Submitted with a Proof of Claim.

Proofs of Claim should not include the following types of materials, unless requested by the Receiver or the Claims Agent: (i) marketing brochures and other marketing materials received from one of the Receivership Entities, (ii) routine or form correspondence received from one of the Receivership Entities, (iii) copies of pleadings on file in this case or other cases related to the Receivership or the Receivership Estate, and (iv) other documents received from the Receivership Estate that do not reflect specific information concerning the existence or amount of a Claim.

### f.    The Proof of Claim Must Identify the Appropriate Receivership Entity.

A Claimant or Administrative Claimant who is required to submit a Proof of Claim and who reasonably believes they hold or may hold a Claim against one or more of the Receivership Entities must file separate claims against each of the Receivership Entities against which a Proof of Claim is asserted. In addition, if an investor in an Agent Fund submits a Proof of Claim, that investor should identify the particular Agent Fund through which they invested in one of the

Receivership Entities. The failure to identify the correct entity(ies) on a Proof of Claim Form may be grounds for objection to, and disallowance of, such Proof of Claim.

g.    **Effect of Failure to Submit a Proof of Claim Before Claims Bar Date.**

Any Claimant or Administrative Claimant who is required to submit a Proof of Claim, but fails to do so in a timely manner or in the proper form, shall: (a) be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, any Claim against any of the Receivership Entities, the Receivership Estate, or its assets; and (b) shall not receive any distribution from or have standing to object to any distribution plan proposed by the Receiver. Further, the Receiver shall have no further obligation to provide any notices on account of such Claim and the Receivership Estate is discharged from any and all indebtedness or liability with respect to such Claim.

The proposed Claims Bar Date, the Notice of Claims Bar Date and procedures for submitting a Proof of Claim, and the Proof of Claim Form are not unduly burdensome or uncommon in matters of this nature. It is important to the efficient and orderly administration of the receivership that Proofs of Claim are timely and properly submitted and that Proofs of Claim not timely or properly submitted be disallowed. Establishment of the Claims Bar Date is necessary in order for the Receiver and the Court to determine those individuals and entities that will be entitled to share in distributions under a Court-approved plan.

h.    **Request for Additional Information.**

If at any time after receiving a timely Proof of Claim, the Receiver determines that additional information is needed to assess and process a Claim, the Receiver or his Claims Agent may contact the Claimant or Administrative Claimant (or counsel, if one is designated) by

telephone, mail, or e-mail at the contact information provided in the Proof of Claim Form to request such additional information.

### i.      Notice of Deficiency.

Prior to filing an objection with the court seeking to disallow a Claim, the Receiver may in his sole and absolute discretion send to a Claimant or Administrative Claimant (and to counsel, if one is designated), to such address or e-mail address as provided in the Proof of Claim Form, a written Notice of Deficiency that specifically identifies the information required to assess and process the Claim. Should the Receiver determine he needs additional information from a Claimant who was sent a Notice of Receiver's Initial Determination, the Receiver may send a Notice of Deficiency to that recipient. The Notice of Deficiency will further state that the Claim will be disallowed, without the Receiver having to file an objection to the Claim, if the additional information is not provided to the Receiver within thirty (30) calendar days of the date of the Notice of Deficiency.

### j.      Attempt to Resolve Objection.

The Claimant or Administrative Claimant are directed to work in good faith with the Receiver to resolve any disputes about the Claim before submitting them to the Court for determination.

### k.      Filing of Objection with Court.

If the Receiver is unable to resolve any disputes about a Claim, the Receiver shall file a written objection to the Claim with the Court. The objection shall include: (i) a detailed statement of the reasons for the Receiver's objection, and (ii) copies of any document or other writing upon which the Receiver relies.

        **l.**        **Court Ruling on Determinations and Objections.**

The Claimant or Administrative Claimant's response to the Receiver's claim objection shall be filed with the Court, and with a copy served on the Receiver and his counsel, within 20 calendar days of the date on which the Receiver filed his written objection to the Claim. The Receiver shall have 10 calendar days to file and serve his reply.

