Exhibit "2"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.

_____/

**NOTICE OF CLAIMS BAR DATE AND PROCEDURES
FOR SUBMITTING A PROOF OF CLAIM**

TO:    ALL CLAIMANTS AND ADMINISTRATIVE CLAIMANTS
         OF THE RECEIVERSHIP ENTITIES

PLEASE TAKE NOTICE OF THE FOLLOWING:[1]

On **[_____]**, the United States District Court for the Southern District of Florida (the "Court") entered an Order in the above-captioned case (the "Bar Date Order")[2] establishing **[_____]**, at 11:59 p.m. (prevailing Eastern Time) as the deadline (the "Claims Bar Date") for Claimants and Administrative Claimants to submit a completed and signed Proof of Claim Form under penalty of perjury, together with supporting documentation (a "Proof of Claim"), against the Receivership Entities in the above-captioned case.[3]

---

[1] Capitalized terms shall have the meaning as defined herein or, if not defined herein, as set forth in the Receiver's Motion to Establish and Approve: (1) Proof of Claim Form; (2) Claims Bar Date and Notice Procedures; and (3) Procedure to Administer and Determine Claims (ECF No. ___).

[2] ECF No. ___.

[3] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC;

1.     **WHAT IS THE CLAIMS BAR DATE?**

The Claims Bar Date is the date by which the individuals and entities described below must submit a Proof of Claim with the Receiver's Claims Agent in the manner indicated below. The Claims Bar Date is [_____], at 11:59 p.m. (prevailing Eastern Time), and all Proofs of Claim, together with supporting documentation, must be timely submitted to the Receiver's Claims Agent by: (i) uploading it to the claims portal, which is available on the Receiver's website at http://www.parfundingreceivership.com; (ii) mail to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421; or (iii) courier service addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, such that if uploaded to the claims portal or sent by courier service, it is delivered to the Claims Agent no later than the Claims Bar Date, or if sent by mail it is postmarked no later than the Claims Bar Date. Proof of Claim Forms submitted with a valid email address will receive email confirmation of receipt by the Claims Agent of the Proof of Claim.

Please note that any Proof of Claim not timely submitted or in the proper form will be subject to disallowance, which means you would not be eligible to receive any distribution from a Court-approved distribution plan.

2.     **WHO NEEDS TO SUBMIT A PROOF OF CLAIM?**

Except as expressly set forth below in **Sections 3 and 4**, ALL individuals and entities (including, without limitation, partnerships, corporations, joint ventures, estates, trusts, and governmental units or authorities) that believe they possess a Receivership Entity-Related Claim, a potential or claimed right to payment, or a potential claim of any nature, against any of the Receivership Entities and believe that they are owed money by, or are entitled to a distribution from, the Receivership Estate must submit a Proof of Claim (each a "Claimant" or "Administrative Claimant").

A "Receivership Entity-Related Claim" is a Claim against any Receivership Entity based on the conduct by: (i) any of the Receivership Entities; (ii) any individual employed by a Receivership Entity arising from any action of the employee undertaken in the course and scope of that employment; or (iii) any officer or director of a Receivership Entity arising from any actions undertaken by that person prior to July 27, 2020, in relation to that role. Without limiting the generality of the foregoing, a Receivership Entity-Related Claim includes, but is not limited to a Claim against a Receivership Entity based on: (i) a transaction related to promissory notes or other money loaned to any Receivership Entity; (ii) investments (by subscription or otherwise) in any Receivership Entity; (iii) any contract, lease, or other agreement entered into prior to July 27, 2020, for which payment has not been made in whole or in part or for which payment will become

---

1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; 500 Fairmount Avenue, LLC; Liberty Eighth Avenue LLC; Blue Valley Holdings, LLC; LWP North LLC; The LME 2017 Family Trust; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, LLC; and the receivership also includes the properties located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; 107 Quayside Dr., Jupiter FL 33477; and 2413 Roma Drive, Philadelphia, PA 19145.

due prior to, on or after July 27, 2020; (iv) the provision of goods or services provided prior to July 27, 2020; (iv an uncashed check issued prior to July 27, 2020; (v) unpaid wages, compensation, or other employment benefits, for periods prior to July 27, 2020; (vi) any legal action or claim filed or otherwise asserted against any of the Receivership Entities; and (vii) taxes payable by a Receivership Entity arising from or attributable to tax periods beginning prior to July 27, 2020, even if due and payable subsequent to July 27, 2020, including those that may be asserted by federal, state, local or other governmental entities or authorities.

