# Exhibit "4"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**[PROPOSED] ORDER (1) APPROVING PROOF OF CLAIM FORM; (2) ESTABLISHING CLAIMS BAR DATE AND NOTICE PROCEDURES; AND (3) APPROVING PROCEDURE TO ADMINISTER AND DETERMINE CLAIMS**

THIS CAUSE comes before the Court upon Receiver, Ryan K. Stumphauzer's ("Receiver") Receiver's Motion to Establish and Approve: (1) Proof of Claim Form; (2) Claims Bar Date and Notice Procedures; and (3) Procedure to Administer and Determine Claims (the "Motion") [ECF No. _____].[1]

Having reviewed the Motion, any responses or objections to the Motion, and any reply in support of the Motion, this Court finds that: the relief requested in the Motion is in the best interests of the Receivership Estate, potential Claimants, and all other parties; notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and based upon the record herein and after due deliberation it is hereby

**ORDERED AND ADJUDGED** that the Motion, together with the exhibits, instructions and other attachments thereto, is **GRANTED** and approved in all respects, as follows:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1. **Objections Overruled.**  All objections not withdrawn or resolved by this Order are overruled in all respects.

2. **Claims Bar Date**. This Court hereby establishes 11:59 p.m. (prevailing Eastern Time) on _____, 2023 ("Claims Bar Date"), as the deadline for Claimants and Administrative Claimants to submit a completed and signed Proof of Claim Form under penalty of perjury, together with supporting documentation against one or more of the Receivership Entities.

3. **Claims Procedures**. The Claims Procedures, including the Proof of Claim Form, Notice of Claims Bar Date and Procedures for Submitting a Proof of Claim (the "Notice of Claims Bar Date"), and Notice of Claims Bar Date for Publication are approved substantially in the form attached to the Motion.

4. **Eligibility to Submit a Proof of Claim**. All Claimants and Administrative Claimants asserting or who believe they are entitled to assert a Claim or assert a right to distribution from the Receivership Estate, regardless of whether the Claim is held with or through any individual or entity or based on a primary, secondary, direct, indirect, secured, unsecured, unliquidated or contingent liability *MUST* timely and properly submit a Proof of Claim.

5. **Professional Claims and Intercompany Receivership Claims**. Holders of Professional Claims will not be required to submit a Proof of Claim. The Receiver will continue to satisfy Professional Claims in the ordinary course of the Receivership and in accordance with prior or future Court orders, as appropriate to the claim or pursuant to a Court approved distribution plan. Intercompany Receivership Claims among and between the Receivership Entities are preserved without the requirement of the filing of a Proof of Claim by the Receiver at this time.

Any such Intercompany Receivership Claims as appropriate will be subject to a Court approved distribution plan.

6. **Notice Process**. The Receiver shall provide the following notice in satisfaction of the due process interests of Claimants and Administrative Claimants:

    a. **Timing and Substance of Notice.**

The Receiver shall provide notice to Claimants within forty (40) calendar days of entry of the Bar Date Order. The notice will include: (i) the Proof of Claim Form (substantially in the form of Exhibit 1 to the Motion), and (ii) the Notice (substantially in the form of Exhibit 2 to the Motion for those who receive direct notice, and substantially in the form of Exhibit 3 to the Motion for those who receive notice by publication).

    b. **Means of Serving Notice.**

The Receiver shall provide notice to Direct Claimants and Administrative Claimants: (a) by United States first class mail (for those Direct Claimants and Administrative Claimants with a last known mailing address within the United States) and, if an e-mail address is available for a particular Direct Claimant or Administrative Claimant, by e-mail; and (b) by any method the Receiver deems reasonable in his sole and absolute discretion (for those Direct Claimants / Administrative Claimants without a last known address or with a last known address outside the United States). Upon return of any service item through United Sates first class mail as undeliverable, the Receiver shall employ the following protocol:

    (a) If the United States Postal Service ("USPS") provided notice of an updated address as part of the undeliverable process or through a National Change of Address ("NCOA") search, notice will be resent to the new address as provided by the USPS;

    (b) If the primary address in the records of the Receivership Estate is not marked as undeliverable and the mail is still returned but we have a secondary address that matches the address on a W-9 provided by the claimant, notice will be resent to the secondary address;

    (c) If the primary address was previously undeliverable without a USPS update, notice will be resent to any secondary address within the records of the Receivership Estate.  If the USPS provides notice of an update to the secondary address as part of the undeliverable process, notice will be resent to the new secondary address provided by the USPS;

    (d) If no secondary address is readily available, Epiq will research the NCOA database for one, and notice will be resent to the new address identified in the NCOA database.

