UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court upon the Defendants Joseph LaForte and Lisa McElhone's Motion for an Order to Show Cause [ECF No. 1468] ("Motion"), filed on December 23, 2022, seeking to hold Jacqueline C. Romero, in her capacity as the United States Attorney for the Eastern District of Pennsylvania ("U.S. Attorney"), in contempt of court for allegedly violating the Receivership Order in this case. Plaintiff Securities and Exchange Commission filed a Notice Opposing the Motion on December 23, 2022, [ECF No. 1472] ("Notice"). Defendants filed a reply brief on January 6, 2023 [ECF No. 1479] ("Reply"). The Court having reviewed the Motion, Notice, Reply, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for an Order to Show Cause [ECF No. 1468] is hereby **DENIED** for the reasons set forth herein.

## BACKGROUND

Defendants are seeking to bring an airplane owned by Eagle Union Quest One, LLC ("EUQO") and a stock account owned by L.M.E. 2017 Family Trust ("LME Trust") into the Receivership. Mot. at 1. On July 28, 2020, the FBI seized the airplane and stock account in

connection with a criminal investigation into Defendants Lisa McElhone and Joseph LaForte occurring in the Eastern District of Pennsylvania. *See* Mot. at 1, 5; Notice at 6. Both EUQO and LME Trust are Receivership entities currently under the control of the Receiver. Mot. 1–2. Although McElhone and LaForte have requested that the U.S. Attorney transfer the airplane and stock account to the Receiver, the U.S. Attorney has so far declined to do so. Mot. at 3.

Defendants concede that the airplane and stock account, valued at roughly $18 million, "*are not* needed to satisfy the judgment" issued against them on November 22, 2022 [ECF No. 1450]. Reply at 1 n.1. Nonetheless, Defendants state that these assets should still be marshalled by the Receiver because, in Defendants' opinion, "once the judgment is satisfied out of some combination of the Receivership Assets, all remaining Receivership Assets which are attributable to the Defendants must be returned to them." *Id.* Defendants ask this Court to issue an Order to Show Cause requiring the U.S. Attorney to explain the refusal to hand over the airplane and stock account to the Receiver, Mot. at 5, or in the alternative, order the U.S. Attorney to deliver possession of the assets to the Receiver, Mot. at 7.

The Receiver states that it has not been involved in any discussions with the U.S. Attorney's office concerning the substance of this Motion, but generally does not oppose the inclusion of assets in the Receivership Estate if those assets constitute Receivership Property, as defined under the Amended Order Appointing Receiver [ECF No. 141]. Mot. at 8.

## ANALYSIS

Defendants lack standing to bring this Motion. The Court has vested the Receiver with the sole authority "to take custody, control and possession of all Receivership Property and records relevant thereto from Receivership Entities. . . and to take into possession from third parties all Receivership Property[.]" Am. Receivership Order ¶ 7(b) [ECF No. 141]. The statute which endowed this Court with the power to appoint the Receiver, 28 U.S.C. § 754, provides that

receivers be "vested with complete jurisdiction and control of all such property with the right to take possession thereof." Defendants have advanced both points in their briefing in this case. *See* Notice at 2–4. They have no power to urge this Court to second guess the Receiver's reasonable and diligent efforts to manage the affairs under its purview.

Defendants attempt to justify their Motion out of concern for the investing public, emphasizing that "it is of paramount importance that these assets be marshalled by the Receiver so that they can be used to address the enormous judgment entered against the Defendants, and subsequently distributed to the investors." Mot. at 3. In one part of their Reply, Defendants stress that, "the U.S. Attorney is wrongfully holding over $18 Million in Receivership Assets," which is "detrimental to the investors." Reply at 2. These justifications ring hollow, however, because in another part of their Reply, Defendants emphasize that these assets "*are not* needed to satisfy the judgment." Reply at 1 n.1. Defendants' candor in this latter statement suggests their true motives behind this Motion are not, in fact, an altruistic attempt to safeguard the interests of the investing public.

More self-serving concerns permeate Defendants' Motion. Defendants have sprinkled references throughout the footnotes of their filings stressing their position that post-collection Receivership assets must be returned to Defendants. *See* Mot. at 3 n.4; Reply at 1 n.1. Defendants' repeated insistence that Receivership assets be used to satisfy the judgment with any remainder being returned to them is an issue not properly before the Court at this time, and cannot justify this Court's interference into an ongoing criminal investigation. If the Receiver finds it imperative to seek an Order to Show Cause against the U.S. Attorney in the Eastern District of Pennsylvania and can muster the high burden of proof and persuasion required to do so, only then would this Court consider such an extraordinary step.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for an Order to Show Cause [ECF No. 1468] is **DENIED**.

2. Defendants' request for costs and attorneys' fees is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**