UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANT JOSEPH COLE BARLETA'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL

**THIS CAUSE** comes before the Court upon Defendant Joseph Cole Barleta's Motion to Stay Execution of Judgment Pending Appeal and Motion for Order to Approve Supersedeas Bond [ECF No. 1460] ("Motion"), filed on December 7, 2022. The SEC filed a Response Opposing Cole's Motion on January 9, 2023 [ECF No. 1482] ("Response"), and Cole filed a Reply brief on January 17, 2023 [ECF No. 1491]. Having reviewed the Motion, Response, Reply, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant Joseph Cole Barleta's Motion is **DENIED** for the reasons stated herein.

### ANALYSIS

Cole's Motion rests on what appears to be deliberate indifference to a key element of the Judgment of Permanent Injunction and Other Relief Against Defendant Joseph Cole Barleta ("Judgment"), *see* [ECF No. 1018], to which Cole agreed, and on which the Court relied in its Amended Order Granting in Part Plaintiff's Amended Omnibus Motion for Final Judgment, [ECF

No. 1450] ("Disgorgement Order").  Accordingly, the Court need not engage with the minutiae of Cole's arguments, as they all rest on a faulty premise.

Paragraph 5 of the Consent of Defendant Joseph Cole Barleta ("Consent") clearly states, in relevant part, as follows:

> Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties . . . (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint . . . (c) solely for the purposes of such motion, <u>the allegations in the Complaint **shall** be accepted and deemed true by the Court;</u> and (d) the Court *may* determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

[ECF No. 1016-1] ¶ 5 (emphasis and underlining added).  This exact language is repeated in the Judgment.  *See* [ECF No. 1018] at 5.  These documents are not long, nor are they particularly complex.  Defendant cites to and quotes from these filings in his Motion and Reply.  *See* Mot. at 29, Reply at 5.  But Defendant mischaracterizes the Judgment by stating that "nothing in the Consent Decree of Joseph Cole Barleta even closely functions as an admission" that the allegations contained in the SEC's Complaint are true for the purposes of the Disgorgement Order.  *See* Mot. at 29.  Cole then selectively quotes portions of the Consent that support his position, *see* Reply at 2, while failing to quote the key language highlighted above.

In attempting to demonstrate a likelihood of success on the merits of his appeal, Cole faults this Court for focusing too much on the Amended Complaint, while failing to cite to the "copious amounts" of other evidence in the record.  *See, e.g.,* Reply at 5.  The Court, once again, points Cole to the plain language of his Consent, which states that the Court "shall" take the allegations in the Amended Complaint as true for purposes of the Disgorgement Order, while stating that the Court

"may" look to other record evidence in ruling on the Motion.  *See* Consent [ECF No. 1016-1] ¶ 5. The Court fully complied with the provisions of the Consent in issuing its ruling.

Notably, Cole's Motion deliberately omits and mischaracterizes facts to advance its arguments, while simultaneously accusing this Court of negligence in its decision-making process. As such, this Motion verges into the territory of Rule 11 sanctions.  "When deciding whether to impose sanctions under Rule 11, a district court must conduct a two-step inquiry, determining '(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'"  *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "Sanctions are warranted, however, when the attorney exhibits 'a deliberate indifference to obvious facts.'"  *Id.* at 942 (quoting *Baker*, 158 F.3d at 524).

It is hard to fathom how Cole's quoting from one portion of the Consent that might support his argument—while conveniently ignoring the operative lines of the Consent that eviscerate the foundational premises of his Motion—does not constitute deliberate indifference to obvious facts. "If the attorney failed to make a reasonable inquiry, then 'the court must impose sanctions despite the attorney's good faith belief that the claims were sound.'"  *Id.* (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)).   Even after the SEC pointed out Cole's foundational error in its Response, Cole doubled down on his arguments in his Reply brief and mischaracterized the Consent.  *See* Reply at 4.  "That the contentions contained in the [filing] were not frivolous at the time it was filed does not prevent the district court from sanctioning [the attorney] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable."  *See Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996).

The Court cautions Defendants against filing similarly spurious motions in the future, which sap precious judicial time and resources. The Court will not hesitate to impose sanctions for future violations of Rule 11.

**DONE AND ORDERED** in Miami, Florida, this 27th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**