UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

        Defendants.
_____/

**DEFENDANTS LISA MCELHONE AND JOSEPH LAFORTE'S MOTION FOR
ENTRY OF AN ORDER DIRECTING THAT CASH BELONGING TO ENTITIES MS.
MCELHONE OWNS OR CONTROLS BE CREDITED TOWARDS THE JUDGMENT**

    Defendants, Lisa McElhone and Joseph LaForte (collectively the "Defendants"), by and through their undersigned counsel, respectfully request that the Court enter an Order directing that all cash under the Receivership which belongs to entities owned or controlled by Ms. McElhone be credited towards Defendants' joint and several disgorgement obligation under the Judgment, and as support therefore state as follows:

    1.    On November 22, 2022, this Court entered an amended final judgment against the Defendants (the "Judgment") requiring them to disgorge $153,224,738.24 (including prejudgment interest), jointly and severally, and to pay civil penalties in the amount of $21,850,000 each.

    2.    The Defendants have filed an appeal to the Eleventh Circuit challenging the Judgment and other underlying rulings entered in this case. Notwithstanding, the Defendants are endeavoring to satisfy the Judgment, in whole or in part, subject to a complete reservation of their rights on appeal.[1]

---

[1] Including, in particular, the right to seek the return of monies credited towards the Judgment in the

3. The Defendants and the SEC recently stipulated to the entry of an Order directing certain assets under the Receivership (cash seized from Defendants' properties and the balance of an SEP IRA account) be credited toward Defendants' disgorgement obligation under the Judgment (ECF 1524-1), and this Court promptly entered an Order affecting the stipulation (ECF 1525).

4. The Defendants now seek an Order directing that *additional cash* under the Receivership – which belong to Ms. McElhone, through entities she owns or controls[2] – be credited toward Defendants' joint and several disgorgement obligation under the Judgment.

5. The Receiver's most recent Quarterly Report states that "[t]he Receivership holds approximately $162.3MM in tangible assets from **CBSG and other entities owned by Defendant McElhone**[.]" (ECF 1504-1, p. 4) (emphasis supplied).

6. Exhibit E to the Quarterly Report shows that the cash portion of the tangible assets attributable to CBSG and other entities Ms. McElhone owns or controls is currently **$103,515,947**.[3] (*Id*. at p. 19).

---

event that the Judgement is reversed, reduced, or otherwise modified such that Defendants' liability becomes less than the amount of the monies credited towards the Judgment.

[2] Ms. McElhone is the Grantor and Trustee of the L.M.E. 2017 Family Trust (the "LME Trust") and Mr. LaForte is a Trustee and Beneficiary. The LME Trust owns and controls various business entities under the Receivership. Ms. McElhone, (individually, or through the LME Trust) is the ultimate and sole owner of Complete Business Solutions Group, Inc. d/b/a/ Par Funding (CBSG"), Full Spectrum Processing, Inc. ("FSP"), Fast Advance Funding LLC ("FAF"), Heritage Business Consulting, Inc. ("HBC"), Eagle Six Consultants, Inc. ("ESC"), and Recruiting and Marketing Resources, Inc. ("RMR").

[3] The Defendants expect this cash balance to grow as the Receiver continues his efforts to liquidate assets which belong to Ms. McElhone – including, without limitation, a portfolio of commercial real estate valued at over $45 MM, and $312.1MM in MCA receivables (which the Receiver has valued at $190 MM after taking a reserve to address collectability issues). On March 17, 2023 – the date Defendants advised the Receiver and the SEC they intended to file this Motion – the Receiver sent undersigned counsel an email advising that he intends to amend Exhibit E to the Quarterly Report (although he provided no information regarding the substance or timing of the amendment). If the Receiver adjusts the cash balances under Exhibit E, the amount of cash credited to the Judgement may need to be adjusted. However, the nature of the relief requested in this Motion – that the cash balance attributable to Ms. McElhone and the entities she owns or controls be credited and applied against the

7.     It is appropriate to credit the current cash balance of $103,515,947 to the Judgment because Ms. McElhone has sole ownership or control over the entities to whom this cash belongs – and these entities are not subject to any separate liability in this case.

8.     CBSG and FSP entered Consent Judgments with the SEC, and the Court entered a Judgment of Permanent Injunction against them which states: "upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest against the Corporate Defendants and a civil penalty against the Corporate Defendants." However, the SEC did not file a Motion seeking disgorgement or penalties as to CBSG or FSP, and the time to do so has now passed (since the case has been administratively closed, and counsel for the SEC has repeatedly stated that the liability and damages portion of this case has concluded and we are now in the collections phase). Accordingly, CBSG and FSP face no independent liability to the SEC which would justify the Receiver continuing to hold monies attributable to them – rather than applying these monies to the Judgment entered against Defendants.[4]

9.     The purpose of the Court's Orders establishing the Receivership and imposing a broad asset freeze over the Defendants and other Receivership Entities (jointly and severally) was to facilitate enforcement of a potential disgorgement and penalties award. *See* ECF 42, p.11-12 and 16-17 (freezing the assets of McElhone, LaForte, CBSG, FSP and the LME Trust, jointly and severally, in an amount up to the estimated receipts of the alleged securities fraud); ECF 436, p. 2 (expanding the Receivership on the grounds that "tainted funds, which could be the subject of

---

Judgement – will not be affected.

[4] Furthermore, because the Court based its calculation of the Defendants' disgorgement on the ill-gotten gains of CBSG and FSP, rather than Defendants' personal profit, any disgorgement as to CBSG and FSP would be coextensive with Defendants' disgorgement. The same monies can only be disgorged once. Accordingly, there can be no disgorgement against CBSG and FSP separate and apart from Defendants' disgorgement.

disgorgement, may be found in the entities and properties identified"); *SEC v. ETS Payphones, Inc.*, 408 F. 3d 727, 734 (11th Cir. 2005) (finding an asset freeze appropriate "as a means of preserving funds for the equitable remedy of disgorgement").

