UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP, INC.
d/b/a/ PAR FUNDING, et al.,

    Defendants.
_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
RESPONSE TO MOTION, IN COMPLIANCE WITH COURT ORDER ECF NO. 1535**

As set forth in Plaintiff Securities and Exchange Commission's Motion to Strike Defendants Lisa McElhone and Joseph LaForte's Motion to Credit the Receivership Property toward payment of the Final Judgments entered against McElhone and LaForte personally, Defendants' Motion should be stricken [ECF No. 1537]. Because the Court directed the S.E.C. to respond to Defendants' Motion [ECF No. 1535], the S.E.C. hereby files a Response as well.[1]

The Court must deny Defendants' Motion.

    1.    This case is over as to McElhone and LaForte.

    2.    Final Judgment was entered against them in November 2022 [ECF No. 1451].

    3.    Defendants failed to pay a penny of the Final Judgment by the December 21, 2022 deadline in the Order, and pursuant to the Order, the S.E.C. is authorized to collect on the Final Judgment [ECF No. 1451].

---

[1] As set forth in the Motion to Strike, Defendants' Motion violates the Receivership Order, they have no standing to seek the relief at issue in their Motion, and Defendants are violating the Injunction Against Interference with the Receivership. The Court should strike their Motion for the reasons set forth in ECF No. 1537.

4. Defendants now come before this Court and ask that the Receivership Property be credited toward paying the Final Judgments entered against Defendants [ECF No. 1531].

5. As the Court previously found in denying McElhone and LaForte's Motion for Order to Show Cause seeking to add assets to the Receivership, Defendants lack standing to seek relief with respect to Receivership Property over which the Receiver has sole authority. See Order Denying Motion for Order to Show Cause [Order Denying Defendants' Motion, ECF No. 1490].

6. Defendants' Motion also violates the Asset Freeze in the Amended Order Appointing the Receiver, which "***restrained and enjoined [Defendants and all others with notice of the Amended Order] from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.***" [ECF No. 141 at ¶ 3].

7. Contrary to Defendants' argument in their Motion, McElhone does not control the Receivership property. The Amended Order appointing the Receiver explicitly (i) dismisse[d] all trustees, directors, officers, managers, and other agents of the Receivership Entities; (ii) provided that all such persons and entities "shall have no authority with respect to the Receivership Entities'… assets;" and (iii) vested the Receiver with all powers, authorities, rights, and privileges concerning the Receivership Entities [ECF No. 141 at ¶¶ 4-6].

8. Even if the Court had not vested full control of the Receivership Entities with the Receiver – and it did not [*See* ECF Nos. 141 & 1490], the Asset Freeze against the Receivership Property explicitly extends that Asset Freeze to "all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver." [ECF No. 141 at ¶ 3].

9. Defendants' Motion also violates the Injunction Against Intereference with the Receivership [ECF No. 141], which provides that Defendants and anyone else with notice is:

> Hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, ***without the express written agreement of the Receiver***, which would:
>
> A. Interfere with the Receiver's efforts to take control, possession, or ***management of any Receivership Property***; such prohibited actions include but are not limited to, ***using self-help or executing or issuing or causing the execution or issuance of any court attachment***, subpoena, replevin, ***execution***, or other process for the purpose of impounding or taking possession of or ***interfering with*** or creating or enforcing a lien upon ***any Receivership Property***;
>
> B. ***Hinder, obstruct or otherwise interfere*** with the Receiver in the performance of his duties….; [or]
>
> C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, ***assigning*** or ***in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Entity***….

[ECF No. 141 at ¶ 29].

10. Contrary to Defendants' argument, the S.E.C.'s Complaint pleads disgorgement, prejudgment interest, and a civil penalty against the Receivership Defendants; those claims have not been dismissed; the Court already entered an Order granting the S.E.C. permission to file to re-open this case to file Consents to Final Judgment against the Receivership Defendants; and the S.E.C. will file Consents to Final Judgments against them – which will be collected from the Receivership Property [ECF Nos. 1, 1452, 1453].

11. Until then, the Receiver retains control of the Receivership Assets and Entities [ECF No. 141], which will be used to pay the claims of the Receivership Entities, resolve the Receivership Entities' debts and lawsuits (among many other things), pay for the claims

administration of the victims, pay the Receiver and his agents, pay the rent and other operating expenses of CBSG and the other Receivership Entities, and pay any other costs the Receiver deems necessary pursuant to the authority granted **solely** to the Receiver in the Amended Order to Appoint the Receiver [ECF No. 141].

12. When the S.E.C. files the Final Judgments against the Receivership Defendants and seeks to collect, then that would be the proper time for Defendants to raise any issue *if* the S.E.C. is seeking to collect ***disgorgement*** concerning ***CBSG*** in an amount that exceeds the total ill-gotten gains. That will not happen but if it does, that issue is premature now and can be raised *if* that should occur.

13. The Court should strike the Motion for the reasons set forth in the Motion to Strike. The Defendants should not be permitted to continue to violate the Order [ECF No. 141].

March 28, 2023

Respectfully submitted,

By: s/Amie Riggle Berlin
Amie Riggle Berlin, Esq.
Senior Trial Counsel
Florida Bar No. 630020
Direct Dial: (305) 982-6322
Direct email: berlina@sec.gov
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154