IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, et al.,

        Defendants.
_____/

## RECEIVER'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT JOSEPH COLE BARLETA SHOULD NOT BE HELD IN CONTEMPT

    Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities,[1] by and through his undersigned counsel, hereby seeks an Order to Show Cause Why

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; MK Corporate Debt Investment Company LLC; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; 500 Fairmount Avenue, LLC; Liberty Eighth Avenue LLC; Blue Valley Holdings, LLC; LWP North LLC; The LME 2017 Family Trust; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, LLC; and the receivership also includes the properties located at 568

Defendant Joseph Cole Barleta should not be held in contempt of court for refusing to comply with this Court's April 29, 2022 Order.

1. On April 29, 2022, this Court ordered Defendant, Joseph Cole Barleta ("Cole") to produce, within seven (7) days, copies of all documents within Cole's possession, custody, or control containing information relating to 10 categories of assets in which Cole may have a personal or business interest:

    a. Real Estate

    b. Stocks, bonds, and securities

    c. Bank accounts

    d. Safety deposit boxes

    e. Automobiles

    f. Indebtedness owed to Cole

    g. Partnerships and other business interests

    h. Trusts

    i. Other property

    j. Disposed of property

(ECF No. 1222, "Order on Motion to Compel").

2. Shortly thereafter, Cole filed with this Court a Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), requesting the Court to certify that the Order on Motion to Compel could be appealed to the Eleventh Circuit on an interlocutory basis. (ECF 1225, "Motion for Interlocutory Appeal").

---

Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; 107 Quayside Dr., Jupiter FL 33477; and 2413 Roma Drive, Philadelphia, PA 19145.

3. On May 13, 2022, this Court denied Cole's Motion for Interlocutory Appeal. (ECF 1240).

4. On May 18, 2022, Cole appealed this Court's Order on Motion to Compel to the United States Court of Appeals for the Eleventh Circuit. (ECF 1247).

5. On August 26, 2022, the Eleventh Circuit dismissed Cole's appeal for lack of jurisdiction. (Order of Dismissal, *Joseph Cole Barleta v. Ryan Stumphauzer*, Case No. 22-11694 (11th Cir. Aug. 26, 2022)).

6. Cole subsequently moved for reconsideration of the dismissal order. The Eleventh Circuit denied Cole's reconsideration motion on October 28, 2022. (Order Denying Motion for Reconsideration, *Joseph Cole Barleta v. Ryan Stumphauzer*, Case No. 22-11694 (11th Cir. Oct. 28, 2022)).

7. On October 24, 2022, this Court entered a Final Judgment against Cole in the total amount of $12,140,150.32. (ECF 1434).

8. On November 9, 2022, Cole appealed the Order on Motion to Compel and Final Judgment to the Eleventh Circuit. (ECF 1439).

9. On December 7, 2022, Cole filed with this Court a Motion to Stay Pending Appeal and Approval of Supersedeas Bond. (ECF 1460, "Motion Stay").

10. On January 28, 2023, this Court denied the Motion to Stay, finding that it "verges into the territory of Rule 11 sanctions." (ECF 1502).

11. Cole also filed a "Motion to Stay in the Lower Tribunal" in the Eleventh Circuit. (Motion to Stay in the Lower Tribunal, *Joseph Cole Barleta v. Securities and Exchange Commission*, Case No. 22-13811 (11th Cir. Feb. 1, 2023)).

12. On March 23, 2023, the Eleventh Circuit denied Cole's Motion to Stay. (Order Denying Motion to Stay in the Lower Tribunal, *Joseph Cole Barleta v. Securities and Exchange Commission*, Case No. 22-13811 (11th Cir. Feb. 1, 2023)).

13. The appeal in Case No. 22-13811 is fully briefed, and Cole did not raise any arguments regarding the Order on Motion to Compel in his Initial Brief or Reply Brief. As a result, Cole has waived in his appeal any arguments regarding alleged error in the Order on Motion to Compel.

