UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.
_____/

### ORDER DENYING DEFENDANTS JOSEPH LAFORTE AND LISA MCELHONE'S MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Defendants Joseph LaForte and Lisa McElhone's ("Defendants") Motion for Reconsideration of the Court's Orders Granting the Receiver's Motion to Compel Defendants Joseph LaForte and Lisa McElhone to Vacate and Surrender the Haverford Home [ECF No. 1557] ("Motion for Reconsideration"). The Court having reviewed the Motion for Reconsideration, the Receiver's Response [ECF No. 1561], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Defendants' Motion for Reconsideration [ECF No. 1557] is **DENIED**.

2.    "Parties cannot file motions for reconsideration that ask the Court to rethink what the Court already thought through—rightly or wrongly." *Am. Univ. of Caribbean, N.V. v. Carital Healthcare, Inc.*, No. 08-20374, 2011 WL 13174780, at *1 (S.D. Fla. Mar. 17, 2011) (internal quotation marks omitted) (alterations accepted); *see also Farrell v. Flecha*, No. 13-22457, 2013 WL 12139327, at *1 (S.D. Fla. July 25, 2013) ("A motion for reconsideration cannot be used to

re-litigate old matters or present evidence that was available prior to the entry of judgment." (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

3.  Defendants failed to file their Motion for Reconsideration within a reasonable time frame under Fed. R. Civ. P. 60 by waiting 87 days before filing. In denying the instant Motion, the Court has considered "whether the movant had a good reason for the delay" and determined that there was none. *See Dominguez v. Circles K Stores, Inc.*, No. 11-23196, 2013 WL 4773629, at *4 (S.D. Fla. Sept. 4, 2013); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297–98 (11th Cir. 2003) (denying motion to vacate where the movant waited nearly two months to seek relief and offered no good reason for the delay).

4.  Indeed, there have been no changed circumstances, newly discovered facts, or intervening changes in the law to justify the delay or the Court's reconsideration of its prior Order. To the contrary, Defendants waited until the eve of eviction to file their Motion for Reconsideration in a transparent attempt to extend their tenancy in a Receivership property without paying the rent and expenses they owe to the Receiver.

5.  Accordingly, Defendants are hereby **EVICTED** from 568 Ferndale Lane, Haverford PA 19041 ("Haverford Home") for breaching their obligations as holdover tenants.

6.  The Receiver is **GRANTED** exclusive possession of the Haverford Home at 12:00 p.m. on Friday, May 5, 2023.

7.  Pursuant to Paragraph 22 of the Amended Order Appointing Receiver [ECF No. 141], if Defendants have not vacated and turned over all keys and codes to the Haverford Home to the Receiver or his agents by 12:00 p.m. on May 5, 2023, the U.S. Marshals Service in the Eastern District of Pennsylvania is hereby **ORDERED** to assist the Receiver in carrying out his duties to take possession, custody, and control of the Haverford Home.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**