UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 9:20-CV-81205

SECURITIES AND EXCHANGE COMMISSION

Plaintiff,

vs.

COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a/ PAR FUNDING, et. al.

Defendants

## EXPEDITED MOTION FOR MODIFICATION AND JUDICIAL RELIEF

COMES NOW, JOSEPH COLE BARLETA ("Barleta"), by and through his undersigned counsel, seek modification of the preliminary injunction, as well as and judicial relief based on Receiver's Counsel making contact with a non-party, United Savings Bank, resulting in three accounts being frozen making Capital Source 2000, Inc. unable to pay investors. Cole states the following in support:

## INTRODUCTION AND TIMELINE OF EVENTS

This Court entered a preliminary injunction as to Defendant Joe Cole Barleta on August 27, 2020 [D.E. 202]. The scope of the injunction was broad, but not unreasonable. It held that Cole could not do anything in furtherance of what would amount to securities fraud, as well as freeze 5.5 million dollars in assets.

In May 13, 2022, this Court Granted Receiver's Motion to lift the litigation injunction, specifically as to Capital Source 2000, Inc. so that it could collect on existing

1 | EMERGENCY RELIEF

judgments [D.E. 1237]. The purpose of that was so that Capital Source 2000, Inc. could pay on notes that were linked to Par Funding or a Par Funding Affiliate Entity.

In February 28, 2023, this Court entered an Order releasing Capital Source 2000, Inc. from the Receivership [D.E. 1514]. The SEC in this case, as indicated in this Court's Order on Docket Entry 1514, do not seek to collect from Capital Source 2000, Inc. As such, the Court Ordered that the Receiver should transfer the assets, including liquid assets, held in City National Bank to Cole's possessions. Despite the Order giving Receiver 10 days to transfer the funds from February 28, 2023, the Receiver only transferred the funds on March 16, 2023. See Exhibit "A."  The sum total of what was transferred was $2,233,562.08.

## COLE AND BROMLEY'S OPERATION OF CAPITAL SOURCE 2000, INC.

As a threshold matter, Capital Source 2000, Inc. is jointly owned by Cole and William Bromley. As such, the damage done by Mr. Alfano (explained below) extends not only to Joe Cole, but also to Mr. Bromley, who is not a subject to this instant lawsuit, and various noteholder who need to get paid.

With the above in mind, on day one, as soon as Cole and Bromley received the funds, their primary mission was to pay back roughly 30 million to investors. As such, Cole sent notice to all noteholders on March 22. See Exhibit "B" – Letter to Shareholders.

Likewise, Cole entered into settlement agreements with almost every single noteholder regarding the repayment of their investment. See Exhibit "C" – Copy of Settlement Agreement [redacted]. In turn, Cole set up ACH payment processing and began sending out payments to Noteholders. In that stead, Cole is in the process of hiring staff,

consultants, lawyers, and whatever else is needed to collect on debts for the sole purpose to pay out Noteholders.

## REQUEST FOR EXPEDITED RELIEF – MR. ALFANO'S IMPROPER CONDUCT CAN LEAD TO IRREPARABLE HARM

Out of thin air, Gaetan Alfano ("Mr. Alfano"), sent a letter to Mr. Matozzo of United Savings Bank saying,

> "I represent Ryan K. Stumphauzer, Esq., Court Appointed Receiver for Complete Business Solutions Group, Inc. ( "CBSG") and related entities in the matter captioned SEC v. CBSG, et al, Case No. 20-CV-81205-RAR, pending in the United States District Court for the Southern District of Florida. I write as I understand generally that Mr. Barleta may be conducting business with your bank and that this Order may be relevant to Mr. Barleta's business with your Bank. Please note that on August 27, 2020, the Court entered the attached Order, which includes an Asset Freeze of Mr. Barleta's assets up to 5.5 million. See p.4 of the attached Order. I have copied Mr. Barleta's counsel, Mr. Raikhelson, on this email, as well as my co-counsel, Mr. Kolaya. Please fee free to contact me if you would like to discuss this email. See Exhibit D – E-mail from Mr. Alfano.

This e-mail was unprompted by any person or entity, and Mr. Alfano did it for the sole reason of harassing Mr. Barleta because Mr. Baleta would not turn over certain documents that Mr. Alfano believes that he is entitled too. See Exhibit "E" – Follow Up From Alfano. The end result? United Savings Bank froze all of Cole's assets, making him unable to pay his counsel, unable to run his operation, and most importantly, **unable to pay investors pursuant to the settlement agreement.** See Exhibit F – Proof of Account Freeze; See Exhibit G – Statement of Account Showing No Dissipation of Assets. Now, not being able to pay investors, Mr. Alfano is, in fact, forcing Cole to arguably be in violation of the preliminary injunction, as well as be in violation of the settlement agreements that he signed with Capital Source 2000, Inc. Noteholders because he is not able to pay them back.

