UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 9:20-CV-81205

SECURITIES AND EXCHANGE COMMISSION

　　　　　Plaintiff,

vs.

COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a/ PAR FUNDING, et. al.

　　　　　Defendants

## DEFENDANT JOSEPH COLE BARLETA'S MOTION FOR RECONSIDERATION

COMES NOW Defendant, Joseph Cole Barleta ("Cole"), by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure Rule 60, as well as this Court's inherent authority, requests that this Court reconsider its Order denying clarification or modification to the previously entered preliminary injunction to allow access to the funds of Capital Source 2000, Inc. [D.E. 1580]. Plaintiff states the following in support:

1. On February 25, 2019, this Court entered an Order Cole's Expedited Motion for Modification and Judicial Relief pertaining to funds that were frozen attributable to Capital Source 2000, Inc., an entity that is not a defendant of this lawsuit [D.E. 1580].

2. With all deference to the Court, and without attempting to invoke the fury of the Court, the purpose of this instant Motion for Reconsideration is to correct a clear error of fact and law. The purpose of this instant Motion is not to use up judicial resources needlessly, or for any unfair, prejudicial, or improper purpose. The "purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D.Fla.1992). In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) **the need to correct clear error or prevent manifest injustice.** *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999); *See also Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994)(emphasis added).

3. The Court explained that the reason for denial was that Cole did not demonstrate a significant change in either the factual conditions or the law that would warrant lifting the asset freeze, citing to *Sierra Club v. Meiburg*, 296 F.3d 1021, 1033 (11th Cir. 2002).

4. *Sierra Club* holds that to modify a consent decree, Cole would need to show a significant change either in factual conditions or in law, and second, that the proposed modification is suitably tailored to the changed circumstance.

5. In this case, Cole provided evidence and proof that there certainly was a change in the factual condition. The biggest change, that this Court knows, is that the Receiver and the SEC, with this Court's approval, not only returned Capital Source 2000, Inc so that it could continue to do business, but also returned over two million dollars in cash. These funds were not returned by some outside entity, but by the Receiver himself. These facts, clearly, were not present when the Court originally implemented its order against Cole on the preliminary injunction. Next, the modification that Cole seeks is solely as to Capital Source 2000, Inc., which is not a party to this action, and has never been a party to this action. It would be crazy, for lack of a better term, and patently unfair to return a business, return the

funds for that business, agree that the business can operate, and then summarily freeze the assets, making it liable to noteholders and vendors.

6. As such, the exhibits, evidence, and this Court's own action pertaining to Capital Source, 2000, Inc. comply with the *Sierra Club* standards.

7. Moreover, Because Capital Source 2000, Inc. is a non-party, an asset freeze that extends to it has different elements than it would as be applicable to Cole. "A federal court has the authority to freeze the assets of a party not accused of wrongdoing where that party: '(1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *SEC v. Wyly*, 73 F. Supp. 3d 315, 321 (S.D.N.Y. 2014).

8. In our case, we know one-hundred percent that the assets in question, specifically cash, were not ill-gotten because they were returned to Cole and Bromley by this Court and with the consent of both the SEC and the Receiver. Moreover, Capital Source 2000, Inc. has a legitimate claim to the funds. See also *SEC v. Cross Fin. Servs.*, 908 F. Supp. 718, 726 (C.D. Cal. 1995)( A court can obtain equitable relief from a non-party against whom no wrongdoing is alleged if it is established that the non-party possesses illegally obtained profits but has no legitimate claim to them. . .).

9. In fact, so well-known is this prevention of non-party asset freezes that the Eleventh Circuit has held in *FTC v. Vylah Tec Ltd. Liab. Co.*, 727 F. App'x 998, 1002 (11th Cir. 2018)

> "that the district court did not make sufficient factual findings to support freezing these assets. While the court stated in the TRO that Appellees had "sufficiently shown that. . . Dennis . . . [has] engaged in and [is] likely to engage in acts and practices that violate [the FTCA and FDUTPA]," the court did not find that Dennis gained anything from the allegedly unlawful practices. Similarly, the district court made no findings as to Olga's involvement, if any, in the alleged scheme, nor did it

explain why **assets** she holds jointly with Robert are subject to a **freeze** regardless of whether she was involved."

10. The same is true for our case here. This Court has denied Cole's Motion and improperly shifted the burden of proof. It is the SEC and the Receiver who must prove that the funds to be frozen were ill-gotten and used for an improper purpose. It is doubtful that the Receiver or the SEC can prove any of these elements because they are the ones who originally agreed to the released the funds, as well as the entity Capital Source 2000, Inc.

WHEREFORE, Plaintiff requests this Court to reconsider its Order denying modification or clarification of the Preliminary Injunction and allow an evidentiary hearing so that the parties can properly present evidence before this tribunal.

DATED:  June 4, 2023

Respectfully submitted,

By:   Law Offices of Andre G. Raikhelson, LLC.
*Counsel for Defendant, Joseph Cole Barleta*
7000 W Palmetto Park Road
Suite 240
Boca Raton, FL 33433
Telephone:     (954) 895-5566
Primary Email: arlaw@raikhelsonlaw.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served to all counsel of record through the CM/ECF system.