UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

### ORDER HOLDING DEFENDANT JOSEPH COLE BARLETA IN CONTEMPT OF COURT

**THIS CAUSE** comes before the Court upon the contempt proceedings initiated by the Court's Order to Show Cause, [ECF No. 1553]. The Receiver filed a Motion for an Order to Show Cause Why Defendant Joseph Cole Barleta Should Not Be Held in Contempt ("Motion") on April 24, 2023. [ECF No. 1552]. The Court granted the Receiver's Motion and set the matter for an evidentiary hearing on June 5, 2023. [ECF No. 1553]. Defendant Joseph Cole Barleta filed a Response to the Order to Show Cause on April 26, 2023, [ECF No. 1554], and the Receiver filed a Reply on May 1, 2023, [ECF No. 1560]. The Reply included email correspondence between the parties regarding repeated requests over the course of more than a year for production of the documents in question. [ECF No. 1560–1]. The Court having reviewed the operative filings, the relevant caselaw, and with the benefit of an evidentiary hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Joseph Cole Barleta is in **CONTEMPT** for repeated failure to comply with this Court's Order Granting Receiver's Motion to Compel ("Order"), [ECF No. 1222], as further explained herein.

## LEGAL STANDARD

"Courts have the inherent power to enforce compliance with their lawful orders by the exercise of contempt powers." *Campos v. Chavam Enters., Inc.*, No. 15-14370, 2021 WL 1178548, at *2 (S.D. Fla. Feb. 16, 2021) (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)), *report and recommendation adopted*, 2021 WL 1177485 (S.D. Fla. Mar. 29, 2021) (citing 28 U.S.C. § 636(e)). "On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." *Thomas v. Blue Cross Blue Shield Ass'n*, 594 F.3d 813, 821 (11th Cir. 2010). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *SEC v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (quoting *Ga. Power Co. v. NLRB.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, No. 15-24096, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017), *report and recommendation adopted*, 2017 WL 8895340 (S.D. Fla. June 16, 2017) (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)).

"[T]o avoid contempt, a defendant must show that he or she either did not violate the court order as alleged or that she was 'excused' from complying with such order." *Id.* A defendant may only be excused from compliance upon a showing that "despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother v. BFP Invs., Ltd.*, No. 03-60129, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010). The Eleventh Circuit "construe[s] this requirement strictly." *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir. 1986). Even if the efforts made by a defendant are "substantial, diligent, or in good faith" the fact that a defendant did not make "all reasonable efforts" to comply with the order, establishes that the

defendant has failed to rebut the showing of contempt. *United States v. Hayes*, 722 F.2d 723, 726 (11th Cir. 1984) (internal quotation marks omitted).

## ANALYSIS

Defendant Joseph Cole Barleta has demonstrated severe disdain for the Court's orders, thereby meriting a finding of contempt. Pursuant to the Amended Order Appointing Receiver [ECF No. 141] ("Amended Appointment Order"), the Receiver has the power to take custody, control, and possession of all Receiver Property and records relevant thereto. Am. Appointment Order ¶ 7(B). Additionally, "the Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Entities," and "all persons and entities having control, custody or possession of any Receivership Property hereby directed to turn such property over to the Receiver." *Id.* ¶ 15. The Receiver's appointment in this case was made pursuant to the Court's general equitable powers and relevant securities laws. *See, e.g., SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 438 (5th Cir. 1981); *see also* Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. The Amended Appointment Order specifically provides the Receiver with the power to serve on behalf of the estates of the Receivership Entities "until further order of this Court." Am. Appointment Order ¶ 2. No orders limiting the Receiver's powers or terminating the Receivership have been entered. Therefore, Cole's repeated refusal to produce documents pursuant to the Amended Appointment Order amounts to nothing more than a delay tactic and demonstrates contempt of this Court.

The email exhibits attached to the Receiver's Reply illustrate how diligently, patiently, yet doggedly the Receiver has attempted to obtain the documents in question for over a year. Reply [ECF No. 1560–1] Ex. 1 at 2–27. After serving Cole with several requests for documents, the Receiver had to motion this Court to compel Cole's compliance, which the Court granted.

*See* Order [ECF No. 1222]. When Cole continued to flout that Order, the Receiver signaled to the Court during the April 17, 2023 Status Conference that it had no choice left but to move to hold Cole in contempt for failure to comply with Court orders. *See* [ECF No. 1547].[1] Counsel for Cole, Andre G. Raikhelson, previewed for the Court what his arguments against producing the documents would be, which largely mirrored the arguments he advanced in his Response. *Id.* The Court informed Mr. Raikhelson at that time, in no uncertain terms, that it would look unfavorably upon his arguments that the Receiver's powers did not extend "past the final judgment," Resp. at 4, and urged Mr. Raikhelson to convince his client to comply with the Receiver's requests and the Court's Order. *See* [ECF No. 1547]. Cole continued to flout the Order and the Receiver motioned to hold Cole in contempt.

During the Show Cause hearing held on June 5, 2023, the Court reaffirmed that the Amended Appointment Order is valid, unchanged, and lawful. *See* [ECF No. 1583]. Cole was unable to demonstrate any inability to comply with the Court's Order. *Id.* Every attempt Cole has made to challenge the lawfulness of the Order has failed. *See* Mot. ¶¶ 1–13. The Order was also clear, definite, and unambiguous. *Ga. Power Co.*, 484 F.3d at 1291. It identified ten categories of assets in which Cole may have a personal or business interest and required document production relevant to those categories from 2016 to present. *See* Reply at 8. Lastly, Cole admitted that he had every ability to comply with this Order when asked in open court. [ECF No. 1583]. So, although Cole may have been *unwilling* to comply, he is not *unable*. *See id.* Cole, through his counsel Mr. Raikhelson, blatantly "violated a specific and definite order of the court," by which he was bound. *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). As such, finding Cole in contempt under these circumstances is proper.

---

[1] By this point, the United States Court of Appeals for the Eleventh Circuit had also denied Cole's Motion to Stay. Mot. at 4; Reply at 6.

**CONCLUSION**

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Joseph Cole Barleta is held in **CONTEMPT** for violating the Court's Order [ECF No. 1222]. Cole will have **ten (10) days** to comply in full with the Order [ECF No. 1222] and the Receiver's requests for production. Cole's compliance shall include producing all requested documents from 2016 through the date of this Order. Should Cole fail to comply within ten (10) days of the date of this Order, the Receiver shall notify the Court, and the Court will consider imposing a daily coercive fine until full compliance has been achieved.

2. A federal court has the inherent power to sanction a party. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Moreover, Fed. R. Civ. P. 37(a)(5)(A) commands courts to award reasonable attorneys' fees and costs to a party prevailing on a motion for an order compelling discovery. The Court, having given Cole an opportunity to be heard, awards the Receiver all "reasonable expenses incurred" in making its Motion, [ECF No. 1552], and pursuing this discovery for over a year. Fed. R. Civ. P. 37(a)(5)(A). The Court having scrutinized the 82.39 hours of billing records submitted by the Receiver in connection with pursuing this discovery request **for over a year** and litigating the Motion finds the time spent and hourly rate requested reasonable. *See* Receiver's Notice of Filing Time Records [ECF No. 1584]. Accordingly, Defendant Joseph Cole Barleta is **INSTRUCTED** to pay the Receiver **$28,874.50** in attorneys' fees and costs on or before **July 6, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**