UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

        Defendants.
_____/

**DEFENDANTS JOSEPH LAFORTE AND LISA MCELHONE'S
MOTION TO VACATE OR STAY THE COURT'S ORDER AUTHORIZING
THE RECEIVER'S SALE OF THE DEFENDANTS' HAVERFORD HOME**

Defendants, Joseph LaForte and Lisa McElhone (collectively the "Defendants"), by and through their undersigned counsel, respectfully request that the Court vacate or stay its Order Authorizing the Receiver's Sale of Real Property Located at 568 Ferndale Lane, Haverford, PA 19041 (ECF 1604, the "Haverford Sale Order") in order to allow the Defendants to file a Response in Opposition to the Receiver's Motion seeking such relief (ECF 1602, the "Motion to Sell"), and as support therefore state as follows:

1.    The Defendants ask the Court to vacate or stay the Haverford Sale Order – which permits the Receiver to sell Defendants' primary residence located at 568 Ferndale Lane in Haverford, Pennsylvania (the "Haverford Home"), which they have owned outright since 2016[1] – so that they may file a Response in opposition to the Receiver's Motion to Sell demonstrating good cause why the Haverford Home ***should not*** be sold.

---

[1] The Haverford Home is owned by Blue Valley Holdings, LLC ("Blue Valley"), which was 100% owned and controlled by Lisa McElhone prior to the Court's Expansion Order bringing that company within the Receivership Estate. (ECF 436). Blue Valley is not a defendant in this action and there is no judgment against that entity. Furthermore, the Expansion Order is the subject of the Defendants' pending appeal and may be reversed.

2. The Receiver's Motion to Sell was filed on June 19, 2023 at 1:03 p.m., and requested that the Court enter an order authorizing the sale ***if no party filed an objection on or before June 26, 2023***. Notwithstanding, at 8:41 p.m. that same day (less than eight hours after the motion was filed) the Court granted the Receiver's Motion to Sell, effectively denying the Defendants (and other parties) any opportunity to respond or object.

3. The Court's decision to grant the Motion to Sell without permitting the Defendants to file a Response brief and without conducting a hearing constituted a denial of due process because it deprived the Defendants of an opportunity to be heard in connection with the forced sale of their home. *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment"); *see also Parker v. Williams*, 862 F.2d 1471, 1481–82 (11th Cir. 1989) ("[P]rocedural due process is an absolute right .... Although the result in this case may work a hardship on [a party] with no change in the ultimate result, every party must have the opportunity to participate in the processes which may affect his or her rights in a significant manner").

4. The Defendants have several meritorious arguments supporting the denial of the Motion. These arguments include, without limitation, the following:

- The Expansion Order which brought the Haverford Home into the Receivership Estate is the subject of a pending appeal to the Eleventh Circuit. Therefore, the sale of the Haverford Home – which would permanently dispossess Defendants of their interest in this nonfungible property – will result in irreparable harm if the Defendants prevail on appeal.

- The sale of the Haverford Home is not necessary at this time because the other assets in the Receivership estate are more than sufficient to satisfy the final judgement against the

      Defendants. Accordingly, the forced sale of the Defendants' primary residence would be both inequitable and punitive.

- It appears that the Receiver may have undervalued the Haverford Home, as he received three offers above the asking price almost immediately after listing the property for sale.

- The Receiver did not meet and confer with the Defendants regarding the relief sought in the Motion to Sell.

5.    Defendants respectfully request that they be afforded their constitutional right to due process and that the Haverford Sale Order be vacated forthwith so that Defendants may timely file their objections to the Receiver's Motion to Sell.

WHEREFORE, the Defendants respectfully request that the Court enter an order vacating or staying its Haverford Sale Order, and permitting the Defendants to file an Objection or Response to the Receiver's Motion to Sell on or before June 26, 2023.

### S.D. Fla L. R. 7.1(a)(3p) Certification of Counsel

Counsel for Ms. McElhone hereby certifies that they conferred with counsel for the Receiver, Timothy A. Kolaya, Esq., and have confirmed that the Receiver opposes the relief sought herein.

| | |
|---|---|
| **KAPLAN ZEENA LLP**<br>*Attorneys for Defendant Lisa McElhone*<br>2 South Biscayne Boulevard, Suite 3050<br>Miami, Florida 33131<br>Telephone: (305) 530-0800<br>Facsimile: (305) 530-0801<br><br>By: /s/ *James M. Kaplan*<br>　　JAMES M. KAPLAN<br>　　Florida Bar No.: 921040<br>　　james.kaplan@kaplanzeena.com<br>　　elizabeth.salom@kaplanzeena.com<br>　　service@kaplanzeena.com<br>　　NOAH E. SNYDER<br>　　Florida Bar No.: 107415<br>　　noah.snyder@kaplanzeena.com<br>　　maria.escobales@kaplanzeena.com | **KOPELOWITZ OSTROW**<br>**FERGUSON WEISELBERG GILBERT**<br>*Attorneys for Defendant Joseph W. LaForte*<br>One W. Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 525-4100<br><br>By: /s/ *David L. Ferguson*<br>　　DAVID L. FERGUSON<br>　　Florida Bar Number: 0981737<br>　　Ferguson@kolawyers.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of June, 2023, I electronically filed the forgoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmissions of Notices of Electronic Filing generated by CM/ECF.

　　　　　　　　　　　　　　　　　　　　By: /s/ *James M. Kaplan*
　　　　　　　　　　　　　　　　　　　　　　JAMES M. KAPLAN