UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## ORDER LIFTING STAY AND REIMPOSING ORDER AUTHORIZING RECEIVER'S SALE OF REAL PROPERTY LOCATED AT 568 FERNDALE LANE, HAVERFORD, PA 19041

**THIS CAUSE** comes before the Court upon Defendants Joseph LaForte and Lisa McElhone's Motion to Vacate or Stay the Court's Order Authorizing the Receiver's Sale of the Defendants' Haverford Home [ECF No. 1610] ("Motion"), filed on June 21, 2023. The Court granted in part Defendants' Motion and imposed a temporary stay of its Order Authorizing Receiver's Sale of Real Property Located at 568 Ferndale Lane, Haverford, PA 19041, [ECF No. 1604], to give Defendants an opportunity to file a response in opposition to the Motion. *See* [ECF No. 1611]. Defendants filed their Response on June 23, 2023, [ECF No. 1612], and the Receiver filed a Reply on June 26, 2023, [ECF No. 1614].

After carefully reviewing Defendants' Response and the Receiver's Reply, it is clear that Defendants are simply restating prior arguments that this Court has repeatedly rejected—namely, the pendency of an appeal in this matter and the adequacy of other assets purportedly available to satisfy the judgments against them. *See*, *e.g.*, [ECF No. 1540]. As this Court has repeatedly held,

the Receiver has the sole authority to manage assets within the Receivership Estate, and Defendants may not intervene to second-guess the Receiver's sound business judgment. Here, such speculative second-guessing is especially apparent, as the Haverford Home is being sold by the Receiver for an amount greater than its appraised value and list price—thereby rebutting any notion that it has somehow been "undervalued" as a Receivership asset. *See* Reply at 3-4. The Court will not countenance repeated efforts by Defendants to question the timing and sale price of properties within the ambit of the Receivership Estate, which undoubtedly impacts the Receiver's ability to maximize resources for the benefit of investors. *Id.*

Further, Defendants attempt to characterize the Receiver's actions here as "punitive," but the Court reminds Defendants that they repeatedly failed to make required rent and residential expense payments on the Haverford Home. *See* [ECF No. 1484]. Their delinquency forced the Receiver to use receivership funds to cover those amounts in violation of their rental agreement, thus diminishing the potential payouts to investors. *See* [ECF No. 1501] at 8-9. This issue has already been extensively litigated, and Defendants squandered multiple opportunities to abide by the Haverford Home rental agreements and ultimately prevent the property's sale. Additionally, the Receiver is fully authorized to waive the requirements of 28 U.S.C. § 2001 with respect to the sale of the Haverford Home given the Receiver's sole legal authority over Blue Valley Holdings, LLC, the entity that owns the property. *See* Reply at 3.

In sum, Defendants have failed to advance any arguments in their Response sufficient to prolong the stay of this Court's prior Order authorizing the Receiver's sale of the Haverford Home. Accordingly, the Court having carefully reviewed the record and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the stay of the Order Authorizing Receiver's Sale of Real Property Located at 568 Ferndale Lane, Haverford, PA 19041, [ECF No. 1604], is **LIFTED**.

**DONE AND ORDERED** in Miami, Florida, this 26th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**