UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.
_____/

## ORDER DENYING NON-PARTY GRAND HOPE INVESTMENTS, INC.'S MOTION TO INTERVENE AND MOTION TO SUE RECEIVER

**THIS CAUSE** comes before the Court upon Non-Party Grand Hope Investments, Inc.'s ("Grand Hope") Motion to Intervene and Motion to Sue Receiver [ECF No. 1593] ("Motion to Intervene").

In the Motion to Intervene, Grand Hope requests permission to intervene in this action and seek relief from this Court's Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] ("Amended Receivership Order"), in the form of lifting the litigation injunction provided for in that Order to allow Grand Hope to sue the Receiver, Ryan K. Stumphauzer ("Receiver"), and non-party, First American Title Insurance Company ("First American"), for breach of contract and specific performance in connection with a purported settlement ("Claims"). The Court has reviewed the Motion to Intervene, the Receiver's Response in Opposition to the Motion to Intervene [ECF No. 1616], and other pertinent portions of the record, and is otherwise fully advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Intervene is **DENIED**. Grand Hope has not demonstrated that its intervention in this matter would be proper, as its pursuit of the Claims would be contrary to the "orderly and efficient administration of the estate." *See FTC v. 3R Bancorp*, No. 04 C 7177, 2005 WL 497784, at *3 (N.D. Ill. Feb. 23, 2005) (citing *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986)). The Court is not convinced that Grand Hope could establish that an enforceable settlement agreement exists between the Receiver, Grand Hope, and First American.

Further, Grand Hope's Motion to Intervene, including the Complaint it requests leave to file against the Receiver, [ECF No. 1593-5], does not allege, much less establish, that the Receiver engaged in "malfeasance, bad faith, gross negligence, or in reckless disregard of [his] duties" as required by the terms of the Amended Receivership Order. *See* [ECF No. 141] ¶ 49. As such, Grand Hope is not permitted to pursue claims against the Receivership. Moreover, because Grand Hope submitted a Proof of Claim in this Receivership to recover the same purported damages it seeks to recover through the Claims, it has "consent[ed] to be bound by the decisions of the Court as to the treatment of the Claim in a Court-approved distribution plan." [ECF No. 1471] at 11.

**DONE AND ORDERED** in Miami, Florida, this 29th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**