UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.
_____/

**DEFENDANTS JOSEPH LAFORTE AND LISA MCELHONE'S MEMORANDUM OF LAW IN OPPOSITION TO THE RECEIVER'S MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY LOCATED IN PAUPACK, PA. 18451**

Defendants, Joseph LaForte and Lisa McElhone (collectively the "Defendants"), by and through their undersigned counsel, file this Memorandum of Law in Opposition to the Receiver's Motion For Order Authorizing the Receiver's Sale of Real Property Located at 105 Rebecca Court, Paupack, PA 18451 (the "Paupack Property") (ECF 1624, the "Motion to Sell"). In the alternative, if the Court grants the Motion to Sell: a) the Defendants seek a stay of that order until the resolution of their pending appeal; and b) urgently request a brief postponement of the closing date for the reasons explained below.

## BACKGROUND AND INTRODUCTION

1. A discussed herein, the Receiver's Motion to Sell should be denied because: the Expansion Order which brought the Paupack Property into the Receivership Estate is the subject of a pending appeal to the Eleventh Circuit Court of Appeals; the sale of the Paupack Property is not needed to satisfy the Final Judgment against the Defendants, and – in any event – the Receiver will not be able to distribute the proceeds of the sale to the investors at this time because we are not yet in

the distribution phase of the case; the fact that the Receiver admits receiving several offers above the asking price within days of listing the Paupack Property for sale reflects that the Receiver may have inadvertently undervalued the home or, at a minimum, that the Receiver will very likely have the ability to sell the home at a later time for the same (or greater) value; and finally, the Receiver has asked the Court to waive the requirements of 28 U.S.C. §2001 *without* obtaining the Defendants' consent to such a waiver.

2. Separately, the Receiver failed to meet and confer with the Defendants, in clear violation of our Local Rules. As a result, Defendants will be denied their due process rights if the Motion to Sell is granted and the sale closes on July 7th (2 days from now) without affording Defendants an opportunity to remove their personal property prior to the sale.

3. Accordingly, the Defendants request that the Court deny the Receiver's request for authorization to sell the Paupack Property. In the alternative, the Defendants request that the Court stay any Order granting the Motion to Sell until the Eleventh Circuit has ruled on the Defendants' appeal of the Expansion Order (which brought the Paupack Property within the Receivership Estate) and the Final Judgments entered against Defendants. Under any circumstances, it is of paramount importance that the closing be postponed for at least a week in order to afford the Defendants an opportunity to retrieve their personal possessions from the Paupack Property.

## MEMORANDUM OF LAW

### I. Legal Standard

A District Court's powers in an equity receivership include the power to permit a Receiver to sell property "where appropriate to protect the receivership estate." *Sec. & Exch. Comm'n v. Kirkland*, No. 6:06-XC-183-ORL28KRS, 2006 WL 3627557, at *2 (M.D. Fla. Dec. 11, 2006). This power is

also limited by the requirements of sale set forth in 28 U.S.C. § 2001. *See United States v. Brewer*, No. 3:07-CR-90-J-33HTS, 2009 WL 1313211, at *1 (M.D. Fla. May 12, 2009).

Federal Courts can stay judgments and other orders pending the outcome of an appeal "as part of the traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 1756 (2009); *see also SEC v. Mut. Benefits Corp.*, No. 04-60573-CIV, 2021 WL 5206302, at *1 (S.D. Fla. Nov. 9, 2021). District Courts typically employ the following four-part test when deciding whether to stay an order pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id*.

*Id.* at *2 (citing *Nken v. Holder*, 556 U.S. at 426). However, the Eleventh Circuit has clarified that a movant may also obtain a stay upon a lesser showing of a 'substantial case on the merits' when consideration of the other three factors reflects that "the balance of equities… weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)

## II.    Argument

### a. The Motion to Sell Should Be Denied

The Receiver's request for authorization to sell the Paupack Property should be denied at this time for a number of reasons. First, the Defendants have filed an appeal to the Eleventh Circuit challenging the Expansion Order which brought the Paupack Property into the Receivership Estate, as well as the Final Judgments against them.[1] Defendants' opening briefs set forth meritorious arguments and may result in the Expansion Order being vacated and/or the Final Judgments against

---

[1] *See* Mr. LaForte's Appellant brief (attached as Ex. A to DE 1612) and Ms. McElhone's Appellant brief (attached as Ex. B to DE 1612).

Defendants being reversed and remanded or significantly reduced. If the Expansion Order is vacated, the Paupack Property will no longer be a part of the Receivership Estate and neither the Receiver nor this Court would have authority to force the sale of the property. If the Final Judgments are reversed or reduced, the justification for the forced sale of the Paupack Property would be mitigated or vitiated.

