**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-81205-RAR**

**SECURITIES AND EXCHANGE
COMMISSION,**

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING**, *et al.*,

    Defendants.
_____/

**ORDER AUTHORIZING RECEIVER'S SALE OF
REAL PROPERTY LOCATED AT 105 REBECCA COURT, PAUPACK, PA 18451**

**THIS CAUSE** comes before the Court upon the Receiver's Motion for Order Authorizing Receiver's Sale of Real Property Located at 105 Rebecca Court, Paupack, PA 18451 ("Paupack Home" or the "Property") [ECF No. 1624] ("Motion"), filed on June 28, 2023. Defendants Lisa McElhone and Joseph LaForte filed a Response in Opposition to the Motion ("Response") on July 5, 2023. [ECF No. 1631]. The Court having reviewed the Motion, the Response, and the record in this matter, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. In their Response, Defendants have misstated the financial position of the Receivership in a misguided effort to delay the sale of the Paupack Home. For instance, they consistently maintain the Receiver is in possession of merchant cash advance (MCA) receivables valued at approximately $192 million. Resp. at 4. But during multiple status conferences—all of which Defendants' counsel has been present for—the Receiver has made clear that the bulk of these receivables are unrecoverable.

Indeed, during the status conference held on June 29, 2023, counsel for the Receiver stated with disappointment that "his client is probably the largest holder of confessions of judgment in the City of Philadelphia," referring to the many millions of dollars in MCA receivables the Receiver has been unable to collect due to bankruptcies and the overall commercial nonviability of the MCA debtors' businesses.  *See* Tr. of Status Conference [ECF No. 1625] at 16–17.  Throughout the pendency of this litigation, the Receiver has consistently discovered that a significant portion of the MCA loans that the Receivership entities issued were "commercially unreasonable."  *Id.* at 18.  And the Receiver wishes to avoid "spending . . . good money to chase bad money" in an effort to optimize the ultimate payout to investors.  *Id.* at 19.  Accordingly, the $192 million figure that Defendants consistently cite is illusory.  Yet, Defendants conveniently ignore all of these facts when framing their responses in opposition to almost every decision the Receiver makes.

The Receiver has been charged with obtaining the maximum value possible for the real property currently within the Receivership Estate, the most valuable of which consists of a few residential properties, including the Paupack Home.  Defendants' counsel has failed to advance any plausible reason to doubt the Receiver's sound business judgment to liquidate these properties at this time in order to maximize the Receivership assets for the benefit of defrauded investors.  Moreover, Defendants overstate their position with respect to the four factors needed to stay an order pending appeal.  *See Nken v. Holder*, 556 U.S. 418, 426 (2009).  Their appeals before the Eleventh Circuit appear to have very little likelihood of succeeding on the merits, especially in light of the Eleventh Circuit's recent affirmance of this Court's Amended Final Judgment against co-defendant Joseph Cole Barleta.  *See SEC v. Complete Bus. Sols. Grp., Inc.*, No. 22-13811, 2023 WL 4196949, at *1 (11th Cir. June 27, 2023).  Moreover, the Court does not find the "irreparable

injury" of losing a "vacation residence," Resp. at 7, sufficient to outweigh the potential loss to defrauded investors if a stay is issued as to the pending sale. The public interest is best served by the efficient and fair administration of these claims.

Finally, although the Court will continue to afford Defendants an opportunity to state relevant objections, the Court will not countenance continued mischaracterizations of the Receivership's financial position. The arguments advanced in recent responses filed by Defendants' counsel restate objections that have already been carefully considered—and repeatedly rejected—by this Court. *See, e.g.*, [ECF Nos. 1557, 1612, 1631]. Such objections sap precious judicial resources and delay efforts by Receiver's counsel to follow this Court's directive to achieve maximum recovery for the benefit of defrauded investors. Counsel is thus cautioned that the further filing of such repetitive and frivolous objections may result in the entry of sanctions.

Based on the foregoing, and in accordance with its Order granting Receiver's Motion for Order Authorizing Receiver's Sale of All Real Property Within the Receivership Estate [ECF No. 1486], this Court has reviewed the Declaration [ECF No. 1624–1] of Receiver Ryan K. Stumphauzer, Esq. regarding his proposed sale of the real property located at and commonly known as 105 Rebecca Court, Paupack, PA 18451 (Pike County, Pennsylvania, Deed Book 2531, Page R808) ("Paupack Home" or the "Property"), and **ORDERS** as follows:

    A.    The terms of the Standard Agreement for the Sale of Real Estate, a copy of which is attached to the Declaration as Exhibit A (collectively, the "Contract"), by and between the Receiver and J.S.[1] (the "Buyer") in connection with the Receiver's proposed sale of the Property to Buyer are **APPROVED**;

---

[1] For security purposes, the Buyer's identities have been redacted.

