# Exhibit "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, et al.,

        Defendants.
_____/

**[PROPOSED] ORDER APPROVING RECEIVER'S SALE OF REAL
PROPERTY LOCATED AT 107 QUAYSIDE DRIVE, JUPITER, FLORIDA 33477**

**THIS CAUSE** comes before the Court upon the Receiver's Motion for Order Approving Receiver's Sale of, Real Property Located at 107 Quayside Drive, Jupiter, Florida 33477 [ECF No. _____] ("Motion"), filed on July 10, 2023. The Court has reviewed the Motion and the record in this matter, and is otherwise fully advised.

In the Motion, the Court-appointed Receiver, Ryan K. Stumphauzer ("Receiver") asks the Court to approve and authorize the sale of the real property located at 107 Quayside Drive, Jupiter, Florida 33477 ("Quayside Property").

The Receiver has made a sufficient and proper showing in support of the relief requested in the Motion. Accordingly, for the reasons stated in the Motion, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

In accordance with its Order granting Receiver's Motion for Order Authorizing Receiver's Sale of All Real Property Within the Receivership Estate [ECF No. 1486], this Court has reviewed the Declaration [ECF No. _____-1] of Ryan K. Stumphauzer, Esq., the Court-Appointed

- 1 -

Receiver (the "Receiver"), regarding his proposed sale of the Quayside Property, and orders as follows:

  A. The terms of the contingent As Is Residential Contract for Sale and Purchase for the sale of the Quayside Property (the "Contract"), a copy of which is attached to the Declaration as Exhibit B, by and between the Receiver and the R.W. Revocable Trust Agreement[1] (the "Buyer") in connection with the Receiver's proposed sale of the Quayside Property to Buyer are **APPROVED**;

  B. The Court ratifies the Receiver's execution of the Contract and authorizes the Receiver to perform all of his obligations under the Contract;

  C. The Receiver is authorized to sell the Quayside Property to Buyer or Buyer's designee, as contemplated in the Contract, in exchange for the aggregate sum of $12,100,000.00, subject to the applicable terms of this Order;

  D. The Receiver is further authorized to pay any commissions provided for in the Contract and in connection with the consummation of his sale of the Quayside Property;

  E. In accordance with the terms of the Contract, and without limiting those terms, Buyer or Buyer's designee shall purchase the Quayside Property on an "as-is / where-is" basis, without any representations or warranties whatsoever by the Receiver and his agents and/or attorneys including, without limitation, any representations or warranties as to the condition of the Quayside Property, except as expressly set forth in the Contract. Buyer or its designee is responsible for all due diligence, including but not limited to, inspection of the condition of and title to the Property, and is not relying on any representation or warranty of the Receiver, except as expressly set forth in the Contract;

---

[1] For security purposes, the Buyer's identity has been redacted.

F. In the performance of his obligations pursuant to this Order, the Receiver's liability in connection with the Contract and the sale of the Quayside Property to the Buyer shall be limited to the assets of the Receivership Estate (the "Estate"). Neither the Receiver nor his professionals shall have any personal liability for claims arising out of or relating to the performance of any actions necessary to complete the sale of the Quayside Property as provided for herein;

G. Provided Buyer or Buyer's designee consents, in writing, the Receiver is hereby authorized to amend or otherwise modify the Contract, in writing, as necessary to complete the sale of the Quayside Property in the event that the Receiver determines, in his reasonable business judgment, that such amendment or modification is reasonable and necessary, will benefit the Estate, avoid the imposition of any liability upon the Estate, or is required pursuant to the terms of the Contract or any other amendment or modification thereto, provided that any such amendment or modification does not change the material terms of the Contract, including the parties to the Contract and the purchase price for the Quayside Property;

H. The Receiver is hereby authorized to take all actions and execute all documents necessary to consummate and otherwise effectuate the sale of the Quayside Property to Buyer or Buyer's designee, including, but not limited to, the Contract itself, any other documents required to be executed pursuant to the Contract, and any related documentation, escrow instructions, or conveyance documents consistent with selling and conveying title to the Quayside Property to Buyer or Buyer's designee.  The Receiver shall execute all documents necessary to consummate and otherwise effectuate the sale of the Quayside Property as "Ryan K. Stumphauzer, Court-Appointed Receiver" or any reasonable variation thereof which clearly identifies the Receiver as a Court-appointed Receiver;

I. The Receiver is hereby authorized to execute and acknowledge a Receiver's Deed, or similar instrument, conveying title to the Quayside Property to Buyer or Buyer's designee (the "Receiver's Deed") to effectuate the conveyance, and cause the Receiver's Deed to be recorded on the date on which close of escrow occurs pursuant to the terms of the Contract, or as determined by and between the Receiver and Buyer or Buyer's designee;

J. Any licensed title insurer may rely on this Order as authorizing the Receiver to transfer title to the Quayside Property as provided in the Contract and as authorized herein;

K. This Court shall retain jurisdiction over any dispute involving the Receiver in connection with the sale of the Quayside Property; and

L. The Receiver shall provide Buyer or Buyer's designee with a certified copy of this Order, as entered by the Court, directly or through escrow, prior to the Close of Escrow, or as provided for in the Contract, and Buyer or Buyer's designee shall acknowledge receipt of a copy of this Order, in writing. A certified copy of this Order may be recorded concurrently with the Receiver's Deed, or at any time before the close of escrow, provided, however, that failure to record this Order shall not affect the enforceability of this Order, the enforceability and viability of the Contract, or the validity of the Receiver's Deed.

**DONE AND ORDERED** in Miami, Florida, this _____ day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of record