UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.

_____/

### DEFENDANT DEAN VAGNOZZI'S MOTION
### FOR LEAVE TO FILE A DECLARATORY JUDGMENT ACTION AGAINST INSURERS OF ECKERT SEAMANS AND JOHN W. PAUCIULO, ESQUIRE

Defendant, Dean Vagnozzi ("Vagnozzi"), by and through his undersigned counsel, hereby submits this Motion for Leave to file Declaratory Judgment Action Against Insurers of Eckert Seamans and John W. Pauciulo, Esquire.

1. On June 29, 2023, the Court granted the Receiver's Motion to Reimpose Litigation Stay as to all claims asserted against the law firm Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans") and its former law partner, John W. Pauciulo ("Pauciulo"). (ECF # 1628.)

2. The basis for reimposing the Litigation Stay was the Receiver's representation that he and class action counsel for investors in Par Funding have reached a "settlement in principle" with Eckert Seamans and Pauciulo.

3.  The Receiver's Motion to Reimpose Litigation Stay (ECF # 1598) provided no details – no settlement amount and no other terms or conditions – about the "settlement in principle."

4.  Vagnozzi is not a party to the proposed settlement and was not asked to be.

5.  Vagnozzi, however, filed a Motion to Compel the disclosure of the settlement term sheet (ECF # 1632), and shortly thereafter, the Receiver disclosed the written terms of the "settlement in principle" on the condition they remain confidential.

6.  Because Vagnozzi agreed to keep the written terms of the settlement in principle confidential, they are not repeated or attached hereto.

7.  But, as reported to the Court during the June 29, 2023 Status Hearing, the settlement includes "Eckert agree[ing] to put up the policy limits, the remaining policy limits on the policies that we understand could provide coverage for the claims at issue." 6/29/23 Tr. at 38:6-9.

8.  The Receiver further reported to the Court at the June 29, 2023 Status Hearing that "one of the two important things to Eckert is a bar order," which, according to the Receiver, would "bar additional claims against Eckert Seamans related to these losses." *Id.* at 39: 6-9.

9.  The Receiver also informed the Court that "[o]nce the settlement is negotiated and finalized, our plan is, before we finalize it, we'd like to work with Mr. Haynes [sic] and the Parker plaintiffs. We'd like to discuss with Mr. Buchetto [sic] and Dean Vagnozzi whether they are part of that settlement. We'd like to try to wrap everything together, present it to this Court, and have a bar order entered as part of an order approving settlement." *Id.* at 40:2-8.

10. Thus, among the many issues the Court will need to determine before approving the Receiver's settlement with Eckert Seamans and Pauciulo, which purports to obtain

"remaining policy limits on the policies" and will "bar" other claims not part of the settlement, is whether the terms are "essential, fair and equitable." *In re Seaside Eng'g & Surveying, Inc.*, 780 F.3d 1070, 1079 (11th Cir. 2015) (citation omitted).

11. As part of the Court's decision-making process of whether the proposed settlement terms are "essential, fair and equitable," the Court will need to determine the available insurance for all claims asserted against Eckert Seamans and Pauciulo, including the claims asserted by Vagnozzi.

12. The Receiver is, apparently, seeking to include Vagnozzi's claims in his settlement and/or will ask the Court to "bar" Vagnozzi's claims as part of the proposed settlement.

13. A fundamental unresolved issue with the Receiver's proposed settlement is that it apparently does not account for the availability of additional insurance proceeds arising out of the multiple claims asserted in Vagnozzi's malpractice Complaint, which aside from acts of malpractice related to Par Funding investments, also includes acts of malpractice that have no connection to Par Funding whatsoever.

14. Under the language set forth in the governing insurance policies, Vagnozzi's malpractice claims cannot all be included within the "single Claim" liability limits related to Par Funding, but rather Vagnozzi's Complaint contains separate "claims" having no connection with Par Funding which trigger $50,000,000 of *additional* insurance proceeds apart from the insurance proceeds the Receiver's settlement purports to obtain.

15. In this regard, Vagnozzi has prepared a Complaint for Declaratory Judgment against the insurance companies insuring the malpractice liability of Eckert and Pauciulo, which seeks a declaration that Vagnozzi's Complaint does indeed contain separate claims that trigger

3

the $100,000,000 aggregate limits of the subject policies. A copy of that proposed Complaint is attached hereto as Exhibit "A."

16. Although Vagnozzi does not believe his Complaint for Declaratory Judgment is covered by the Court's original Stay of Litigation or the reimposition of that Stay, because the Court has stayed Vagnozzi's malpractice claims, out of an abundance of caution, he is requesting leave of Court to file the Complaint in this Court for efficiency purposes and because the Court has jurisdiction over the Receiver's settlement with Eckert Seamans and Pauciulo.

17. By allowing Vagnozzi to pursue his Declaratory Judgment Complaint in this Court, the Court can determine the disputed insurance coverage issues that will directly impact the Court's decision on the propriety of the pending Receiver's settlement, including whether the settlement is "essential, fair and equitable."

**WHEREFORE**, based on the foregoing, Defendant Dean Vagnozzi respectfully requests that this Honorable Court enter an Order substantially in the form submitted herewith which grants Vagnozzi leave to file the proposed Declaratory Judgment Complaint attached hereto as Exhibit "A."

    Respectfully submitted,

    **BOCHETTO & LENTZ, P.C.**
    1524 Locust Street
    Philadelphia, PA 19102
    Telephone: 215-735-3900
    Fax: 215-735-2455
    E-mail: gbochetto@bochettoandlentz.com

    By:    */s/ George Bochetto*
            George Bochetto, Esquire
            *Pro Hac Vice*
            *Attorneys for Dean Vagnozzi*

And

EATON & WOLK PL
*Local Counsel for Bochetto & Lentz, P.C.*
2665 S. Bayshore Drive, Suite 609
Miami, Florida 33133
Telephone: 305-249-1640
Email: wwolk@eatonwolk.com
mcomas@eatonwolk.com

By: *s/William G. Wolk*
WILLIAM G. WOLK
FBN: 103527

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was electronically filed on August 2, 2023 with the CM/ECF filing portal, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted, this 2nd day of August, 2023.

        **BOCHETTO & LENTZ, P.C.**
        1524 Locust Street
        Philadelphia, PA 19102
        Telephone: 215-735-3900
        Fax: 215-735-2455

        By: */s/ George Bochetto*
        George Bochetto, Esquire
        *Pro Hac Vice*
        E-mail: gbochetto@bochettoandlentz.com

        *Attorneys for Dean Vagnozzi*

        And

        EATON & WOLK PL
        *Local Counsel for Bochetto & Lentz, P.C.*
        2665 S. Bayshore Drive, Suite 609
        Miami, Florida 33133
        Telephone: 305-249-1640
        Email: wwolk@eatonwolk.com
               mcomas@eatonwolk.com

By:   *s/William G. Wolk*
       WILLIAM G. WOLK
       FBN: 103527