UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**RECEIVER'S MOTION TO STRIKE DEFENDANT
JOSEPH COLE BARLETA'S NOTICE OF COMPLIANCE**

Court-Appointed Receiver Ryan K. Stumphauzer ("Receiver"), through his undersigned counsel, respectfully submits this Motion to Strike Defendant Joseph Cole Barleta's ("Cole") Notice of Compliance.

**I.    Factual Background**

On April 24, 2023, the Receiver moved for an Order to Show Cause why Defendant Cole should not be held in contempt of the Court for refusing to comply with the Court's April 29, 2022 Order Granting Receiver's Motion to Compel [ECF No. 1222] (the "Discovery Order"). [ECF 1552] (the background of that motion is incorporated herein by reference). On April 26, 2023, the Court granted the Receiver's Motion for an Order to Show Cause, requiring Cole to show cause as to why he should not be held in contempt by May 12, 2023, and scheduling an evidentiary hearing on June 5, 2023. [ECF 1553]. On June 6, 2023, after Cole's response and the subsequent evidentiary hearing, the Court held Cole in contempt of Court. [ECF 1586] (the "Contempt Order"). As part of the holding, the Court instructed Cole that he would "have ten (10) days to

comply in full with the [Discovery] Order [ECF No. 1552] and the Receiver's requests for production." *Id.*

On June 15, 2023, counsel for Cole ("Mr. Raikhelson") sent the Receiver a production and informed counsel for the Receiver, Gaetan J. Alfano, that he intended to file a notice of compliance. *See* emails dated June 15, 2023, between counsel for the Receiver and counsel for Cole, herein attached as "Ex. 1". That same day, on June 15, 2023, Cole filed a Notice of Compliance, stating he had provided the Receiver with necessary discovery. [ECF 1599]. Upon review of Cole's production, however, counsel for the Receiver informed Mr. Raikhelson of the following deficiencies:

1. The Court Order required documents from 2016 to present. The earliest document [Mr. Cole] provided is from 2022.

2. Mr. Cole's summary lists properties but there are no documents provided for the properties. For example, Mr. Cole has a mortgage for his Philadelphia property but provided no documentation on mortgage payments.

3. Likewise the summary lists "other assets" and their "estimated value" but [Mr. Cole has] provided no documentation on these items.

4. There is no information on indebtedness owed to Mr. Cole or related companies.

5. You have not provided any documents related to FL Memory Lane or Winsome Grounds beyond bank statements. We understand that despite the existence of the Asset Freeze, Mr. Cole has pledged real property in connection with the criminal case. Where are the documents for that pledge?

6. You have provided no information about any safe deposit boxes.

*See* emails dated June 16, 2023, between counsel for the Receiver and counsel for Cole, herein attached as "Ex. 2". In response, Cole's counsel made a further production and attempted to justify why the production was deficient. *See id.* Even after further supplementing the production, however, Cole was still in noncompliance with the Court's Discovery Order.

2

During a June 29, 2023 status conference, Mr. Raikhelson represented to the Court that his client was in compliance with the Court's Discovery Order. Relevant Excerpts of the June 29, 2023 status conference transcript attached at "Ex. 3." Counsel for the Receiver disagreed with Mr. Raikhelson, stating that the Receiver intended to move to strike the Notice of Compliance. In support, counsel for the Receiver explained that Cole's production was deficient "for a number of reasons, but the primary one is a lack of information about the real estate that Cole acquired, [the Receiver] believes, with commingled investor funds." *Id.* Counsel for the Receiver explained that Cole had provided very little, if any, information on his properties in Delaware and Florida, and the information provided did not go back to 2016, as the Court ordered. *Id.* Counsel for the Receiver further brought to the Court's attention that the Notice of Compliance did not discuss the liabilities associated with Cole's accounts. *Id.* The Court urged both parties to "try and meet and confer," having no issue with providing Cole more time to attempt to make an "adequate and fulsome" production of his financial records. *Id.*

On July 7, 2023, counsel for the Receiver again emailed Mr. Raikhelson, identifying several categories of documents that Mr. Cole failed to produce in response to the Court's Discovery Order. *See* emails dated July 7, 2023, through July 31, 2023, between counsel for the Receiver and counsel for Cole, herein attached as "Ex. 4." On July 17, 2023, Mr. Raikhelson responded, again insisting Cole's production was in compliance, further adding that:

> In any event, the easiest response to Winsome Grounds LLC and FL Memory Lane LLC is that you are incorrect in calling these entities "corporations." They are not corporations, but limited liability companies.
>
> Winsome Grounds LLC is a limited liability company registered in Delaware. FL Memory Lane LLC is a limited liability company registered in Florida. Just so you know, Florida does not require certain corporate formalities, and the Articles of Organization are auto generated. See attached. As such, the information you seek regarding these entities are generally not kept. Most small businesses in Florida do not have independent operating agreements, especially when they are closely held.

