UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 9:20-CV-81205

SECURITIES AND EXCHANGE COMMISSION

Plaintiff,

vs.

COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a/ PAR FUNDING, et. al.

Defendants

L.M.E. 2017 FAMILY TRUST,

Relief Defendant.

**RESPONSE IN OPPOSITION TO RECIEVER'S MOTION TO STRIKE**

COMES NOW, JOSEPH COLE BARLETA ("Cole"), by and through his undersigned counsel, and pursuant to this Court's inherent authority, responds in opposition to Receiver's Motion to Strike:

**RECIEVER'S PROCEDURAL DEFICIENCIES**

1. As a threshold matter, Cole does not know what the Receiver hopes to accomplish with his Motion to Strike. The Receiver's motion is a Motion to Strike, yet he seeks more than merely striking a Notice of Compliance, but sanctions in the form of a coercive fine, as well as attorney's fees.

2. The standard for a Motion to Strike are clear:

    Under Fed. R. Civ. P. 12(f), a court may, on its own motion or by motion of a party, strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A motion to strike should be

> granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. Because that standard is rarely met, motions to strike are generally disfavored by the court and are often considered time wasters. See generally *United States ex rel. Chabot v. MLU Servs., Inc.,* 544 F. Supp. 2d 1326 (M.D. Fla. 2008)

3. The Receiver does not even pretend that it has met that standard, and instead cites to the standard for a Motion for Sanctions. However, the Receiver, is seeking more than just sanctions, but a Motion to Strike.

4. The Recever has failed to demonstrate how Striking a Notice of Compliance is warranted nder the standard set forth under Fed. R. Civ. P. 12(f).

**FACTS PERTINENT TO RECIEVER'S MOTION TO STRIKE**

5. Next, most of what the Receiver has requested Cole does not have possession of.

6. Specifically, on July 31, 2023, Undersigned sent Mr. Alfano the following e-mail:



7. The above-mentioned e-mail was never responded to by Gaetan or any of the other Receivership counsel. As such, Cole has not mislead the Court, and he does not have documents that the Receiver is requesting, that he claims are missing.

8. However, what Cole had produced is an entire summary of assets, all Statements from Cole's Fidelity Account that he could obtain, all Capital Source 2000 Statements that he could obtain, all Statements from Fl Memory Lane, LLC. that Cole could obtain, all Statements from Helliz Abbwal, LLC. that Cole could obtain, all Statements from Winsome grounds, LLC. that Cole could obtain.

9. Although there was confusion about the scope of the request, Cole sent the Receiver no less than 223 items, or 54.7 megabytes of documents.



10. With that in mind, the Receiver has made various contentions that are simply not true. The following are reasons why Cole has not produced other documents:

a. Helliz Abbwal accounts only go back to June 2022 when they were opened, the statement clearly shows a starting balance of $0.00 for this account then.
b. All statements for FL Memory Lane Bank of America account (3299); (ii) FL Memory Lane Bank of America account (3286); (iii) Winsome Grounds PNC account; (iv) Fulton Bank account; and (v) Hezwal Abbwal WSFS Bank account have been produced.
c. Cole does not have possession of closing documents, or property documents related to (i) 609 S. Delhi Street, Philadelphia, PA; (ii) 1745 Walnut Green Road, Wilmington, DE; (iii) 1751 Walnut Green Road, Wilmington DE; and (iv) 108 Louisiana Drive, Pensacola, FL.
d. Cole does not have, nor does he maintain corporate formation documents for FL Memory Lane LLC and Hezwal Abbwal LLC. These are closely held entities that do not typically maintain corporate formalities outside of keeping separate accounts and filing annual reports.
e. Cole does not have "All documents reflecting the depletion of funds in Cole's Fidelity accounts from the time of the Asset Freeze in August 2020 (totaling roughly $100,000) through May 2023 (under $100)." Moreover, even, assuming that Cole had such documents, the original request made by the Reciever never contemplated this category production.
f. Likewise, the original request sought assets, but not liabilities, which are different. For discovery and accounting purposes, assets and liabilities are different. Specifically, this Court has required Cole to do the following:

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that the Receiver's Motion [ECF No. 1188] is GRANTED. Within seven (7) days of the date of this Order, Cole shall respond to the Receiver's requests—producing copies of all documents within Cole's possession, custody, or control containing information from 2016 through the present about the following 10 categories of **assets** in which Cole may have a personal or business interest:

- Real Estate
- Stocks, Bonds, and Securities
- Bank Accounts
- Safe Deposit Boxes
- Automobiles
- Indebtedness Owed to Cole
- Partnerships and Other Business Interests

- Trusts
- Other Property
- Disposed of Property

11. As can be seen above, the Court did not order the disclosure of liabilities, but merely assets. Regardless of the interpretation of the Order, Cole has provided the Receiver with everything that Cole found.

12. Moreover, if there is something that the SEC needs in aid of execution, they can issue interrogatories, or choose to take the Deposition. Likewise, should the Receiver wish, he has the power of subpoena.

13. Not withstanding the above, the SEC, the sole entity entitled to collect, has scheduled the deposition of Capital Source 2000, Inc. on September 20, 2023 on Webex.

14. As such, Cole is, literally, hiding nothing.

## ARGUMENT

A. *Sanctions are Improper*

Sanctions are only proper under Rule 37(b)(2) when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Under the Federal Rules of Civil Procedure, it remains the case that parties are only obligated to preserve and produce those records that are in their possession, custody or control. Parties are not obligated to recreate records that were destroyed in the ordinary course of business or that are in the possession of third parties, as in *Phillips v. Netblue*, 2007 No. C-05-4401 SC. (N.D. Cal. Jan. 22, 2007) (The fundamental factor is that the document, or other potential objects of evidence, must be in the party's possession, custody, or control for any duty to preserve to attach … One cannot keep what one does not have.)

The *Phillips* case is bolstered by In [Microsoft Corp. v. United States (In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.), 855 F.3d 53, 60 (2d Cir. 2017)](#), the US Court of Appeals for the Second Circuit decided that a warrant issued pursuant to the Stored Communications Act (SCA) of 1986 did not require Microsoft to turn over material from a data center located outside of the United States. The government had sought all information associated with a free Microsoft email account, regardless of where the emails were stored. Microsoft provided the government with data stored in the United States, but refused to produce emails outside the United States stored in its Ireland data center, asserting that the data center is outside the jurisdictional limit of US search warrants. Microsoft's objections were ultimately upheld.

As such, because Cole has provided everything he had in his possession, the Reciever should not be able to force Cole to testify or create business records where non exist.

WHEREFORE, the Motion to Strike Should be DENIED.

Date: August 15, 2023

Respectfully submitted,

    Law Offices of Andre G. Raikhelson, LLC.
    *Counsel for Defendant*
    7000 W Palmetto Park Road, Suite 210
    Boca Raton, FL 33431
    Telephone:     (954) 895-5566
    Primary: arlaw@raikhelsonlaw.com

    /s/ Andre G. Raikhelson
    Andre G. Raikhelson Esq.
    Bar Number: 123657

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Andre G. Raikhelson
Andre G. Raikhelson Esq.
