UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

        Defendants.
_____/

**RECEIVER'S RESPONSE IN OPPOSITION TO DEFENDANT DEAN VAGNOZZI'S MOTION FOR LEAVE TO FILE DECLARATORY JUDGMENT ACTION**

Ryan K. Stumphauzer, Court-Appointed Receiver of the Receivership Entities,[1] opposes Defendant Dean Vagnozzi's ("Vagnozzi") Motion for Leave to File a Declaratory Judgment

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding; Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Investment Fund 2 LP; MK Corporate Debt Investment Company LLC; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consultants, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; Liberty Eighth Avenue LLC; The LME 2017 Family Trust; Blue Valley Holdings, LLC; LWP North LLC; 500 Fairmount Avenue, LLC; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, Inc., and the Receivership also includes the properties located at 568 Ferndale Lane, Haverford, PA 19041; 105 Rebecca Court, Paupack, PA 18451; 107 Quayside Dr., Jupiter, FL 33477; and 2413 Roma Drive, Philadelphia, PA 19145.

Action Against Insurers of Eckert Seamans and John W. Pauciulo, Esquire (ECF No. 1654) (the "Motion") because: (1) as a nonparty to the insurance policies, Vagnozzi does not have a legally enforceable right in said policies, and therefore lacks standing to request a declaratory judgment; and (2) this latest filing is yet another veiled attempt at circumventing the Court's litigation stay.

## **Introduction**

In his Motion, Vagnozzi requests leave to file a declaratory judgment action against the insurers of Eckert Seamans Cherin & Mellot, LLC ("Eckert Seamans") and John W. Pauciulo ("Pauciulo") to determine what he characterizes as "disputed insurance coverage issues that will directly impact the Court's decision on the propriety of the pending Receiver's settlement." (ECF No. 1654 ¶ 17). Vagnozzi describes his primary concern as whether the Receiver's proposed settlement impacts the availability of additional insurance proceeds to *potentially* cover his claims in *Vagnozzi v. Pauciulo, et al.*—the malpractice suit he filed in Pennsylvania against his former attorney, John W. Pauciulo and Eckert Seamans (the "Pennsylvania case").[2] Specifically, Vagnozzi is asking this Court to provide him with an advisory opinion on whether his malpractice claims in the Pennsylvania case are "separate claims" under the relevant policies and, therefore, trigger the "aggregate claim" policy limit of $100,000,000, instead of the "single claim" limit of $50,000,000. (ECF No. 1654, ¶13-14).

The Court should deny Vagnozzi's Motion because he lacks standing to file a declaratory judgment action against the insurers. As a nonparty to the insurance policy, who does not have a judgment against Eckert Seamans and Pauciulo, Vagnozzi does not have a legally enforceable right in the insurance policy. Additionally, allowing Vagnozzi to pursue this proposed action

---

[2] In 2021, Vagnozzi filed a malpractice complaint in the Pennsylvania Court of Common Pleas of Philadelphia County against Eckert Seamans and John W. Pauciulo. *Vagnozzi v. Pauciulo, et al.*, May Term 2021 No. 002115.

would require this Court to rule and opine on a matter that has not yet been litigated. The parties would need to engage in discovery, which would distract from the Receiver's main functions of preserving and protecting investor dollars. To that end, the Court has already considered Vagnozzi's requests to lift the litigation injunction so as to allow him to pursue his claims against Eckert Seamans and Pauciulo, and has rejected those requests. This latest filing is just another attempt to circumvent the litigation stay that the Court recently reimposed.

### Procedural History

1. On July 31, 2020, the Court entered a Litigation Injunction Order enjoining all Receivership Entities, and the parties to any and all Ancillary Proceedings from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding. (ECF No. 56).

2. On August 13, 2020, the Court entered an Amended Order Appointing Receiver. This Amended Order includes, among other things, a stay of litigation involving the Receivership Entities and any Receivership Property. (ECF No. 141, ¶32).

3. On April 23, 2021, Vagnozzi filed the Pennsylvania case against Eckert Seamans and Pauciulo.

4. On June 8, 2021, the defendants in that matter, Eckert Seamans and Pauciulo filed a Motion to Stay Proceedings based on this Court's Litigation Injunction Order.

