UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART RECEIVER'S MOTION TO STRIKE
DEFENDANT JOSEPH COLE BARLETA'S NOTICE OF COMPLIANCE**

**THIS CAUSE** comes before the Court upon the Receiver's Motion to Strike Defendant Joseph Cole Barleta's Notice of Compliance ("Motion"), filed on August 15, 2023. [ECF No. 1659]. Defendant Cole filed a Response in Opposition ("Response") the same day. [ECF No. 1662]. The Court having carefully reviewed the Motion, the Response, and the record, it is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion is **GRANTED IN PART** as set forth herein.

**BACKGROUND**

In the Motion, the Receiver indicates that Defendant Cole has not complied with this Court's Order holding Cole in contempt of Court for failing to provide the Receiver with certain discovery [ECF No. 1586] (the "Contempt Order") and asks the Court to strike Cole's Notice of Compliance, through which Cole alleged his compliance with the Contempt Order, [ECF No. 1599] at 1–3. Cole asserted in the Notice of Compliance that he has provided the Receiver with the necessary discovery required under the Court's April 29, 2022, Order Granting Receiver's

Motion to Compel [ECF No. 1222] (the "Discovery Order"). The Receiver maintains that Cole's production was deficient for a number of reasons, including but not limited to the lack of information about real estate that Cole acquired with potentially comingled investor funds; lack of bank statements dating back to 2016; lack of information on liabilities associated with Cole's accounts; and other deficiencies. See Mot. at 3–5, 7. The Receiver asks the Court to impose a daily coercive fine until Cole complies in full with the Discovery Order and Contempt Order. Mot at 8–9.

Cole responds that he has complied in full and that any requested documents he did not produce were due to his inability to obtain them, or because they do not exist. See Resp. at 2–5. Cole also argues that the Court's Discovery Order requiring Cole to produce "copies of all documents within Cole's possession, custody, or control containing information from 2016 through the present about the following 10 categories of assets in which Cole may have had a personal business interest," [ECF No. 1222] at 6, did not include liabilities, Resp. at 4–5.

## ANALYSIS

The Receiver has made a plausible showing that Cole may have failed to comply in full with the Court's Discovery Order and Contempt Order. The diligent efforts by the Receiver, documented in his Motion, to hold Cole to his discovery obligations demonstrates the extensive lengths the Receiver has undertaken to obtain the Court-ordered information. See generally, Mot.; Exs. 1–5 [ECF Nos. 1659–1, 1659–2, 1659–3, 1659–4, 1659–5]. Indeed, Cole's production to date appears conspicuously threadbare. See id. Moreover, Cole's parsimonious reading of the Court's Discovery Order—interpreting "assets" to somehow exclude Cole from having to disclose liabilities—is clearly erroneous. The Discovery Order's requirement of "documents. . . *about the*

following 10 categories of assets," clearly encompasses documentation of assets <u>and</u> liabilities. *See* Discovery Order at 6 (emphasis added).

Cole asserts that he has fully complied and cannot produce documents that he does not have, nor documents that do not exist. If that is true, the Court cannot sanction Cole at this time. But district courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *See Malauetea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Accordingly, to ensure that Cole and his counsel are making truthful representations to the Court and the Receiver, and not evading Court orders, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Receiver's Motion is **GRANTED IN PART**.

2. Cole's Notice of Compliance [ECF No. 1599] is **STRICKEN**.

3. To demonstrate full compliance, Cole and his counsel are both **INSTRUCTED** to file sworn affidavits with the Court on or before **August 23, 2023**, confirming that Cole has fully produced, or that no responsive documents exist for, each of the following categories of documents:

- All statements for the relevant period in the Court's Order (2016 through present) for the following accounts: (i) FL Memory Lane Bank of America account (3299); (ii) FL Memory Lane Bank of America account (3286); (iii) Winsome Grounds PNC account; (iv) Fulton Bank account; and (v) Hezwal Abbwal WSFS Bank account. Cole is responsible for obtaining the relevant statements from the banks irrespective of whether they are currently in his possession.

- All property related documents (including closing statements, deeds, applicable mortgage related documents, and HUD-1 statements) for the properties located at: (i) 609 S. Delhi Street, Philadelphia, PA; (ii) 1745 Walnut Green Road, Wilmington, DE; (iii) 1751 Walnut Green Road, Wilmington DE; and (iv) 108 Louisiana Drive, Pensacola, FL.

- Corporate formation documents for FL Memory Lane LLC and Hezwal Abbwal LLC.

- All documents and statements associated with any lines of credit secured by the above-referenced properties.

- All documents related to real estate taxes, property insurance, and maintenance fees associated with the above-referenced properties.

- All documents reflecting the depletion of funds in Cole's Fidelity accounts from the time of the Asset Freeze in August 2020 (totaling roughly $100,000) through May 2023 (under $100).

4. Should Cole wish to make additional disclosures after reviewing this Order to ensure compliance, he shall have until **August 22, 2023,** to cure any discovery deficiencies. If Cole takes advantage of this option, he and his counsel shall still file the required sworn affidavits described above by **August 23, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**