# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 21, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY _____ JE _____ D.C.

Aug 21, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-13811-CC
Case Style: Securities and Exchange Commission v. Joseph Barleta
District Court Docket No: 9:20-cv-81205-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13811

_____

SECURITIES AND EXCHANGE COMMISSION,

                                                           Plaintiff-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.
d.b.a. Par Funding, et al.,

                                                           Defendants,

JOSEPH COLE BARLETA,
a.k.a. Joe Cole,

                                                           Defendant-Appellant.

Case 9:20-cv-81205-RAR   Document 1669   Entered on FLSD Docket 08/21/2023   Page 3 of 11
USCA11 Case: 22-13811   Document: 47-2   Date Filed: 08/21/2023   Page: 2 of 2

2                                                                    22-13811

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 27, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: August 21, 2023

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13811

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

                                          Plaintiff-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.
d.b.a. Par Funding, et al.,

                                          Defendants,

JOSEPH COLE BARLETA,
a.k.a. Joe Cole,

                                          Defendant-Appellant.

Case 9:20-cv-81205-RAR   Document 1669   Entered on FLSD Docket 08/21/2023   Page 5 of 11
USCA11 Case: 22-13811   Document: 45-1   Date Filed: 06/27/2023   Page: 2 of 6

2                      Opinion of the Court                    22-13811

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

      This appeal arises out of a civil action that the SEC brought against Complete Business Solutions Group and its officers for selling unregistered securities. After discovery, the defendant officers—including Joe Cole—consented to a judgment of liability and the issuance of a permanent injunction, with corresponding damages to be determined at a later hearing. By agreement in the Consent Judgment, the district court was to take all allegations in the Amended Complaint as true in that later hearing.

      After an evidentiary hearing, the district court entered final judgment against Cole, ordering disgorgement of profits and other civil penalties. Cole appealed that judgment against him, raising three issues. We'll address each in turn. For the reasons explained below, we affirm the district court's judgment on all counts.

**I**

      Cole first contends that we should go back to the beginning and dismiss the Amended Complaint on constitutional grounds—namely, that the SEC conducted an illegal search by basing its

Case 9:20-cv-81205-RAR Document 1669 Entered on FLSD Docket 08/21/2023 Page 6 of 11
USCA11 Case: 22-13811 Document: 45-1 Date Filed: 06/27/2023 Page: 3 of 6

22-13811          Opinion of the Court          3

investigation of CBSG on information provided by a private third party that Cole contends should be considered a state actor.

We need not reach the merits of this claim because Cole consented to judgment as to liability and waived any appeal from the entry of that judgment. "As a general rule, a party has no standing to appeal an order or judgment to which he consented." *Hofmann v. De Marchena Kaluche & Asociados*, 657 F.3d 1184, 1187 (11th Cir. 2011). Accordingly, Cole cannot now challenge the district court's denial of his motion to dismiss.

## II

Cole next presents two arguments arising out of the damages phase of this case. Cole claims (1) that so-called "[t]hird-tier" penalties were not appropriate because he lacked the necessary scienter and (2) that his salary and related taxes should have been deducted from any disgorgement amount pursuant to *Liu v. SEC*, 140 S. Ct. 1936 (2020). We review a district court's imposition of remedies for abuse of discretion. *SEC v. Calvo*, 378 F.3d 1211, 1216–17 (11th Cir. 2004) (per curiam). We disagree with Cole on both counts.

First, the district court acted within its discretion in imposing third-tier penalties against Cole. Third-tier penalties—the most severe category of civil penalties available—are allowed when "[1] the violation . . . involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and . . . [2] such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15

Case 9:20-cv-81205-RAR   Document 1669   Entered on FLSD Docket 08/21/2023   Page 7 of 11
USCA11 Case: 22-13811   Document: 45-1   Date Filed: 06/27/2023   Page: 4 of 6

4                        Opinion of the Court                        22-13811

U.S.C. § 78u(d)(3)(B)(iii)(aa)–(bb) (enumeration added). Cole asserts that neither condition is satisfied.

