## <u>DECLARATION OF JOSEPH COLE BARLETA.</u>

1. I am over 18 years old and competent to testify.

2. On March 19, 2022, Receiver Ryan K. Stumphauzer filed a Motion to Compel Joseph Cole Barleta to produce ten categories of documents that included: a. Real Estate b. Stocks, bonds, and securities c. Bank Accounts d. Safety Deposit Boxes e. Automobiles f. Indebtedness owed to Cole g. Partnerships and other Business Interests h. Trusts i. Other Property j. Disposed of Property

3. I originally objected based on the assertion that such document production violated my Fifth Amendment rights. At all material times, I acted with the advice of counsel, Bettina Schein.

4. Ultimately, the Court overruled or denied my request, and an appeal was filed, this time by my, then, appellate counsel, Andre Raikhelson.

5. Ultimately, Ms. Schein withdrew from representing me, and the Court entered a Final Judgment of Disgorgement.

6. Since that time, I have instructed my attorney, Andre Raikhelson, to make efforts with the SEC as they attempt to collect on their disgorgement judgment.

7. In the meantime, on April 24, 2023, over a year since the initial request was made, the Receiver filed a Motion for Order to Show Cause, which was granted.

8. The result of that Order to Show Cause was an in-person evidentiary hearing where the Court demanded compliance with the original request.

9. After the Court entered its Order holding me in Contempt of Court, I immediately started to gather documents responsive to the Request and a Summary of Assets. I submitted a

series of documents, and when Mr. Alfano stated there were deficiencies, I submitted another batch of documents. Ultimately, my production was not threadbare, but had over 299 items, accounting for roughly 83 megabytes of data.

10. After my second round of production, the Receiver did not state any deficiencies until the latest status hearing.

11. I was advised, after a reading of the original order, that the documents requested called for "assets," which I know as an accountant does not include liabilities.

12. This Court clarified that this is not so on Docket Entry 1668.

13. As such, I can declare that all of the Statements that I have provided thus far were those statements in my possession. I have reviewed the production again, and can confirm that I have produced all of the statements.

14. As far as property documents, I have produced additional documents pursuant to the Court's clarification of its original Order directing the document production.

15. As far as Mortgage Documents, I have the original mortgages to my primary residence, but do not keep copies of statements.

16. As far as Fidelity account disbursements, I have provided all of the statements. I have conducted a diligent search and cannot find copies of checks, but assuming the funds were used – they were used mostly for routine living expenses.

17. Ultimately, at all material times, I was acting on the advice of counsel and believed that I have always complied with this Court's Orders.

# DECLARATION

Under penalties of perjury, I declare that I have read the foregoing declaration and that the facts stated in it are true

Date: 08/24/23
Signature: [signature]