## **DECLARATION OF ANDRE G. RAIKHELSON, ESQ.**

1. I am over 18 years old and competent to testify.

2. I am the sole proprietor and owner of the Law Offices of Andre G. Raikhelson.

3. I am currently licensed to practice law in the State of Florida, the District of Columbia, the Middle District of Florida, the Southern District of Florida, the Northern District of Florida, and the Eleventh Circuit Court of Appeals.

4. I have also appeared Pro Hac Vice in complex matters in the District Court for New Hampshire, New Hampshire State Court, California State Court, California Arbitration (requires Pro Hac Vice admission), and the State Court of South Dakota.

5. I have entered an appearance on or about August 12, 2020 as local counsel to Bettina Schein, and have since been promoted to lead counsel for Mr. Barleta, as well as his Appellate Counsel based on my experience in other matters.

6. On March 19, 2022, Receiver Ryan K. Stumphauzer filed a Motion to Compel Joseph Cole Barleta to produce ten categories of documents that included:  a. Real Estate  b. Stocks, bonds, and securities  c. Bank Accounts  d. Safety Deposit Boxes  e. Automobiles  f. Indebtedness owed to Cole  g. Partnerships and other Business Interests  h. Trusts  i. Other Property  j. Disposed of Property

7. Cole originally objected, through prior counsel Bettina Schein, arguing that the production of such documents would violate his Fifth Amendment privilege because the act of producing the documents is testimonial in nature.

8. The Court overruled Cole's objections, and an appeal was filed in the Eleventh Circuit - Case Number 22-11694. Ultimately, that appeal was dismissed, not on the merits, but on jurisdictional grounds.

9. On April 24, 2023, over a year since the initial request was made, the Receiver filed a Motion for Order to Show Cause, which was granted by the Court.

10. Ultimately, a Show Cause hearing was held where Cole testified. I raised various arguments, none of which were Fifth Amendment Privileges. The argument that I raised were that the Receiver lost all of his power post-final judgment, and that the original order was stale. I believed, in good faith, that these were novel arguments that the Court had not rejected.

11. The Court found that neither of these arguments were made in good faith, that the arguments had been previously rejected, and turned to sanction Cole.

12. Following that, Cole filed an Appeal of the Sanctions, Case No. CASE NO.: 23-11927 based on what I believe the Eleventh Circuit's interpretation of 28 U.S. Code § 1291 was in *In re Subpoena*, 58 F.4th 1232 (11th Cir. 2023).

13. Notwithstanding the pending appeal, I did not seek a stay and directed Cole to gather the documents for production. Cole, in good faith, attempted to produce all of the documents that he believed were responsive to the original order, indicating various categories of documents showing what assets Cole had.

14. In that, Cole produced 299 documents after two rounds of production, along with a Notice of Compliance that was filed in good faith. There is no indication that the filing of the Notice of Compliance, either by Cole or myself was not done in good faith.

15. In fact, the Receiver never mentioned anything deficient in the production until the most recent Status Conference.

16. After meeting and conferring, and without waiting for a response to my last email to the Receiver, the Receiver did not seek another order showing cause, but instead filed a motion that the Receiver titled as a "Motion to Strike." In reality, it was a motion for sanctions because the Receiver sought a *per diam* fine, nor established any of the elements necessary for the Court to Strike a document.

17. The Court property denied in large part the Receiver's "Motion to Strike" and instructed Cole to perform a more diligent search, among other things.

18. Cole has endeavored to conduct a more diligent search and has produced additional documents responsive to the Court's instruction in docket entry 1668.

19. Cole has provided all of the Banking Statements in the original two rounds of production and has nothing further to produce.

20. As far as property documents, Cole has conducted a more diligent search, and have found additional documents to produce, which have been produced.

21. As far as Mortgage Documents, Cole has the original mortgage to his primary residence, but does not keep copies of banking statements.

22. As far as Fidelity account disbursements, Cole has provided all of the statements in prior iterations.

## **DECLARATION**

Under penalties of perjury, I declare that I have read the foregoing declaration and that the facts stated in it are true

Date: August 22, 2023
Signature: /s/ Andre G. Raikhelson, Esq.