UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PAR FUNDING**, *et al.*,

    Defendants.

_____/

**ORDER DENYING DEFENDANT DEAN VAGNOZZI'S MOTION FOR
LEAVE TO FILE DECLARATORY JUDGMENT COMPLAINT**

**THIS CAUSE** comes before the Court upon Defendant Dean Vagnozzi's Motion for Leave to file a Declaratory Judgment Action Against Insurers of Eckert Seamans and John W. Pauciulo, Esquire ("Motion"). [ECF No. 1654]. The Court has reviewed the Motion, the Receiver's Response [ECF No. 1665], Vagnozzi's Reply in Support of the Motion [ECF No. 1672], the Receiver's Sur-Reply [ECF No. 1683], and the record. As explained herein, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED**.

**ANALYSIS**

In the Motion, Defendant Dean Vagnozzi seeks relief from this Court's stay of litigation provided for in the Amended Order Appointing Receiver, [ECF No. 141] ¶¶ 32–34, to permit him to pursue a declaratory judgment action against the insurance companies of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans") and its former law partner, John W. Pauciulo ("Pauciulo"). In his proposed Declaratory Judgment Action, Vagnozzi would like this Court to determine the amount of insurance proceeds that may potentially be available to satisfy the claims

in his pending lawsuit against Eckert Seamans and Pauciulo in a Philadelphia state court action, *Vagnozzi v. Eckert Seamans Cherin & Mellott, LLC and John Pauciulo*, Philadelphia Court of Common Pleas Docket No. 2021002115.

Vagnozzi's reliance on *Edwards v. Sharkey*, 747 F.2d 684 (11th Cir. 1984) and *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986) is misplaced. In *Edwards*, the injured third party who was seeking to pursue a declaratory judgment action—unlike Vagnozzi here—had obtained a settlement with the insured. *See Edwards*, 747 F.2d at 687. In *Rauscher*, the insurance company—not the injured third party—was the party seeking a determination of the extent of its obligations under the insurance policy it issued to its insured. *See Rauscher*, 807 F.2d at 347.

Here, Vagnozzi cannot establish the Article III standing requirements necessary to pursue his proposed Declaratory Judgment Action in federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Vagnozzi is a third party to the insurance contracts between Eckert Seamans and its insurers and has not entered into a settlement with—or obtained a judgment against—Eckert Seamans and Pauciulo. Accordingly, because he is seeking to litigate declaratory judgment claims over potential losses that have not yet accrued and for which Eckert Seamans and Pauciulo might ultimately bear no liability, this Court declines to permit Vagnozzi to proceed with his Declaratory Judgment Action.

Moreover, the determination of what insurance coverage may potentially be available to satisfy an injured third parties' claims against an insured is a matter of state law. *See, e.g., Miree v. DeKalb County*, 433 U.S. 25, 29–33 (1977). Regardless of whether Florida or Pennsylvania (or some other state's) law applies to the interpretation of the subject insurance policies, this Court finds that Vagnozzi may not raise the claims in his proposed Declaratory Judgment Action at this time. *See, e.g., Colony Ins. Co. v. Total Contracting & Roofing, Inc.*, No. 10-23091, 2010 WL

5093663, at *2 (S.D. Fla. Dec. 8, 2010) ("While third-party claimants such as the Smiths can defend a declaratory judgment action against an insured, or intervene in a declaratory judgment initiated by an insurer, the Smiths have not brought any authority to this Court's attention suggesting that they may raise their own claim against Colony at this time."); *Joseph Oliver Constr., LLC v. Utica First Ins. Co.*, CV 19-4352-KSM, 2020 WL 3791564, at *5 (E.D. Pa. July 7, 2020) ("[A]n injured third party affirmatively seeking a declaratory judgment against an insurer lacks standing to do so.").

While the Court recognizes the "tremendous emotional toll on Vagnozzi" that this litigation has created, Reply [ECF No. 1672] at 10, there are numerous individuals whose lives have been negatively impacted by the fraudulent actions taken by Defendants in this matter (of whom Vagnozzi was one). Even if Vagnozzi did have standing to file his Declaratory Judgment Action, the Court finds his proposed suit seeks the recovery of fees that are comprised of commingled investor funds that constitute Receivership Property. Thus, the relief requested would undercut this Court's current stay of litigation and frustrate the Court's ability to oversee the orderly and efficient collection and distribution of the Receivership Entities' assets. In other words, Vagnozzi has not shown good cause to lift the litigation stay imposed by this Court. Accordingly, the Motion is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**