UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, et al.,

      Defendants,
_____/

### SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT LISA MCELHONE SHOULD NOT BE HELD IN CIVIL CONTEMPT

Plaintiff, United States Securities and Exchange Commission, ("SEC" or the "Commission"), respectfully submits this memorandum of law in support of its Motion for an Order to Show Cause why defendant Lisa McElhone ("McElhone") should not be held in civil contempt and states as follows.

Defendant Lisa McElhone has moved to release $747,000 from accounts at an undisclosed financial institution from the Court's Asset Freeze to pay legal fees instead of directing these funds to pay the Court's Amended Judgment against her,

thereby depriving her victims of compensation.[1]  The Commission respectfully requests that the Court use its inherent equitable authority and order that McElhone be held in contempt until these frozen funds are identified and turned over to the Receiver to partially satisfy the Court's Judgment entered against her.  Because as of October 19, 2023, McElhone owes almost $157 million in disgorgement, prejudgment interest and post-judgment interest pursuant to the Amended Judgment entered by this Court, she should not be allowed to shelter these funds any longer.

## BACKGROUND

At the outset of this litigation, on July 28, 2020, the Court ordered the Defendants, Lisa McElhone and Joseph W. LaForte ("LaForte") (collectively referred to as the "Defendants") to provide an accounting of their assets.[2]  McElhone has not provided an accounting or disclosed the location of the accounts at issue to the SEC.[3]

On November 22, 2022, this Court entered an Amended Final Judgment against the Defendants requiring them to disgorge $153,224,738.24 (including prejudgment interest) and for each to pay civil penalties of $21,850,000

---

[1] Dkt. No. 1720.
[2] Dkt. No. 42.
[3] Declaration of Michael Roessner (Roessner Decl.) at ¶ 5.

("Judgment").[4] The Judgment provides that all funds collected by the SEC be turned over to the Receiver Ryan Stumphauzer (the "Receiver").[5]

On January 17, 2023, the SEC provided McElhone a notice of delinquency and a demand to pay the Judgment.[6] To date, McElhone has not fully satisfied the Judgment.[7]

Rather than pay anything towards her Court-ordered obligation, on October 6, 2023, McElhone moved to release several previously undisclosed accounts to pay legal expenses.[8] The SEC repeatedly requested that McElhone provide the location of these accounts, but McElhone refused to provide their location and, in her motion, indicated that she would only provide that information if she was ordered to do so by the Court.[9]

## DISCUSSION

### A.  Disgorgement is an Equitable Remedy

This Court has the inherent power to use a civil contempt proceeding to enforce its orders.[10] Moreover, the power to enforce judicial orders through

---

[4] Dkt. No. 1451
[5] *Id.*
[6] Roessner Decl. at ¶ 3.
[7] Roessner Decl. at ¶ 4. The only credit the defendants have received was pursuant to the Court's Order directing turnover and credit of certain assets. *See* Dkt. No. 1525.
[8] Dkt. No. 1721.
[9] *Id.* at Fn. 1; *see also* Roessner Decl. at ¶¶ 5, 6.
[10] *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

3

contempt proceedings has been incorporated into Rule 70 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> If a judgment directs a party … to perform any … specific act and the party fails to comply within the time specified, … the court may also in proper cases adjudge the party in contempt ….[11]

Given McElhone's violation of the federal securities laws, this Court has the power to order the disgorgement of her ill-gotten gains.[12] Indeed, because of the equitable nature of disgorgement and its role in deterring illegal conduct, the disgorgement order against McElhone constitutes an injunction in the public interest, rather than a mere money judgment.[13] The order for McElhone to disgorge is designed to serve the important public interest of precluding her from benefitting from her illegal conduct and the Court may compel McElhone's compliance with it through a civil contempt proceeding.[14]

### B. Contempt Legal Standard

Based on the foregoing, it is well-settled that district courts have the inherent power to enforce compliance with their lawful orders through civil contempt.[15] "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court

---

[11] Fed. R. Civ. P. 70.
[12] *See, e.g.*, *SEC v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985).
[13] *SEC v. AMX, International, Inc.*, 7 F.3d 71, 74-75 (5th Cir. 1993).
[14] *Id.*; *SEC v. Solow*, 682 F. Supp. 2d 1312, 1324-25 (S.D. Fla. 2010)
[15] *Shillitani v. United States*, 384 U.S. 364, 370 (1966); see also Fed. R. Civ. P. 70 (in proper cases, court may adjudge a party in civil contempt for failure to perform specific acts required by a judgment).

order."[16] So long as the SEC establishes McElhone's violation of the disgorgement order, there is no further need to show that she acted with a wrongful intent or a lack of good faith.[17] The defendant's intent is irrelevant as a contempt proceeding focuses only on compliance with the court's order.[18]

Once non-compliance with her disgorgement obligation is shown, the burden then shifts to the defendant to prove her inability to comply with the Court's order.[19] "To succeed on an inability defense, the alleged contemnor must go beyond a mere inability and establish that he or she has, in good faith, undertaken 'all reasonable efforts' to meet the terms of the order in question."[20] The Eleventh Circuit construes the "all reasonable efforts" requirement strictly:

> Even if the efforts he did make were "substantial," "diligent" or "in good faith," ... the fact that he did not make "all reasonable efforts" establishes that [respondent] did not sufficiently rebut the ... prima facie showing of contempt.'"[21]

---

[16] *CFTC v. Wellington Precious Metals, Inc.*, 950 F.3d 1525, 1529 (11th Cir. 1992).
[17] *SEC v. Musella*, 818 F. Supp. 600 (S.D.N.Y. 1993) (internal citations omitted) ("The party seeking a finding of contempt need not show that violation of the order was willful, and good faith is not a defense. Nor may the alleged contemnor rely on his own inadvertence, misunderstanding or advice from counsel.").
[18] *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990).
[19] *United States v. Rylander,* 460 U.S. 752, 755 (1983).
[20] *Wellington*, 950 F.3d, at 1529. *(Internal citations omitted)*.
[21] *Id. (quoting United States v. Hayes*, 722 F.2d 723 (11th Cir. 1984)).

### C. McElhone's Failure to Pay Disgorgement Constitutes Contempt

#### 1. Prima Facie Case

This Court should find McElhone in contempt of its Judgment, because she's only paid a small portion of the nearly $157 million in disgorgement and prejudgment interest she owes.[22] Here, the SEC's burden as set forth in *CFTC v. Wellington Precious Metals, Inc.* is easily satisfied.[23] First, there can be no doubt that the Court's Judgment was clear and unambiguous in its order to pay. Second, McElhone owes over $150 million on the disgorgement and prejudgment interest debt and has not made a significant payment since the Judgment was entered. Third, the lack of any meaningful payment made pursuant to the Judgment, despite her acknowledgment of her own ability to pay at least a portion due from undisclosed accounts is clear and convincing evidence that McElhone has not used all "reasonable efforts" to pay the Judgment.

#### 2. McElhone Can Comply, in Part, with the Court's Judgment

McElhone has accounts that she can use to make not "insignificant payments towards" the Court's Judgment.[24] In her current Motion, however, McElhone proposes to short-change the investors and use the funds for her personal legal expenses.[25] This admission establishes that McElhone knows of

---

[22] Roessner Decl. at ¶ 4.
[23] *CFTC v. Wellington Precious Metals, Inc.*, 950 F.3d 1525, 1529 (11th Cir. 1992).
[24] Dkt. No. 1721.
[25] *Id.*

6

assets that can be used to pay part of the Judgment, but wants to keep those assets out of the hands of the SEC and the Receiver. Consequently, she is not using "all reasonable efforts" to comply with the Court's Order and is clearly in civil contempt.

Once contempt has been established, a district court has "wide discretion in fashioning an equitable remedy in civil contempt…."[26] Such remedial sanctions may include any type of coercive order designed to produce compliance with the Court's equitable orders.[27] Indeed, district courts in recent Commission enforcement actions have imposed incarceration to force defendants to comply with orders to pay disgorgement and surrender funds.[28] Considering McElhone's contempt, and her financial resources, the Court should order that McElhone disclose the location of all assets in which she has an interest or be incarcerated until she provides the SEC with a meaningful payment towards her disgorgement obligation.[29] Without such an order, McElhone will simply continue to shield her

---

[26] *FTC v. Leshin,* 618 F.3d 1221, 1237 (11th Cir. 2010*); see also EEOC v. Local 28*, 247 F.3d 333, 336 (2d Cir. 2001) (finding that district court has "broad discretion to fashion an appropriate coercive remedy … based on the nature of the harm and the probable effect of alternative sanctions.")
[27] *See United States v. United Mine Workers*, 330 U.S. 258, 304 (1947).
[27] *See*, *e.g.*, SEC v. *Solow*, 682 F. Supp. 2d 1312, 1334 (S.D. Fl. 2020) (where defendant refused to pay disgorgement and prejudgment interest, district court ordered "that Mr. Solow shall surrender to the custody of the U.S. Marshal's Office"); *SEC v. Durante*, 2013 WL 6800226 (S.D.N.Y. Dec. 19, 2013) ("Because Durante has failed to comply, despite being given every opportunity to do so, he should be ordered incarcerated until he makes meaningful payments towards the disgorgement amount and provides a current and accurate accounting of his income and assets."); *SEC v. Kapur*, 2015 WL 4040558 (S.D.N.Y. July 1, 2015) (finding Kapur had not proven his inability to comply, the court found him in contempt, and ordered him incarcerated until he purged the contempt.).

assets via this Court's asset freeze without disclosing them to the SEC and with total disregard for the Judgment entered against her by this Court.

Indeed, failing to take any action in light of McElhone's contempt clearly threatens the SEC's recovery of sums the Court has ordered to be paid and deprives the victims of funds that will be returned to them. McElhone seems to have lost sight of the fact that this Court found that *she* broke the law, and the Court's Judgment requiring disgorgement is not to be "treated as a contribution to one's favorite charity that one makes if and when one feels able to do so."[30]

## CONCLUSION

For the reasons set forth above, the Commission respectfully urges this Court to grant its Motion for an order requiring Lisa McElhone to show cause, if any, why she should not be held in civil contempt for failure to pay the disgorgement, prejudgment, and post judgment interest required by this Court's November 22, 2022 Amended Final Judgment. The Commission further requests that the Court grant such other and further relief as this Court deems just and proper.

Dated: October 20, 2023
Washington, D.C.

---

[30] *See Musella*, 818 F. Supp. at 612.

Respectfully submitted,


s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange
Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:    202.551.4347
Facsimile:    703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange
Commission