UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## REPLY TO OPPOSITION TO NON-PARTY CAPITAL SOURCE 2000, INC. MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Non-Party, Capital Source 2000, Inc. ("Capital Source"), by and through its undersigned counsel and pursuant to this Court's inherent authority, replies to the Securities and Exchange Commission ("SEC's) Response in Opposition to Capital Source 2000, Inc.'s Motion to Intervene. Capital Source 2000, Inc.'s states as followed:

### REPLY TO SEC'S INTRODUCTION SECTION

As a threshold matter, the SEC is completely off-base in their ad hominem comments. Capital Source's motion to intervene is NOT Cole's re-packaged motion to modify the preliminary injunction. Such a request would require that (1) there has been "a significant change either in factual conditions or in law[;]" and (2) "the proposed modification is suitably tailored to the changed circumstances." *Sierra Club v. Meiburg*, 296 F.3d 1021, 1033 (11th Cir. 2002).

Moreover, Capital Source is not, nor has ever been, accused of being an alter ego of Cole. Capital Source is a separate entity, never a party to this instant action, but whose rights (independent of Cole) have been affected by this instant action.

1

Although the SEC claims that the bank statements show that Cole has used Capital Source funds to pay for his defense counsel, there is no proof of that. There is no evidence, nor has the Court made a finding of fact, that Cole has used Capital Source funds for his own personal benefit, including the payment of his lawyers for this underlying litigation.

Cole testified, and his testimony is unrebutted, that Cole paid his lawyers for Capital Source solely for the work that was done for Capital Source, and no other individual or entity. The Court cannot simply disbelieve unrebutted testimony because it does not fit the SEC's narrative.

### **REPLY TO "THE COURT SHOULD DENY CS 2000's MOTION TO INTERVENE"**

The Response by the SEC as to what elements are met in Cole's request pursuant to Fed. R. Civ. P. 24 is highly misleading. After laying out what is required for this Court to grant Capital Source's Motion to Intervene, the SEC argues, "CS 2000 must demonstrate all of these factors. It can demonstrate none of them."

Such a statement is simply intellectually dishonest. First of all, although the asset freeze has been in effect for years, it only prevented Capital Source from doing business recently. Likewise, Capital Source, nor Cole or Bromley for that matter, have sat idly by. Instead, Capital Source has attempted to work hand in hand with the SEC to provide them as much information as possible voluntarily. Capital Source's instant motion to intervene was a result of, "no matter what it provides, the SEC will never allow for the company to operate." As such, Capital Source's Motion to Intervene came after providing the SEC all documents requested, including a voluntary deposition. After the SEC received all of the information, it took no action, and made clear that it would not let Capital Source 2000, Inc. operate unless Cole pays the disgorgement judgment.

The reason this is strange and improper is because there is no judgment against Capital Source 2000, Inc. Likewise, the SEC has, in the past, stipulated that it seeks not to collect from Capital Source 2000, Inc. If there is no judgment against Capital Source 2000, Inc., and no ability to collect from Capital Source 2000, Inc., why is the resumption of operation of Capital Source

2

2000, Inc. contingent on Cole paying? It certainly should not be.

Likewise, the intervenor's interest is not represented by Cole. Cole is an owner of Capital Source 2000, Inc., but not the sole owner. Capital Source 2000, Inc. cannot act solely based on Cole's whim. As Cole testified at length, Capital Source 2000, Inc. has its own employees, its own team of lawyers, and its own management process. Likewise, Cole cannot make a single decision in Capital Source 2000, Inc. without the approval of Mr. Bromley – something Cole testified about.

The only commonality between Capital Source 2000, Inc. and Cole is that of its litigation counsel. However, Undersigned was hired by Capital Source 2000, Inc. with the consent of both Bill Bromley and Cole, and only after undersigned could demonstrate that he had the skill set to properly advise the company.

Regardless, there is no evidence, or even allegation in the Amended Complaint filed by the SEC, that Capital Source 2000, Inc. is an alter ego of Cole, and that Capital Source 2000, Inc.'s interests in this litigation is adequately represented by Cole.

Finally, the SEC jumps over a major aspect: The innocent Capital Source 2000, Inc. noteholders. If this Court does not let Capital Source 2000, Inc. intervene, not only does it impede the ability for Capital Source 2000, Inc. to operate, but it also impedes Capital Source 2000, Inc. to pay back noteholders under the agreements it has with them.

As such, freezing the accounts, at this point for no viable reason, places Capital Source 2000, Inc. in legal jeopardy, and further makes it impossible to collect on merchant cash advances or pay back its noteholders, who are also innocent individuals. Alarming is that the SEC knows this but is all too willing to travel down this path, making sure noteholders do not get paid -  all on a hunch that Cole is using money to pay for his lawyers.

### THE SEC INTENTIONALLY USES THE WRONG LEGAL STANDARD

The SEC argues that the Court should deny the Motion to Intervene for several reasons. The first one is that Cole is somehow an alter ego and has paid his lawyer $45,000.00 in fees from

3

Capital Source 2000, Inc. accounts. As stated before, this is fundamentally untrue and not supported by anything but speculation. Second, articulating the standard in *Sierra Club*, Cole cannot show a significant change in circumstance, nor is the modification suitably tailored to the change in circumstance

This *Sierra Club* analysis is fundamentally wrong. Because Capital Source 2000, Inc. is a non-party, this Court must use a completely different analysis. A federal court has the authority to freeze the assets of a party not accused of wrongdoing where that party: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *SEC v. Wyly*, 73 F. Supp. 3d 315, 321 (S.D.N.Y. 2014). As such, the SEC must prove that Capital Source 2000, Inc. received ill-gotten funds, and does not have a legitimate interest in those funds. Not only does the SEC fail to do that, they do not even attempt to distinguish this case, or the other cases stating the same.

Moreover, the Eleventh Circuit has held in *FTC v. Vylah Tec Ltd. Liab. Co.*, 727 F. App'x 998, 1002 (11th Cir. 2018)

> "that the district court did not make sufficient factual findings to support freezing these assets. While the court stated in the TRO that Appellees had "sufficiently shown that. . . Dennis . . . [has] engaged in and [is] likely to engage in acts and practices that violate [the FTCA and FDUTPA]," the court did not find that Dennis gained anything from the allegedly unlawful practices.
>
> Similarly, the district court made no findings as to Olga's involvement, if any, in the alleged scheme, nor did it explain why **assets** she holds jointly with Robert are subject to a **freeze** regardless of whether she was involved."

Scarily, the SEC does not argue that the Court should not use the analysis as outlined in *Vylah Tec Ltd. Liab*. Instead, the SEC is saying that the Court should simply ignore the legally proper analysis, and use a different analysis that does not fit a situation for a non-party. Fundamentally, this is improper. It is even more improper because the SEC has the benefit of Capital Source 2000, Inc.'s brief, yet chose to ignore binding precedent.

All of the cases that the SEC cites to are cases where a party seeks to amend or alter an asset freeze, but not where an asset freeze touches a non-party that has not received ill-gotten

4

funds.

Ultimately, in the SEC's nine-page response in opposition, the SEC does not cite to the deposition transcript, does not attempt to distinguish case law cited by Capital Source 2000, Inc., does not attempt to show the court why intervention or an asset freeze extended to a non-party is proper. Instead, the SEC wishes for this Court to do mental gymnastics and use the improper standard of review in order to get to a result favorable to the SEC, but unfavorable to the pursuit of justice.

Ultimately, the Court should grant Capital Source 2000, Inc.'s Motion to Intervene based on the fact that Capital Source 2000, Inc. is a separate entity, not an alter-ego of Cole, with no evidence of intermingling funds or interests. Capital Source 2000, Inc. should then be allowed to continue to operate so that it can pay innocent noteholders, who, like Capital Source 2000, Inc., are innocent non-parties that have now been unable to operate or receive payments, because of nothing more than a hunch by the SEC, not supported by fact, testimony, or evidence.

As such, Capital Source 2000, Inc. is not only entitled to intervene, but also entitled to an Order dissolving/modifying the asset freeze so that Capital Source 2000, Inc. can resume operations.

DATED: November 10, 2023

Respectfully submitted,

By: Law Offices of Andre G. Raikhelson, LLC.
*Counsel for Defendant, Joseph Cole Barleta*
7000 W Palmetto Park Road
Suite 240
Boca Raton, FL 33433
Telephone:   (954) 895-5566
Primary Email: arlaw@raikhelsonlaw.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served to all counsel of record through the CM/ECF system.