### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-CV-23721-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

ABFP INCOME FUND PARALLEL, LLC,
*et al.,*

      Defendants.

_____/

### FINAL JUDGMENT AS TO DEFENDANTS ABFP INCOME FUND 3, LLC, ABFP INCOME FUND 4, LLC, ABFP INCOME FUND 6, LLC, ABFP MULTI-STRATEGY INVESTMENT FUND, LP, ABFP MULTI-STRATEGY INVESTMENT FUND 2, LP, ABFP INCOME FUND PARALLEL, LLC, ABFP INCOME FUND 2 PARALLEL, LLC, ABFP INCOME FUND 3 PARALLEL, LLC, ABFP INCOME FUND 4 PARALLEL, LLC, AND ABFP INCOME FUND 6 PARALLEL, LLC

      **THIS CAUSE** is before the Court upon Plaintiff, the Securities and Exchange Commission's Unopposed Motion for Entry of Final Judgments Against All Defendants, ECF No. [9], filed on November 6, 2023. The Securities and Exchange Commission having filed a Complaint and Defendants ABFP Income Fund 3, LLC, ABFP Income Fund 4, LLC, ABFP Income Fund 6, LLC, ABFP Multi-Strategy Investment Fund, LP, ABFP Multi-Strategy Investment Fund 2, LP, ABFP Income Fund Parallel, LLC, ABFP Income Fund 2 Parallel, LLC, ABFP Income Fund 3 Parallel, LLC, ABFP Income Fund 4 Parallel, LLC, and ABFP Income Fund 6 Parallel, LLC, (collectively "Corporate Defendants") having entered a general appearance; consented to the Court's jurisdiction over Corporate Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and

**EXHIBIT**

A

waived any right to appeal from this Final Judgment:

## I.

## <u>PERMANENT INJUNCTION</u>

### A.  <u>Sections 5(a) and 5(c) of the Securities Act</u>

It is **ORDERED AND ADJUDGED** that the Corporate Defendants and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby enjoined from violating Section Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

It is further **ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants or with anyone described in (a).

## II.

## DISGORGEMENT

It is further **ORDERED AND ADJUDGED** that the Corporate Defendants are liable for disgorgement of $99,370,410.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $14,186,572.94. Both disgorgement and prejudgment interest thereon are deemed satisfied by the amounts collected by the Receiver in *SEC v. Complete Business Solutions, Inc. d/b/a Par Funding, et al*, Civil Action No. 20-cv-81205-RAR (SDFL).

## III.

## INCORPORATION OF CONSENT

It is further **ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and the Corporate Defendants shall comply with all of the undertakings and agreements set forth therein.

## IV.

## RETENTION OF JURISDICTION

It is further **ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

## V.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 7, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:        Counsel of Record