UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANT'S FIFTH AMENDMENT PRIVILEGE

**THIS CAUSE** comes before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Memorandum of Law in Response to Court Order ("Memo."), [ECF No. 1775], Defendant Lisa McElhone's Response, [ECF No. 1784], and Plaintiff's Reply in Support, [ECF No. 1786]. The Court has reviewed the Memorandum, the Response, the Reply, and all relevant portions of the record. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that Defendant Lisa McElhone may assert her Fifth Amendment privilege in response to a Court-ordered accounting of her personal records—but not as to corporate records.

## BACKGROUND

On July 28, 2020, the Court ordered Defendant to, among other things, "make a sworn accounting to this Court and the Plaintiff" of all funds, assets, or other properties held by Defendant within five days of the date of the Order. [ECF No. 42] ("Sworn Accounting Order") at 17.

Defendant has not provided the Court or Plaintiff with a sworn accounting, despite the deadline having passed more than three years ago. [ECF No. 1775-1] at ¶ 3.

On October 6, 2020, the Receiver filed a redacted version of a financial statement prepared by Defendant in June 2020 ("McElhone Financial Statement"), [ECF No. 305-1]. The McElhone Financial Statement identifies multiple categories of assets that would need to be disclosed under the Sworn Accounting Order. *See id.* Many, but not all, of the assets identified in the McElhone Financial Statement are now under the control of the Receiver.

On November 22, 2022, this Court entered an Amended Final Judgment against Defendants Lisa McElhone and Joseph W. LaForte requiring them to disgorge $153,224,738.24 and each pay civil penalties totaling $21,850,000 ("Judgment"). [ECF No. 1451]. As of December 15, 2023, the outstanding balance on the Judgment is $180,988,373.23. [ECF No. 1775-1] at ¶ 2.

On October 6, 2023, McElhone moved to release several accounts to pay legal expenses. [ECF No. 1721]. On October 20, 2023, Plaintiff moved to hold Defendant in contempt for not complying with the Amended Final Judgment, [ECF No. 1729], and the Court subsequently issued Defendant an Order to Show Cause why she should not be held in contempt, [ECF No. 1732]. After reviewing the briefing filed by the parties, the Court denied Plaintiff's Motion to hold Defendant in contempt ("Contempt Order") because "the funds in question are frozen and therefore beyond Defendant's reach" and thus "the Court cannot hold her in contempt for failing to utilize these funds to satisfy the Final Amended Judgment." [ECF No. 1770] at 2. However, in recognition of "the need for an accounting of Defendant McElhone's assets" and noting that "Defendant has indicated that she will assert her Fifth Amendment privilege in response to any Court-ordered accounting," the Court ordered the present briefing. *Id.*

## **LEGAL STANDARD**

While the Court has the "inherent power to enforce compliance with its lawful orders," *Sexual MD Sols., LLC v. Wolff*, No. 20-20824, 2020 WL 2813146, at *1 (S.D. Fla. May 29, 2020), a defendant has the right to raise her Fifth Amendment privilege in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1342 (11th Cir. 2012). For a disclosure to fall within the ambit of the Fifth Amendment privilege, an individual must establish each of the following three elements: (1) compulsion; (2) a testimonial communication or act; and (3) incrimination. *Id.* at 1341 (citing *United States v. Ghidoni*, 732 F.2d 814, 816 (11th Cir. 1984) (cleaned up)).

## **ANALYSIS**

### *I.     Defendant may assert her Fifth Amendment privilege as to personal records.*

As an initial matter, the Court must determine whether Defendant may assert her Fifth Amendment privilege in response to a Court-ordered accounting.[1] While a defendant may assert her Fifth Amendment right against self-incriminating disclosures in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory," the disclosure must be compelled, a testimonial communication or act, and incriminating. *See In re Grand Jury Subpoena*, 670 F.3d at 1342. Here, all three elements are present. Requiring Defendant to create and produce a sworn accounting of her personal assets would amount to compelled testimony that may be used against Defendant in ongoing criminal proceedings. *See S.E.C. v. Dunlap*, 253 F.3d

---

[1] Notably, this point does not appear to be in dispute as both parties have taken the position that Defendant may assert her Fifth Amendment right regarding her personal assets in lieu of providing a sworn accounting. *See* Memo. at 6; Resp. at 3–4. Regardless, the Court will provide a brief analysis of this issue to confirm the applicability of Defendant's right against self-incrimination.

Page **3** of **8**

768, 774 (4th Cir. 2001) (holding that a sworn accounting of defendant's personal financial assets would violate the defendant's Fifth Amendment right); *S.E.C. v. Cook*, No. CV 09-3332 (MJD/JJK), 2010 WL 11537512, at *9 (D. Minn. Jan. 25, 2010) (holding that defendant "cannot be required to prepare a personal accounting"). Accordingly, the Court cannot compel Defendant to create and produce a sworn accounting of her personal assets in violation of her Fifth Amendment right.

## II.     *The Court cannot draw an adverse inference.*

While parties may invoke the Fifth Amendment in civil cases, a court may also draw adverse inferences against a defendant's interest in response. *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998). Additionally, a district court has broad discretion in crafting its response to a party's invocation of the Fifth Amendment. *See Wehling v. Columbia Broadcasting System,* 608 F.2d 1084, 1089 (5th Cir. 1979). Here, although Plaintiff acknowledges that Defendant has the right to invoke the Fifth Amendment in response to the Sworn Accounting Order, Plaintiff argues that "the Court is then permitted to draw from her silence the adverse inference that she may have additional knowledge regarding the value and whereabouts of her assets." Memo. at 6–7. Consequently, Plaintiff requests that "this Court [] find that McElhone's election to invoke the Fifth Amendment regarding the provision of basic financial information leads to the adverse inference that she possesses assets available to pay toward the Judgment." *Id.* at 9. According to Plaintiff, "[a]t that point, McElhone should be found in contempt of the Orders of this Court." Reply at 5.

Such an adverse inference, however, is only relevant in the context of ongoing contempt proceedings. Indeed, unlike the cases provided by Plaintiff, Memo. at 7–8, there is no pending

motion for contempt.² *See, e.g., United States v. Rylander*, 460 U.S. 752, 755 (1983) (ongoing contempt proceeding); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (ongoing disciplinary proceedings); *Armstrong v. Guccione*, 470 F.3d 89, 96 (2d Cir. 2006) (ongoing contempt proceedings).

In other words, the SEC's request is procedurally improper. Were the SEC to reinitiate contempt proceedings against Defendant based upon her invocation of the Fifth Amendment as to her personal assets, the Court would then be permitted to draw an adverse inference. At this time, however, the Court cannot provide the relief Plaintiff requests.

### III. *The forgone conclusion doctrine does not apply.*

The Supreme Court has consistently held that documents previously generated and voluntarily prepared do not fall under the protections afforded by the Fifth Amendment. *Fed. Trade Comm'n v. PointBreak Media, LLC*, 343 F. Supp. 3d 1282, 1286 (S.D. Fla. 2018) (citing *United States v. Hubbell*, 530 U.S. 27, 35 (2000)). "Where documents are voluntarily prepared before they are requested, for example, the Supreme Court has held that such documents do not contain 'compelled testimonial evidence' within the meaning of the Fifth Amendment, even if the contents are incriminating." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1371 (S.D. Fla. 2012) (citing *Hubbell*, 530 U.S. at 36); *see also Fisher v. United States*, 425 U.S. 391, 409–10 (1976). This carve out of the Fifth Amendment for pre-existing documents is known as the "foregone conclusion" doctrine. *Hubbell*, 530 U.S. at 44.

---

² On October 20, 2023, Plaintiff moved to hold Defendant in contempt for not complying with the Amended Final Judgment, [ECF No. 1729], and the Court subsequently issued Defendant an Order to Show Cause why she should not be held in contempt, [ECF No. 1732]. After reviewing the briefing filed by the parties, the Court denied Plaintiff's Motion to hold Defendant in contempt because "the funds in question are frozen and therefore beyond Defendant's reach" and thus "the Court cannot hold her in contempt for failing to utilize these funds to satisfy the Final Amended Judgment." Contempt Order at 2. Accordingly, the Court will not shoehorn an adverse inference into a motion that has already been adjudicated.

Plaintiff argues that "the Court's accounting falls under the 'foregone conclusion' doctrine because the SEC is aware of the existence of the documents sought in the Court-Ordered accounting." Memo. at 10–11. Plaintiff further argues that "[b]ecause the act of production protection is grounded in the 'testimonial' nature of disclosing the existence and possession of documents, the protection is unavailable when the government already knows the records exist." *Id.* at 11. However, as Defendant correctly points out, Plaintiff "is asking the Court to compel Ms. McElhone to *create* an accounting and swear to its veracity (*i.e.*, to provide actual testimony), rather than requiring her to produce existing documents which the SEC is already aware of." Resp. at 7.

Having carefully reviewed the McElhone Financial Statement, it merely contains *categories* of assets. Thus, Defendant would be required to create a significantly more detailed accounting (sworn under penalty of perjury) to comply with the Accounting Order. There can be no doubt that such an act is testimonial in nature. *See In re Grand Jury Subpoena*, 670 F.3d at 1345 ("The touchstone of whether an act of production is testimonial is whether the government compels the individual to **use the contents of his own mind** to explicitly or implicitly communicate some statement of fact.") (emphasis added). And the Court will not expand the foregone conclusion doctrine to encompass the creation of documents sworn under penalty of perjury—as opposed to the production of existing documents. *See Sallah*, 855 F. Supp. 2d at 1371. Consequently, the SEC cannot circumvent Defendant's Fifth Amendment privilege via the foregone conclusion doctrine.

## IV.    *Defendant cannot assert her Fifth Amendment privilege as to corporate records.*

"The custodian of corporate records may not interpose a Fifth Amendment objection to the compelled production of corporate records, even though the act of production may prove

personally incriminating." *Braswell v. United States*, 487 U.S. 99, 109–10 (1988).  Similarly, "an individual cannot rely upon the [Fifth Amendment] privilege to avoid producing the records of a collective entity which are in his possession, even if those records might incriminate him personally."  *Bellis v. United States*, 417 U.S. 85, 88 (1974).

Plaintiff argues that Defendant "cannot refuse to provide the corporate records of Lacquer Lounge Inc., Eagle Union Quest Two LLC, and any of the other entities identified on the McElhone Financial Statement based on her Fifth Amendment."  Memo. at 12.  Defendant responds that this issue is not properly before the Court because Plaintiff "has not subpoenaed Lacquer Lounge Inc. and Eagle Union Quest Two LLC or propounded any document requests to Ms. McElhone" and the Sworn Accounting Order requires only a "sworn accounting of [Defendant's] *personal* assets."  Resp. at 8–9 (emphasis added).  However, Defendant misreads the scope of the Sworn Accounting Order.

The Sworn Accounting Order requires Defendant to produce, among other things,

> a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which the Defendant [] (whether solely or jointly), **directly or indirectly (including through a corporation**, partnership, relative, friend or nominee), **either has an interest or over which [s]he has the power or right to exercise control.**

Sworn Accounting Order at 17 (emphasis added).  As Defendant has already admitted, Lacquer Lounge, Inc. "provides Ms. McElhone with her primary source of income" and Eagle Union Quest Two LLC is "owned by Ms. McElhone."  [ECF No. 1721] at 2.  Defendant cannot, on one hand, ask the Court for access to these accounts to pay legal fees, showing undeniable interest and control, and on the other hand claim the Sworn Accounting Order does not implicate these accounts.  The Sworn Accounting Order clearly encompasses corporate records for Lacquer

Lounge Inc. and Eagle Union Quest Two LLC—as well as records of any other corporations, known or unknown, that meet the broad criteria set out in the Sworn Accounting Order.

Therefore, the only remaining inquiry before the Court is whether Plaintiff can assert her Fifth Amendment privilege as to these corporate records. And on this point, the case law is quite clear: "an individual cannot rely upon the [Fifth Amendment] privilege to avoid producing the records of a collective entity which are in his possession, even if those records might incriminate him personally." *Bellis*, 417 U.S. at 88. Accordingly, Defendant cannot claim the Fifth Amendment privilege against self-incrimination as to any corporate records encompassed by the Sworn Accounting Order.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that within **thirty (30) days** of the date of this Order, Defendant Lisa McElhone shall produce any and all corporate records covered by the Sworn Accounting Order, [ECF No. 42], including those of Lacquer Lounge Inc. and Eagle Union Quest Two LLC.

**DONE AND ORDERED** in Miami, Florida, this 20th day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**