# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 04, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___JG___ D.C.
Mar 4, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 23-11927-HH
Case Style: Securities and Exchange Commission v. Joseph Barleta
District Court Docket No: 9:20-cv-81205-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11927

_____

SECURITIES AND EXCHANGE COMMISSION,

                                                          Plaintiff-Appellee,

ALAN J. CANDELL, et. al.,

                                                          Inervenor Plaintiffs,

RYAN K. STUMPHAUZER,
Court Appointed Receiver for Complete Business Solutions, Inc.
and other receivership entities,

                                                      Interested Party-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,
d.b.a. Par Funding, et al.,

                                                             Defendants,

2                                                                              23-11927

JOSEPH COLE BARLETA,
a.k.a. Joe Cole,

                                        Defendant-Appellant,

FRED A. SCHWARTZ,

                                        Consol. Defendant,

LEAD FUNDING II, LLC, et. al.,

                                        Intervenors.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 11, 2024

23-11927                  Opinion of the Court                  3

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: March 4, 2024

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11927

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

                                                                      Plaintiff-Appellee,

ALAN J. CANDELL, et al.,

                                                       Intervenor Plaintiffs,

RYAN K. STUMPHAUZER,
Court Appointed Receiver for Complete Business Solutions, Inc. and other receivership entities,

                                           Interested Party-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,

d.b.a. Par Funding, et al.,

                                                             Defendants,

JOSEPH COLE BARLETA,

2                    Opinion of the Court                    23-11927

a.k.a. Joe Cole,

                                                    Defendant-Appellant,

FRED A. SCHWARTZ,

                                                    Consol. Defendant,

LEAD FUNDING II, LLC, et al.,

                                                    Intervenors.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

    Joseph Cole Barleta ("Cole") appeals the district court's contempt order and the accompanying sanctions levied against him. That order emerged from a discovery dispute between Cole and the Receivership created to control an entity for which Cole previously worked and served as an officer. On appeal, Cole makes two main arguments challenging the contempt order and related sanctions. First, he contends that the Receivership ceased to exist during the litigation due to provisions in the Federal Debt Collection Procedures Act and, accordingly, did not "have standing" to ask for the contempt order and sanctions at issue here on appeal. Second,

Case 9:20-cv-81205-RAR   Document 1823   Entered on FLSD Docket 03/05/2024   Page 7 of 12
USCA11 Case: 23-11927   Document: 33-1   Date Filed: 01/11/2024   Page: 3 of 6

23-11927                Opinion of the Court                3

he asserts that the discovery dispute between him and the Receivership became "stale" before the district court granted the contempt order. In the event we disagree, Cole also asks us to reduce the sanctions amount imposed on him by the district court. After careful review, we conclude that all of Cole's arguments fail and we thus affirm the district court's order and sanctions.

I

The narrow issues presented in this appeal stem from a broader securities fraud litigation involving Par Funding and associated companies. At the outset of the litigation, the SEC asked the district court to appoint a receiver to preserve the assets and records of Par Funding and affiliated entities. The district court granted this request and authorized the Receiver—among other things—to collect financial records relating to the entities falling under its purview. In the same order, the district court ordered past and present officers and employees of the entities covered by the Receivership to turn over such financial information.

Cole is one of those covered individuals. After Cole repeatedly refused to turn over documents sought by the Receiver—including information requested pursuant to a granted motion to compel—the district court held Cole in contempt. The district court also found Cole's reluctance to hand over the requested information sufficiently obstinate to issue sanctions against him.

On appeal, Cole challenges the validity of the contempt order and the sanctions levied against him. First, he argues that the Receivership ceased to exist before the district court issued the

Case 9:20-cv-81205-RAR   Document 1823   Entered on FLSD Docket 03/05/2024   Page 8 of 12
USCA11 Case: 23-11927    Document: 33-1    Date Filed: 01/11/2024    Page: 4 of 6

4                        Opinion of the Court                    23-11927

contempt order because of provisions in the FDCPA. Second, he contends the discovery requests giving rise to the Receiver's motion to compel were "stale," and thus, the ensuing contempt order was void. Third, he argues that the sanctions accompanying the contempt order were invalid for similar reasons, and even if we disagree, he asks us to reduce the sanctions awarded by the district court.

II

We review the district court's civil contempt findings under an abuse of discretion standard. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Citizens for Police Accountability Pol. Comm. v. Browning,* 572 F.3d 1213, 1216–17 (11th Cir. 2009). We review a district court order of sanctions under that same standard of review. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Cole first argues that the contempt order was invalid because provisions in the FDCPA effectively ended the Receivership. For support, he points us primarily to 28 U.S.C. § 3103, which says that "[a] receivership shall not continue past the entry of judgment." This argument is without merit. As other provisions in the Act demonstrate, the FDCPA lays out procedure rules for *debt collection*. 28 U.S.C. § 3001(a). The Receivership was not created to collect a debt from Cole or, for that matter, anyone else on behalf

23-11927               Opinion of the Court                    5

of the United States. Instead, the district court appointed the Receiver at the request of the SEC to preserve assets and records belonging to companies subject to an ongoing enforcement action. Accordingly, the FDCPA's rules for ending a receivership after "entry of judgment" in § 3103 are irrelevant to this appeal, and Cole's argument that the Receivership lacked "standing" fails.

Cole next argues that the contempt order was illegitimate because the discovery dispute giving rise to the contempt finding was "stale." In brief, Cole argues that the Receiver "abandoned" its discovery requests. This argument likewise fails. The Receiver initially requested documents and interrogatories on January 12, 2021. Cole never responded to the Receiver or objected to this request. The Receiver then asked Cole's counsel for relevant information again on February 21, 2022. Cole refused. After more back and forth with Cole's counsel, the Receiver filed a motion to compel Cole to produce requested materials on March 19, 2022, which the district court granted on April 29, 2022. The discovery saga wore on, ultimately ending with the district court holding Cole in contempt of court. We see no evidence in this timeline that the Receiver ever "abandoned" its discovery requests.[1] If anything, the

---

[1] Cole's references to district court decisions do not help his argument on this front. In those cases, the discovery deadline was near or had passed, or the requesting party had failed to move to compel. Here, by contrast, Cole does not argue that the discovery end date was immediate or that it had passed. And, given the facts of this case, it is clear that the Receivership had moved to compel Cole to produce the relevant documents.

| 6 | Opinion of the Court | 23-11927 |
|---|---|---|

record suggests any delays in the production of documents are due to Cole's recalcitrance.

Finally, Cole challenges the validity of the sanctions accompanying the district court's contempt order as well as the amount of sanctions awarded. While difficult to discern, Cole's attack on the legitimacy of the district court's sanctions order appears to rely mainly on his argument about the FDCPA's applicability. For reasons already explained, we conclude this argument lacks merit. In any event, Cole fails to appreciate that the district court sanctioned him for his broader practice of ignoring the court's orders during discovery, not just for making his FDCPA argument. Accordingly, he has given us no reason to conclude that the district court abused its discretion when it issued sanctions, either concerning its decision to issue sanctions in the first place or the specific amount of attorneys' fees awarded.

**AFFIRMED**.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 11, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-11927-E
Case Style: Securities and Exchange Commission v. Joseph Barleta
District Court Docket No: 9:20-cv-81205-RAR

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion