UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC. d/b/a PAR FUNDING,** *et al.*,

    Defendants.
_____/

## ORDER PRELIMINARILY APPROVING SETTLEMENT AMONG RECEIVER, PUTATIVE CLASS PLAINTIFFS, AND ECKERT SEAMANS

**THIS CAUSE** comes before the Court upon Motion for (i) Approval of Settlement among Receiver, Putative Class Plaintiffs, and Eckert Seamans Cherin & Mellott, LLC and John Pauciulo, Esq.;[1] (ii) Approval of Form, Content, and Manner of Notice of Settlement and Bar Order; (iii) Setting Deadline to Object to Approval of the Settlement and Entry of Bar Order; and (iv) Scheduling a Hearing ("Motion"), [ECF No. 1861], filed by Ryan K. Stumphauzer, Esq., as Court-appointed receiver ("Receiver") of the Receivership Entities[2] in the above-captioned civil

---

[1] Eckert Seamans Cherin & Mellott, LLC and John Pauciulo, Esq. are collectively referred to as "Eckert Seamans." As used in this Order, the "Parties" means the Putative Class Plaintiffs; the Receiver; and Eckert Seamans. Terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement, [ECF No. 1861-1]. To the extent there is any discrepancy between a defined term in the Settlement Agreement and the same defined term herein, the definition in the Settlement Agreement shall control.

[2] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding; Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; ABFP Income Fund

enforcement action ("SEC Action"). The Motion concerns the Receiver's request for approval of a proposed settlement among a group of investors that filed class actions (defined below as the "Putative Class Plaintiffs"); the Receiver; and Eckert Seamans, which is memorialized in the settlement agreement attached to the Motion as Exhibit 1 ("Settlement Agreement"), [ECF No. 1861-1]. By way of the Motion, the Receiver seeks an order preliminarily approving the Settlement Agreement and establishing procedures to provide notice of the settlement and an opportunity to object, setting a deadline to object, and scheduling a hearing.

After reviewing the terms of the Settlement Agreement, reviewing the Motion and its exhibits, and considering the arguments and proffers set forth in the Motion, the Court preliminarily approves the Settlement Agreement and hereby establishes procedures for final approval of the Settlement Agreement and entry of the Final Approval and Bar Order attached as Exhibit B to the Settlement Agreement ("Bar Order"), as set forth herein.

### I. Preliminary Approval

Based upon the Court's review of the Settlement Agreement, the Motion and its attachments, and the arguments and proffers set forth in the Motion, the Court preliminarily finds that the settlement is fair, adequate, and reasonable; is a prudent exercise of the business judgment by the Receiver, the Putative Class Plaintiffs and Eckert Seamans; and is the product of good faith,

---

6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Investment Fund 2 LP; MK Corporate Debt Investment Company LLC; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consultants, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; Liberty Eighth Avenue LLC; The LME 2017 Family Trust; Blue Valley Holdings, LLC; LWP North LLC; 500 Fairmount Avenue, LLC; Recruiting and Marketing Resources, Inc.; Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, Inc., and the Receivership also includes the property located at 107 Quayside Drive, Jupiter, Florida 33477.

arm's length and non-collusive negotiations between the Putative Class Plaintiffs, Eckert Seamans, and the Receiver. The Court, however, reserves a final ruling with respect to the terms of the Settlement Agreement, including the Bar Order, until after the Final Approval Hearing (defined below) occurs, or is cancelled pursuant to Section 7 below.

## II. Notice

The Court approves the form and content of the notice attached as Exhibit C to the Settlement Agreement ("Notice"). Service or publication of the Notice in accordance with the manner and method set forth in this paragraph constitutes good and sufficient notice, and is reasonably calculated under the circumstances to notify all interested parties of the Motion, the Settlement Agreement, and the Bar Order; and of their opportunity to object thereto and attend the Final Approval Hearing (defined below) concerning these matters; furnishes all parties in interest a full and fair opportunity to evaluate the settlement and object to the Motion, the Settlement Agreement, the Bar Order, and all matters related thereto; and complies with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and the United States Constitution. Accordingly:

a. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be served by email, where e-mail address is known, and first-class U.S. mail,[3] postage prepaid, to:

i. all counsel who have appeared of record in the SEC Action;

---

[3] All addresses shall be run through the national change of address (NCOA) database maintained by USPS prior to mailing. All names and addresses contained in returned mail will be run through the NCOA database. If no viable address is provided or available, a skip trace shall be performed. The Receiver shall take all commercially reasonable efforts to ensure actual delivery of the notice.

    ii. all counsel who are known by the Receiver to have appeared of record, or entered into a tolling agreement, in any legal proceeding or arbitration commenced by or on behalf of any of the Receivership Entities, in the Putative Class Actions, or any individual investor or putative class of investors seeking relief against any person or entity relating in any manner to the Receivership Entities or the subject matter of the SEC Action or the Putative Class Actions;

    iii. all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein;

    iv. all known non-investor creditors of each and every one of the Receivership Entities identified after a reasonable search by the Receiver;

    v. all parties to the SEC Action;

    vi. all owners, officers, directors, and senior management employees of the Receivership Entities;

    vii. all other persons or entities that previously received notice of the Receiver's filings;

    viii. the third-party administrators and/or other control persons for the Pillar Entities, the Fallcatcher Entities, and the Atrium Entities; and

    ix. counsel for all parties that have filed any actions against Eckert Seamans.

b. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be published:

    i. Once a week for two non-consecutive weeks in the Legal Intelligencer; and

    ii. on the website maintained by the Receiver in connection with the SEC Action (www.parfundingreceivership.com).

c. The Receiver is directed to promptly provide copies of the Motion, the Settlement Agreement, and all exhibits and attachments thereto, to any person who requests such documents via email.  The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

    d. The Receiver is directed, no later than 5 days before the Final Approval Hearing (defined below), to file with this Court written evidence of compliance with the subparts of this paragraph, which may be in the form of an affidavit or declaration.

### III. Final Hearing

The Court will conduct an in-person hearing at **10:30 A.M. on July 16, 2024** ("Final Approval Hearing") in **Courtroom 11-2, 11th Floor, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128**.  The purposes of the Final Approval Hearing will be to consider final approval of the Settlement Agreement, entry of the Bar Order, and an award of attorneys' fees as described in paragraph 7 of the Settlement Agreement.

### IV. Objection Deadline; Objections and Appearances at the Final Approval Hearing

Any person who objects to the terms of the Settlement Agreement, the Bar Order, the Motion, or any of the relief related to any of the foregoing, must file an objection, in writing, with the Court pursuant to the Court's Local Rules no later than **thirty (30) days** before the Final Approval Hearing.  All objections filed with the Court must:

    a. Contain the name, address, and telephone number of the person filing the objection or his or her attorney;

    b. Be signed by the person filing the objection, or his or her attorney;

    c. State, in detail, the factual and legal grounds for the objection;

    d. Attach any document the Court should review in considering the objection and ruling on the Motion; and

    e. If the person filing the objection intends to appear at the Final Approval Hearing, make a request to do so.

Subject to the discretion of this Court, no person will be permitted to appear at the Final Approval Hearing without first filing a written objection and requesting to appear at the hearing in

accordance with the provisions of this paragraph. Copies of any objections filed must be served by email and regular mail on:

>Ryan Stumphauzer
>Stumphauzer Kolaya Nadler & Sloman PLLC
>One Biscayne Tower
>2 S. Biscayne Boulevard
>Suite 1600
>Tel: (305) 614-1400
>Fax: (305) 614-1425
>Email: rstumphuazer@sknlaw.com
>
>Timothy A. Kolaya
>Stumphauzer Kolaya Nadler & Sloman PLLC
>One Biscayne Tower
>2 S. Biscayne Boulevard
>Suite 1600
>Tel : (305) 614-1400
>Fax : (305) 614-1425
>Email : tkolaya@sknlaw.com
>
>Gaetan J. Alfano
>Pietragallo Gordon Alfano Bosick & Raspanti, LLP
>1818 Market Street, Suite 3402
>Philadelphia, PA 19103
>Tel.: (215) 320-6200
>Fax: (215) 981-0082
>Email: gja@pietragallo.com
>
>Levine Kellogg Lehman Schneider + Grossman LLP
>Jeffrey C. Schneider
>Jason K. Kellogg
>Victoria J. Wilson
>Miami Tower
>100 SE 2nd Street, 36th Floor
>Miami, FL 33131
>Tel.: (305) 403-8788
>Fax: (305) 403-8789
>Email: jcs@lklsg.com
>Email: jk@lklsg.com
>Email: vjw@lklsg.com
>
>Steven A. Schwartz
>Chimicles Schwartz Kriner & Donaldson-Smith LLP
>361 West Lancaster Avenue

Haverford, PA 19041
Tel.: (610) 642-8500
Fax: (610) 649-3633
Email: sas@chimicles.com

Marc H. Edelson
Eric Lechtzin
Edelson Lechtzin LLP
411 S. State Street
Ste N-300
Newtown, PA 18940
Tel.: (215) 867-2399
Fax: (267) 685-0676
Email: medelson@edelson-law.com
Email: elechtzin@edelson-law.com

Scott Lance Silver
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
Fax: (954) 755-4684
Email: ssilver@silverlaw.com

Melanie Emmons Damian
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
Tel.: (305) 371-3960
Fax: (305) 371-3965
Email: mdamian@dvllp.com

 Jay A. Dubow
Troutman Pepper
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-27799
Tel.: (215) 981-4713
 Email: jay.dubow@troutman.com

Catherine M. Recker
Welsh and Recker
306 Walnut Street
Philadelphia, PA 19106
Email: cmrecker@welshrecker.com

Any person failing to file an objection by the time and in the manner set forth in this paragraph shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing, and such person shall be forever barred from raising such objection in this action or any other action or proceeding, subject to the discretion of this Court.

### V.   Responses to Objections

Any party to the Settlement Agreement may respond to an objection filed pursuant to this Order by filing a response in this Action. To the extent any person filing an objection cannot be served by the Court's CM/ECF system, a response must be served to the email address provided by that objector, or, if no email address is provided, to the mailing address provided.

### VI.   Attorneys' Fees

As set forth in the Settlement Agreement, within **thirty (30) days** of the entry of this Order, Class Counsel must advise the Receiver that they have agreed on an allocation of the Attorneys' Fund. The procedures for distribution of the Attorneys' Fund set forth in the Settlement Agreement are hereby approved by this Court.

### VII.   Adjustments Concerning Hearing and Deadlines

The date, time, and place for the Final Approval Hearing, and the deadlines and other requirements in this Order, shall be subject to adjournment, modification, or cancellation by the Court without further notice other than that which may be posted by means of the Court's CM/ECF system in the SEC Action. **If no objections are timely filed or if the objections are resolved before the hearing, the Court may cancel the Final Approval Hearing.**

### VIII.   No Admission

Nothing in this Order or the Settlement Agreement is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or

wrongdoing, or of any infirmity in the claims or defenses of the settling parties with regard to the SEC Action, the action brought by the Putative Class Plaintiffs, or any other case or proceeding.

### IX. Jurisdiction

The Court retains jurisdiction to consider all further matters relating to the Motion or the Settlement Agreement, including, without limitation, entry of an Order finally approving the Settlement Agreement and the Bar Order.

### X. Barred Claims

All claims that would be Barred Claims against the Eckert Seamans Released Parties, including, but not limited to:

a. *Melchior, et al. v. Vagnozzi, et al.*, No. 20-5562 (E.D. Pa. 2020);

b. *Montgomery, et al. v. Eckert Seamans Cherin & Mellott, LLC, et al.*, No. 20-cv-23750 (S.D. Fla. 2020);

c. *Parker, et al. v. Pauciulo, et al.*, No. 20-00892 (Phila. Ct. Com. Pl. 2020);

d. *Dean Vagnozzi v. Pauciulo, et al.*, No. 210402115 (Phila Ct. Com. Pl. 2021);

e. *Albert Vagnozzi, et al. v. Pauciulo, et al.*, No. 210502334 (Phila Ct. Com. Pl. 2021);

f. *Legacy Advisory Group, Inc., et al. v. Pauciulo, et al.*, No. 211001003 (Phila Ct. Com. Pl. 2021);

g. *Westhead, et al. v. Eckert Seamans, et al.*, No. 240102114 (Phila. C.C.P.);

h. *B and T Supplies, Inc., et al. v. AG Morgan Tax and Accounting LLC, et al.*, No. 23-cv-11241 (S.D.N.Y.); and

i. *Caputo, et al. v. Vagnozzi, et al.*, No. 20-cv-01142 (D. Del),

are **STAYED** until the Final Hearing or further order of this Court. To the extent reasonably necessary for the Receiver or the Investors to pursue claims against others, Eckert Seamans shall

produce non-privileged testimony or documents within their custody or control, subject to all appropriate objections, but shall be reimbursed for any reasonable expenses or costs incurred in doing so.

**DONE AND ORDERED** in Miami, Florida, this 12th day of May, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**