RAYMOND W. DOREIAN

July 5, 2024  
5 pages + Att's.(6 pages)

HON. RODOLFO A. RUIZ II  
UNITED STATES DISTRICT JUDGE  
UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF FLORIDA  
400 NORTH MIAMI AVENUE,  
MIAMI, FLORIDA 33128



FILED BY MC D.C.

JUL 12 2024

ANGELA E. NOBLE  
CLERK U.S. DIST. CT.  
S. D. OF FLA. - MIAMI

Your Honor:

**SUBJECT:** CASE NO. 20-CV-81205 – RAR #1945  
**My objection to the proposed distribution**

I must first thank you for your just consideration of the defrauded parties as I respond to the subject case and your *sua sponte* review of the record, brought to my attention by the court's notice dated and entered on the **FLSD Docket on 05/29/2024**. I must object to the Settlement Agreement as structured, especially given my own situation as a Senior Citizen member of the defrauded parties group.

For your information, my objection is principally based upon the fact that in February 2020 I was 76 years of age, having just lost my late wife of 48 years. **I was induced** by Mr. Dean Vagnozzi and Mr. John Myura **to invest $100,000.00 of my retirement savings into** Mr. Dean Vagnozzi's "A Better Financial Plan" (ABFP) **Atrium Fund 3** investment plan, which was turned into the **ABFP Income Fund 2** investment; **and $95,000.00 into** the **ABFP Woodland Falls Investment Fund LLC** program. Further, the offices of ABFP presented such displays of relevant securities industry items – SEC Notices & Authorizations, Licenses, etc. indicating that the conduct of the business was in line with good securities practice, etc. Therefore, I am filing my objection to the Settlement Agreement in accordance with the Court's requirements, and my objection is listed alphabetically, per your five (5) provisions as follows:

    a. **Name and Address:**  
    Raymond W. Doreian  
    1001 City Avenue – Unit ED1129  
    Wynnewood, PA 19096-3905  
    **My Telephone No.:**  
    (610) 952-2527

    b. **My Signature:** *Raymond W Doreian*

    **Raymond W. Doreian**

    c. **The factual and legal grounds for my objection are as follows:**  
    i.   My objection is based upon the fact that I am a Senior Citizen, now 81 years of age and was 76 years of age, having recently suffered the cancer-related death of my late wife of 48 years when I was induced to invest $195,000.00 of my retirement savings into Mr. Dean Vagnozzi's "A Better Financial Plan" (ABFP) investment funds. *My late wife - Dorothy J. Doreian – died at 11;59pm on 12/31/19, following 6+ years of surgeries and intense chemotherapy at Fox Chase Cancer Center; which facts I told to Mr. Dean Vagnozzi, Mr. John Myura and the ABFP VP/ Mr. Vagnozzi's sister.*

RAYMOND W. DOREIAN

ii. I was directed to invest **(A)** $100,000.00 into the **ABFP Atrium Fund 3** investment plan, which became the **ABFP Income Fund 2** investment; and (B) $95,000.00 into the ABFP **Woodland Falls Investment Fund LLC** program.

iii. During the several times I spent in the ABFP offices with Mr. Dean Vagnozzi, ABFP agent Mr. John Myura and ABFP V.P. Ms. First Name Vagnozzi-Last Name, my entire personal history profile (including name, address, date of birth, etc.) was recorded or referenced, along with my risk tolerance evaluation and investment goals, etc., during which times I settled both the ABFP **Woodland Falls Investment Fund LLC**, and the **ABFP Atrium Fund 3** (which became the **ABFP Income Fund 2**).

iv. Further, I completed the required IRS Form 5498 in the ABFP offices for the rollover of my qualified plan monies to CamaPlan

v. I was never offered or supplied a prospectus for **ABFP Atrium Fund 3 or the ABFP Woodland Falls Investment Fund LLC** program.

**AND,** during the times I spent with Messrs. Vagnozzi, Myura and ABFP VP Ms. [(First Name) Vagnozzi-Last Name] ... **I WAS NEVER**:

i. Alerted to or advised of my rights as a Senior Citizen Investor, as required by:
   - **FINRA Regulation 2165 – see enclosed extract, Submission A, C**
   - **Financial Crimes Enforcement Network (FinCen) Statutes: Title 18, Act 48 Section 3922.1 (Added in the 2021 Amendment)** – **see enclosed extract Submission B**

ii. Made aware that the ABFP **Woodland Falls Investment Fund LLC**, or the **ABFP Atrium Fund 3** - which became the **ABFP Income Fund 2** - **were anything other than 3-year** (my election), **or 5-year Fixed Period Investments.** See:
   - **FINRA Regulation 2165 – see enclosed extract, Submission B: Definitions (a) (4)(B)**
   - **FINRA Regulation 2111 - see enclosed extract, Submission A: Suitability**
   - **FINRA Regulation 2165 (22-05)(1A) - see enclosed extract, Submission D: "... Specified Adults inability to gain access to an investment"**

iii. Provided with a prospectus for the **Woodland Falls Investment Fund LLC** or the ABFP **Income Fund 2** – Not provided in either case
   - **Section 5(b)(2) of the Securities Act of 1933 - Enclosed Submission E:** This section requires that a prospectus must be provided to an interested investor before the completion of a securities transaction (settlement) for that security.

iv. Advised that ABFP was an agent acting for and with other separately owned securities investment- management organization(s) including CamaPlan, PAR, CBSG Inc., etc.

d. **Documents pertaining to my Objections to the Motion to Distribute (attached)**

**FINRA Regulations 2111, 2165 & CFR Regulations (FinCen & Sec. Act 1933-Sec. 5(b)(2)**

RAYMOND W. DOREIAN

    i.    **SUBMISSION A: Regulation 2111 – Suitability:** "A member or an associated person must have a reasonable basis to believe that a recommended transaction or investment strategy involving a security, or securities is suitable for the customer, based upon… the customer's investment profile. …"

    ii.    **SUBMISSION B: Financial Crimes Enforcement Network (FinCen) Statutes: Title 18, Act 48 Section 3922.1** (Added in the 2021 Amendment) **:** Financial Exploitation of an older adult

    iii.    **SUBMISSION C: Regulation 2165 (a)(4)(B)** – Acts of Omission are considered "Financial Exploitation of Specified Adult's Funds

    iv.    **SUBMISSION D: 2165 (22-05) (1A)** This regulatory Notice 22-05 "… this expansion of the rule seeks to protect Specified Adults against the significant Financial consequences of executing a securities transaction, including surrender charges, adverse tax consequences, <u>or the inability to regain access to an investment</u>. …" (my underline)

    v.    **SUBMISSION E: Securities Act of 1933, Section 5(b)(2) extract:** The 1933 Act is based upon a philosophy of disclosure, and the goal of the law is to require issuers to fully disclose all material information that a reasonable shareholder would need in order to make up his or her mind about the potential investment. "Section 5(b)(2) of the Securities Act … prohibits any Page 2 2 registered sale of a security unless the security is preceded or accompanied by a prospectus that satisfies SEC requirements."

  e.  **Unless directed otherwise by the Court, I do <u>NOT</u> plan to be present or to appear at the Final Approval Hearing scheduled for August 13, 2024 in Courtroom 11-2 of the United States Courthouse, 400 North Miami Ave., Miami, FL 33128.**

Your honor, I would therefore request that you delay the immediate distribution of proceeds in the subject case, etc. until the matters involving me - and should the Court require for any other Senior Citizen Investors - are fully examined and addressed, including:

    (1) Determination of the identity of those ABFP investors who fall into the "elder law"/Senior Citizen category
    (2) Adjustment of the distribution and the distribution process to accommodate the applicable Senior Citizen provisions,
    (3) Directing the receiver to provide such distribution of recovered assets to the affected Senior Citizen investors category such that they are in accordance with the SEC, FINRA and other Federal and state-specific provisions.
    (4) Recommending the prosecution of those defendant-executive individuals whose actions placed these related-case Senior Citizen investors at risk as defined by the applicable statutes, regulations, etc.

Submitted with respect,

*[signature: Raw Doreian]*

Raymond W. Doreian
1001 City Avenue, Unit ED1129
Wynnewood, PA 19096-3905

RAYMOND W. DOREIAN

**Attachments:**

1. **R.W. Doreian email chain re Woodand Falls Investment Fund LLC** - Incl. InvestServe and SFA/Jeffrey C. Schneider statements re investment responsibilities and investment maturity
2. **CamaPlan IRS 5498 (2022)** re R. W. Doreian Investment in Woodland Falls Investment Fund LLC
3. **R. W. Doreian request of CamaPlan** re details of qualified investment/Woodland Falls Investment Fund LLC
4. **CamaPlan Operations Authorization as requested by the Receiver** – February 2023
5. **SUBMISSIONS A through D:** FINRA and CFR extracts - 3 pages
6. **RWD June 5 email to ABFP investors re 8/13 Hearing on Case 9:20-cv-81205-RAR #1905**

CC:  Ryan K Stumphauzer, Receiver
Stumphauzer Kolaya, Nadler & Sloman, PLLC
One Biscayne Tower
Two S. Biscayne Blvd., Suite 1600
Miami, FL 33131

Timothy A. Kolaya
Stumphauzer Kolaya, Nadler & Sloman, PLLC
One Biscayne Tower
Two S. Biscayne Blvd., Suite 1600
Miami, FL 33131

Gaetan J. Alfano,
Pietrogallo Gordon Alfano Bosick & Raspanti, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103

Levine Kellogg Lehman Schneider + Grossman LLP
Jeffrey C. Schneider
Jason K. Kellogg
Victoria J. Wilson
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131

Steven A. Schwartz
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, PA 19041

Mark H. Edelson
Eric Lechtzin
Edelson Lechtzin LLP
411 S. State Street
Suite N-300
Newtown, PA 18940

1001 City Ave. • Unit ED1129 • Wynnewood • PA • 19091-3905      Email: raydoreian@gmail.com • Cell Phone: 610-952-2527

RAYMOND W. DOREIAN

Scott Lance Silver Esq.
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065

Melanie Emmons Damian
Damian& Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131

Jay A. Dubow
Troutman Pepper
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2779

Catherine M. Recker
Welsh and Recker
306 Walnut Street
Philadelphia, PA 19106


CC:    Email List

rstumphauzer@sknlaw.com
tkolaya@sknlaw.com
gja@pietragallo.com
jcs@lklsg.com
jk@lklsg.com
vjw@lklsg.com
sas@chimicles.com
medelson@edelson-law.com
elechtzin@edelson-law.com
ssilver@silverlaw.com
mdamian@dvllp.com
jay.dubow@troutman.com
cmrecker@welshrecker.com

**SUBMISSION A**

## Rule 2111

# 2111. Suitability



The Rule

Notices

    (a) A member or an associated person must have a reasonable basis to believe that a recommended transaction or investment strategy involving a security or securities is suitable for the customer, based on the information obtained through the reasonable diligence of the member or associated person to ascertain the customer's investment profile. A customer's investment profile includes, but is not limited to, the customer's age, other investments, financial situation and needs, tax status, investment objectives, investment experience, investment time horizon, liquidity needs, risk tolerance, and any other information the customer may disclose to the member or associated person in connection with such recommendation.

# SUBMISSION B, SUBMISSION C, SUBMISSION D

FINRA Regulation 2165 (a) 1; (a)(4); (a) (B)
FINRA Regulation 2165: Regulatory Notice 22-05
Financial Crimes Enforcement Network (FinCen)
Pennsylvania Consolidated Statutes: Title 18, Act 48, Section 3922.1

## FINRA Regulation 2165

Rule 2165 - Financial Exploitation of Specified Adults (a) Definitions (1) For purposes of this Rule, the term "Specified Adult" shall mean: (A) a natural person age 65 and older; or (B) a natural person age 18 and older who the member reasonably believes has a mental or physical impairment that renders the individual unable to protect his or her own interests. (2) For purposes of this Rule, the term "Account" shall mean any account of a member for which a Specified Adult has the authority to transact business. (3) For purposes of this Rule, the term "Trusted Contact Person" shall mean the person who may be contacted about the Specified Adult's Account in accordance with Rule 4512. (4) For purposes of this Rule, the term "financial exploitation" means: (A) the wrongful or unauthorized taking, withholding, appropriation, or use of a Specified Adult's funds or securities; or (B) any act or omission by a person, including through the use of a power of attorney, guardianship, or any other authority regarding a Specified Adult, to: (i) obtain control, through deception, intimidation or undue influence, over the Specified Adult's money, assets or property; or (ii) convert the Specified Adult's money, assets or property.

FINRA has now amended Rule 2165 to allow member firms to also place temporary holds on securities *transactions* where the rule's requirements are satisfied.[14] As amended, a member firm can now block both the securities transaction itself *and* the disbursement of the proceeds from the transaction. Regulatory Notice 22-05 notes that this expansion of the rule seeks to protect Specified Adults against the significant financial consequences of executing a securities transaction, including sunk costs, adverse tax consequences, or the inability to regain access to an investment.

## Financial Crimes Enforcement Network (FinCen)

### FinCen Advisory FIN-2022-A002
Elder financial exploitation (EFE) is defined as the illegal or improper use of an older adult's funds, property, or assets

### PA Title 18, Act 48 Section 3922.1 (PA)
Financial exploitation of an older adult or care-dependent person.

## SUBMISSION E

### Securities Act of 1933
### Section 5 (b)(2)

The 1933 Act is based upon a philosophy of disclosure meaning that the goal of the law is to require issuers to fully disclose all material information that a reasonable shareholder would need in order to make up his or her mind about the potential investment.

**Section 5 (b)(2) of the Securities Act of 1933** "... prohibits any ... registered sale of a security unless the security is preceded or accompanied by a prospectus that satisfies SEC requirements. ..."

**CamaPlan Operations**  4:35 PM (20 minutes ago)

to me

**From:** CamaPlan Operations
**Sent:** Monday, February 6, 2023 4:38 PM
**To:** raydoreian@gmail.com
**Subject:** URGENT - Par Funding Claim Data

The Receiver in the Complete Business Solutions Group (aka Par Funding) and A Better Financial Plan case has asked CamaPlan to submit information on your behalf for any investments you made using a CamaPlan IRA account. We have only been asked to help provide this information and do not know what amount will be paid back to you and when. We would like you to review and verify the information below and give us your authorization to provide this information to the Receiver.

**Claim Information** (Note: **The Receiver has approved submission of the data by CamaPlan in the format below)**

IRA Account Holder: Raymond Doreian

Home address: 1001 City Avenue Unit ED212, Wynnewood, PA, 19096

Email address: raydoreian@gmail.com

Claim Entity: ABFP Income Fund 2

Amount Invested: $100,000.00

Adjustments to Amount Invested (if any): $0.00

Principal Returned to your Cama account (if any): $0.00

Principal Outstanding (sum of above): $100,000.00

Interest Payments to date: $2,827.00

**Action Required from you**

- Review and verify the information above and respond to this email letting us know that you authorize CamaPlan to send this information to the Receiver on your behalf. Simply reply to the email and write **"AUTHORIZE"** in the body of the email by March 8th at the latest. We will submit the information to the Receiver by the March 22nd deadline, if not earlier. We will not submit this data to the Receiver if you do not authorize us to do so. We appreciate your prompt attention to this matter.
- If you have already filed a claim, these are your options:
    1. Respond to this email and indicate that you do not want CamaPlan to submit anything to the Receiver
    2. Respond to this email and tell us not to submit data but authorize us to notify the Receiver that you have filed a claim.
    3. Respond to this email and tell us to submit the data above and notify the Receiver that you have already submitted a claim.

- If there are any issues with this information, please respond to this e-mail and let us know the issue or contact our office at 215-283-2868.

**Additional Information**
- Complete Business Solutions Group (aka CBSG or Par Funding), A Better Financial Plan, and other assets were placed in Receivership in accordance with a Federal Court order pending an SEC investigation. The defendants in the case have since settled with the SEC.
- The Receiver has obtained approval from the Court to begin accepting claims from investors.
- Under the approved claims procedures, CamaPlan intends to file information on behalf of all investors whose investment was made through a CamaPlan IRA account.  As a result, you do not need to file a Proof of Claim in the Receivership case for investments in your CamaPlan account.  In addition, if your only investment in the companies that are the subject of this Receivership case was through a CamaPlan IRA Account, you are not likely to receive direct notice from the Receiver regarding this claims process, as CamaPlan is listed as the authorized contact for your CamaPlan IRA account.
- On the other hand, if you made a separate investment in your individual name or through a source other than a CamaPlan IRA account, you may receive direct notice from the Receiver regarding the claims process and would be responsible for submitting your own claim for those other investments.
- You are not precluded from filing your own claim for any investment you made through a CamaPlan IRA account.  But any claims you assert that are duplicative of the information CamaPlan submits on your behalf will be subject to review by the court.
- You may wish to consult with an attorney if you have any questions about this process or to determine whether you should submit a separate claim from the data CamaPlan intends to submit on your behalf.
- More information about the case and the claims process can be found at https://parfundingreceivership.com/.



**Raymond Doreian <raydoreian@gmail.com>**  4:52 PM (3 minutes ago)

to CamaPlan, bcc: Amera, bcc: me

**Jennifer:**
Please proceed as directed below:

**AUTHORIZE**

**Thanks!**
**Signed:**

*Ray*

**Raymond W. Doreian**
**1001 City Ave. Unit ED212, Wynnewood, PA 19096**

≡   **M Gmail**     Q camaplan     ×   祥     ● Until July 14 ▾   ⑦  ⚙ ⋮⋮⋮

99+                                                                                   7 of 31
Mail

## August 13 Hearing re Case 9:20-cv-81205-RAR #1945

Chat    **Raymond Doreian** <raydoreian@gmail.com>                             Jun 5, 2024, 5:57 PM
      to Don, David

Meet

Don, I must assume that you just received the 9-page notice regarding the subject hearing scheduled for August 13.  Then, I must presume that I received it since I recently wrote Judge Ruiz with cc to the receiver/Ryan Stumphauzer, and also Timothy Koleya and Gaetan Alfano concerning my objection regarding the Woodland Falls investment I made through ABFP via CamaPlan in March 2020.

I mentioned that having signed the investment agreement for the stated period of 3-years at my then-age of 76 (now 81), I have recently been troubled by:

1. The fact that the Court/Receiver appointed manager of my investment funds (InvestServe) provided me first: with a "5-year" investment period then, second: referred me to SFA, the Commercial Real Estate Investment Firm management company for the Woodland Falls property for "... the actual investment period".

2. After a "cat and mouse" getting to SFA's investment manager Jeff Schneider, Mr. Schneider explained that neither he nor his company know the details of my investment, etc., nor the ABFP Woodland Falls fund or its list of investors, etc.

3. Then when I questioned Mr. Schneider regarding the investment period of my funds (and obviously the investment funds of other ABFP-CamaPlan-Woodland Falls Investors), Mr. Schneider backed away from the 5-year and any other fixed investment period.

4. Mr. Schneider indicated that The Woodland Falls fund monies were invested in a property in Cherry Hill, NJ and would not possibly become available for those investors until such time that the property is sold or otherwise refinanced in the future.

5. From the open-ended nature of this investment declared by SFA, it would seem to me that ABFP or others during their marketing and solicitation activities for the Woodland Falls Fund - at least - acted in either criminal negligence or criminal contempt of the provisions in the various PA and other state elder-law statutes, and the Older Americans Act of 1965, etc..

Subsequent to this discovery in late April 2024, as indicated above I wrote to Judge Ruiz et al on May15 by both registered letter and email and inquired/requested they (A) clarify for myself [and clearly those other ABFP-CamaPlan investors who satisfy the law's provisions for elder-law protection] provided under under the Federal "Older Americans Act (1965)" and as amended on April 10, 2020, and the various state elder-law statutes and (B) the court's consideration of this issue and the standing of myself (and clearly other affected persons) regarding the settlement distribution plan.

This past weekend, I received Six (6) form letters from the Florida court reminding me of the fact that several related cases were closed on 11/23/2022.  Then, yesterday, June 4, I received the notice regarding the subject hearing for the case indicated.

Essentially with this notice, I and others have been put on notice that if we have any issue with the receiver's Settlement Agreement for any reason, we must satisfy the court's requirements by July 13 in order to gain standing at the August 13 hearing.  Again, I don't know if you received this notice dated 5/24/2024 but as just the Federal elder law provisions require criminal penalties for persons who violate just the Older Americans Act, it also contemplates making whole those violated Older Americans.

Hope this is helpful!  Possibly you might alert all ABFP investors and especially those with CamaPlan funds in Woodland Falls.

Raymond W. Doreian
610-952-2527

---

 **Raymond Doreian** <raydoreian@gmail.com>                             Jun 5, 2024, 6:22 PM
to Amera

My love, I wanted you to have your own copy of this email to Don Read, the individual who disseminates the ABFP information to the investors.  This is the guy with whom David has kept in contact.  I'm still trying to decide on how to proceed.  I've been researching the elder-law statutes to assemble the provisions which were violated by ABFP in its sales and marketing pitch to me.  Clearly, ABFP violated a number of provisions and the individuals involved should be punished and the investors impacted should be made whole, though probably without interest for the period of time.  I'm still at it...
Loving you 💜💜💜
Raymond





REC'D BY_____D.C.
JUL 12 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

HON. RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE,
MIAMI, FLORIDA 33128

