UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-81205-RAR

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS GROUP,
INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.
_____/

## LISA MCELHONE'S AND JOSEPH LAFORTE'S OBJECTIONS TO THE ECKERT SEAMANS SETTLEMENT

Defendants, Lisa McElhone and Joseph LaForte, by and through their undersigned counsel, hereby file their objections to the Settlement Agreement proposed in the Receiver's Motion for: (I) Approval of Settlement Among Receiver, Putative Class Plaintiffs, and Eckert Seamans; (II) Approval of Form, Content and Manner of Notice of Settlement and Bar Order; (III) Setting Deadline to Object to Approval of the Settlement and Entry of Bar Order; and (IV) Scheduling a Hearing [ECF No. 1861, the "Motion to Approve Settlement"]. As support therefore, McElhone and LaForte state as follows:

1. On May 6, 2024, the Receiver filed its Motion to Approve Settlement.

2. On May 13, 2024, the Court entered its Order Preliminarily Approving Settlement Among Receiver, Putative Class Plaintiffs, and Eckert Seamans [ECF No. 1906, the "Preliminary Approval Order"].

3. The Preliminary Approval Order requires that "[a]ny person who objects to the terms of the Settlement Agreement, the Bar Order, the Motion, or any of the relief related to any of the

foregoing, must file an objection, in writing, with the Court pursuant to the Court's Local Rules not later than **thirty (30) days** before the Final Approval Hearing." *Id*. at p. 5.

4. On May 29, 2024, the Court entered a paperless order resetting the Final Approval Hearing for August 13, 2024, which makes the deadline to file objections July 14, 2024.

## OBJECTIONS AND REQUEST FOR RELIEF

5. McElhone and LaForte object to the Settlement Agreement on the grounds that it is expressly conditioned on Eckert Seamans Cherin & Mellot, LLC ("Eckert Seamans") receiving the benefit of a Bar Order.

6. The proposed Bar Order would be inequitable because it would extinguish McElhone and LaForte's potential claims against Eckert Seamans without conferring any benefit upon them.

7. McElhone and LaForte – as controlling persons of Par Funding and other Receivership Entities – were ultimately subject to liability and a judgment of disgorgement in excess of $140 Million based, in significant part, on the actions of Eckert Seamans and John W. Pauciulo (a former Partner at Eckert Seamans) with respect to the marketing and sale of investments in Par Funding.

8. The Receiver attempts to preempt McElhone and LaForte's objections by asserting that any claims by "non-settling third parties… whom bear at least some responsibility for perpetrating this fraud" will be subject to comparative fault and unclean hands defenses, and are therefore doomed to fail. *See* Motion to Approve Settlement at p. 7. But the Receiver cannot substitute his judgment on such fact intensive legal issues for that of a jury (or other fact finder) in order to circumvent McElhone and LaForte's valid claims.

9. The Receiver also argues that such third-party claims "mirror" and are therefore "interrelated" with the Receiver's own claims against Eckert Seamans. *Id.* This is precisely the point.

The Settlement Agreement would resolve "potential claims by the Receiver on behalf of the Receivership Entities[.]" *Id*. Many of the Receivership Entities the Receiver purports to bring claims on behalf of – including Par Funding and Full Spectrum – were ultimately owned and/or controlled by McElhone and LaForte during the relevant time period. Nevertheless, the Receiver does not propose to apply any proceeds of the settlement with Eckert Seamans to the existing judgment against McElhone and LaForte – which is based on their actions on behalf of these same Receivership Entities. Indeed, McElhone and LaForte have been held jointly and severally liable with and to the same extent as Par Funding and Full Spectrum (another Receivership Entity) pursuant to Section 20(a) of the Exchange Act. *See* Count VIII of the SEC's Amended Complaint. Accordingly, McElhone and LaForte would be entitled to assert claims against Eckert Seamans to the same extent the Receiver is entitled to assert such claims on behalf of Par Funding and Full Spectrum.

10. For these reasons, the equities simply do not support barring McElhone and LaForte's claims without providing them any credit for settlement proceeds garnered on behalf of Receivership Entities they own and/or controlled.

11. Furthermore, the Court's ability to issue a Bar Order is in serious doubt based on the Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P.* Case No. 23-124, 2024 WL 3187799, at *5 (U.S. June 27, 2024) (holding that bankruptcy courts are not authorized to approve a release and injunction that extinguishes claims against non-debtor third parties without the consent of affected claimants). Following the logic of this decision, this Court cannot use its equity powers to extinguish the claims of affected claimants – like McElhone and LaForte – without their consent.

12. The Receiver cites *In re Seaside Eng'g & Surveying, Inc.* 780 F.3d 1070 (11th Cir. 2015) for the proposition that the Eleventh Circuit has expressly held that district courts have the authority to enter Bar Orders. *See* Motion to Approve Settlement at p. 17. However, *Seaside Eng'g*

has now been expressly abrogated by *Purdue Pharma L.P.* Moreover, even if *Seaside Eng'g* remained good law (it is not), the Receiver makes no mention of the Eleventh Circuit's warning in that opinion that "bar orders should be used cautiously and infrequently." *See Seaside Eng'g,* 780 F.3d at 1079 (internal citations omitted).

13. For all of these forgoing reasons, McElhone and LaForte object to the proposed Settlement Agreement – in its current form – and respectfully request that the Court withhold approval of the Settlement Agreement and decline to enter a Bar Order in favor of Eckert Seamans.[1]

14. In accordance with the Preliminary Approval Order, McElhone and LaForte hereby advise the court that they intend to have their respective counsel appear at the Final Approval Hearing, and respectfully request that the Court authorize their counsel to appear at the Final Approval Hearing.

Respectfully submitted,

---

[1] Although McElhone and LaForte's primary objection to the proposed settlement is that it would impermissibly bar their claims without conferring any benefit upon them, they also question whether the amount of the proposed settlement is fair and proper. Notably, the settlement is based on the available limits of Eckert Seamans' insurance policies, and does not require the firm, or any of its principals, to contribute a cent of their own money (aside from their policy deductible). According to Eckert Seamans' own website, Eckert Seamans is a full-service national law firm with approximately 300 lawyers across a network of 15 offices. Other online sources reflect that Eckert Seamans had $134 Million in gross revenue in 2023, and that the average profit for the firm's 115 equity partners is $455,000 – yielding combined equity partner profits of approximately $51 Million, annually. *See* https://www.law.com/law-firm-profile/?id=96&name=Eckert-Seamans. Based on these figures, it is clear that Eckert Seamans could make a personal contribution to the settlement, above and beyond policy limits.

| | |
|---|---|
| **KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**<br>*Attorneys for Defendant Joseph W. LaForte*<br>One W. Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 525-4100<br><br>By: */s/ David L. Ferguson*<br>   DAVID L. FERGUSON<br>   Florida Bar Number:  0981737<br>   Ferguson@kolawyers.com | **KAPLAN ZEENA LLP**<br>*Attorneys for Defendant Lisa McElhone*<br>2 South Biscayne Blvd., Suite 3050<br>Miami, Florida 33131<br>Telephone: (305) 530-0800<br>Facsimile: (305) 530-0801<br><br>By: */s/ James M. Kaplan*<br>   JAMES M. KAPLAN<br>   Florida Bar No.: 921040<br>   james.kaplan@kaplanzeena.com<br>   elizabeth.salom@kaplanzeena.com<br>   service@kaplanzeena.com<br>   NOAH E. SNYDER<br>   Florida Bar No.: 107415<br>   noah.snyder@kaplanzeena.com<br>   maria.escobales@kaplanzeena.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of July, 2024, I electronically filed the forgoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmissions of Notices of Electronic Filing generated by CM/ECF; and via Email and Regular U.S. Mail to the parties listed on the attached Service List.

By: */s/ James M. Kaplan*
   JAMES M. KAPLAN

## SERVICE LIST

Ryan Stumphauzer
Stumphauzer Kolaya Nadler & Sloman PLLC
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 1600
Miami, FL 33131
Tel: (305) 614-1400
Fax: (305) 614-1425
Email: rstumphuazer@sknlaw.com

Timothy A. Kolaya
Stumphauzer Kolaya Nadler & Sloman PLLC
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 1600
Miami, FL 33131
Tel : (305) 614-1400
Fax : (305) 614-1425
Email : tkolaya@sknlaw.com

Gaetan J. Alfano
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Tel.: (215) 320-6200
Fax: (215) 981-0082
Email: gja@pietragallo.com

Levine Kellogg Lehman Schneider + Grossman LLP
Jeffrey C. Schneider
Jason K. Kellogg
Victoria J. Wilson
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
Tel.: (305) 403-8788
Fax: (305) 403-8789
Email: jcs@lklsg.com
Email: jk@lklsg.com
Email: vjw@lklsg.com

Steven A. Schwartz
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, PA  19041
Tel.: (610) 642-8500
Fax: (610) 649-3633
Email: sas@chimicles.com

Marc H. Edelson
Eric Lechtzin
Edelson Lechtzin LLP
411 S. State Street
Ste N-300
Newtown, PA 18940

Tel.: (215) 867-2399
Fax: (267) 685-0676
Email: medelson@edelson-law.com
Email: elechtzin@edelson-law.com

Scott Lance Silver
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
Fax: (954) 755-4684
Email: ssilver@silverlaw.com

Melanie Emmons Damian
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Tel.: (305) 371-3960
Fax: (305) 371-3965
Email: mdamian@dvllp.com

Jay A. Dubow
Troutman Pepper
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-27799
Tel.: (215) 981-4713
Email: jay.dubow@troutman.com

Catherine M. Recker
Welsh and Recker
306 Walnut Street
Philadelphia, PA 19106
Email: cmrecker@welshrecker.com