UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO STAY AND REQUIRING MEDIATION

**THIS CAUSE** comes before the Court upon the Receiver's Motion to Stay the Court's Consideration of Motion to Approve Settlement with Eckert Seamans for Period of 90 Days and to Require Mediation ("Motion"), [ECF No. 2004], filed on July 31, 2024. The Court has carefully reviewed the Motion and the record, and finds that the Receiver has made a sufficient and proper showing in support of the requested relief. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** as follows:

    1.    The Receiver's Motion is **GRANTED**.

    2.    The Receiver's pending Motion for: (i) Approval of Settlement among Receiver, Putative Class Plaintiffs, and Eckert Seamans; (ii) Approval of Form, Content, and Manner of Notice of Settlement and Bar Order; (iii) Setting a Deadline to Object to Approval of the Settlement and Entry of Bar Order; and (iv) Scheduling a Hearing; with Incorporated Memorandum of Law ("Eckert Seamans Motion"), [ECF No. 1861], including the Receiver's deadline to file a reply in further support of the Eckert Seamans Motion, is hereby **STAYED** for a period of **90 days**.

3. During this 90-day period, the Receiver, putative class counsel, Eckert Seamans, the Vagnozzi Group,[1] the Parker Plaintiffs,[2] and the Merchant Objectors[3] (including all counsel, all clients, and all insurers) (collectively, the "Mediation Participants") must participate in a mediation in an effort to resolve the pending objections to the Eckert Seamans Settlement, with the costs of mediation to be split six-ways, with one-sixth of the mediator's fees to be paid for by each of the Mediation Participants.

4. The mediation conference in this matter shall be held with **Michael A. Hanzman**. The parties shall meet and confer to schedule a mediation with Mr. Hanzman and file their notice of scheduling mediation **on or before August 9, 2024**. The mediation shall be completed **on or before October 18, 2024.**

5. At the conclusion of the mediation, the Mediation Parties shall file a status report indicating the outcome of the mediation and whether the stay of the Eckert Seamans Motion should remain in effect or be lifted.

6. The Final Approval Hearing set for August 13, 2024, [ECF No. 1945], is hereby **CANCELLED.** If necessary, the Court will re-schedule the Final Approval Hearing upon the conclusion of the mediation.[4]

---

[1] The Vagnozzi Group is Defendant Dean Vagnozzi and non-parties Alec Vagnozzi, Albert Vagnozzi, and Terry Kohler.

[2] The Parker Plaintiffs are the Plaintiffs in the case of *Parker, et al. v. Pauciulo, et al.*, No. 20-00892 (Phila. Ct. Com. Pl. 2020).

[3] The Merchant Objectors are B & T Supplies, Inc. d/b/a B and T Supply d/b/a Biggest Book.com; Tzvi Odzer; Ruben Azrak; RKDK Inc. d/b/a Haagen Dazs; Gelato on Hudson LLC d/b/a Haagen Dazs; Asia Star Broadcasting Inc.; Daniel Shah; Perfect Impression Inc.; Susan Abrahams; Kara Dipietro; Carl Dorvil; Pamela Fleetwood; Robert Fleetwood; Fleetwood Services LLC; Michael Joseph Foti; Chad Frost; Gex Management Inc.; HMC, Inc.; Johnny Harrison, Sr.; Michael Heller; Julie Paula Katz; MH Marketing Solutions Group, Inc.; Petropangea Inc.; Radiant Images Inc.; Sunrooms Group Inc.; TourMappers NorthAmerica LLC; Volunteer Pharmacy, LLC; Sean Whalen; Giane Wolfe; and Iris Chen Yngyin.

[4] All Mediation Participants agree with the relief sought by the Receiver in his Motion, except for the Parker Plaintiffs. Mot. at 6. The Parker Plaintiffs object to the entry of a stay, cancelling the August 13,

**DONE AND ORDERED** in Miami, Florida, this 1st day of August, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

2024 hearing, and using a private mediator. *Id.* However, the Court does not believe that holding a final approval hearing or expending additional resources on adjudicating the Eckert Seamans Motion prior to mediation is an efficient use of the parties' or the Court's resources. Accordingly, these objections are overruled.