UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**SECURITIES AND EXCHANGE COMMISSION**                    Case No.: 9:20-cv-81205-RAR

v.

*Plaintiff*

**COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING,** *et al*

*Defendants*
_____/

**AMENDED OPPOSITION *NUNC PRO TUNC* TO RECEIVER'S MOTION TO STAY**

Dean Vagnozzi ("Dean"), Albert Vagnozzi ("Albert"), Alec Vagnozzi ("Alec") (sometimes collectively referred to as the "Vagnozzis"), and Terry Kohler ("Kohler"), by and through undersigned counsel, Bochetto & Lentz, P.C. ("B&L"), hereby submit the following Amended Opposition *Nunc Pro Tunc* to the Receiver's Motion to Stay (CM/ECF No. 2004).

**I.      INTRODUCTION**

In a scant four paragraphs of its motion to stay, relying mostly upon unpublished decisions, the Receiver attempts to distinguish *Harrington v. Purdue Pharma, L.P.*, 603 U.S. ___ (2024), on the basis that *Harrington* is merely a bankruptcy case and not a receivership case. Unfortunately for the Receiver, *Harrington* completely eradicates the reasoning used by the Eleventh Circuit for granting receivership bar orders, and this Court should not allow the Receiver to offer Eckert Seamans Cherin & Mellot, LLC ("Eckert"), a bankruptcy discharge where Eckert fails to put all of its assets before its creditors like every other bankrupt.

## II.     ARGUMENT

Rather than respond to the Objectors to its proposed settlement and bar order, the Receiver moved on July 31, 2024—the day he was to respond—for a stay of the case in order to pursue mediation in light of *Harrington*. Although the Court granted the motion without time for any opposition to the Receiver's motion to be considered, the Vagnozzis and Kohler file this opposition, *nunc pro tunc*, in order to preserve the record as to the legal sufficiency of the Receiver's position[1].

The Receiver attempts to convince this Court that the Supreme Court's Opinion in *Harrington* has no impact on the availability of a bar order in this case. He suggests *Harrington* **only** overruled a line of cases that concern non-consensual bar orders as part of Chapter 11 reorganizational plans, but did not overrule cases that entered bar orders in federal receiverships. *See In re Seaside Engineering & Surveying, Inc.*, 780 F.3d 10170 (11th Cir. 2015); *In re Mumford, Inc*. 97 F.3d 449 (11th Cir. 1996). In support of its erroneous argument, the Receiver cites to an unpublished opinion, *FTC v. Simple Health Plans, LLC* 801 Fed. Appx. 685, 2020 U.S. App. LEXIS 3461 (11th Cir. Feb 5, 2020), which discusses both the *Seaside* and *Mumford* cases, and to an older case, *In re U.S. Oil & Gas Litigation* 967 F.2d 489, 492-93 (11th Cir. 1992). None of the cases upon which the Receiver relies support his arguments. *Harrington* upended the legal authority for a bar order in the Eleventh Circuit as it overruled the precedent for a bar order on which receivership cases relied.

As discussed in the Objection filed by the Vagnozzis and Kohler, *In re U.S. Oil & Gas Litigation* does not provide the safe harbor the Receiver thinks it does. 967 F.2d at 492-96. That case **did not involve forcing non-consenting claimants to release claims against third-parties**,

---

[1] The Vagnozzis and Kohler do not object to participation in mediation.

the draconian procedure the Receiver seeks here. Instead, the party objecting to the bar order, Pinnacle, settled with the plaintiff, and merely sought to preserve claims for "indemnity, fraud, and negligence" between itself and another settling defendant. *Id*. The Eleventh Circuit noted that an indemnity claim by the defendant was barred by law, and that the fraud and negligence claims were simply restated indemnity claims. *Id*. at 495-96. Thus, all the claims before the court in I*n re U.S. Oil & Gas Litigation* with respect to its bar order were actually brought between parties in the case—there was no benefitting non-party like Eckert—and the court's approval of the bar order was stated in the terms of "cross-claims," not nonparties outside the jurisdiction of the court. *Id*. at 496 ("If the cross-claims that the district court seeks to extinguish through the entry of a bar order arise out of the same facts as those underlying the litigation, then the district court may exercise its discretion to bar such claims in reaching a fair and equitable settlement.").

The Receiver's reliance on the unpublished Eleventh Circuit cases is similarly flawed. The unpublished decision in *In Re Centro Grp., LLC*, No. 21-11364, 2021 WL 5158001, at *3 (11th Cir. 2021) (unreported) draws a distinction between *In re Munford*, 97 F.3d 449 (11th Cir. 1996), and *In re Seaside Engineering & Surveying, Inc.*, 780 F.3d 1070 (11th Cir. 2015), two Chapter 11 bankruptcy bar order cases, based on the goal sought by the bar order: settlement in *Munford* and reorganization in *Seaside*. No. 21-11364, 2021 WL 5158001, at *3. After *Harrington*, this is a distinction without a difference: the United States Supreme Court has found **no** support for either the *Munford* approach or the *Seaside* approach, because the Bankruptcy Code allows neither cases' logic.

In *Munford*, the Eleventh Circuit approved the entry of a bar order against a non-debtor on the basis that 11 U.S.C. § 105(a) permitted this under the bankruptcy code. The Eleventh Circuit enumerated additional policy reasons for this decision. 97 F.3d 449, 455 (11th Cir. 1996). *Munford*

3

has therefore been expressly overruled by *Harrington*, which invalidates 11 U.S.C. § 105(a) as a basis for bar orders and declines to consider the policy reasons advanced by the Eleventh Circuit as weighing in favor of bar orders. *Harrington* **expressly overruled** *Seaside*. *Harrington*, 603 U.S. ___, *6-7 n.1. *Seaside* reiterated the basis of bar orders benefitting non- debtors on 11 U.S.C. § 105(a), relied on *Munford*, and incorporated the factors from *In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir. 2002), which was also abrogated by *Harrington*. 603 U.S. ___, * 6-7 n. 1.

For these reasons, the Receiver's legal position on *Harrington* should be rejected. *Harrington* represents a sea change in the availability of bar orders. The Receiver's legal maneuvering and desperate attempts to resurrect the precedent supporting bar orders cannot change the impact of the Supreme Court's ruling[2].

        Respectfully submitted,

        **BOCHETTO & LENTZ, P.C.**
        1524 Locust Street
        Philadelphia, PA 19102
        gbochetto@bochettoandlentz.com
        mminsky@bochettoandlentz.com

            */s/  Matthew L. Minsky*
By: _____
        George Bochetto, Esquire
        *Pro Hac Vice*
        Matthew L. Minsky, Esquire
        FBN: 1033408
        *Attorneys for Dean Vagnozzi, Albert Vagnozzi, Alec Vagnozzi and Terry Kohler*

---

[2] Even assuming *arguendo* that *Harrington* provides the Receiver the authority to enter a bar order without consent of the affected claimants, applying the *Munford* fairness and equitable analysis would still result in the denial of such a rare bar order.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed August 29, 2024, with the CM/ECF filing portal, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted, this 29th day of August 2024.

                              **BOCHETTO & LENTZ, P.C.**
                              1524 Locust Street
                              Philadelphia, PA 19102
                              gbochetto@bochettoandlentz.com
                              mminsky@bochettoandlentz.com

                                         /s/ Matthew L. Minsky
                        By: _____
                              George Bochetto, Esquire
                              *Pro Hac Vice*
                              Matthew L. Minsky, Esquire
                              FBN: 1033408
                              *Attorneys for Dean Vagnozzi, Albert Vagnozzi, Alec Vagnozzi and Terry Kohler*