UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Securities & Exchange Commission,   Case No.: 9:20-cv-81205-RAR

        Plaintiff,

v.

Complete Business
Solutions Group, Inc., *et
al.*

        Defendants.
_____/

**PARKER PLAINTIFFS' OBJECTION TO RECEIVER'S MOTION
TO (1) APPROVE PROPOSED PLAN OF DISTRIBUTION
AND (2) AUTHORIZE FIRST INTERIM DISTRIBUTION**

Plaintiffs in the action styled *Dean Parker et al. v. John W. Pauciulo and Eckert Seamans*, pending in the Court of Common Pleas of Philadelphia County, Case No. 0892, December Term 2020 (the "Parker Plaintiffs"), respectfully submit this Objection to the Receiver's Motion to (1) Approve Proposed Plan of Distribution and (2) Authorize First Interim Distribution [Dkt. No. 2014] (the "Motion"), and in support thereof, state as follows:[1]

    1.    The Parker Plaintiffs object to the Motion to the extent that the Receiver proposes to withhold distributions to the Parker Plaintiffs because the Parker Plaintiffs also are seeking

---

[1] The Parker Plaintiffs include Joseph R. Cacchione, Francis Cassidy, Yajun Chu, Brian Drake, Joseph Gassman, David Gollner, Kurt Hemry, Sherri Marini, Andrew McKinley, Christopher McMorrow, Mark Nardelli, Paul Nick, Davis Parker, Dean Parker, Daniel Reisinger, Philip Sharpton, Michael Tierney, Legacy Advisory Group, Merchant Factoring Income, LLC, Victory Income Fund, LLC, Workwell Fund I, LLC, Cape Cod Income Fund, Wellen Fund 1, LLC, LWM Income Fund, 2, LLC, LWM Equity Fund, L.P., LWM Income Fund Parallel, LLC, Blue Stream Income Fund, LLC, Jade Funding, LLC, MK One Income Fund, LLC, GR8 Income Fund, LLC, STFG Income Fund, LLC, RAZR MCA Fund, LLC, Mariner MCA Income Fund, LLC, MCA Carolina Income Fund, LLC, and Merchant Services Income Fund, LLC.

recovery from Eckert Seamans ("Eckert"). (Motion at 63.) The Court should reject the Receiver's proposal because it is inappropriate and unjustified. The proposal appears to be made solely as retaliation for the Parker Plaintiffs' objection to the Receiver's proposed settlement with Eckert, and as such, constitutes an improper effort to obtain leverage over the Parker Plaintiffs.

2. The Parker Plaintiffs are the real parties in interest for over 150 individual investors in Par Funding. The Parker Plaintiffs owe fiduciary duties to those individual investors to take all action necessary to protect their investments and to maximize their recovery from those ultimately responsible for their losses. That is precisely why the Parker Plaintiffs had the foresight to engage legal counsel -- Eckert and John Pauciulo -- to advise and assist them in creating the agent management funds. Of course, unbeknownst to the Parker Plaintiffs at the time, the "pitch" they received from Dean Vagnozzi concerning their Par Funding investment contained material misrepresentations. And Pauciulo subsequently participated those material misrepresentations, while assuring the Parker Plaintiffs that the Par Funding investment was perfectly legal.

3. For three years now, the Parker Plaintiffs -- who took extra steps to protect their investment by retaining Eckert -- have sought to recover their losses through a malpractice action against Eckert. But those efforts have been thwarted by the Receiver. Thus, as the Court is aware, the Parker Plaintiffs recently filed an objection to the Receiver's attempt to enhance the Receivership Estate with funds from Eckert's insurance policy, which the Receiver intends to distribute to all claimants, regardless of whether those claimants have any legal entitlement to the insurance proceeds.

4. Notwithstanding, the Receiver now plans to make distributions to other claimants, while holding back the Parker Plaintiffs' share of the distribution. There is nothing fair or equitable about doing so.

5. The Receiver's allocation and distribution plan, if it proceeds, will return far less than the Parker Plaintiffs' total loss, regardless of whether the Parker Plaintiffs' are successful in recovering the entire amount of Eckert's insurance policy. Indeed, the Parker Plaintiffs' total claim amounts to $62 million dollars. If he does not hold back the distribution, the Receiver estimates a payment of $16 million dollars to the Parker Plaintiffs (from a pot of $150 million dollars). Thus, even if the Parker Plaintiffs were to recover the entire amount of the Eckert policy (approximately $40 million), they still would not be made whole. Accordingly, there is no basis to withhold a distribution to them now. And doing so improperly prejudges the merit of the Parker Plaintiffs' argument that they are the only parties entitled to the proceeds of the Eckert policy.

6. The authorities cited by the Receiver to support withholding the Parker Plaintiffs' distribution do not justify his proposal. Indeed, the Receiver cites *SEC v. Byers,* 637 F.Supp.2d 166 (S.D.N.Y. 2009) solely for the proposition that "when funds are limited, hard choices must be made". But it is difficult to understand how that quote has anything to do with the proposed action here. The allocation to the Parker Plaintiffs already has been made. And even if the Parker Plaintiffs recover the entire amount of the Eckert policy, there will still be a deficiency. So nothing will be gained by holding back the distribution (other than some misperceived leverage).

7. Likewise, the holdback at issue in *United States v. Petters, No. 08-cv-5348* 2011 WL 281031, at *11 (D. Minn. Jan. 25, 2011), involved direct claw back claims against the very

claimants seeking the distribution. That is simply not this case. The Receiver is not challenging the Parker Plaintiffs' entitlement to the amount of the distribution (nor could he in good faith). To the contrary, he already has approved of the allocation, and he cannot justify delaying the distribution -- and treating the Parker Plaintiffs differently -- simply because they seek to make themselves whole from other sources.

| | |
|---|---|
| Dated: September 9, 2024 | Respectfully submitted,<br>HAINES & ASSOCIATES<br><br>/s/ Clifford E. Haines<br>Clifford E. Haines<br>The Widener Building, 5th Floor<br>1339 Chestnut Street<br>Philadelphia, Pennsylvania 19107<br>Telephone: (215) 246-2200<br>chaines@haines-law.com<br><br>*Admitted Pro Hac Vice for*<br>*Parker Plaintiffs*<br><br>-and-<br><br>MINSKER LAW, PLLC<br><br>/s/ Jonathan E. Minsker<br>Jonathan E. Minsker<br>Florida Bar No. 38120<br>1100 Biscayne Blvd., Ste. 3701<br>Miami, Florida 33132<br>Telephone: (786) 988-1020<br>jminsker@minskerlaw.com<br><br>*Local Counsel to Parker Plaintiffs* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on September 9, 2024, via the Court's ECF Filing System, on all counsel in this matter.

/s/ Jonathan E. Minsker
Jonathan E. Minsker
Florida Bar No. 38120
MINSKER LAW, PLLC
1100 Biscayne Blvd., Ste. 3701
Miami, Florida  33132
Telephone: (786) 988-1020
jminsker@minskerlaw.com

*Counsel to Parker Plaintiffs*