# Raymond W. Doreian

September 7, 2024                                                                 Total 12 pages

HON. RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE,
MIAMI, FLORIDA 33128



FILED BY _____ D.C.

SEP 09 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Your Honor:

**SUBJECT:**   CASE NO. 20-CV-81205 – Document #2015
FLSD Docket on 08/26/2024
My objections to the proposed distribution

Again, thank you for your just consideration of this case. Further to my response on 052924 to your *sua sponte* review of the record re **CASE NO. 20-CV-81205 – RAR #1945**, I now respond to the subject case brought to my attention by the court's notice dated and entered on the **FLSD Docket on 08/26/2024** (received on 090624). Given my situation as a Senior Citizen (birthdate 04/24/1943) I object to the Receiver's Settlement Agreement as structured, for the following reasons:

**Objection #1: I was not alerted to nor advised of my rights as a Senior Citizen Investor**, as required by **FINRA Regulation 2165 and as covered in the Financial Crimes Enforcement Network (FinCen) Statutes: Title 18, Act 48 Section 3922.1** (Added in the 2021 Amendment)

When I was introduced to Mr. Dean Vagnozzi, ABFP Vice President (Mr. Vagnozzi's sister) and ABFP company representative Mr. John Myura in February 2020, **I was a Senior Citizen**, 76 years of age, and had just lost my late wife of 48 years following a 6 year "hell" with cancer, which facts I told to Mr Vagnozzi and his sister, and Mr. John Myura. (FYI, the offices of ABFP presented such displays of relevant securities industry items – SEC Notices & Authorizations, Licenses, etc. tending to indicate that the conduct of the business was in line with good securities practice, etc.)

**Objection #2: I was never offered or supplied a prospectus** for either the **ABFP Atrium Fund 3** ( later **ABFP Income Fund 2), or the ABFP Woodland Falls Investment Fund LLC** program as required under **Section 5(b)(2) of the Securities Act of 1933 - Enclosed Submission E** (This section requires that a prospectus must be provided to an interested investor before the completion of a securities transaction (settlement) for that security):

In my distressed state, I was induced by Messrs. Vagnozzi and Myura to invest **(A)** $100,000.00 into the **ABFP Atrium Fund 3** investment plan, which became the **ABFP Income Fund 2** investment; and **(B)** $95,000.00 into the ABFP **Woodland Falls Investment Fund LLC** program. During this process, my entire personal history profile (including name, address, date of birth, etc.) was recorded or referenced, along with my risk tolerance evaluation and investment goals, etc., during which times I settled both the ABFP **Woodland Falls Investment Fund LLC**, and the **ABFP Atrium Fund 3** (which became the **ABFP Income Fund 2).**

Following this first meeting in the ABFP offices, I completed IRS Form 5498 for the rollover of my qualified plan monies (to CamaPlan).

1001 City Ave • Unit ED1129 • Wynnewood • PA • 19096              Email: raydoreian@gmail.com • Mobile: (610) 952-2527

# Raymond W. Doreian

Following this first meeting in the ABFP offices, I completed IRS Form 5498 for the rollover of my qualified plan monies (to CamaPlan).

**Objection #3: I was never made aware that the ABFP Woodland Falls Investment Fund LLC, or the ABFP Atrium Fund 3 - which became the ABFP Income Fund 2 - were anything other than 3-year (my election), or 5-year Fixed Period Investments.**

For your reference:

**FINRA Regulation 2165** – see enclosed extract, **Submission B: Definitions (a) (4)(B)**

**FINRA Regulation 2111** - see enclosed extract, **Submission A: Suitability**

**FINRA Regulation 2165 (22-05)(1A)** - see enclosed extract, **Submission D: "… Specified Adults inability to gain access to an investment"**

**Objection #4: I was never advised that ABFP was an agent acting for and with other separately owned securities investment- management organization(s) including CamaPlan, PAR, CBSG Inc., etc.**

Your honor, I request that the receiver be directed by the court to consider the facts of my case involving

(a) My Senior Citizen status, etc.

(b) The specific requirements involved with the sale of securities products to Senior Citizens

(c) The general requirements involved with the sale of securities products.

… and direct the receiver to remit the complete return of my investment principal accordingly.

Submitted with respect,

*[signature]*
Raymond W. Doreian

CC:   via Email:
Ryan K Stumphauzer, Receiver
Stumphauzer Kolaya, Nadler & Sloman, PLLC
One Biscayne Tower
Two S. Biscayne Blvd., Suite 1600
Miami, FL 33131

Timothy A. Kolaya
Stumphauzer Kolaya, Nadler & Sloman, PLLC
One Biscayne Tower
Two S. Biscayne Blvd., Suite 1600
Miami, FL 33131

# Raymond W. Doreian

**Attachments:**

Documents pertaining to my Objections to the Motion to Distribute

**FINRA Regulations 2111, 2165 & CFR Regulations (FinCen & Sec. Act 1933-Sec. 5(b)(2)**

   i. **SUBMISSION A: Regulation 2111 – Suitability:** "A member or an associated person must have a reasonable basis to believe that a recommended transaction or investment strategy involving a security, or securities is suitable for the customer, based upon... the customer's investment profile. ..."

   ii. **SUBMISSION B: Financial Crimes Enforcement Network (FinCen) Statutes: Title 18, Act 48 Section 3922.1** (Added in the 2021 Amendment) : Financial Exploitation of an older adult

   iii. **SUBMISSION C: Regulation 2165 (a)(4)(B)** – Acts of Omission are considered "Financial Exploitation of Specified Adult's Funds

   iv. **SUBMISSION D: 2165 (22-05) (1A)** This regulatory Notice 22-05 "... this expansion of the rule seeks to protect Specified Adults against the significant Financial consequences of executing a securities transaction, including surrender charges, adverse tax consequences, <u>or the inability to regain access to an investment</u>. ..." (my underline)

   v. **SUBMISSION E: Securities Act of 1933, Section 5(b)(2) extract:** The 1933 Act is based upon a philosophy of disclosure, and the goal of the law is to require issuers to fully disclose all material information that a reasonable shareholder would need in order to make up his or her mind about the potential investment. "Section 5(b)(2) of the Securities Act ... prohibits any Page 2 2 registered sale of a security unless the security is preceded or accompanied by a prospectus that satisfies SEC requirements."

1. **R.W. Doreian email chain re Woodand Falls Investment Fund LLC** - Incl. InvestServe and SFA/Jeffrey C. Schneider statements re investment responsibilities and investment maturity
2. **RWD June 5 email to ABFP investors re 8/13 Hearing on Case 9:20-cv-81205-RAR #1905**

**SUBMISSION A**

## Rule 2111

# 2111. Suitability

 

Notices

    (a) A member or an associated person must have a reasonable basis to believe that a recommended transaction or investment strategy involving a security or securities is suitable for the customer, based on the information obtained through the reasonable diligence of the member or associated person to ascertain the customer's investment profile. A customer's investment profile includes, but is not limited to, the customer's age, other investments, financial situation and needs, tax status, investment objectives, investment experience, investment time horizon, liquidity needs, risk tolerance, and any other information the customer may disclose to the member or associated person in connection with such recommendation.

## SUBMISSION B, SUBMISSION C, SUBMISSION D

FINRA Regulation 2165 (a) 1; (a)(4); (a) (B)
FINRA Regulation 2165: Regulatory Notice 22-05
Financial Crimes Enforcement Network (FinCen)
Pennsylvania Consolidated Statutes: Title 18, Act 48, Section 3922.1

### FINRA Regulation 2165

[redacted] or (B) a natural person age 18 and older who the member reasonably believes has a mental or physical impairment that renders the individual unable to protect his or her own interests. (2) For purposes of this Rule, the term "Account" shall mean any account of a member for which a Specified Adult has the authority to transact business. (3) For purposes of this Rule, the term "Trusted Contact Person" shall mean the person who may be contacted about the Specified Adult's Account in accordance with Rule 4512 [redacted]

FINRA has now amended Rule 2165 to allow member firms to also place temporary holds on securities *transactions* where the rule's requirements are satisfied.[14] As amended, a member firm can now block both the securities transaction itself *and* the disbursement of the proceeds from the transaction. [redacted]

### Financial Crimes Enforcement Network (FinCen)

### FinCen Advisory FIN-2022-A002

[redacted]

### PA Title 18, Act 48 Section 3922.1 (PA)

[redacted]

## SUBMISSION E

Securities Act of 1933
Section 5 (b)(2)

The 1933 Act is based upon a philosophy of disclosure meaning that the goal of the law is to require issuers to fully disclose all material information that a reasonable shareholder would need in order to make up his or her mind about the potential investment.



**CamaPlan Operations**  4:35 PM (20 minutes ago)

to me

**From:** CamaPlan Operations
**Sent:** Monday, February 6, 2023 4:38 PM
**To:** raydoreian@gmail.com
**Subject:** URGENT - Par Funding Claim Data

The Receiver in the Complete Business Solutions Group (aka Par Funding) and A Better Financial Plan case has asked CamaPlan to submit information on your behalf for any investments you made using a CamaPlan IRA account. We have only been asked to help provide this information and do not know what amount will be paid back to you and when. We would like you to review and verify the information below and give us your authorization to provide this information to the Receiver.

**Claim Information** (Note: **The Receiver has approved submission of the data by CamaPlan in the format below**)

IRA Account Holder: Raymond Doreian

Home address: 1001 City Avenue Unit ED212, Wynnewood, PA, 19096

Email address: raydoreian@gmail.com

Claim Entity: ABFP Income Fund 2

Amount Invested: $100,000.00

Adjustments to Amount Invested (if any): $0.00

Principal Returned to your Cama account (if any): $0.00

Principal Outstanding (sum of above): $100,000.00

Interest Payments to date: $2,827.00

**Action Required from you**

- Review and verify the information above and respond to this email letting us know that you authorize CamaPlan to send this information to the Receiver on your behalf. Simply reply to the email and write "**AUTHORIZE**" in the body of the email by March 8th at the latest. We will submit the information to the Receiver by the March 22nd deadline, if not earlier. We will not submit this data to the Receiver if you do not authorize us to do so. We appreciate your prompt attention to this matter.
- If you have already filed a claim, these are your options:
    1. Respond to this email and indicate that you do not want CamaPlan to submit anything to the Receiver
    2. Respond to this email and tell us not to submit data but authorize us to notify the Receiver that you have filed a claim.
    3. Respond to this email and tell us to submit the data above and notify the Receiver that you have already submitted a claim.

- If there are any issues with this information, please respond to this e-mail and let us know the issue or contact our office at 215-283-2868.

## Additional Information

- Complete Business Solutions Group (aka CBSG or Par Funding), A Better Financial Plan, and other assets were placed in Receivership in accordance with a Federal Court order pending an SEC investigation. The defendants in the case have since settled with the SEC.
- The Receiver has obtained approval from the Court to begin accepting claims from investors.
- Under the approved claims procedures, CamaPlan intends to file information on behalf of all investors whose investment was made through a CamaPlan IRA account. As a result, you do not need to file a Proof of Claim in the Receivership case for investments in your CamaPlan account. In addition, if your only investment in the companies that are the subject of this Receivership case was through a CamaPlan IRA Account, you are not likely to receive direct notice from the Receiver regarding this claims process, as CamaPlan is listed as the authorized contact for your CamaPlan IRA account.
- On the other hand, if you made a separate investment in your individual name or through a source other than a CamaPlan IRA account, you may receive direct notice from the Receiver regarding the claims process and would be responsible for submitting your own claim for those other investments.
- You are not precluded from filing your own claim for any investment you made through a CamaPlan IRA account. But any claims you assert that are duplicative of the information CamaPlan submits on your behalf will be subject to review by the court.
- You may wish to consult with an attorney if you have any questions about this process or to determine whether you should submit a separate claim from the data CamaPlan intends to submit on your behalf.
- More information about the case and the claims process can be found at https://parfundingreceivership.com/.



**Raymond Doreian <raydoreian@gmail.com>**  4:52 PM (3 minutes ago)

to CamaPlan, bcc: Amera, bcc: me

**Jennifer:**
Please proceed as directed below:

**AUTHORIZE**

**Thanks!**
**Signed:**
*Ray*

**Raymond W. Doreian**
**1001 City Ave. Unit ED212, Wynnewood, PA 19096**

= M Gmail    Q camaplan    × ≡    ● Until July 14 ⌄    ⓘ ⚙ ⋮⋮⋮

7 of 31

Mail
Chat
Meet

## August 13 Hearing re Case 9:20-cv-81205-RAR #1945

**Raymond Doreian** <raydoreian@gmail.com>                                                      Jun 5, 2024, 5:57 PM
to Don, David

Don, I must assume that you just received the 9-page notice regarding the subject hearing scheduled for August 13. Then, I must presume that I received it since I recently wrote Judge Ruiz with cc to the receiver/Ryan Stumphauzer, and also Timothy Kolaya and Gaetan Alfano concerning my objection regarding the Woodland Falls investment I made through ABFP via CamaPlan in March 2020.

I mentioned that having signed the investment agreement for the stated period of 3-years at my then-age of 76 (now 81), I have recently been troubled by:

1. The fact that the Court/Receiver appointed manager of my investment funds (InvestServe) provided me first: with a "5-year" investment period then, second: referred me to SFA, the Commercial Real Estate Investment Firm management company for the Woodland Falls property for "... the actual investment period".

2. After a "cat and mouse" getting to SFA's investment manager Jeff Schneider, Mr. Schneider explained that neither he nor his company know the details of my investment, etc., nor the ABFP Woodland Falls fund or its list of investors, etc.

3. Then when I questioned Mr. Schneider regarding the investment period of my funds (and obviously the investment funds of other ABFP-CamaPlan-Woodland Falls investors), Mr. Schneider backed away from the 5-year and any other fixed investment period.

4. Mr. Schneider indicated that The Woodland Falls fund monies were invested in a property in Cherry Hill, NJ and would not possibly become available for those investors until such time that the property is sold or otherwise refinanced in the future.

5. From the open-ended nature of this investment declared by SFA, it would seem to me that ABFP or others during their marketing and solicitation activities for the Woodland Falls Fund - at least - acted in either criminal negligence or criminal contempt of the provisions in the various PA and other state elder-law statutes, and the Older Americans Act of 1965, etc..

Subsequent to this discovery in late April 2024, as indicated above I wrote to Judge Ruiz et al on May15 by both registered letter and email and inquired/requested they (A) clarify for myself (and clearly those other ABFP-CamaPlan investors who satisfy the law's provisions for elder-law protection) provided under under the Federal "Older Americans Act (1965)" and as amended on April 10, 2020, and the various state elder-law statutes and (B) the court's consideration of this issue and the standing of myself (and clearly other affected persons) regarding the settlement distribution plan.

This past weekend, I received Six (6) form letters from the Florida court reminding me of the fact that several related cases were closed on 11/23/2022. Then, yesterday, June 4, I received the notice regarding the subject hearing for the case indicated.

Essentially with this notice, I and others have been put on notice that if we have any issue with the receiver's Settlement Agreement for any reason, we must satisfy the court's requirements by July 13 in order to gain standing at the August 13 hearing. Again, I don't know if you received this notice dated 5/24/2024 but as just the Federal elder law provisions require criminal penalties for persons who violate just the Older Americans Act, it also contemplates making whole those violated Older Americans.

Hope this is helpful! Possibly you might alert all ABFP investors and especially those with CamaPlan funds in Woodland Falls.

Raymond W. Doreian
610-952-2527

---

**Raymond Doreian** <raydoreian@gmail.com>                                                      Jun 5, 2024, 6:22 PM
to Amera

My love, I wanted you to have your own copy of this email to Don Read, the individual who disseminates the ABFP information to the investors. This is the guy with whom David has kept in contact. I'm still trying to decide on how to proceed. I've been researching the elder-law statutes to assemble the provisions which were violated by ABFP in its sales and marketing pitch to me. Clearly, ABFP violated a number of provisions and the individuals involved should be punished and the investors impacted should be made whole, though probably without interest for the period of time. I'm still at it...

Loving you 💜💜💜
Raymond

On Thu, May 2, 2024 at 3:48 PM Raymond Doreian <raydoreian@gmail.com> wrote:
Anita:
The information I received at the time of the sale was that it was a 3 year investment to maturity. However, after the Woodland Falls Fund's investment capital was transferred to InvestServe by Ryan Stumphouser, Esq., the Court-appointed receiver, I was **told by the InvestServe representative that it was now a 5 year investment!!!** Further, since that first representative's statement, and prior to this/your statement above, no one in InvestServe has been able or willing to tell me the fund's expiration date.
Consequently, it seems that I have been misled by InvestServe and my attempts to recover my $95,000.00 have been brushed aside in InvestServe's own interests to retain my investment funds. As I have stated previously to you and others, I wish to obtain these investment funds as soon as possible. Please advise me by return email, or USPS registered mail, of the next steps I should take with your firm to achieve this result. Thank you in advance for your assistance in this matter.

Sincerely,
Raymond W. Doreian
1001 City Ave - Unit ED1129
Wynnewood, PA 19096-3905

Mobile: 610-952-2527
Email: raydoreian@gmail.com


On Thu, Apr 25, 2024 at 3:51 PM Anita Badalamenti <anitab@investserv.net> wrote:
Hi Raymond,
There is no set maturity date for Woodland Falls. The fund will mature when the property is sold or refinanced.
Do you have anything in writing with the time frame of the investment?
Thank you,
Anita

**From:** Raymond Doreian <raydoreian@gmail.com>
**Sent:** Thursday, April 25, 2024 3:40 PM
**To:** Anita Badalamenti <anitab@investserv.net>
**Cc:** Amera Tamran <ops2582@gmail.com>; js@sfalts.com; jennifer clark <operations@camaplan.com>
**Subject:** Re: SUBJECT: My/Raymond W. Doreian Woodland Falls ABFP Investment

Anita:
I'm a little confused. I contacted Jeff Schneider requesting the same information I asked you about and he responded with the following: "I **will call you in a few**

minutes. We manage and own the property but do not handle the investment... the investment we can detail out to you but you are invested via a fund which I do not have the details of currently. They can provide the fund details."

From Jeff's response, and my conversation with him moments ago, (A) SFA own the physical Woodland Falls property, but (B), "... Jeff doesn't have access to the Woodland Falls fund information which, as I understood from CamaPlan's Jennifer Clark, is resident with InvestServe as the court-assigned manager for the "Woodland Falls Fund". You'll note that I purchased the "Woodland Falls Fund" through "ABetter Financial Plan", using CamaPlan as the IRS-approved manager for the investment of some of my retirement savings.

I'll be glad to hear back from you and/or someone at InvestServe who can answer and clarify my original questions to you, Obviously, I want to know the maturity date of my investment, and why it has been extended beyond that which I contracted with at "ABetter Financial Plan", Thanks for your understanding and patience with me as I attempt to learn when I'll get to control my money again.

Sincerely,
Raymond W. Doreian
1001 City Ave - Unit ED1129
Wynnewood, PA  19096-3905

Mobile: 610-952-2527
Email: raydoreian@gmail.com

On Wed, Apr 24, 2024 at 10:10 AM Raymond Doreian <raydoreian@gmail.com> wrote:
Anita:
Thanks, will do.
Raymond

On Wed, Apr 24, 2024 at 9:56 AM Anita Badalamenti <anitab@investserv.net> wrote:
Hi Raymond,
Please reach out to Jeff Schneider at SFA/Woodland Falls as InvestServ only services the fund and he will be able to update you with specific information. His cell is (609) 381-4886 and his email is js@sfalts.com.
Have a nice day,
Anita

**From:** Raymond Doreian <raydoreian@gmail.com>
**Sent:** Tuesday, April 23, 2024 9:26 PM
**To:** Anita Badalamenti <anitab@investserv.net>
**Cc:** Amera Tamran <ops2582@gmail.com>
**Subject:** SUBJECT: My/Raymond W. Doreian Woodland Falls ABFP Investment

2

Anita:
I wondered if you would bring my wife and I up to date on my Woodland Falls Investment. As you are aware, it was a 3-multi-year investment which apparently, unknown to me, has rolled into either a 4 or 5 year vehicle. Would you please update me with the status of my investment, the values, maturity date, etc. so I can plan the exit strategy.

Thank you!

Raymond W. Doreian
<u>1001 City Ave</u> - Unit ED1129
Wynnewood, PA  19096-3905

Mobile: 610-952-2527
Email: <u>raydoreian@gmail.com</u>

3

Mr. Raymond Doreian
1001 City Ave
Unit Ed1129
Wynnewood, PA 19096-3919

Retail

U.S. POSTAGE PAID
PME
WYNNEWOOD, PA 19096
SEP 07, 2024

33128

$40.40

RDC 07

S2324A502746-12

HON. RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE,
MIAMI, FLORIDA 33128

PRIORITY ★ MAIL ★ EXPRESS

UNITED STATES POSTAL SERVICE.

For Domestic Use Only

Label 127R, July 2018

UNITED STATES POSTAL SERVICE. | PRIORITY MAIL EXPRESS®

EI 584 452 037 US

FROM: PHONE ( )

1001 City Ave, Ed1129
Wynnewood PA 19096

TO: PHONE ( )

400 N. Miami Avenue
Miami, FL

ZIP + 4® (U.S. ADDRESSES ONLY)
33128

| | |
|---|---|
| PO ZIP Code | 19096 |
| Scheduled Delivery Date (MM/DD/YY) | 9/9/24 |
| Postage | $ 40.40 |
| Date Accepted (MM/DD/YY) | 9/7/24 |
| Time Accepted | 11:21 |
| Weight | 4 ozs. |
| Total Postage & Fees | $ 40.40 |

PEEL FROM THIS CORNER





