UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**RECEIVER'S REPLY TO PATRICA STAUB'S RESPONSE TO RECEIVER'S MOTION TO SUPPLEMENT MOTION TO (1) APPROVE PROPOSED PLAN OF DISTRIBUTION AND (2) AUTHORIZE FIRST INTERIM DISTRIBUTION**

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities, by and through his undersigned counsel, files this Reply to the Response from Patricia Staub [ECF No. 2053-1] to the Receiver's Motion to Supplement [ECF No. 2047] (the "Motion to Supplement") the Receiver's Motion to (1) Approve Proposed Plan of Distribution and (2) Authorize First Interim Distribution [ECF No. 2014] (the "Distribution Motion"), and states:

In the Motion to Supplement, the Receiver has recommended (among other things) that the late-filed claims of seven Retirement Evolution investors be permitted and included in the claims process and proposed distribution plan. The Receiver recommended this proposed treatment because of the circumstances of the claims of these investors. Specifically, John Gissas, the manager for the Retirement Evolution funds, submitted a bulk claim to the Receiver on behalf of all investors in these funds. The Receiver rejected that bulk claim because these investment funds were Receivership Entities under the Receiver's control and, therefore, the individual retail

investors—rather than Mr. Gissas—were the proper claimants under the claims procedures the Court had established.

Patrica Staub, an investor in the Retirement Evolution funds, objects to the Motion to Supplement because she opposes the Receiver's proposed allowance of these seven late-filed claims. Ms. Staub explains that the inclusion of these late-filed claims will reduce the distributions to other Retirement Evolution investors who timely filed their claims. While the Receiver acknowledges and understands the concerns from Ms. Staub, the Receiver believes the fair and equitable result in this situation would be to include and allow the claims of these seven claimants.

The Court has broad discretion in establishing the claims and distribution procedures in a receivership. *See SEC v. Equitybuild, Inc.*, 18-CV-5587, 2023 WL 2018906, at *1 (N.D. Ill. Feb. 15, 2023) ("District courts have broad discretion in approving a plan for distribution of receivership funds."). Included within that discretion is the authority to approve a proposed plan that allows late-filed claims where the claimants have provided a justification for their delay in submitting claims. *See Callahan v. Moneta Capital Corp.*, 415 F.3d 114, 120 (1st Cir. 2005) ("[A] District Court acting as a receivership court has broad discretion in determining whether to permit a claimant to file a late claim or to amend a timely filed claim."); *SEC v. Nadel*, 8:09-CV-87-T-26TBM, 2013 WL 12161449, at *3 (M.D. Fla. Apr. 12, 2013) (noting that receiver allowed "late-filed claims in which the claimants provided reasons for missing the claims" as part of plan of distribution). When evaluating a request to allow a late-filed claim, the Court applies an "excusable neglect" standard, which takes into consideration "the excuse offered by the party seeking the waiver or extension and the consequences to all persons affected by the granting or denying of it." *Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 405 (7th Cir. 2011).

Here, it appears that the seven investors with late-filed claims reasonably believed that John Gissas was submitting a claim on their behalf and, in fact, he did submit a claim on their behalf. Although the Receiver recommended rejection of the bulk claim from Mr. Gissas, the Receiver's proposed treatment of the claim was apparently not conveyed to these claimants. That is because Mr. Gissas, as a condition of his pretrial release in connection with pending state law criminal charges involving the Retirement Evolution funds, was prohibited from contacting these investors at the time the Receiver proposed the rejection of Mr. Gissas' bulk claim.

The Receiver believes the explanation for these investors' failure to file their own individual claims, and failure to take prompt action after the Receiver denied Mr. Gissas' bulk claim, is reasonable. Moreover, at this late stage of the claims process, the Receiver is not aware of any other potential claimants with circumstances that are similar to those of these seven claimants. Thus, the inclusion of these seven late-filed claims would not serve as an invitation for other claimants who did not file timely claims to seek similar relief. Additionally, to the extent another claimant seeks to have a late-filed claim allowed in the receivership claims process, the Receiver would analyze the individual circumstances surrounding the late submission of any such additional claim. In other words, the Receiver's proposed recommendation about whether the Court should permit a different late-filed claim would be unaffected by, and untethered to, the Receiver's proposed allowance of the seven late-filed claims at issue in this Motion to Supplement.

Finally, given that there have not yet been any distributions in this receivership, the timing of the Receiver's proposed inclusion of these late-filed claims will not delay or otherwise disrupt the Receiver's proposed schedule for distribution. *See Lake Shore Asset Mgmt. Ltd.*, 646 F.3d at 405 (noting as factors supporting allowance of late-filed claim that the claim would have been accepted if timely filed and no distributions had occurred yet). In fact, the Receiver has already

calculated the potential impact this decision would have on the allowed claim amounts for the other Retirement Evolution investors with allowed claims, and is prepared to proceed with a distribution consistent with these revised calculations upon the Court's entry of an order on the Distribution Motion.

WHEREFORE, the Receiver respectfully requests that the Court overrule the objections of Ms. Staub, approve the proposed amendments to the Distribution Motion as outlined in the Motion to Supplement, and grant the Distribution Motion as modified by the Motion to Supplement.

Dated: October 16, 2024                                  Respectfully Submitted,

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400

By:   */s/ Timothy A. Kolaya*
         TIMOTHY A. KOLAYA
         Florida Bar No. 056140
         tkolaya@sknlaw.com

         *Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO**
**BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200

By:   */s/ Gaetan J. Alfano*
         GAETAN J. ALFANO
         Pennsylvania Bar No. 32971
         *(Admitted Pro Hac Vice)*
         GJA@Pietragallo.com
         DOUGLAS K. ROSENBLUM
         Pennsylvania Bar No. 90989
         *(Admitted Pro Hac Vice)*
         DKR@Pietragallo.com

         *Co-Counsel for Receiver*

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<i>/s/ Timothy A. Kolaya</i><br>
TIMOTHY A. KOLAYA