UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.

_____/

**RECEIVER'S STATUS REPORT REGARDING MEDIATION
IN CONNECTION WITH SETTLEMENT WITH ECKERT SEAMANS**

    Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities, pursuant to the Court's Order Granting Receiver's Motion to Establish Additional Procedures for Mediation in Connection with Motion to Approve Settlement with Eckert Seamans [ECF No. 2036] ("Mediation Order"), files this status report regarding the outcome of the mediation involving the proposed settlement agreement with Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans"), and states:

    1.    On May 6, 2024, the Receiver filed a motion to approve a settlement among the Receiver, a putative investor class, and Eckert Seamans [ECF No. 1861] (the "Eckert Settlement Motion").

    2.    Following the entry of the United States Supreme Court's recent opinion in *Harrington v. Purdue Pharma L.P.*, 603 U.S. ----, 144 S. Ct. 2071, 219 L. Ed. 2d 721 (2024), due to the filing of several objections to the Eckert Settlement Motion, and as a result of the likelihood that there would be an appeal of any order on the Eckert Settlement Motion, the Receiver asked

the Court to stay its consideration of the Eckert Settlement Motion and to order the Receiver, counsel for the putative investor class ("Class Counsel"), Eckert Seamans and its insurers, and the objectors to participate in a mediation. [ECF No. 2004].

3. The Court agreed, stayed its consideration of the Eckert Settlement Motion, and directed the following "Mediation Participants" to participate in a mediation (the "Mediation") with the Honorable Michael A. Hanzman (Ret.): (i) the Receiver; (ii) Eckert Seamans and its insurers; (iii) Class Counsel; (iv) Defendant Dean Vagnozzi and non-parties Alec Vagnozzi, Albert Vagnozzi, and Terry Kohler (the "Vagnozzi Objectors"); (v) the Plaintiffs in the case of *Parker, et al. v. Pauciulo, et al.*, No. 20-00892 (Phila. Ct. Com. Pl. 2020) (the "Parker Plaintiffs");[1] and (vi) B & T Supplies, Inc. d/b/a B and T Supply d/b/a Biggest Book.com; Tzvi Odzer; Ruben Azrak; RKDK Inc. d/b/a Haagen Dazs; Gelato on Hudson LLC d/b/a Haagen Dazs; Asia Star Broadcasting Inc.; Daniel Shah; Perfect Impression Inc.; Susan Abrahams; Kara Dipietro; Carl Dorvil; Pamela Fleetwood; Robert Fleetwood; Fleetwood Services LLC; Michael Joseph Foti; Chad Frost; Gex Management Inc; HMC, Inc; Johnny Harrison, Sr; Michael Heller; Julie Paula Katz; MH Marketing Solutions Group, Inc; Petropangea Inc; Radiant Images Inc; Sunrooms Group Inc; TourMappers NorthAmerica LLC; Volunteer Pharmacy, LLC; Sean Whalen; Giane Wolfe; and Iris Chen Yngyin (the "Merchant Objectors"). [ECF No. 2006].

4. On September 12, 2024, the Court entered the Mediation Order, which confirmed the date when the Mediation would commence, and instructed the Mediation Participants to file a status report upon the conclusion of the Mediation, indicating the outcome of the Mediation,

---

[1] Counsel for the Parker Plaintiffs also represents Shannon Westhead in connection with claims she and her agent fund, Pisces Income Fund, LLC ("Pisces"), intended to pursue against Eckert Seamans. Westhead and Pisces participated in the Mediation and, for purposes of this status report and the settlements in principle described herein, are considered part of the "Parker Plaintiffs."

- 2 -

whether the Court's stay of the Eckert Settlement Motion should remain in effect or be lifted, and whether the Final Approval Hearing on the Eckert Settlement Motion—which the Court had previously scheduled but then cancelled due to the Receiver's request for mediation—should be rescheduled.

5. The Mediation Participants attended a multi-day mediation with Judge Hanzman. Over the course of several days prior to October 7, 2024, Judge Hanzman conducted separate caucus sessions with each of the Mediation Participants. Thereafter, on October 7, 8, and 15, 2024, Judge Hanzman conducted in-person mediation sessions with the various Mediation Participants.

6. The Receiver is extremely pleased to announce that, over the course of the Mediation: (a) Eckert Seamans agreed in principle to separate settlements with the two primary objectors (the Vagnozzi Group and the Parker Plaintiffs); (b) the Receiver agreed in principle to a settlement with the Parker Plaintiffs; (c) the Receiver agreed in principle to a settlement with the third objector, the Merchant Objectors; and (d) the Receiver, Class Counsel, and Eckert Seamans reached a new global settlement for the balance of Eckert Seamans' eroding insurance policy limits, which will result in a gross recovery (*i.e.*, prior to the payment of Class Counsel fees) to the Receivership Estate of Thirty-Eight Million Dollars ($38,000,000.00). The Receiver expresses his sincere appreciation to Judge Hanzman for his tireless effort and diligence in assisting the Mediation Participants to achieve these agreements in principle.

7. These various agreements are all contingent on the Court's final approval of the new global settlement among the Receiver, Class Counsel, and Eckert Seamans.

8. The Mediation Participants are now in the process of documenting these agreements and, when those settlement agreements have been finalized, the Receiver intends to

file a motion to approve the new global settlement among the Receiver, Class Counsel, and Eckert Seamans.

9. Because the settlement terms with Eckert Seamans have now changed, the Receiver intends to withdraw the Eckert Settlement Motion when he files his motion to approve the new global settlement. As a result, the Receiver suggests that the Court's stay of the Eckert Settlement Motion should remain in effect for the time being, and it is unnecessary for the Court to reschedule the Final Approval Hearing on the current Eckert Settlement Motion. The new agreement with Eckert Seamans will be contingent on the entry of an opt-out (*i.e.*, consensual) bar order and require Court approval. As such, a new notice and objection period, as well as a final approval hearing, will need to be scheduled at the appropriate time on the Receiver's forthcoming motion to approve the new Eckert Seamans settlement.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

The undersigned counsel conferred with counsel for each of the other Mediation Participants regarding this matter and certifies that all Mediation Participants have confirmed their agreement to the status report detailed herein.

Dated: October 18, 2024                                          Respectfully Submitted,

                                                     **STUMPHAUZER KOLAYA**
                                                    **NADLER & SLOMAN, PLLC**
                                                    Two South Biscayne Blvd., Suite 1600
                                                    Miami, FL 33131
                                                    Telephone: (305) 614-1400

                                         By:   */s/ Timothy A. Kolaya*
                                                    TIMOTHY A. KOLAYA
                                                    Florida Bar No. 056140
                                                    tkolaya@sknlaw.com

                                                    *Co-Counsel for Receiver*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone:  (215) 320-6200

By:  */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com
DOUGLAS K. ROSENBLUM
Pennsylvania Bar No. 90989
*(Admitted Pro Hac Vice)*
DKR@Pietragallo.com

*Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA