# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 29, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___JG___ D.C.
Oct 29, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 23-10228-AA
Case Style: Securities and Exchange Commission v. Lisa McElhone, et al
District Court Docket No: 9:20-cv-81205-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10228

_____

SECURITIES AND EXCHANGE COMMISSION,

                                          Plaintiff-Appellee,

RYAN K. STUMPHAUZER,
Court-Appointed Receiver for Complete
Business Solutions Group, Inc.,

                                        Interested Party-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS
GROUP, INC., et. al.,
d.b.a. Par Funding,

                                                 Defendants,

LISA MCELHONE,
JOSEPH W. LAFORTE,

ISSUED AS MANDATE 10/29/2024

2                                                                                    23-10228

a.k.a. Joe Mack,

a.k.a. Joe Macki,

a.k.a. Joe McElhone,

L.M.E. 2017 FAMILY TRUST,

                                                        Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 6, 2024

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE 10/29/2024

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10228

_____

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff-Appellee,

RYAN K. STUMPHAUZER,
Court-Appointed Receiver for Complete
Business Solutions Group, Inc.,

                          Interested Party-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS
GROUP, INC., et. al.,
d.b.a. Par Funding,

                          Defendants,

2         Opinion of the Court         23-10228

LISA MCELHONE,
JOSEPH W. LAFORTE,
a.k.a. Joe Mack,
a.k.a. Joe Macki,
a.k.a. Joe McElhone,
L.M.E. 2017 FAMILY TRUST,

                                            Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

     This appeal concerns certain orders and judgments in a Securities and Exchange Commission (SEC) civil enforcement action. Appellants Joseph LaForte and Lisa McElhone are founders of Complete Business Solutions Group, Inc., d/b/a Par Funding. In July 2020, the SEC brought this action against Appellants and Par Funding, among others. The agency alleged that Par Funding's business model involved a scheme of unregistered, fraudulent securities offerings that raised hundreds of millions of dollars from investors nationwide. The assets of Par Funding, LaForte, and

23-10228              Opinion of the Court              3

McElhone were entered into a receivership for purposes of this litigation. After Appellants consented to liability for numerous securities violations, the district court assessed disgorgement, prejudgment interest, and civil penalties against LaForte and McElhone.

On appeal, Appellants argue the following:

I. The district court denied Appellants due process in connection with an expansion of the receivership's assets;
II. The district court abused its discretion in its final disgorgement award;
III. The district court abused its discretion in its third-tier penalty determinations; and
IV. We should reassign this case to another district court judge upon remand.

After careful review of the record, and with the benefit of oral argument, we find no reversible error with the exception of the civil penalties award.

Beginning with the receivership's expansion, the record reveals that Appellants received appropriate process in their receivership proceedings.[1] The expansion serves as a preliminary protective measure to safeguard assets over the course of the

---

[1] We carried a jurisdictional question with this case—whether we have jurisdiction over the receivership's expansion order. Based upon this case's proceedings, we find that the expansion order merged into the final judgment as certified under Federal Rule of Civil Procedure 54(b). *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278–79 (11th Cir. 2018). Accordingly, we have jurisdiction. *See* Fed. R. App. P. 3(c)(4).

| 4 | Opinion of the Court | 23-10228 |

enforcement action. Appellants received notice of the expansion motion; fully briefed their opposition; and raised this opposition at the status conference. *See SEC v. Torchia*, 922 F.3d 1307, 1316, 1319 (11th Cir. 2019). These circumstances indicate that, on balance, the court afforded sufficient due process in their opposition to the motion. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).[2]

Nor do we find an abuse of discretion in the court's disgorgement award. The district court reviewed the parties' briefings, matched it with record evidence, and conducted a thorough evidentiary hearing on the matter. The final figures represent the court's reasoned reliance upon the SEC expert's calculation, while deducting over $100,000,000 in various business expenses. *See Liu v. SEC*, 140 S. Ct. 1936, 1949–50 (2020); *SEC v. Calvo*, 378 F.3d 1211, 1217–18 (11th Cir. 2004) (per curiam). Based upon the judgments' meticulous explanations, we see no abuse of discretion as to the court's disgorgement award.

However, the court abused its discretion in its framing of the civil penalties award. The statutory language of federal securities laws prohibits joint and several liability for civil penalties. *See, e.g.*, *SEC v. Pentagon Cap. Mgmt.*, 725 F.3d 279, 287–88 (2d Cir. 2013). The district court's civil penalties judgments contain inconsistences—while the Amended Order Granting in Part Plaintiff's

---

[2] One argument raised in this appeal was whether due process even applies to receivership orders. We pass no judgment as to that issue. However, even assuming due process principles apply, there was no due process violation in this case.

23-10228               Opinion of the Court               5

Amended Omnibus Motion for Final Judgment imposes civil penalties jointly and severally, the Amended Final Judgment as to McElhone and LaForte is ambiguous regarding the nature of the civil penalty liability. *Compare* Dist. Ct. Doc. 1450 at 42, 48 *with* Dist. Ct. Doc. 1451 at 2. Due to this apparent conflict, we must vacate and remand for the court to re-visit its civil penalties award.[3]

In conclusion, we find no due process violation as to the receivership's expansion. As to the monetary judgments, we **AFFIRM** the district court's disgorgement award and **VACATE and REMAND** the court's civil penalties award for further proceedings consistent with this opinion.

---

[3] While we vacate the civil penalties award, we find no inherent error in the district court's methodology for calculating the penalties. *See, e.g.*, *SEC v. Murphy*, 50 F.4th 832, 848 (9th Cir. 2022) (permitting wide discretion in the court's determination as to what constitutes a "violation" under the statutory scheme).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 06, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-10228-AA
Case Style: Securities and Exchange Commission v. Lisa McElhone, et al
District Court Docket No: 9:20-cv-81205-RAR

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion