UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al*.,

    Defendants.
_____/

### NON-PARTY BILL BROMLEY'S MOTION TO INTERVENE AND OBJECTION TO RECEIVER'S MOTION TO SUPPLEMENT MOTION TO (1) APPROVE PROPOSED PLAN OF DISTRIBUTION AND (2) AUTHORIZE FIRST INTERIM DISTRIBUTION [DE 2047] WITH INCORPORATED MEMORANDUM OF LAW AND REQUEST FOR EVIDENTIARY HEARING

COMES NOW Non-Party, Bill Bromley ("Mr. Bromley"), by and through his undersigned counsel and pursuant to this Court's inherent authority, requests that this Court allow for Bill Bromley to intervene. Moreover, Bill Bromley objects to the distribution plan set forth by the Receiver.

### INTRODUCTION AND PROCEDURAL POSTURE PERTAINING TO BILL BROMLEY

As a threshold matter, Bill Bromley was never a defendant in this lawsuit, nor are there any allegations from the SEC against Bill Bromley anywhere in the United States of America regarding his conduct.

Bill Bromley was an owner who raised investor funds for Capital Source 2000 (a non-party entity) and who did not receive a commission for funds raised. He received no direct compensation for investor funds raised ( i.e. commission). He received a percentage of quarterly profit sharing from Capital Source in quarters where there were profits.

1

As part of the claims process in this receivership, Mr. Bromley submitted a Proof of Claim through a self-directed individual retirement account at CamaPlan in the amount of $88,328 which was deemed an Allowed Claim. The Receiver in now moving to have Mr. Bromley designated as an "Insider Investor" and to have his claim classified as a Class 8 Claim.

## **RECEIVER'S MOTION AS IT RELATES TO MR. BROMLEY**

On September 23, 2024 the Receiver filed the SUPPLEMENT MOTION. The Motion, insofar as it relates to Mr. Bromley, alleges the following:

> The Receiver has identified five portions of the Distribution Motion that require updating/supplementation: Fourth, CamaPlan, on behalf of one of its account holders, has an Allowed Claim in Fast Advance Funding that was not specifically referenced in the Receiver's Distribution Plan. This account holder, William Bromley, is the co-owner of Capital Source 2000, Inc. ("CS2000"). Due to his involvement in recruiting new investors for this fraudulent investment scheme, which operated as an affiliated merchant cash advance company to CBSG, Mr. Bromley should be designated as an "Insider Investor," and his claim should be classified as a Class 8 Claim.
>
> (Motion at 2)
>
> Bromley is an "Insider Investor" and, therefore, his claim should be classified as a Class 8 Claim under the Receiver's proposed Distribution Plan. In 2015, Bromley and Cole set up CS2000 to operate as a sister company to CBSG. Bromley and Cole each had their separate roles in the operation. Bromley identified a number of investors who were looking to invest in a merchant cash advance business. […] Cole, on the other hand, was able to offer CBSG's existing business platform to serve as the operational arm for CS2000. […] In other words, CS2000 was working in tandem with CBSG in providing merchant cash advances to merchants, and Bromley was responsible for identifying the investors whose money would be used to fund this operation.
>
> (Motion at 8)

2

## LACK OF EVIDENCE THAT MR. BROMLEY PARTICIPATED IN A WRONGFUL ACTIVITY AS IT RELATES TO CBSG

Throughout the entire course of this lengthy litigation, neither the Securities and Exchange Commission nor the Receiver produced evidence that Mr. Bromley was involved in any activity which was substantially related to CBSG operating as a Ponzi scheme and defrauding its investors.

It should be noted that on July 26, 2024, Capital Source 2000 (CS 2000) and Securities and Exchange Commission entered into a stipulation which, inter alia, states that "CS 2000 may use the Frozen Funds to pay CS 2000's noteholders and *otherwise operate CS 2000 as a legitimate business enterprise that complies with the securities laws and is operated in accordance with the Permanent Injunction and the Asset Freeze Order* ." [DE 1975-1] (Emphasis added).

On June 26, 2024 this Court entered an Order Ratifying Stipulation Between Defendant, Joseph Cole Barleta, Non-Party, Capital Source 2000, Inc., and The Securities and Exchange Commission. [DE 1977].

Under the plain language of the Simulation and the Order ratifying the same, it could be easily understood that Capital Source 2000 is "a legitimate business enterprise" not involved in a Ponzi scheme or defrauding of any investors.

The allegations brought in the Receiver's Motion against Mr. Bromley, therefore, are not well-founded as Mr. Bromley was and is an owner of "a legitimate business enterprise" and not an "Insider Investor" who somehow assisted CBSG in a Ponzi scheme.

## MEMORANDUM OF LAW

A. Intervention Is Proper

Rule 24 of the Federal Rules of Civil Procedure provides that the Court **must** permit someone to intervene who brings a timely motion and who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties

3

adequately represent that interest. Qantum Communs. Corp. v. Star Broad., Inc., No. 05-21772-CIV, 2009 U.S. Dist. LEXIS 92868, 2009 WL 3055371 (S.D. Fla. Sept. 14, 2009).

To establish a right to intervene under Fed. R. Civ. P. 24, the prospective intervenor must establish: "1) that the application to intervene is timely; 2) that the intervenor has an interest relating to the property or transaction that is the subject of the action; 3) that the intervenor is situated so disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and 4) that the intervenor's interest is not adequately represented by the existing parties to the suit." Id. (citing Purcell v. BankAtlantic Financial Corp., 85 F. 3d 1508, 1512 (11th Cir. 1996)).

The Motion to Intervene is timely because Mr. Bromley is acting immediately under the circumstances. It should also be noted that it does not appear that Mr. Bromley notified of the Receiver's decision to exclude him from receiving a distribution or provided the evidence supporting the Receiver's decisions. See S.E.C. v. Byers, 637 F. Supp. 2d 166, 184 (S.D.N.Y. 2009) ("Any investor whom the Receiver intends to exclude from receiving a distribution shall be notified of the Receiver's decision and the evidence supporting it.")

Second, Mr. Bromley has an interest relating to the property or transaction that is subject to the action because of the actions of the Receiver where Mr. Bromley will be designated as an "Insider Investor" and his claim will be deemed as a Class 8 Claim.

Third, the intervenor is situated in such a position that if the Court does not make a determination as to the merits of his claim, Mr. Bromley will be denied access to his funds which have no connection to CBSG's operation.

Finally, the intervenor's interest is not adequately represented because the claim belongs only to Mr. Bromley and only Mr. Bromley may litigate and make claim to his funds.

B.  *The Receiver's Lack of Analysis Shows Mr. Bromley's Objection is well-founded.*

The first piece of the analysis from the Receiver is that it has a legal right to deny the claims of "insiders."

The Receivers analysis that Mr. Bromley is an "Insider Investor" is limited to the sole fact that he "is the co-owner of Capital Source 2000, Inc. ("CS2000")". There are no other factors supporting the Receiver's argument that Mr. Bromley is an "Insider Investor". This argument is not well-founded as the arm of the law, the Securities and Exchange Commission agreed that CS2000 is "a legitimate business enterprise."

A look into the case law reveals that the party arguing for equitable subordination (Receiver) has the burden of presenting material evidence of unfair conduct by the claimant, this case Bill Bromley. If the claimant is an insider, the party arguing for equitable subordination must still show impropriety. Here, none of the Exhibits that the Receiver submitted to the Court shows any impropriety on behalf of Mr. Bromley. See United States SBA v. Alto Tech II, LLP, No. C-06-3879 EMC, 2008 U.S. Dist. LEXIS 141310, at *19 (N.D. Cal. Sep. 24, 2008). The case that the Receiver cites to, SEC v. Merrill Scott & Assocs., No. 2:02 CV 39, 2006 U.S. Dist. LEXIS 93248, at *34 (D. Utah Dec. 21, 2006), states that Dr. Powers cannot receive a distribution because he was an "insider." This was based on the following testimony:

> Q. Now, Dr. Powers, your name was used for marketing purposes with Merrill Scott, wasn't it?
> A. I'm not sure.
> Q. Well, you allowed your name to be used as a reference, didn't you?
> A. I think it was used for--in a limited capacity, yes.
> Q. And in fact you've admitted that it was used in--for marketing purposes; correct?
> A. Yes.
> Q. Okay. And you've admitted that you contacted potential clients on behalf of Merrill Scott, haven't you?
> A. I contacted several clients, yes.
> Q. And you've admitted that, haven't you, Dr. Powers?

5

>A. Yes.
>Q. And you've admitted that Merrill Scott clients contacted you seeking information relating to the sale of Merrill Scott claims; correct?
>A. Yes, for a short period of time.

Here, in our case, Mr. Bromley has not admitted to being part of any conduct perpetrated by CBSG.

As such, framing Mr. Bromley as an insider is highly improper and has no legal or factual support. In fact, this case is similar to Norwest Bank Wis. Nat'l Ass'n v. Malachi Corp., No. 99-40146, 2009 U.S. Dist. LEXIS 121417 (E.D. Mich. Dec. 30, 2009) (The receiver had not established that claimant conferred upon itself an unfair advantage by artificially keeping in operation the failing nursing facilities to allow it to continue to make claims for management fees and costs, where the receiver had not conclusively demonstrated that the diversion of funds from profitable facilities to unprofitable ones, once the diverted funds were returned to the profitable ones through the judgment entered in the resolved case, actually decreased the total value of all assets to be liquidated and divided between post-filing claimants.)

As can be seen, in line with other cases Mr. Bromley has cited, it is the Receiver's burden to make a showing that Mr. Bromley's claim can be equitably subordinate with the claims of merchants in Class 3 or Class 4.

## CONCLUSION

As such, the Court should do several things:

1. Allow Mr. Bromley to intervene under <u>SEC v. Byers</u>, 637 F. Supp. 2d 166, 184 (S.D.N.Y. 2009).
2. Set forth a procedure to dispute the distribution plan under <u>SEC v. Byers</u>, 637 F. Supp. 2d 166, 184 (S.D.N.Y. 2009), and hold a hearing regarding the distribution plan.
3. Sustain Mr. Bromley's objection to it being in Class 8, and allow it to be moved to Class 2 or 3, depending on what the evidence shows.
4. Any and all relief this Court finds just and proper.

DATED:  November 1, 2024

        Respectfully submitted,
        By: Bruce Prober, Esq.
        The Law Offices of Bruce Prober P.A.
        500 NE 4th St. Suite 200
        Ft. Lauderdale, FL 33301
        Telephone: (954) 816-1260
        Primary Email: bprober@proberlaw.com
        *Counsel for Intervenor, BILL BROMLEY*

        /s/ Bruce Prober
        Bruce Prober, Esq.
        Bar Number: 895881

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 1, 2024 a true and correct copy of the foregoing was served to all counsel of record through the CM/ECF system.

        /s/ Bruce Prober

        Bruce Prober, Esq.
        Bar Number: 895881

8