UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81205-RAR

**SECURITIES AND EXCHANGE COMMISSION**,

      Plaintiff,

v.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.** d/b/a **PAR FUNDING**, et al.,

      Defendants.
_____/

## ORDER ESTABLISHING BRIEFING SCHEDULE ON RECEIVER'S MOTION TO SUPPLEMENT MOTION TO (1) APPROVE PROPOSED PLAN OF DISTRIBUTION AND (2) AUTHORIZE FIRST INTERIM DISTRIBUTION TO ALLOW CLAIM FROM VICTORY INCOME FUND LLC

**THIS CAUSE** comes before the Court upon the Receiver's Motion to Supplement Motion to (1) Approve Proposed Plan of Distribution and (2) Authorize First Interim Distribution to Allow Claim from Victory Income Fund LLC, filed on November 13, 2024 ("Motion to Supplement"), [ECF No. 2061]. The Motion to Supplement proposes to allow a claim from Victory Income Fund LLC ("Victory") and include Victory's claim within the proposed first interim distribution provided for in the Receiver's Motion to (1) Approve Proposed Plan of Distribution and (2) Authorize First Interim Distribution ("Distribution Motion"), [ECF No. 2014].

On December 23, 2022, the Court issued an Order establishing procedures for the processing of claims in this case ("Claims Procedure Order"), [ECF No. 1471]. Pursuant to the Claims Procedure Order, a claimant was required to submit a "Proof of Claim" form to the Receiver's claims agent on or before March 22, 2023. *Id.* at 2. Upon conferral with Victory's counsel, Receiver learned that Victory's Proof of Claim—which bore a United States Postal Service Return Receipt date of March 22, 2023—was lost in the mail through no fault of Victory and thus was not considered or included in the Distribution Motion. Mot. to Supplement at 3–4.

The Motion to Supplement proposes that Victory's claim be characterized as an "Allowed Claim," and be included in the Receiver's proposed first interim distribution by incorporating Victory's claim in the Court's forthcoming Order on the Distribution Motion. *Id.* at 4, 8.

The Court has broad discretion in establishing the claims and distribution procedures in a receivership. *See SEC v. Equitybuild, Inc.*, 18-CV-5587, 2023 WL 2018906, at *1 (N.D. Ill. Feb. 15, 2023) ("District courts have broad discretion in approving a plan for distribution of receivership funds.") (citations omitted). Included within that discretion is the authority to approve a proposed plan that allows late-filed claims where the claimants have provided a justification for their delay in submitting claims. *See Callahan v. Moneta Capital Corp.*, 415 F.3d 114, 120 (1st Cir. 2005) ("[A] District Court acting as a receivership court has broad discretion in determining whether to permit a claimant to file a late claim or to amend a timely filed claim.").

The Court having carefully reviewed the Motion to Supplement and the record in this matter, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Any claimant who opposes the Motion to Supplement is permitted to file a response to the Motion to Supplement of no more than **ten (10) pages on or before November 20, 2024.**

2. The Receiver is then permitted to file a reply to each response, or a combined reply to all responses, if necessary, **on or before November 25, 2024**.

3. The Court will consider the proposed amendment detailed in the Motion to Supplement (and any responses or replies to the Motion to Supplement) in conjunction with, and incorporate its rulings as part of, the Court's forthcoming Order on the Distribution Motion.

**DONE AND ORDERED** in Miami, Florida, this 13th day of November, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**