UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

 Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

 Defendants.
_____/

**RECEIVER'S MOTION TO SUPPLEMENT MOTION TO (1) APPROVE
PROPOSED PLAN OF DISTRIBUTION AND (2) AUTHORIZE FIRST
INTERIM DISTRIBUTION TO ADJUST ALLOWED CLAIM AMOUNTS AND
PROPOSED FIRST INTERIM DISTRIBUTIONS FOR CERTAIN AGENT FUNDS**

 Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities,[1] by and through his undersigned counsel, files this Motion to supplement his Motion to

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; MK Corporate Debt Investment Company LLC; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; 500 Fairmount Avenue, LLC; Liberty Eighth Avenue LLC; Blue Valley Holdings, LLC; LWP North LLC; The LME 2017 Family Trust; Recruiting and Marketing Resources, Inc.;

(1) Approve Proposed Plan of Distribution and (2) Authorize First Interim Distribution [ECF No. 2014] (the "Distribution Motion") to adjust the allowed claim amounts and proposed first interim distributions for five agent fund claimants, and states:

I.      **Introduction**

In the Distribution Motion, the Receiver indicated that further analysis was required in determining whether proposed distributions should be issued to certain agent funds that are not Receivership Entities (the "Agent Funds"), or whether those distributions should bypass these Agent Funds and be paid out directly to the end investors in those Agent Funds. Through this process of reconciling the Agent Fund claims, the Receiver engaged in a detailed review of the underlying investor information within those Agent Funds, including summarizing all transaction information for these individual investors, including the principal invested by and returned to, and any interest payments received by, those individual investors.

During this process, the Receiver identified certain discrepancies between the calculations for the transactions between CBSG and the Agent Funds, as compared to the transactions between the Agent Funds and their individual investors. Specifically, the Receiver has identified discrepancies in the net investment calculations for five Agent Funds. Due to sloppy recordkeeping by prior management, certain principal and interest payments were not attributed to the correct Agent Funds. When adjustments are made to attribute those payments to the correct Agent Funds, it is necessary to adjust the net investment calculations (and, thus, the Allowed Claim Amounts) for certain Agent Funds. These adjustments will also result in an adjustment to the proposed first interim distribution for these five Agent Funds.

---

Contract Financing Solutions, Inc.; Stone Harbor Processing LLC; LM Property Management LLC; and ALB Management, LLC; and the receivership also includes the property located at 107 Quayside Dr., Jupiter FL 33477.

The Court has not yet issued an Order on the Distribution Motion. As a result, the Receiver believes it would be appropriate to amend the relief he is requesting in the Distribution Motion to account for these adjustments. Additionally, the Receiver believes the most efficient way to incorporate these amendments would be to adjust the amounts that have been proposed for distribution to these five Agent Funds, without changing the proposed first interim distribution amounts to any other Claimants. These adjustments would result in a larger total first interim distribution. Based on the amount the Receiver has proposed to hold back from the first interim distribution, there are sufficient funds within the Receivership Estate to make this adjustment. Therefore, the Receiver is providing the Court with an amended proposed Order on the Distribution Motion and amended schedules of the proposed first interim distribution.

**II.     Factual Background**

On June 26, 2023, the Court entered its Order Granting Receiver's Motion to (1) Approve Proposed Treatment of Claims and (2) for Determination of Ponzi Scheme [ECF No. 1976] (the "Claims Determination Order"). In the Claims Determination Order, the Court adopted the Receiver's proposed claims determinations for claimants that submitted claims in the receivership claims process and directed the Receiver to file a motion to approve a distribution plan and to seek authorization for an initial distribution. On August 23, 2024, the Receiver filed the Distribution Motion. Included with the Distribution Motion are the Receiver's recommendations for the first interim distribution amounts to be issued to each claimant with allowed claims. Those recommendations are detailed on schedules the Receiver attached to the Distribution Motion and included with his proposed Order on the Distribution Motion.

Through the process of preparing to issue distributions to the Agent Funds that are scheduled to receive distributions under the Receiver's proposed distribution plan, the Receiver

has identified certain discrepancies in the Allowed Claim Amounts for five Agent Funds. Specifically, due to sloppy recordkeeping by prior management of the Receivership Entities, several payments to and from these Agent Funds were misattributed to the wrong entity. As a result of these errors, the net investment calculations for these Agent Funds are incorrect, which resulted in an incorrect Allowed Claim Amount.

Because the Court has not yet issued its Order on the Distribution Motion, the Receiver believes it would be appropriate to adjust the Allowed Claim Amounts and proposed first distribution amounts for these five Agent Funds and incorporate those adjustments into the Receiver's Distribution Motion. In the Receiver's proposed first interim distribution, Claimants with Allowed Claims against CBSG are scheduled to receive approximately 50.7% of their Allowed Claim amounts. Thus, the adjustments to the claim amounts and the proposed distributions, using this same distribution percentage, these five Agent Funds would receive as part of the first interim distribution is detailed as follows:

| Claimant | Claim No. | Initial Allowed Claim Amount | Adjusted Allowed Claim Amount | Initial Proposed First Distribution | Adjusted Proposed First Distribution |
|---|---|---|---|---|---|
| LWM Equity Fund LP | 463 | $540,506.75 | $1,026,670.15 | $274,225.72 | $520,880.40 |
| LWM Income Fund 2 LLC | 462 | $636,000.00 | $618,033.35 | $322,674.16 | $313,558.80 |
| LWM Income Fund Parallel LLC | 464 | $3,711,568.47 | $3,333,584.00 | $1,883,061.69 | $1,691,291.56 |
| Mariner MCA Income Fund | 470 | $2,374,695.72 | $3,417,158.51 | $1,204,800.23 | $1,733,693.03 |
| Merchant Factoring Income Fund | 479 | $768,016.68 | $697,733.43 | $389,652.73 | $353,944.58 |

The net impact of these adjustments would be an increase of the total proposed first interim distribution amount of $538,953.84. Rather than recalculate the proposed distributions for all

Claimants with Allowed Claims that are scheduled to receive a first interim distribution under the Receiver's proposed distribution plan, the Receiver believes it would be appropriate simply to adjust the proposed distribution amounts for only these five claimants.

The Receiver suggested a similar approach with the proposed inclusion of the claim from Victory Income Fund. *See* [ECF No. 2061]. Including the adjusted distribution amounts for these five Agent Funds, together with the amount the Receiver previously proposed for allocation to Victory Income Fund, would result in a reduction of the proposed holdback amount from $60,173,155.69 to $59,314,318.84. This relatively slight reduction would be appropriate because the Receiver has recovered additional funds since the time he filed the Distribution Motion and proposed the holdback amount. For example, in the Receiver's Quarterly Status Report dated July 31, 2024, the Receiver reported a current cash balance of $166,295,148, as of July 26, 2024. [ECF No. 2005 at 2]. In the Receiver's most recent Quarterly Status Report dated October 31, 2024, the Receiver reported a current cash balance of $175,152,705, as of October 31, 2024. [ECF No. 2059 at 2]. In other words, the additional funds the Receiver has recovered over the past quarter more than account for the reduction to the holdback the Receiver is proposing through this motion.

To ensure there is clarity in the adjustments the Receiver has proposed to the Distribution Motion through his motion to supplement regarding the claim from Victory Income Fund [ECF No. 2061] and the instant motion, the Receiver is submitting updated schedules of the proposed distribution amounts he is requesting through the Distribution Motion, as supplemented. In addition, the Receiver is submitting an amended Proposed Order on the Distribution Motion in "track changes" format, detailing the specific changes the Receiver is proposing through the motions to supplement he filed since submitting his proposed Order on the Distribution Motion on October 21, 2024.

Attached as **Exhibit 1** is an updated proposed Order on the Distribution Motion, with tracked changes reflected. Attached as **Exhibit 2** is an updated proposed schedule of the distribution amounts to all Claimants under the Receiver's proposed First Distribution, including Victory Income Fund and the five Agent Funds that are discussed in the instant motion. Attached as **Exhibit 3** is an updated proposed schedule of the distribution amounts to claimants with Allowed Claims against CBSG, including Victory Income Fund and the five Agent Funds that are discussed in the instant motion. If the Court agrees with the Receiver, these exhibits could be substituted in place of the exhibits the Receiver previously submitted to the Court with his proposed Order on the Distribution Motion as Exhibits 1 and 2, respectively.[2]

### III.   Analysis

The Court has broad discretion in establishing the claims and distribution procedures in a receivership. *See SEC v. Equitybuild, Inc.*, 18-CV-5587, 2023 WL 2018906, at *1 (N.D. Ill. Feb. 15, 2023) ("District courts have broad discretion in approving a plan for distribution of receivership funds."). The Receiver, on his own initiative, identified certain discrepancies in the net investment calculations for these five Agent Funds. As a result, he is suggesting changes to the amounts for distribution to these five Agent Funds as part of his proposed first interim distribution. These errors were the result of sloppy recordkeeping by prior management regarding the inflows and outflows of funds for these five Agent Funds. Because the Court has not yet issued an Order on the Distribution Motion, and these changes are consistent with the methodology the Court previously approved for calculating the Allowed Claim Amounts for the claims of all

---

[2] Exhibits 3, 4, 5, and 6 to the Receiver's proposed Order on the Distribution Plan are unchanged as a result of the Receiver's motions to supplement the Distribution Motion.

claimants, it would be appropriate for the Court to incorporate these suggested amendments when the Court issues its ruling on the Receiver's Distribution Motion.

## V. Conclusion

WHEREFORE, the Receiver requests that the Court consider this amendment to his Distribution Motion, as set forth herein, and amend the Allowed Claim Amounts and proposed first interim distributions for the five Agent Funds, as set forth herein. The Receiver recommends that claimants be afforded one week to file a response to this motion. The Receiver would then file a reply, if necessary, within two days thereafter, and recommends that the Court's ruling on the proposed treatment of the claims of these five Agent Funds be incorporated into the Court's overall Order on the Distribution Motion. A proposed Order establishing a briefing schedule on this motion is attached as **Exhibit 4**.

Dated: December 4, 2024                                 Respectfully Submitted,

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400

By:  */s/ Timothy A. Kolaya*
     TIMOTHY A. KOLAYA
     Florida Bar No. 056140
     tkolaya@sknlaw.com

*Co-Counsel for Receiver*


**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200

By: */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com
DOUGLAS K. ROSENBLUM
Pennsylvania Bar No. 90989
*(Admitted Pro Hac Vice)*
DKR@Pietragallo.com

*Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA