UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, et al.,

    Defendants.
_____/

## SECURED CHEHEBAR INVESTORS RESPONSE IN OPPOSITION TO MOTION TO SUPPLEMENT [ECF No. 2070]

The Secured Chehebar Investors ("SCIs") hereby respond in opposition to the Receiver's Motion to Supplement his Motions to Approve Plan of Distribution and Authorize First Interim Distribution [ECF No. 2070] (the "Motion to Supplement"), and state:

To the extent the Receiver's Motion to Supplement seeks to correct a mathematical calculation, the SCIs do not take exception to the Receiver's Motion to Supplement. However, for the reasons set forth in their prior filings [ECF Nos. 2041, 2052], in response to the Motion the Receiver seeks to supplement [ECF No. 2014], the SCIs oppose any distributions that are made in contravention of their rights secured by their valid and enforceable UCC-1 liens.

Further, the Motion to Supplement refers to the October 31, 2024 Quarterly Status Report, which reports an existing cash balance in the receivership estate of $175,152,705. Attached to that report as Exhibit 1, is the report of the Receiver's professional, DSI. The DSI report reflects that cash held by the receivership (at least as of September 30, 2024), in the amount of $168,206,198, "**is unencumbered**". ECF 2059-1 at p.5. This characterization is consistent with the Receiver's

position in his prior quarterly reports and payment applications, as well as his December 2, 2024 Payment Application, which explains that "**All of the cash is unencumbered**". ECF No. 2068 at p.6.

The assertion by the Receiver that cash held in the estate is unencumbered, is also consistent with his consent to entry of a disgorgement judgment in the amount of $113,556,982.94 on behalf of the very entities he now argues possess an enforceable lien. *SEC v. ABFP Income Funds Parallel, LLC, et al.*, SD Fla. Case No. 23-23721 (Consent) (ECF No. 9). These entities are: ABFP Income Fund 3, LLC, ABFP Income Fund 4, LLC, ABFP Income Fund 6, LLC, ABFP Multi-Strategy Investment Fund, LP, ABFP Multi-Strategy Investment Fund 2, LP, ABFP Income Fund Parallel, LLC, ABFP Income Fund 2 Parallel, LLC, ABFP Income Fund 3 Parallel, LLC, ABFP Income Fund 4 Parallel, LLC, and ABFP Income Fund 6 Parallel, LLC. Id.

Judge Bloom entered a Final Judgment that disgorged $113,556,982.94 from those entities on November 8, 2023. *SEC v. ABFP Income Funds Parallel, LLC, et al.*, SD Fla. Case No. 23-23721 (Final Judgment) (ECF No. 11). The Final Judgment also specified that the disgorgement was satisfied by the very funds held by the estate in this matter. Id. In his Motion [ECF No. 2014] and his Supplemental Motion, the Receiver now asserts that in fact, the same entities he consented to disgorgement from, possess a valid and enforceable lien over very same funds that Judge Bloom adjudged satisfied her Final Judgment (with his consent). The funds in the Receivership cannot now both be "unencumbered" and encumbered by a lien asserted on behalf of the agent funds that lost all right, title and interest to the same funds. To the extent there is a question as to which characterization is accurate – Judge Bloom's Final Judgment resolves the conflict. The agent funds lost any rights to the cash in the receivership, including lien rights, when they consented to satisfying the disgorgement judgment with those funds, and the individual investors in those agent

funds never had any security interest in them. See ECF No. 2014-26 at p.45 (defining "Secured Party" as ABFP Income Fund 4), Id. at p.48, ¶10 (making clear that the Security Agreement conferred "no rights on third persons").

       The Receiver's suggestion that this Court should enforce a lien (disputed) held by the agent funds, upon money that was used to satisfy the disgorgement order consented to by the same agent funds, runs contrary to what disgorgement is – a remedy intended to permanently deprive wrongdoers of their ill-gotten gains. *Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 81 (2020). Whether by lien or any other mechanism, this Court should not return any money to the agent funds that the same money was disgorged from. Admittedly, there are investors who have asserted claims to those funds as a result of their investments in the agent funds – those claims should be considered by the Court and addressed in the distribution order. However, any distribution to those investors must be junior in priority to the secured claims of the SCIs.

## CONCLUSION

For these reasons and the reasons stated herein, and their prior filings [ECF Nos. 2041, 2052], the SCIs respectfully request that the Court deny the Receiver's Motion to Supplement to the extent it seeks distributions that are contrary to the SCIs' lien rights.

Dated: December 11, 2024

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**
100 S.E. Second Street, Suite 2800
Miami, FL 33131
TEL: (305) 539-8400/FAX: (305) 539-1307

*/s/ Marshall Dore Louis*
Marshall Dore Louis
Florida Bar No. 512680
Bruce Alan Weil
Florida Bar No. 816469
Robert G. Keefe
Florida Bar No. 1010751
mlouis@bsfllp.com
bweil@bsfllp.com
rkeefe@bsfllp.com