        **m.**        **Limitation on Discovery and Motion Practice.**

Prior to the Receiver's filing of an objection to a Claim, no discovery, motion practice, or other claims litigation shall occur unless the Claimant or Administrative Claimant first seeks and obtains leave of Court, upon a showing of good cause and substantial need for such relief.

        **n.**        **Consent to Jurisdiction.**

Submission of a Proof of Claim in this case constitutes consent to the jurisdiction of the Court for all purposes and constitutes agreement to be bound by its decisions, including, without limitation, a determination as to the extent, validity and amount of any Claim asserted against the Receivership Estate. The submission of a Proof of Claim shall constitute consent to be bound by the decisions of the Court as to the treatment of the Claim in a Court-approved distribution plan.

        **o.**        **Authority to Compromise and Settle.**

The Receiver shall have the authority to compromise and settle claims from any Direct Claimant or Administrative Claimant, or resolve any Notice of Deficiency, at any time, as appropriate, without further order of this Court. The Receiver, at his discretion, may file a motion seeking Court approval of any compromise or settlement of a Claim. All parties to this proceeding are directed to cooperate with the Receiver to the maximum extent possible to achieve swift resolution of disputes concerning claims without the need for a determination by the Court.

   p.    **Reservation of Rights.**

Nothing herein shall prejudice any right of the Receiver to dispute, or assert offsets or defenses as to the extent, validity, or priority, or otherwise against amounts asserted in any Proof of Claim, including but not limited to the manner in which accounts will be aggregated and Claims treated under a Court-approved distribution plan. Nothing contained herein is intended to preclude the Receiver from objecting to any Claim on any grounds. Subject to approval of the Court, the Receiver retains the sole and absolute right to propose a plan of distribution.

## III.    CONCLUSION

The Receiver requests that this Court grant the relief requested above, including approval of the Claims Procedures, the Notice of Claims Bar Date and Procedures for Submitting a Proof of Claim, the Proof of Claim Form, the Notice of Receiver's Initial Determination, the Notice of Claims Bar Date for Publication, the Notice of Deficiency, and related documents in satisfaction of the due process rights of interested parties.

## <u>CERTIFICATION REGARDING PRE-FILING CONFERENCE</u>

The undersigned counsel has conferred with the SEC and Defendants Lisa McElhone, Joseph LaForte, and Michael Furman regarding the relief sought herein and certifies that:

- The SEC does not oppose the relief requested herein;

- Defendants Lisa McElhone and Joseph LaForte do not oppose the Receiver's proposed forms or procedures, but do oppose the Receiver's identification of the "Direct Claimants" and/or "Director Investors" to the extent those definitions include Agent Funds and other persons or entities who Ms. McElhone and Mr. LaForte believe are not entitled to recover from the Receivership Estate, including without limitation, the Chehebars, A.G. Morgan Financial Advisors, LLC, AGM Capital Fund I, LLC, and AGM Capital Fund II, LLC; and

- Defendant Michael Furman does not oppose the relief requested herein, provided that his non objection is not deemed a waiver of any of his rights concerning this matter, including his pending appeal of the judgment entered against him.

Dated: December 21, 2022

Respectfully Submitted,

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400

By:  */s/ Timothy A. Kolaya*
     TIMOTHY A. KOLAYA
     Florida Bar No. 056140
     tkolaya@sknlaw.com

     *Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO**
**BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone:  (215) 320-6200

By:  */s/ Gaetan J. Alfano*
     GAETAN J. ALFANO
     Pennsylvania Bar No. 32971
     *(Admitted Pro Hac Vice)*
     GJA@Pietragallo.com
     DOUGLAS K. ROSENBLUM
     Pennsylvania Bar No. 90989
     *(Admitted Pro Hac Vice)*
     DKR@Pietragallo.com

     *Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

     */s/ Timothy A. Kolaya*
     TIMOTHY A. KOLAYA