An Administrative Claim is a Claim based on: (i) the provision of goods or services for the benefit of the Receivership Estate or at the request of the Receiver, beginning on or after July 27, 2020, which remain unpaid; (ii) any taxes arising from or attributable to tax periods beginning on or after July 27, 2020, including those that may be asserted by federal, state, local or other governmental entities or authorities, which remain unpaid; (iii) an uncashed check issued on or after July 27, 2020; or (iv) any current, future or contingent contractual obligations (including indemnification obligations) arising from any contract entered into by or on behalf of the Receivership Estate.

**This notice is being sent to many individuals and entities that have had some relationship or have done business with the Receivership Entities. The fact that you have received this notice does not necessarily mean that you are a Claimant or Administrative Claimant, that you have a valid Claim, or that the Court or the Receiver believes you have a Claim against one of the Receivership Entities or the Receivership Estate.**

3.  **WHAT ARE THE CONSEQUENCES OF NOT TIMELY AND PROPERLY SUBMITTING A PROOF OF CLAIM?**

    **ANY CLAIMANT OR ADMINISTRATIVE CLAIMANT WHO IS REQUIRED TO SUBMIT A PROOF OF CLAIM, BUT THAT FAILS TO DO SO IN A TIMELY MANNER OR IN THE PROPER FORM, SHALL (a) BE FOREVER BARRED, ESTOPPED, AND ENJOINED TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW FROM ASSERTING, IN ANY MANNER, SUCH CLAIM AGAINST (i) ANY RECEIVERSHIP ENTITY, (ii) THE RECEIVERSHIP ESTATE OR ITS ASSETS, AND (b) SHALL NOT RECEIVE ANY DISTRIBUTION FROM OR HAVE STANDING TO OBJECT TO ANY DISTRIBUTION PLAN PROPOSED BY THE RECEIVER. FURTHER, THE RECEIVER SHALL HAVE NO FURTHER OBLIGATION TO PROVIDE ANY NOTICES TO YOU ON ACCOUNT OF SUCH CLAIM AND THE RECEIVERSHIP ESTATE IS DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM.**

4.  **WHERE CAN I GET A COPY OF THE PROOF OF CLAIM FORM?**

    For your convenience, enclosed with this notice is a Proof of Claim Form. Copies of this Notice of Claims Bar Date and the Proof of Claim Form can also be obtained from the Receiver's website at http://www.parfundingreceivership.com.

5. **HOW DO I SUBMIT MY PROOF OF CLAIM FORM?**

A properly completed and signed Proof of Claim Form, together with supporting documentation, must be timely submitted to the Receiver's Claims Agent by: (i) uploading it to the claims portal, which is available on the Receiver's website at http://www.parfundingreceivership.com; (ii) mail to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421; or (iii) courier service addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, such that if uploaded to the claims portal or sent by courier service, it is delivered to the Claims Agent no later than the Claims Bar Date, or if sent by mail it is postmarked no later than the Claims Bar Date.

If you choose to submit a Proof of Claim by courier service, you should retain evidence that the Proof of Claim was delivered to the Claims Agent no later than the Claims Bar Date. If you choose to submit a Proof of Claim by mail, it is recommended that you submit your Proof of Claim by certified or registered mail and retain evidence that the Proof of Claim was postmarked no later than the Claims Bar Date.

Proof of Claim Forms submitted with a valid email address will receive email notification from the Claims Agent confirming receipt of the Proof of Claim.

Proofs of Claim should not be filed with the Court, or sent to the Receiver, his legal counsel, retained professionals, or otherwise delivered to the Receivership Entity, and any Proof of Claim so filed or sent will not be considered properly submitted.

If you reasonably believe you hold or may hold a Claim against one or more Receivership Entities, you must submit separate Proof of Claim Forms for each of the Receivership Entities against which you reasonably believe you hold or may hold a Claim. The failure to identify the correct Receivership Entity in the Proof of Claim form may be grounds for objection to, and disallowance of, such Proof of Claim.

6. **SUPPORTING DOCUMENTS**

Each submitted Proof of Claim shall include and attach documents that support the Proof of Claim. Such documentation may include, but is not limited to: copies of personal checks, cashier's checks, wire transfer advices, and other documents evidencing the investment of funds; copies of each signed investment contract; copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection of lien; Form 1099s, Schedule K-1s, or other similar tax forms related to any investment in, ownership of, or receipt of principal or interest from one of the Receivership Entities; and other documents evidencing the amount and basis of the Claim. In addition, the Proof of Claim shall include a Form W-9, Form W-8, or other similar IRS form to confirm the Claimant's name, address, and taxpayer identification number (TIN).

As applicable, supporting documentation must also include a chronological accounting of any withdrawals made by or payments received from any of the Receivership Entities, whether such payments were denominated as the return of principal, interest, commissions, finder's fee, or otherwise, indicating the date and amount of each withdrawal or payment. Investors must include such information starting from at least January 1, 2017 through July 27, 2020, including completion of the Investor Supplement to Proof of Claim Form, as applicable, which is attached to the Proof of Claim form as Exhibit A. Claimants that pooled funds from individual investors for investment in CBSG, referred to as "Agent Funds," must complete the Agent Fund Supplement to Proof of Claim Form, which is attached to the Proof of Claim form as Exhibit B. The Investor Supplement to Proof of Claim Form and Agent Fund Supplement to Proof of Claim Form can be obtained from the Receiver's website (http://www.parfundingreceivership.com).

Please include your name on every document that you submit.

DO NOT SEND ORIGINAL DOCUMENTS.

It is the responsibility of Claimants, Administrative Claimants and other interested parties to keep the Receiver apprised with a current email and mailing address in order to receive notices or other communication from the Receiver or the Receivership Estate. A link to the Change of Information Form can be found on the Receiver's website (http://www.parfundingreceivership.com). The completed Change of Information Form must be sent to the Claims Agent by electronic mail, as an attachment in portable document format (.pdf), to parfunding@epiqglobal.com.

Each Proof of Claim will have to satisfy certain minimum standards in order to establish a Claim and be eligible to receive a distribution pursuant to a Court approved distribution plan. Accordingly, the more directly relevant information a Proof of Claim provides, the easier it will be for the Receiver to validate the Proof of Claim.

If such supporting documentation is not available, in an addendum that is attached to your Proof of Claim Form, please explain why it is not available.

PLEASE **DO NOT** SUBMIT THE FOLLOWING TYPES OF DOCUMENTS WITH THE PROOF OF CLAIM FORM UNLESS REQUESTED BY THE RECEIVER OR THE CLAIMS AGENT: (i) marketing brochures and other marketing materials received by you from any Receivership Entities; (ii) routine or form correspondence received by you from any Receivership Entities; (iii) copies of pleadings on file in any case involving the Receiver or the Receivership Estate; and iv) other documents received by you from the Receivership Estate that do not reflect specific information concerning the existence or value of your Claim.

7. **REQUESTS FOR ADDITIONAL INFORMATION AND NOTICES OF DEFICIENCY**

If after receiving a Proof of Claim the Receiver determines that he needs additional information to process a Claim, the Receiver or his Claims Agent may contact you by telephone,

mail, or email to request such additional information.

Prior to the filing of an objection with the Court seeking to disallow a Claim, the Receiver may in his sole and absolute discretion send to you, by email or mail to the physical address provided on your Proof of Claim Form, a written Notice of Deficiency that specifically identifies the information required to assess and process the Claim. The Notice of Deficiency will further state that the Claim will be disallowed without the Receiver having to file an objection to the Claim if the additional information is not provided to the Receiver within thirty (30) calendar days of the date of the Notice of Deficiency.

**8.     COOPERATION**

The Court has directed all parties to cooperate with the Receiver to the maximum extent possible to achieve swift resolution of disputes concerning Claims without the need for a determination by the Court.

**9.     CONSENT TO JURISDICTION**

If you submit a Proof of Claim in this case, you consent to the jurisdiction of the Court for all purposes and agree to be bound by its decisions, including, without limitation, a determination as to the extent, validity, priority and amount of any Claim you assert against the Receivership Estate. In submitting a Proof of Claim, you agree to be bound by the decisions of the Court as to the treatment of your Claim in a Court approved distribution plan.

**10.    RESERVATION OF RIGHTS**

The Receiver reserves the right to dispute, or assert offsets or defenses as to the extent, validity, priority, or otherwise against, any amounts asserted in any Proof of Claim, including but not limited to the manner in which accounts will be aggregated and treated under a Court-approved distribution plan. Nothing set forth in this notice or the Proof of Claim shall preclude the Receiver from objecting to any Proof of Claim, on any grounds. Subject to the approval of the Court, the Receiver retains the sole and absolute right to propose a plan of distribution.

**11.    WHERE CAN I GET MORE INFORMATION?**

Additional information may be available on Receiver's website, which is available at: www.parfundingreceivership.com.