Complying with this protocol for serving notice to Direct Claimants and Administrative Claimants with last known mailing addresses will satisfy the Receiver's notice requirements.

    **c.    Individuals and Entities to Receive Notice by Mail.**

The Receiver shall provide notice by mail on the following known individuals or entities (including, without limitation, partnerships, corporations, joint ventures, estates, trusts, and governmental entities or authorities):

    i.    Direct Investors

    ii.    Former Employees of the Receivership Entities;

    iii.    Other Known Creditors;

    iv.    Pre-Receivership Litigants;

    iv.    Administrative Claimants; and

    v.    Federal, state, local or other governmental entities or authorities who may assert a Claim for taxes arising from or attributable to tax periods ending on or before July 27, 2020, even if the taxes are due and payable subsequent to July 27, 2020;

    **d.    Notice by Publication.**

Notice by publication to Other Potential Claimants shall be provided in the following manner.

1. *Timing of notice.*

Notice by publication shall be provided within forty (40) calendar days of entry of the Bar Date Order.

2. *Substance of notice.*

The Notice to be provided by publication shall be substantially in the form of Exhibit 3 to the Motion.

3. *Means of publishing notice.*

The Receiver shall publish the Notice of Claims Bar Date to Other Potential Claimants by publication in: (a) the New York Times, USA Today, Philadelphia Inquirer, Palm Beach Post, Fort Lauderdale Sun Sentinel, and Orlando Sentinel; and (b) such other publications, if any, that in the Receiver's sole and absolute discretion are reasonably calculated to provide notice to Other Potential Claimants and Administrative Claimants.

  e. **Notice by Press Release and Posting to the Receiver's Website.**

Not later than fifteen (15) calendar days after entry of the Bar Date Order, the Receiver shall issue a press release and post it for review on the Receiver's website (http://www.parfundingreceivership.com/) along with the (i) Notice of Claims Bar Date, and (ii) Proof of Claim Form.

  f. **Notice Upon Inquiry.**

Copies of the Notice of Claims Bar Date and the Proof of Claim Form shall be made available not later than fifteen (15) calendar days after any Claimant or Administrative Claimant makes a written request for such documents to the Claims Agent's e-mail address: parfunding@epiqglobal.com or to the Claims Agent's mailing address: Par Funding Receivership

Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97005.

      g.    **Notice of Claims Bar Date and Proof of Claim Form Available Online.**

Not later than fifteen (15) calendar days after entry of the Bar Date Order, copies of the Notice of Claims Bar Date and Proof of Claim Form will be available by downloading them from the Receiver's website (http://www.parfundingreceivership.com).

      h.    **Notice to Counsel.**

Where the Receiver has notice that any Direct Investors, Other Known Creditors, Administrative Claimants, or other individual or entity, who is entitled to notice, is represented by counsel, copies of the documents sent by the Receiver to that counsel's client(s) will also be sent by e-mail to counsel who have not otherwise already received the documents.

      i.    **Notice to the Receiver of Current Address.**

It is the responsibility of Claimants, Administrative Claimants and other interested parties to keep the Receiver apprised with a current e-mail and mailing address in order to receive notices or other communication from the Receiver or the Receivership Estate. A link to the Change of Information Form will be found on the Receiver's website. The completed Change of Information Form must be uploaded to the claims portal, sent to the Claims Agent by electronic mail, as an attachment in portable document format (.pdf), to parfunding@epiqglobal.com, or sent by mail addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421.

      7.    **Claims Procedures for the Submission of a Proof of Claim**. Except as otherwise ordered by this Court or provided herein, each Claimant and Administrative Claimant must properly complete and sign a Proof of Claim Form which, together with supporting documentation,

must be timely submitted to the Receiver's Claims Agent by: (i) online submission to the Claims Portal, which is available on the Receiver's website (www.parfundingreceivership.com); (ii) mail addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421; or (iii) courier service addressed to Par Funding Receivership Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, such that if submitted through the claims portal or sent by courier service, it is delivered to the Claims Agent no later than the Claims Bar Date, or if sent by mail, it is postmarked no later than the Claims Bar Date.

If a Claimant or Administrative Claimant chooses to submit a Proof of Claim by by courier service, they should retain evidence the Proof of Claim was delivered to the Claims Agent no later than the Claims Bar Date. If they choose to submit a Proof of Claim by mail, it is recommended that they submit their Proof of Claim by certified or registered mail and retain evidence that the Proof of Claim was postmarked no later than the Claims Bar Date.

Any custodian of individual retirement accounts ("IRA") that has a potential claim against the Receivership Entities may submit a Proof of Claim, in bulk, on behalf of all of its various account holders in any alternate format mutually agreed upon by the Receiver and the IRA custodian, provided however that the IRA custodian must submit the Proof of Claim to the Receiver or his Claims Agent no later than the Claims Bar Date. In the event the Receiver and an IRA custodian are unable to agree on an alternate form for a bulk claim, the IRA custodian must submit a Proof of Claim on behalf of each of its account holders according to the general procedures applicable to all Claimants, as otherwise detailed herein.

8. **Required Supporting Documentation for the Proof of Claim.** Each submitted Proof of Claim shall include attached copies of all available documents that support such Proof of

Claim. Such documentation may include, but is not limited to: copies of personal checks, cashier's checks, wire transfer advices, and other documents evidencing the investment of funds; copies of each signed investment contract; copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection of lien; Form 1099s, Schedule K-1s, or other similar tax forms related to any investment in, ownership of, or receipt of principal or interest from one of the Receivership Entities; and other documents evidencing the amount and basis of the Claim. In addition, the Proof of Claim shall include a Form W-9, Form W-8, or other similar IRS form to confirm the Claimant's name, address, and taxpayer identification number (TIN).

As applicable, supporting documentation must also include a chronological accounting of any payments received from any of the Receivership Entities, whether such payments were denominated as the return of principal, interest, commissions, finder's fee, or otherwise, indicating the date and amount of each withdrawal or payment. Investors must include such information starting from at least January 1, 2017, through July 27, 2020. If supporting documentation is not available, the Proof of Claim must include an attachment explaining why the documentation is unavailable. Claimants should include their name on every document submitted.

Claimants should only send copies, and should not send original documents, for any supporting documentation they include with their Proof of Claim.

Each Proof of Claim Form must satisfy certain minimum standards in order to establish a Claim and be eligible to receive a distribution pursuant to a Court-approved distribution plan. Accordingly, the more directly relevant information a Proof of Claim includes, the easier it will be for the Receiver to validate the Proof of Claim.

9. **Materials That Should Not Be Submitted with a Proof of Claim.** Proofs of Claim should not include the following types of materials, unless requested by the Receiver or the Claims Agent: (i) marketing brochures and other marketing materials received from one of the Receivership Entities, (ii) routine or form correspondence received from one of the Receivership Entities, (iii) copies of pleadings on file in this case or other cases related to the Receivership or the Receivership Estate, and (iv) other documents received from the Receivership Estate that do not reflect specific information concerning the existence or amount of a Claim.

10. **The Proof of Claim Must Identify the Appropriate Receivership Entity.** A Claimant or Administrative Claimant who is required to submit a Proof of Claim and who reasonably believes they hold or may hold a Claim against one or more of the Receivership Entities must file separate claims against each of the Receivership Entities against which a Proof of Claim is asserted. In addition, if an investor in an Agent Fund submits a Proof of Claim, that investor should identify the particular Agent Fund through which they invested in one of the Receivership Entities. The failure to identify the correct entity(ies) on a Proof of Claim Form may be grounds for objection to, and disallowance of, such Proof of Claim.

11. **Effect of Failure to Submit a Proof of Claim Before Claims Bar Date.** Any Claimant or Administrative Claimant who is required to submit a Proof of Claim, but fails to do so in a timely manner or in the proper form, shall: (a) be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, any Claim against any of the Receivership Entities, the Receivership Estate, or its assets; and (b) shall not receive any distribution from or have standing to object to any distribution plan proposed by the Receiver. Further, the Receiver shall have no further obligation to provide any notices on account of such

Claim and the Receivership Estate is discharged from any and all indebtedness or liability with respect to such Claim.

The proposed Claims Bar Date, the Notice of Claims Bar Date and procedures for submitting a Proof of Claim, and the Proof of Claim Form are not unduly burdensome or uncommon in matters of this nature. It is important to the efficient and orderly administration of the receivership that Proofs of Claim are timely and properly submitted and that Proofs of Claim not timely or properly submitted be disallowed. Establishment of the Claims Bar Date is necessary in order for the Receiver and the Court to determine those individuals and entities that will be entitled to share in distributions under a Court-approved plan.

12. **Request for Additional Information.** If at any time after receiving a timely Proof of Claim, the Receiver determines that additional information is needed to assess and process a Claim, the Receiver or his Claims Agent may contact the Claimant or Administrative Claimant (or counsel, if one is designated) by telephone, mail, or e-mail at the contact information provided in the Proof of Claim Form to request such additional information.

13. **Notice of Deficiency.** Prior to filing an objection with the court seeking to disallow a Claim, the Receiver may in his sole and absolute discretion send to a Claimant or Administrative Claimant (and to counsel, if one is designated), to such address or e-mail address as provided in the Proof of Claim Form, a written Notice of Deficiency that specifically identifies the information required to assess and process the Claim. Should the Receiver determine he needs additional information from a Claimant who was sent a Notice of Receiver's Initial Determination, the Receiver may send a Notice of Deficiency to that recipient. The Notice of Deficiency will further state that the Claim will be disallowed, without the Receiver having to file an objection to the

Claim, if the additional information is not provided to the Receiver within thirty (30) calendar days of the date of the Notice of Deficiency.

14. **Attempt to Resolve Objection.**  The Claimant or Administrative Claimant are directed to work in good faith with the Receiver to resolve any disputes about the Claim before submitting them to the Court for determination.

15. **Filing of Objection with Court.**  If the Receiver is unable to resolve any disputes about a Claim, the Receiver shall file a written objection to the Claim with the Court. The objection shall include: (i) a detailed statement of the reasons for the Receiver's objection, and (ii) copies of any document or other writing upon which the Receiver relies.

16. **Court Ruling on Determinations and Objections.**  The Claimant or Administrative Claimant's response to the Receiver's claim objection shall be filed with the Court, and with a copy served on the Receiver and his counsel, within 20 calendar days of the date on which the Receiver filed his written objection to the Claim. The Receiver shall have 10 calendar days to file and serve his reply.

17. **Limitation on Discovery and Motion Practice.**  Prior to the Receiver's filing of an objection to a Claim, no discovery, motion practice, or other claims litigation shall occur unless the Claimant or Administrative Claimant first seeks and obtains leave of Court, upon a showing of good cause and substantial need for such relief.

18. **Consent to Jurisdiction.**  Submission of a Proof of Claim in this case constitutes consent to the jurisdiction of the Court for all purposes and constitutes agreement to be bound by its decisions, including, without limitation, a determination as to the extent, validity and amount of any Claim asserted against the Receivership Estate. The submission of a Proof of Claim shall

constitute consent to be bound by the decisions of the Court as to the treatment of the Claim in a Court-approved distribution plan.

19.     **Authority to Compromise and Settle.**  The Receiver shall have the authority to compromise and settle claims from any Direct Claimant or Administrative Claimant, or resolve any Notice of Deficiency, at any time, as appropriate, without further order of this Court. The Receiver, at his discretion, may file a motion seeking Court approval of any compromise or settlement of a Claim. All parties to this proceeding are directed to cooperate with the Receiver to the maximum extent possible to achieve swift resolution of disputes concerning claims without the need for a determination by the Court.

20.     **Reservation of Rights.**  Nothing herein shall prejudice any right of the Receiver to dispute, or assert offsets or defenses as to the extent, validity, or priority, or otherwise against amounts asserted in any Proof of Claim, including but not limited to the manner in which accounts will be aggregated and Claims treated under a Court-approved distribution plan. Nothing contained herein is intended to preclude the Receiver from objecting to any Claim on any grounds. Subject to approval of the Court, the Receiver retains the sole and absolute right to propose a plan of distribution.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this _____ day of _____, 202__.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record