10. Now that Defendants' disgorgement and penalty obligations have been fixed and the Judgment has been entered, there is no reason why the cash attributable to Ms. McElhone and her entities cannot be credited towards that Judgment.

11. Indeed, given that the Defendants are incurring post-judgment interest on the $197 MM Judgment, failing to credit this cash to the Judgment could result in millions of dollars of additional interest – and would effectively constitute an additional penalty assessment.

12. For all of the foregoing reasons, the Defendants request an order directing the Parties as follows:

   a. The SEC will credit the cash within the Receivership Estate which is attributable to CBSG and other entities Ms. McElhone owns or controls to the Defendants' joint and several disgorgement obligation under the Judgement. The Receiver's most recent Quarterly Report reflects that this cash balance is currently $103,515,947, subject to potential adjustment in the amount (see footnote 2, above);

   b. The Receiver will retain these funds in accordance with the Court's Orders appointing the Receiver;

   c. If the relief requested in 12 a. above is granted, Ms. McElhone and Mr. LaForte relinquish all legal and equitable right, title, and interest in the funds described herein, and no part of the funds shall be returned to them, except that Ms. McElhone and Mr. LaForte reserve all rights they currently have or may have

    in the future arising from or relating to their respective appeals of the Court's Judgment to the Eleventh Circuit Court of Appeals (Appeal Nos. 23-10228 and 23-10234) including, without limitation, the right to seek the return of the assets identified in this Order, or the recoupment of other funds of equivalent value, in the event that the Judgment is reversed, reduced, or otherwise modified, such that Ms. McElhone and Mr. LaForte's new joint and several disgorgement liability (if any) becomes less than the total amount of the assets identified in this Order;

 d. The SEC will promptly provide respective counsel for Ms. McElhone and Mr. LaForte with updated balances due once the SEC credits these funds to the disgorgement portion of the Judgment entered against them.

## **REQUEST FOR HEARING**

As discussed below, the Defendants have attempted to confer with the SEC about the relief sought in this Motion, but the SEC has not yet advised the Defendants of its position. If the SEC opposes the relief sought in this Motion, the Defendants request that the Court conduct a hearing so that the parties may present oral argument on the issues presented. The treatment and disposition of the assets identified in this Motion (and other assets which are owned by Ms. McElhone through various Receivership Entities) is critical to the Defendants ability to satisfy the Judgment entered against them and is therefore of paramount importance in this action. Defendants believe that, unless the parties have clarity on the issues presented in this motion, it will be virtually impossible for the parties to engage in meaningful discussions regarding the potential resolution of this action or the Defendants' appeals to the Eleventh Circuit.

## S.D. Fla L. R. 7.1(a)(3) Certification of Counsel

Counsel for the Defendants hereby certify that they conferred with counsel for the SEC – Michael Roessner, Marsha C. Massey and Amie Rigley Berlin – about the relief sought in this motion by email dated March 14, 2023, and requested that the SEC provide its position by close of business on March 16, 2023 so that the Defendants could file their motion on March 17, 2023. On March 15, 2023, Mr. Roessner responded by email and offered March 22 or 23, 2023 for a conference call to discuss the motion. The undersigned responded to advise Mr. Roessner that the proposed dates would not work because counsel for Ms. McElhone and Mr. LaForte both have trials scheduled for that week, and proposed alternate times for a call on both March 16 and March 17.  Despite their diligent efforts, counsel for the Defendants and the SEC have been unable to schedule a mutually agreeable date to confer by telephone, and counsel for the SEC has declined to otherwise apprise the Defendants of their position regarding the relief requested. Accordingly, counsel for the Defendants have made reasonable efforts to confer with the SEC regarding the relief sought in this motion, but have been unable to do so.  The Parties will promptly notify the Court if an agreement is reached on the relief sought in this motion, in whole or in part.

| | |
|---|---|
| **KOPELOWITZ OSTROW**<br>**FERGUSON WEISELBERG GILBERT**<br>*Attorneys for Defendant Joseph W. LaForte*<br>One W. Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 525-4100<br><br>By: */s/ David L. Ferguson*<br>    DAVID L. FERGUSON<br>    Florida Bar Number: 0981737<br>    Ferguson@kolawyers.com<br><br>**LAW OFFICES OF ALAN S. FUTERFAS**<br>*Attorneys for Defendant Lisa McElhone*<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br>Telephone: (212) 684-8400<br><br>By: */s/ Alan S. Futerfas*<br>    ALAN S. FUTERFAS<br>    asfuterfas@futerfaslaw.com<br>    *Admitted Pro Hac Vice* | **KAPLAN ZEENA LLP**<br>*Attorneys for Defendant Lisa McElhone*<br>2 South Biscayne Boulevard, Suite 3050<br>Miami, Florida 33131<br>Telephone: (305) 530-0800<br>Facsimile: (305) 530-0801<br><br>By: */s/ James M. Kaplan*<br>    JAMES M. KAPLAN<br>    Florida Bar No.: 921040<br>    james.kaplan@kaplanzeena.com<br>    elizabeth.salom@kaplanzeena.com<br>    service@kaplanzeena.com<br>    NOAH E. SNYDER<br>    Florida Bar No.: 107415<br>    noah.snyder@kaplanzeena.com<br>    maria.escobales@kaplanzeena.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of March, 2023, I electronically filed the forgoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmissions of Notices of Electronic Filing generated by CM/ECF.

By: */s/ James M. Kaplan*
    JAMES M. KAPLAN