14. After more than a year and multiple attempts to challenge the Court's Order, there are no more opportunities for Cole to seek any sort of legitimate review, reconsideration, or appeal of the Court's Order.

15. Following the March 23, 2023 denial of Cole's Motion to Stay by the Eleventh Circuit, the Receiver demanded that Cole comply with this Court's Order on Motion to Compel and to produce the documents he is required to turn over to the Receiver.

16. The Receiver has limited the scope of the documents that are the subject of this Order by excluding corporate records and bank statements for any entity, currently or previously a Receivership Entity, in which Cole has or had an ownership interest.

17. Cole, through counsel, has refused to produce any documents.

18. On April 17, 2023, during a recent status conference, the Receiver indicated that he would potentially be filing this Motion. Cole argued as his purported justification for refusing to turn over these records that the Amended Order Appointing Receiver (ECF No. 141), pursuant to which the Receiver initially requested the records that are the subject of the Motion to Compel, as well as the Court's Order on Motion to Compel, should no longer be enforceable or of any legal effect. Cole argued that, because a Final Judgment has been entered against him, and the SEC

4

(and not the Receiver) holds and is responsible for collecting on that Final Judgment, he did not believe that the Receiver had any right to seek these records.

19. The Court made clear during the status conference that it would reject Cole's argument about the enforceability of the Amended Order Appointing Receiver and the Order on Motion to Compel,[2] but would reserve ruling on whether Cole's failure to turn over the documents constituted willful noncompliance with the Court's Order on Motion to Compel.

20. Notwithstanding the Court's clear guidance, Cole has not yet produced any of the required information and still refuses to comply with the Court's Order on Motion to Compel.

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court issue an Order to Show Cause to Defendant Cole. Cole has cost the investors unnecessary attorneys' fees and costs, in addition to the Court's time and resources, in failing to comply with the Court's Order on Motion to Compel. *See PlayNation Play Systems, Inc. v. Velex Corporation*, 939 F.3d 1205, 1212 (11th Cir. 2019) (upholding award of attorneys' fees to prevailing party in a contempt proceeding because "this Court has long held that no willful or intentional violation of a court order is required for attorneys' fees to be granted as a contempt sanction"); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (noting that the Receiver may seek "attorney's fees and expenses"); *Tom James Co. v. Morgan*, 141 F. App'x 894, 900 (11th Cir. 2005) (stating that the district court has the "inherent power" to award reimbursement for investigative expenses).

---

[2] A district court has broad discretion in determining how long an equitable court-appointed receiver should remain in that position. Neither the entry, nor the satisfaction, of a judgment divests the Receiver of his duties and authority. *See WB Music Corp. v. Royce Int'l Broad. Corp.*, 47 F.4th 944 (9th Cir. 2022); *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322 (1st Cir. 1988). Rather, the Receiver shall continue to serve in that role and carry out his court-appointed responsibilities until such time that the Court enters an order terminating the receivership. *Id.*

5

Indeed, it is Defendant Cole—and not the victim-investors—who should bear the expense of the fees and costs resulting from his violations of the Court's Order on Motion to Compel.

The Receiver also requests that the Court impose a coercive daily fine payable to the Receiver until Defendant Cole complies by turning over all records and documents subject to that Order on Motion to Compel. *Watkins*, 943 F.2d at 1304 (noting availability of imposing a coercive daily fine for contumacious conduct).

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

The undersigned counsel has conferred with counsel for Joseph Cole Barleta and with the SEC regarding the relief sought through this motion and certifies that: (1) counsel for Cole opposes the Receiver's request for the Court to enter a show cause order; and (2) the SEC does not oppose the Receiver's requested relief.

Dated: April 24, 2023

Respectfully Submitted,

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: */s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sknlaw.com

*Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

By: */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com

*Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2023, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA

7