Mr. Alfano's actions have led Mr. Cole into a precarious position with multiple levels of liability. When confronted, Mr. Alfano told Undersigned counsel to provide copies of statements of the account(s) to verify the accuracy of whether the funds are being dissipated or not.

### ULTIMATE REQUEST FROM COLE

Cole requests this Court enter an Order modifying or clarifying the preliminary injunction as to Defendant Joe Cole Barleta on August 27, 2020 [D.E. 202] to allow for the funds associated with Capital Source 2000, Inc. to be unfrozen. Cole also request an Order directing Mr. Alfano to make sure that United Savings Bank unfreezes the assets, as he was the one that caused the freeze to begin with.

### REQUEST TO MODIFY THE PRELIMINARY INJUNCTIVE RELIEF FOR PERSONAL EXPENSES

Defendant Cole further requests that the Court modify the preliminary injunction to allow for personal expenses in the amount of $10,000.00 per month.

### REQUEST FOR ORAL ARGUMENT BY ZOOM

Cole requests Oral Argument by Zoom as early as possible to resolve this matter. Capital Source 2000, Inc. is an entity, co-owned by Cole and Bromley, whose sole function at this point is to pay back Noteholders after the Receiver wreaked havoc with it. Mr. Alfano's actions have lead Mr. Cole, and frankly Mr. Bromley, into multiple levels of potential liability. Mr. Alfano's actions were unprompted, uncalled for, and beyond the scope of this Court's Order appointing the Receiver.

## **MEMORANDUM OF LAW**

### A. *Receiver, through Receiver's Counsel, Have Acted Inappropriately*

The Court should be very concerned with the Receiver's action because court-appointed receivers enjoy judicial immunity for acts taken within the scope of their authority. *Chua v. Ekonomou*, 1 F.4th 948, 954 (11th Cir. 2021). That immunity applies even if his acts were "in error, malicious, or . . . in excess of [the appointing court's] jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). It extends to his counsel as well. Cf. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) ("The protection . . . afford[ed] the Trustee . . . would be meaningless if it could be avoided by simply suing the Trustee's attorneys.").

With that being said, the scope of this receivership is limited by the Complaint and the Order granting the SEC's motion for a Receiver. See S*EC v. Homeland Communs. Corp.*, No. 07-80802 CIV-MARRA, 2010 U.S. Dist. LEXIS 57961, at *11 (S.D. Fla. May 24, 2010).

Here, Capital Source 2000, Inc. is not a Receivership entity. Yet, the Receiver, and its counsel, have acted in bad faith in contacting Mr. Matozzo, knowing it would likely get the funds frozen. These funds are used to pay Noteholders. However, although the payment of Noteholders is a major area of concern by this Court, it does not appear to be a major concern of Mr. Alfano, who was quick on the trigger and has the potential to cause irreparable harm to Joe Cole and Capital Source 2000, Inc.

Again, because of Mr. Alfano's action, Cole cannot pay the Noteholders, cannot operate his business, cannot pay for his legal team, and is completely and utterly left with cut wings. Even more egregious is that it is the Receiver who gave Capital Source 2000, Inc back, and it is the Receiver who now seeks its destruction.

### B. Modifying the Preliminary Injunction is Proper

The "textbook definition" of a preliminary injunction is an order that was "issued to preserve the status quo and prevent allegedly irreparable injury until the court had the opportunity to decide upon issuing a permanent injunction." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1101 n.13 (11th Cir. 2004). A preliminary injunction is an "extraordinary and drastic remedy." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). In this case, the Court is concerned about Cole dissipating his assets. However, Capital Source is not dissipating its assets. It is taking in money through existing collections, paying out Noteholders, and, at this point, not seeking to procure additional noteholders.

WHEREFORE, Cole asks this Court for the relief requested previously in this paper.

Date: May 26, 2023

Respectfully submitted,

        Law Offices of Andre G. Raikhelson, LLC.
        *Counsel for Defendant, Joseph Cole Barleta*
        7000 W Palmetto Park Road, Suite 210
        Boca Raton, FL 33431
        Telephone:    (954) 895-5566
        Primary: arlaw@raikhelsonlaw.com

        /s/ Andre G. Raikhelson
        Andre G. Raikhelson Esq.
        Bar Number: 123657

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Andre G. Raikhelson<br>
Andre G. Raikhelson Esq.

LOCAL RULE 7.3(a)

Undersigned counsel has met and conferred with counsel for the SEC and Counsel for the Receivership, who oppose the relief sought.

/s/ Andre G. Raikhelson<br>
Andre G. Raikhelson Esq.