In view of Defendants' pending appeal, one might expect the Receiver to delay his efforts to sell the Paupack Property. At a minimum, one would expect the Receiver to warn Defendants of the impending sale to provide Defendants an opportunity to remove their possessions or explain why the Paupack Property must be sold at this time, and how the Receiver proposes to use the proceeds of the sale to further the needs and objectives of the Receivership or to "protect the receivership estate". *See e.g. Kirkland*, 2008 WL 4264532 at *2 (citing the Receiver's representation that the proposed sale of real property was necessary to maintain the recurring obligations of the receivership estate as a basis for authorizing the sale, and weighing that need against the effect on the defendant's pending appeal). The Receiver's decision *not* to address these factors is likely attributable to the fact that <u>the Receiver's recent comments in open court and most recent quarterly report reflects that there is no compelling reason to sell the Paupack Property at this time</u>. As of May 1, 2023, the Receiver had more than $118 Million in cash reserves (*see* ECF 1559) – far more than is needed to fund the Receiver's continuing operations. Further, at last week's status conference on June 29, 2023, the Receiver represented that cash reserves had increased to $123 Million. The Receiver is also in possession of hundreds-of-millions of dollars in unliquidated assets – including, without limitation, MCA Receivables which the Receiver has valued at approximately $192 Million, a portfolio of investment real estate worth significantly more than $44 Million, and several million dollars more in art and jewelry. *Id*.

Given the wealth of other assets within the Receivership Estate, there is no legitimate reason for the Receiver to sell the Paupack Property now. The sale of the Paupack Property is not necessary

to fund the Receiver's operations, nor will it allow the Receiver to reach the stage of the case where he will be able to begin making distributions to investors. The Receivership is presently well funded and liquid and the Receiver is in possession of a wealth of other assets which can be liquidated (if necessary) and used to fund the Receivership and satisfy the judgments in this case. This is especially important here since Defendants' pending appeal could result in the Paupack Property being returned to them. On the other hand, if the Receiver is permitted to proceed, the sale would permanently divest Defendants of their property, causing them irreparable harm.

The Court should also consider the fact that the Receiver obtained several offers above the listing price within a few days of listing the Paupack Property for sale, even though the recent spike in interest rates have suppressed the real estate market generally. This suggests that the Receiver may have inadvertently priced the Paupack Property too low or, at a minimum, that there is no urgent need to sell the Paupack Property, as demand for this specific waterfront property remains strong despite adverse market conditions.

Finally, the Motion to Sell should also be denied because the Receiver has asked the Court to waive the requirement of 28 U.S.C. §2001 and 28 U.S.C. §2004 without consulting the Defendants – who owned and controlled the Paupack Property prior to the entry of the Expansion Order, and retain an equitable interest in these assets. While there is no established test for when deviation from 28 U.S.C. §2001 and 28 U.S.C. §2004 is appropriate, at least one District Court in this Circuit has suggested that the statutes should be followed "except under extraordinary circumstances." *See S.E.C. v. Kirkland*, No. 6:06CV183URL28KRS, 2008 WL 4264532, at *2 (M.D. Fla. Sept. 12, 2008) (citing *Tanzer v. Huffines,* 412 F.2d 221, 222 (3d Cir.1969)). There are no such "extraordinary circumstances" presented by the Motion to Sell.

The Receiver has advised the Court that the SEC has agreed to waive the requirements under 28 U.S.C. §2001 and 28 U.S.C. §2004. This collusive stipulation – which seeks to circumvent the Defendants' interests in the Paupack Property and treat the property as having been forfeited simply by virtue of having been brought into the Receivership Estate – should not be validated by a Court which sits in equity. This is particularly true where the Receiver's own conduct reflects his subjective understanding that he needed Defendants' consent for the stipulation to be effective. Specifically, the Receiver's counsel sent the undersigned an email on February 1, 2023 inquiring "whether Ms. McElhone, personally and on behalf of the various ownership entities, will stipulate to waive aspects of the sales requirements under 28 USC 2001 (A) and (B)" in connection with the sale of the real properties under the Receivership. (*See* DE 1612, Ex. C). Likewise, the Receiver sought and obtained defendant Perry Abbonizio's consent to waive the requirements of 28 U.S.C. §2001 in connection with the sale of properties in which Mr. Abbonizio maintained an interest – despite the fact that those properties were part of the Receivership Estate and were therefore under the Receiver's control. *See id*; *see also* ECF 1301 (stipulation of waiver signed by the Receiver, the SEC and Mr. Abbonizio).

For all of these reasons, the Receiver's request for authorization to sell the Paupack Property should be denied, at least at this time.

### b. In the Alternative, the Court Should Stay Any Order Pending the Outcome of Defendants' Appeal

In the alternative, if the Court enters an order granting the Motion to Sell the Paupack Property, the Defendants request that the order be stayed until the Eleventh Circuit has ruled on Defendants' pending appeal of the Expansion Order and the Final Judgments against Defendants.

The Defendants can demonstrate good cause for a stay under the applicable four-part test. First, Defendants' initial briefs establish a strong likelihood of success on the merits with respect to their request for relief from the Expansion Order (which brought the Paupack Property into the

Receivership) and their request to vacate or modify the Final Judgments against them (which directly impacts their obligations, which the sale of the Paupack Property would presumably be applied to). In particular, Mr. LaForte's brief demonstrates that the Defendants were denied due process in connection with the Court's decision to dramatically expand the Receivership Estate to include Defendants' real property (including the Paupack Property) and other property. (*See*, generally, DE 1612, Ex. A, generally).

At a bare minimum, the appellate briefs unquestionably demonstrate a *genuine possibility* that the Expansion Order will be vacated – and this alone is a sufficient showing because the balance of equities weigh heavily in Defendants' favor on examination of the other three factors courts consider when issuing a stay. *See Garcia*-Mir, 781 F.2d at 1453. First, there is no question that Defendants will suffer irreparable harm if they prevail on their appeal *without* a stay being granted. The Paupack Property has been the Defendants' vacation residence for six years – and once it is sold, no act of this Court can restore the property to them.

Second, neither of the other parties to this action, nor the investors, will be harmed if the stay is granted, as the Receiver has not established an immediate need for the money that would be realized from the sale, nor any plan for how that money will be used. Indeed, if the Paupack Property is sold now, it appears that the sale proceeds will simply be added to the $123 Million in cash the Receiver already has on hand. Given the quantity of other assets which will need to be liquidated before the Receiver can begin the process of making distributions to investors – including, but not limited to, a portfolio of 22 commercial properties – there is simply no immediate need for the Receiver to sell the Paupack Proprety now.

Finally, the public interest also favors Defendants because, under the foregoing circumstances, the sale of the Paupack Property would be unduly punitive and would effectively constitute a

forfeiture. As discussed above, the Receiver has not (and cannot) show that he needs to sell the Paupack Property in order to fund the Receiver's operations or to satisfy *any* judgment in this case. Furthermore, there has never been any express finding that the Paupack Property was purchased with ill-gotten gains. Instead, the Expansion Order (which is on appeal) merely states that "that tainted funds, which ***could*** be the subject of disgorgement, ***may*** be found in the entities and properties identified herein." ECF 436 at P. 2. (Emphasis supplied). For all of these reasons, the forced sale of the Paupack Proprety at this time would irrevocably erase Defendants' fundamental property rights, and would violate the time honored maxim that "equity abhors a forfeiture." *See e.g.*, *Dade Cnty. v. City of N. Miami Beach*, 69 So. 2d 780, 783 (Fla. 1953); *In re Belize Airways Ltd.*, 5 B.R. 152, 154 (Bankr. S.D. Fla. 1980).

    c. **The Closing Date Must be Postponed**

If the Court grants the Motion, the closing date (July 7, 2023) must be postponed in order to avoid Defendants losing their personal property, in further violation of their due process rights.

Without belaboring the point, the Receiver filed this Motion on June 28, 2023 (after the close of business) without attempting to meet and confer with the Defendants. However, a review of the Contract for Sale (DE 1624, Exhibit B), shows the Receiver signed the contract on June 21, 2023 – <u>a full week earlier</u>.  Nevertheless, the Receiver provided no notice to the Defendants – and the Court separately elected to materially shorten Defendants' time to respond to this Motion (without regard to the intervening July 4th weekend). The combination of the foregoing events has created a situation where the closing of the sale of the Paupack Property can conceivably take place in TWO DAYS – which permits Defendants no meaningful opportunity to retrieve their personal property. Accordingly, traditional principles of equity jurisprudence – as well as those of simple fairness and common

decency – require that no closing of the sale occur until Defendants are permitted a reasonable amount of time to retrieve their belongings.

## CONCLUSION

For all the reasons discussed herein, the Defendants request that the Court deny the Receiver's Motion For Order Authorizing the Receiver's Sale of Real Property Located at 105 Rebecca Court, Paupack, PA 18451. In the alternative, if the Court chooses to grant the Receiver's motion, the Defendants request that the order and sale be stayed until such time as the Eleventh Circuit Court of Appeals has ruled on the Defendants' pending appeal. Of paramount importance, the scheduled closing date of July 7, 2023, should be postponed for at least a week to provide Defendants with an opportunity to retrieve their belongings.

| | |
|---|---|
| **KAPLAN ZEENA LLP**<br>*Attorneys for Defendant Lisa McElhone*<br>2 South Biscayne Boulevard, Suite 3050<br>Miami, Florida 33131<br>Telephone: (305) 530-0800<br>Facsimile: (305) 530-0801<br><br>By: /s/ *James M. Kaplan*<br>   JAMES M. KAPLAN<br>   Florida Bar No.: 921040<br>   james.kaplan@kaplanzeena.com<br>   elizabeth.salom@kaplanzeena.com<br>   service@kaplanzeena.com<br>   NOAH E. SNYDER<br>   Florida Bar No.: 107415<br>   noah.snyder@kaplanzeena.com<br>   maria.escobales@kaplanzeena.com | **KOPELOWITZ OSTROW**<br>**FERGUSON WEISELBERG GILBERT**<br>*Attorneys for Defendant Joseph W. LaForte*<br>One W. Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 525-4100<br><br>By: /s/ *David L. Ferguson*<br>   DAVID L. FERGUSON<br>   Florida Bar Number: 0981737<br>   Ferguson@kolawyers.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of July, 2023, I electronically filed the forgoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is

being served this day on counsel of record via transmissions of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *James M. Kaplan*  
JAMES M. KAPLAN