B. The Court ratifies the Receiver's execution of the Contract and authorizes the Receiver to perform all of his obligations under the Contract;

C. The Receiver is authorized to sell the Property to Buyer or Buyer's designee, as contemplated in the Contract, in exchange for the aggregate sum of $3.3 million, subject to the applicable terms of this Order;

D. The Receiver is further authorized to pay any commissions provided for in the Contract and in connection with the consummation of his sale of the Property;

E. In accordance with the terms of the Contract, and without limiting those terms, Buyer or Buyer's designee shall purchase the Property on an "as-is / where-is" basis, without any representations or warranties whatsoever by the Receiver and his agents and/or attorneys including, without limitation, any representations or warranties as to the condition of the Property, except as expressly set forth in the Contract. Buyer or its designee is responsible for all due diligence, including but not limited to, inspection of the condition of and title to the Property, and is not relying on any representation or warranty of the Receiver, except as expressly set forth in the Contract;

F. In the performance of his obligations pursuant to this Order, the Receiver's liability in connection with the Contract and the sale of the Property to the Buyer shall be limited to the assets of the Receivership Estate (the "Estate"). Neither the Receiver nor his professionals shall have any personal liability for claims arising out of or relating to the performance of any actions necessary to complete the sale of the Property as provided for herein;

G. Provided Buyer or Buyer's designee consents, in writing, the Receiver is hereby authorized to amend or otherwise modify the Contract, in writing, as necessary to complete the sale of the Property in the event that the Receiver determines, in his reasonable business judgment,

that such amendment or modification is reasonable and necessary, will benefit the Estate, avoid the imposition of any liability upon the Estate, or is required pursuant to the terms of the Contract or any other amendment or modification thereto, provided that any such amendment or modification does not change the material terms of the Contract, including the parties to the Contract and the purchase price for the Property;

H. The Receiver is hereby authorized to take all actions and execute all documents necessary to consummate and otherwise effectuate the sale of the Property to Buyer or Buyer's designee, including, but not limited to, the Contract itself, any other documents required to be executed pursuant to the Contract, and any related documentation, escrow instructions, or conveyance documents consistent with selling and conveying title to the Property to Buyer or Buyer's designee.  The Receiver shall execute all documents necessary to consummate and otherwise effectuate the sale of the Property as "Ryan K. Stumphauzer, Court-Appointed Receiver" or any reasonable variation thereof which clearly identifies the Receiver as a Court-appointed Receiver;

I. The Receiver is hereby authorized to execute and acknowledge a Receiver's Deed, or similar instrument, conveying title to the Property to Buyer or Buyer's designee (the "Receiver's Deed") to effectuate the conveyance, and cause the Receiver's Deed to be recorded on the date on which close of escrow occurs pursuant to the terms of the Contract, or as determined by and between the Receiver and Buyer or Buyer's designee;

J. Any licensed title insurer may rely on this Order as authorizing the Receiver to transfer title to the Property as provided in the Contract and as authorized herein;

K. This Court shall retain jurisdiction over any dispute involving the Receiver in connection with the sale of the Property; and

L. The Receiver shall provide Buyer or Buyer's designee with a certified copy of this Order, as entered by the Court, directly or through escrow, prior to the Close of Escrow, or as provided for in the Contract, and Buyer or Buyer's designee shall acknowledge receipt of a copy of this Order, in writing. A certified copy of this Order may be recorded concurrently with the Receiver's Deed, or at any time before the close of escrow, provided, however, that failure to record this Order shall not affect the enforceability of this Order, the enforceability and viability of the Contract, or the validity of the Receiver's Deed.

Lastly, the Receiver shall endeavor to postpone the closing date of July 7, 2023, by one week to provide Defendants with an opportunity to retrieve their belongings. If the Receiver is unable to negotiate an extension of the closing date, the Receiver shall undertake all reasonable efforts to provide Defendants access to the property to recover their personal assets.

**DONE AND ORDERED** in Miami, Florida, this 5th day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**