3

> Moreover, the account information you seek has already been provided. We provided everything. I will double check with Mr. Barleta, but I believe the accounts did not exist for an earlier period that you requested.
>
> Finally, I have included Amie in this email, as it appears the documents you seek are in aid of execution. I do not know her position on the matter besides the fact that collections is an issue for the SEC. However, Cole does not intend to violate any Court Order. I will review your request with my client in greater detail and provide you any supplemental information we have.

*See id.* On July 19, 2023, Counsel for the Receiver advised Mr. Raikhelson that his response was "inaccurate and insufficient," explaining:

> First, this is not an exercise in execution on the (now) final judgment against your client. The Receiver is seeking to insure Mr. Cole's compliance with the Court's Order and to correct Mr. Cole's misstatements in his Notice of Compliance, which were repeated at the June 29 status conference.
>
> Second, you have provided no business formation or other documents for Winsome [Grounds LLC] or Hezwal [Abbwal LLC].[1] Delaware requires minimally a certificate of formation for an LLC. Have you produced them?
>
> Third, you have provided no documents concerning Mr. Cole's property holdings in Florida, Delaware, or Pennsylvania, …. It is remarkable that Mr. Cole could promptly pledge his interest in the 1751 parcel in Delaware to secure his pretrial release in the criminal case in the Eastern District of Pennsylvania but has yet to produce a single property document for over 14 months in response to an Order from the Southern District of Florida.
>
> Fourth, the Receiver does not believe your client's representation that no earlier accounts exist for: 1) the Memory Lane BOA accounts; 2) the Winsome PNC account; 3) the Fulton Bank account; 4) or the WSFS account for Hezwal. None of those accounts appears to have an initial account statement included. If your client intends to persist in this representation, then please direct me to the opening account statement for each account or provide the actual account opening materials. Most banks provide access for 7 years so your client is within the window in which he can retrieve materials or demonstrate that none exist.

---

[1] Both Winsome Grounds LLC and Hezwal Abbwal LLC are registered in Delaware. At a minimum, §18-201 of the Limited Liability Company Act of the State of Delaware requires a certificate of formation be filed for all limited liability companies.

4

*Id.* Counsel for the Receiver asked that the production be supplemented by July 24, 2023. *See id.* Mr. Raikhelson did not respond until July 27, 2023, at which time Mr. Raikhelson asserted a new argument on behalf of Cole:

> [T]he extent of the original request for production and Judge Ruiz's Order asks documents of assets, but not liabilities. As such, I do not think your request entails mortgage documents or statements of other liabilities. As for the $100K Fidelity balance, I do not know if you are seeking testimony or not. Essentially, you are seeking to have my client, through document production, to disclose to you why certain funds are missing and where they are. As you can see from the bank statements, the funds were either spent or transferred. If you want to know for what purpose, that would get into testimonial evidence. This is our same position on the Fidelity accounts.

*Id.* Mr. Raikhleson also asserted that "Halliz Abbwal has only been in operation for a little over a year and the statements provided to [counsel for the Receiver] are all the statements available on the portal." *Id.* The next day, July 28, 2023, counsel for the Receiver responded to Mr. Raikhelson that the Court Order requires Cole to produce "all assets, irrespective of value or any liabilities associated with the asset." *Id.* Counsel for the Receiver further added that:

> Among other deficiencies… [Cole has also] not produced any closing statements, deeds, business formation documents or bank statements from either 2016 or inception except for the Fidelity account. It is also immaterial that a [Hezwal Abbwal LLC] is less than a year old. As we clarified at the June 5 hearing, the Order was through "the present" – June 5, 2023.
>
> [Cole] misled the Court when [he] filed Mr. Cole's Notice of Compliance. [Counsel for the Receiver] had hoped that [Mr. Raikhelson] and Mr. Cole had taken seriously the Court's comments at the hearing as well as the impact of the resulting contempt Order but apparently not. [Cole has] left the Receiver no choice but to move to strike [the] Notice of Compliance and to seek the Court's intervention, including further sanctions.

*Id.* On July 31, 2023, Mr. Raikhelson reasserted that the Court's Discovery Order did not contemplate "debts owed" by Cole, therefore "the distinction of assets vs liabilities makes a difference," and Cole is not in possession of closing documents. *See id.* Further, despite counsel for the Receiver's detailed email dated June 16, 2023, outlining these deficiencies, Mr. Raikhelson

5

added that issues with Cole's production had not been raised until the June 29th status conference and the Notice of Compliance had been filed in good faith. *See id.*

As of the filing of this Motion to Strike Cole's Notice of Compliance, Cole has not provided any further documentation in compliance with the Court's Discovery Order and Contempt Order.

## II.     **Legal Standard**

Rule 37(b)(2) authorizes the Court to impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also United States v. $3,107.90 in United States Currency*, 2006 WL 950096 (M.D. Ga. Apr. 12, 2006) ("Rule 37 [ ] authorizes the Court to impose sanctions for failure to cooperate"); *ADM Agri-Indus., Ltd. v. Harvey*, 200 F.R.D. 467 (M.D. Ala. May 9, 2001) ("... Rule 37 authorizes a wide range of sanctions for a party's failure to make disclosures or cooperate in discovery...."); *Seven Seas Cruises v. V Ships Leisure Sam*, 2011 WL 13220383, at *6 (S.D. Fla. Apr. 28, 2011) ("[Rule 37] addresses a party's failure to make disclosures or to cooperate in discovery and sets forth sanctions that may be imposed by a Court."). Sanctions at the Court's disposal include, but are not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses," "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions).

In general, district courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order. *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197 (1958). Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.

*In re Chase and Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir.1989) (inability to comply); *Equal Employment Opportunity Comm'n v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir.1982) (simple negligence or misunderstanding). In imposing sanctions, the court may consider "the unsuitability of another remedy, the intransigence of a party, and the absence of an excuse." *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 116 (M.D. Fla. 1997).

### III.     Argument

The Receiver has patiently made good faith efforts to work with Cole in order to obtain the required information. *See supra*. Despite numerous requests and ample time, Cole has not provided the discovery in compliance with the Court's Discovery Order and Contempt Order. Specifically, Cole has failed to provide the following documentation in direct violation of the Contempt Order:

- All statements for the relevant period in the Court's Order (2016 through present) for the following accounts: (i) FL Memory Lane Bank of America account (3299); (ii) FL Memory Lane Bank of America account (3286); (iii) Winsome Grounds PNC account; (iv) Fulton Bank account; and (v) Hezwal Abbwal WSFS Bank account. Cole is responsible for obtaining the relevant statements from the banks irrespective of whether they are currently in his possession.

- All property related documents (including closing statements, deeds, applicable mortgage related documents, and HUD-1 statements) for the properties located at: (i) 609 S. Delhi Street, Philadelphia, PA; (ii) 1745 Walnut Green Road, Wilmington, DE; (iii) 1751 Walnut Green Road, Wilmington DE; and (iv) 108 Louisiana Drive, Pensacola, FL.

- Corporate formation documents for FL Memory Lane LLC and Hezwal Abbwal LLC.

- All documents and statements associated with any lines of credit secured by the above-referenced properties.

- All documents related to real estate taxes, property insurance and maintenance fees associated with the above-reference properties.

- All documents reflecting the depletion of funds in Cole's Fidelity accounts from the time of the Asset Freeze in August 2020 (totaling roughly $100,000) through May 2023 (under $100).

7

As such, Cole has failed to abide by the Court's Discovery Order and Contempt Order, and his Notice of Compliance is inappropriate and dishonest. Cole's attempt to distinguish assets versus liabilities to avoid compliance ignores that the Court did not order Cole to produce documents relating to assets that he may own "free and clear" of any liabilities; the subject of the Court's Discovery Order is *all* assets, irrespective of the value or any liabilities associated with that asset. Moreover, Cole has failed to produce any closing statements, deeds, business formation documents or bank statements from either 2016 or inception, except for the Fidelity account. Lastly, despite Mr. Raikhelson's assertions that Hazwel Abbal has only existed for approximately a year, it is immaterial that a particular business or asset is less than a year old because the Court's Contempt Order made clear that the production was through "the present."

Striking pleadings, in whole or in part, does not require a willful or bad faith failure to obey a discovery order. *See Rogers*, 357 U.S. 197 (1958). The Court can instead utilize its discretion to fashion appropriate sanctions for violations of discovery orders. *See Malautea*, 987 F.2d at 1542. The current state of Cole's production, in combination with his obstinance in working with the Receiver to comply with the Court's Discovery Order and Contempt Order, provides ample grounds to strike Cole's Notice of Compliance. Put plainly, Cole's Notice of Compliance is false and was filed in bad faith. As such, an appropriate sanction is to strike the Notice of Compliance.

## IV.    Conclusion

For the foregoing reasons, Receiver respectfully requests that this Court: (1) grant his Motion to Strike Defendant Joseph Cole Barleta's Notice of Compliance; (2) impose a daily coercive fine on Cole until such time that Cole proves he is in full compliance with the Discovery Order and the Contempt Order; and (3) award the Receiver the attorneys' fees and costs he has incurred in connection with this Motion, in an amount to be determined by the Court following

Cole's full compliance with the Discovery Order and the Contempt Order. A proposed Order granting this Motion is attached as Exhibit 5.

**CERTIFICATION REGARDING PRE-FILING CONFERENCE**

The undersigned counsel has conferred with counsel for Joseph Cole Barleta regarding his noncompliance with the Court's orders and the deficiencies in his Notice of Compliance. Notwithstanding the foregoing, Cole has not withdrawn his notice of compliance and otherwise does not agree to the relief requested herein.

Dated: August 15, 2023                              Respectfully Submitted,

**STUMPHAUZER KOLAYA
NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
(305) 614-1400 (Telephone)
(305) 614-1425 (Facsimile)

By: /s/ Timothy A. Kolaya
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sknlaw.com

*Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200 (Telephone)
(215) 981-0082 (Facsimile)

By: /s/ Gaetan J. Alfano
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com

*Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 15, 2023, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                         */s/ Timothy A. Kolaya*
                                                        TIMOTHY A. KOLAYA