5. On July 6, 2021, the Court of Common Pleas in Pennsylvania granted Eckert Seamans and Pauciulo's Motion to Stay, and stayed the matter pending resolution of this action.

6. On September 1, 2021, Vagnozzi filed a Motion for Clarification in this case, asking the Court, in part, to clarify the meaning of the term "Ancillary Proceedings" and whether the litigation stay applied to the Pennsylvania case. (ECF No. 742).

7. On September 21, 2021, the Court clarified that the Pennsylvania case is an Ancillary Proceeding that it is subject to the Litigation Stay, and that it implicates Receivership Property and infringes on the authority the Court granted the Receiver. (ECF No. 788).

8. On September 8, 2022, the Court lifted the Litigation Stay in any case against Eckert Seamans and/or John Pauciulo in which a Receivership Entity was not a party, including but not limited to, the Pennsylvania case. (ECF No. 1398).

9. On June 29, 2023, the Court reimposed the Litigation Stay as to all cases against Eckert Seamans and/or John Pauciulo, including the Pennsylvania case. (ECF No. 1628).

10. On August 2, 2023, Vagnozzi filed a request for leave to file a Declaratory Judgment Action against the insurers of Eckert Seamans and Pauciulo. (ECF No. 1654).

## Argument

1. **Vagnozzi does not have standing to request a declaratory judgment action.**

Federal courts do not decide abstract, hypothetical, or contingent questions. *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461 (1945). Rather, Article III of the Constitution limits federal courts to adjudicating actual "cases" and "controversies." *See, e.g., Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Thus, the dispute must be a real and substantial controversy seeking specific relief through a decree of conclusive character, not an opinion advising what the law would be upon a hypothetical state of facts. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

Similarly, the Declaratory Judgment Act "provides that a declaratory judgment may only be issued in the case of an actual controversy." *See Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985) (citing 28 U.S.C. § 2201); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.,* 68

F.3d 409, 414 (11th Cir. 1995) ("In all cases arising under the Declaratory Judgment Act, ... the threshold question is whether a justiciable controversy exists."). The case-or-controversy limitation requires that the litigant have standing. *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1273 (11th Cir. 2001). To establish standing, Vagnozzi must make three showings. First, he must have suffered an "injury in fact"—an invasion of a *legally protected interest* which is: (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a "causal connection between the injury and the conduct complained of—the injury must be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.'" Third, it "must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).

The Supreme Court has held that "generalized grievances" are not enough to confer standing and stated that plaintiffs who cannot identify an injury "other than the psychological consequence presumably produced by observation of conduct with which one disagrees" lack the injury necessary to establish Article III standing. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 483-485 (1982). It is not enough that "the [plaintiff]'s complaint sets forth facts from which we could *imagine* an injury sufficient to satisfy Article III's standing requirements," since "we should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n,* 226 F.3d 1226, 1229–30 (11th Cir. 2000) (emphasis added).

Here, Vagnozzi's Motion does not establish a real or imminent injury to any legally protected interest of his. *Defenders of Wildlife,* 504 U.S. at 560. "No legally cognizable injury

arises unless an interest is protected by statute or otherwise." *Cox Cable Communications, Inc. v. United States,* 992 F.2d 1178, 1182 (11th Cir.1993). Vagnozzi is not a party to the insurance policies between the insurers and Eckert Seamans and Pauciulo. As a non-party to the insurance policies, Vagnozzi can only establish standing if he is an intended third-party beneficiary of the policies. Whether, for standing purposes, a non-party to a contract has a legally enforceable right therein is a matter of state law. *See, e.g., Miree v. DeKalb County,* 433 U.S. 25, 29–33 (1977).

Under Florida law, Vagnozzi is not an intended third-party beneficiary to the insurance policies because the Pennsylvania case has not yet been litigated to resolution, and therefore his request is premature. Florida's requirements regarding a non-party's rights to pursue a claim against an insurer are codified in the state's nonjoinder statute. It provides:

1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
2) ... No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136. Vagnozzi has not obtained a settlement with or verdict against Eckert Seamans and Pauciulo. Consequently, he does not have a beneficial interest in their liability policies. *See Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co.,* 895 So.2d 1136, 1138 (Fla. 2nd DCA 2005) (holding that an injured person has no beneficial interest in the wrongdoer's liability policy until a judgment is entered against the insured).

In *S. Owners Ins. Co. v. Mathieu*, 67 So. 3d 1156 (Fla. 2nd DCA 2011), Florida's Second District Court of Appeal delt with a nearly identical issue. Certain homeowners discovered a substantial water intrusion affecting the rear deck of their home. They filed suit and asserted a negligence claim against a contractor. Shortly thereafter, and before obtaining a settlement with or verdict against the contractor, the homeowners filed a declaratory judgment action against the contractor's insurance carrier. The court found that the homeowners lacked standing, holding that "where an injured third-party brings a declaratory judgment action against an insurer prior to obtaining a settlement with or verdict against an insured, the action must be dismissed." *Id.* at 1159.

Similarly, in *Dollar Systems, Inc. v. Elvia*, 967 So. 2d 447 (Fla. 4th DCA 2007), Dollar Systems Inc., a rental car company, rented vehicles to various tourists who were involved in car accidents. The tourists obtained their own rental insurance through a third-party insurer. Dollar was also insured under its own insurance policies, and brought a declaratory judgment action against the rental insurance company, prior to obtaining a settlement with or verdict against the tourists, to determine the priority of coverage among the multiple insurance policies. The Florida Fourth District Court of Appeal held that the declaratory judgment action was barred because the rental company was required to obtain a verdict against or settle with the tourists before filing a declaratory judgment action against the rental insurance carrier. *Id.* at 448.

The proposed claims of Vagnozzi are no different than those in *S. Owners Ins. Co.* and *Dollar Systems*. Vagnozzi does not have standing to pursue this proposed declaratory judgment claim, as it is barred by Fla. Stat. § 627.4136. Indeed, this proposed lawsuit would result in the insurers having to litigate declaratory judgment claims over potential losses that have not yet accrued and for which their insureds might ultimately bear no liability.

If Vagnozzi obtains a judgment in the future against Eckert Seamans and Pauciulo for his malpractice complaint in Pennsylvania, and if at that time the insurers deny liability, then Vagnozzi might have the right to file a civil action against the insurers. However, "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined but may never in fact come to pass." *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co.*, 280 F.2d 453, 461 (5th Cir. 1960).

2. **<u>Vagnozzi is once again attempting to circumvent the Court's Litigation Stay.</u>**

In addition to attempting to pursue a claim for which he lacks standing, Vagnozzi's Motion is yet another veiled attempt to have the Court rule and opine on a matter that has been explicitly stayed. This Court previously ruled that its July 31, 2021 and August 13, 2021 Orders appointing the Receiver enjoined the parties to any and all "Ancillary Proceedings" from "commencing or continuing any such legal proceeding…". (ECF No. 56 ¶ 4, ECF No. 141 ¶ 32). The term Ancillary Proceedings is defined as:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or any other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any of the Receivership Entities' property interests, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of a Receivership Entity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

*Id.* Vagnozzi's Pennsylvania case clearly falls within this definition of Ancillary Proceedings, and the Court explicitly told him so on September 21, 2021. (ECF No. 788 ¶ 2).

Nevertheless, Vagnozzi is once again attempting to circumvent the Court's Orders. Vagnozzi continues to argue that the Pennsylvania case is unrelated to this receivership action and

is not covered by this Court's litigation stay. (ECF No. 1654, ¶¶ 13-16). His contention is belied by the first page of his Complaint, in which he states that the suit arises out of the Defendant's representation of Vagnozzi "in connection with the creation of various investment funds formed for the express purpose of investing in alternative income-producing opportunities." Compl. (ECF No. 1654, Ex. A) at p. 1. These "investment funds" are Vagnozzi's ABFP Income Funds and Parallel Funds, which are Receivership Entities. Indeed, the Complaint is replete with facts and arguments concerning Pauciulo and Eckert Seamans' representation of various Receivership Entities:

1) "Pauciulo specifically advised Vagnozzi: There was no need whatsoever to disclose that the proceeds of [ABFP Income] Fund 2 would be invested with PAR funding. . . ." Compl. (Ex. A) at ¶ 74(a);

2) "Defendants represented Vagnozzi in the creation of [ABFP Funds 1-3, 4, 6], each with a separate PPM and Subscription Agreement, each with a distinct and different group of investors, and as to each Defendants charged distinct legal fees and rendered 'registration' and 'disclosure' advice." *Id.* at ¶ 75;

3) Due to Pauciulo and Eckert Seamans' alleged failure to perform competent due diligence, "Vagnozzi and his various funds became the subject of regulatory investigations." *Id.* at ¶ 97;

4) "In connection with negotiating with and having investors accept the 'Exchange Offers,' Defendants represented Vagnozzi in the creation of ABFP Parallel Funds 1, 2, 3, 4 and 6, each with a separate PPM, and prepared 'Supplements" to the original PPMs," which the SEC alleged such Supplements "were completely inadequate and not in compliance with state and federal law, and that the Parallel Funds were not properly registered." *Id.* at ¶¶ 105-106.

The Receivership Entities are inextricably connected to the Pennsylvania case. Allowing Vagnozzi to file a declaratory judgment action against Pauciulo and Eckert Seamans' insurers would open a pandora's box of litigation, premised on the assumption that Pauciulo and Eckert Seamans might ultimately be found liable in the Pennsylvania malpractice case. The parties would argue over the meaning of terms in an insurance policy regarding a malpractice claim that has not been litigated

to judgment. To properly opine on whether Vagnozzi's claims in the Pennsylvania case constitute "separate claims" triggering the $100,000,000 aggregate limits of the insurance policies would require this Court to engage in a factfinding mission—analyzing and investigating the claims Vagnozzi has asserted in the Pennsylvania case. The parties would need to engage in discovery, including discovery related to the claims involving the Receivership Entities. Information regarding Vagnozzi's claims in that case would undoubtedly be sought from the Receiver, which would distract from the Receiver's main functions of preserving and protecting investor dollars.

Additionally, Vagnozzi's persistent contentions that he brought the suit "strictly for personal damages" is disingenuous. He does not claim that any of his damages arose from Pauciulo and Eckert Seamans' representation of him on personal matters. Rather, all of Vagnozzi's claimed damages—from the frozen accounts (*Id.* at ¶ 127), to the fines and penalties to the SEC (¶ 132), to the personal distress and shame purportedly caused by adverse press coverage (¶ 134)—are consequences of Pauciulo and Eckert Seamans' alleged legal malpractice in their representation of Vagnozzi in connection with the creation of Receivership Entities and other similar entities he utilized for other investment opportunities. When Vagnozzi seeks in his Complaint to recover "monies paid to Defendants as legal fees for services that were illegal, inept, [and] far below minimally acceptable standards . . . ." (¶ 136), he is not referring to his own personal funds. Eckert Seamans' invoices were paid not by Vagnozzi from his personal accounts, but by ABetterFinancialPlan.com, LLC, a Receivership Entity. (*See* ECF No. 236 at 2-3). Thus, the legal fees Vagnozzi seeks to recover in his suit are comprised of commingled investor funds and constitute Receivership Property, which the Court has ordered the Receiver to oversee and

preserve.[3] As a result, Vagnozzi would be violating this Court's Orders by attempting to recover these funds.

The Court should not permit Vagnozzi to continue to attempt to circumvent the litigation stay, much less, to pursue his proposed declaratory judgment action for which he clearly lacks standing.

## Conclusion

**WHEREFORE,** for the reasons noted herein, the Receiver respectfully requests that the Court deny Vagnozzi's Motion, as he lacks standing to pursue a declaratory judgment action against Eckert Seamans and Pauciulo's insurers, and has not demonstrated good cause to lift the litigation stay.

Dated: August 16, 2023                  Respectfully submitted,

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sknlaw.com

*Co-Counsel for Receiver*

---

[3] The Amended Receivership order vests the Receiver with the authority to "take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property," including the explicit authority to "pursue . . . all suits, actions, claims and demands . . . which may be brought by . . . the Receivership Estates." Amended Receivership Order [ECF No. 141] at p. 4.

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200 (Telephone)
(215) 981-0082 (Facsimile)

By: */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com

*Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I certify that on August 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA

- 12 -