Cole first contends that he lacked the requisite scienter for "fraud, deceit, [or] manipulation" or acting with "deliberate or reckless disregard" of the securities requirements.[1] The district court concluded that the SEC "set forth sufficient facts, accepted as true, to support a finding of scienter as to Cole." The Amended Complaint is "replete with examples of Cole's scienter."[2] In one example on which the district court specifically relied—the details of which the parties will understand—"Cole actively assisted in concealing LaForte's criminal background by 'providing LaForte with a Par Funding email address bearing the name of his alias, joemack@parfunding.com, and a Par Funding business card for his alias, Joe Macki.'" Because there was adequate evidence of scienter available from the Amended Complaint and the evidentiary hearing,[3] the district court did not abuse its discretion in determining that Cole satisfied the scienter requirement of § 78u(d)(3)(B).

---

[1] Cole "admitted to selling unregistered securities and making a litany of serious misrepresentations to investors in violation of the antifraud provisions of the Securities Act and the Exchange Act." So his position on appeal is narrow, contesting only his scienter underlying those actions.

[2] The allegations in the Amended Complaint "shall be accepted as and deemed true by the [district c]ourt" for purposes of a motion for disgorgement or civil penalty—the stage of the case in question.

[3] The district court also relied on allegations in the Amended Complaint that "Cole signed an Amended Form D on behalf of Par Funding" that "falsely stated that none of the gross proceeds of the offering would be used for

Case 9:20-cv-81205-RAR   Document 1669   Entered on FLSD Docket 08/21/2023   Page 8 of 11
USCA11 Case: 22-13811    Document: 45-1    Date Filed: 06/27/2023    Page: 5 of 6

22-13811               Opinion of the Court                 5

Cole further argues that his actions did not result in "substantial losses." But that's not the whole statutory requirement. Section 78u(d)(3)(B)(iii)(bb) also contemplates "creat[ing] a significant risk of substantial losses." Par Funding's profitability is not sufficient to disprove a risk of substantial losses. The district court did not abuse its discretion in concluding, based on the evidence, that Cole's actions had created a significant risk of loss. Accordingly, third-tier penalties were an appropriate remedy.

That brings us to Cole's second damages-related argument—that the district court should have deducted his salary and related taxes from the disgorgement amount. The district court acted within its discretion in declining Cole's proposed disgorgement deductions. Courts must restrict disgorgement awards to "net profits from wrongdoing after deducting legitimate expenses." *Liu*, 140 S. Ct. at 1946. That includes deducting "legitimate expenses," which are "marginal costs incurred in producing the revenues that are subject to disgorgement." *Id.* at 1950. But when the "entire profit of a business or undertaking results from the wrongful activity," *id.* at 1945 (quotation omitted), a court can deny deductions that would enrich the beneficiary of the ill-gotten gains.

The district court provided a thorough accounting of Cole's ownership interests in and disbursements from each company in question. It concluded that Cole's salary—and related taxes that he paid—came from the company engaged in securities fraud as

---

payments to executive officers or others listed as related persons, including himself."

Case 9:20-cv-81205-RAR   Document 1669   Entered on FLSD Docket 08/21/2023   Page 9 of 11
USCA11 Case: 22-13811   Document: 45-1   Date Filed: 06/27/2023   Page: 6 of 6

6                    Opinion of the Court                 22-13811

payment for services which furthered that fraud.  As the district court put it, there "personal services" charges are "merely wrongful gains under another name."  The district court's decision to deny Cole's proposed disgorgement deductions was based on the Amended Complaint, the SEC's expert report, and the court-appointed receiver's "analysis of the books and records."  Cole's assertions that the district court issued a blanket rejection of deductions without considering the evidence is unfounded.  And the district court permitted some salary and tax deductions for the other defendants, further undermining Cole's contention.

Because the district court's conclusion was grounded in fact, we hold that it did not abuse its discretion in denying Cole's request to deduct his salary and taxes from the disgorgement amount.

★ ★ ★

For those reasons, we hold that Cole cannot challenge the district court's denial of his motion to dismiss.  We further hold that the district court did not abuse its discretion in awarding third-tier penalties or in declining to deduct Cole's salary and taxes from the disgorgement amount.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 27, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-13811-CC
Case Style: Securities and Exchange Commission v. Joseph Barleta
District Court Docket No: 9:20-cv-81205-RAR

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs