# Composite Exhibit "5"

# Exhibit 5-A

## Mariner Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**DECLARATION OF DAN REISENGER REGARDING SECOND INTERIM DISTRIBUTION PAYMENT FOR MARINER MCA INCOME FUND LLC**

I, Dan Reisinger, declare as follows:

1. I am over the age of 18 and I am competent to make this declaration.

2. I am the manager for Mariner MCA Income Fund LLC ("Mariner").

3. I have reviewed and am familiar with the Court's Order Granting Receiver's Motion to Approve Second Interim Distribution ("Second Distribution Order"), [ECF No. ____].

4. In the Second Distribution Order, the Court allocated a second interim distribution payment to Mariner in the amount of $1,683,465.48 (the "Second Distribution Payment").

5. Through my communications with Ryan K. Stumphauzer, Esq., the Court-Appointed Receiver (the "Receiver") for Complete Business Solutions Group, Inc. ("CBSG"), and other representatives for the Receiver, I have reviewed and confirmed the individual investor information for Mariner.

6. I hereby certify that, pursuant to the Court's Order Granting Receiver's Motion to Authorize Release of Distribution Payments to Certain Non-Receivership Entity Agent Funds

- 1 -

Pursuant to Order on Receiver's Motion to Approve Proposed Distribution Plan and to Authorize First Interim Distribution ("First Distribution Order"), [ECF No. 2123], I distributed the funds Mariner received in the first interim distribution to its individual investors according to the allocation provided for therein, did not retain any portion of the first distribution payment, and did not use any portion of the first distribution payment for any purpose other than issuing payments to the individual investors of Mariner, strictly in accordance with the allocation provided for therein.

7. The Receiver has proposed an allocation of the Second Distribution Payment among the individual investors of Mariner. This allocation accounts for each individual investors' "net investment" through the fund, and recommends that the Second Distribution Payment be allocated "pro rata" between and among the investors, based on the amount of their "net investment." A copy of this proposed Allocation is attached as Exhibit "A." This allocation is consistent with how the first distribution payment was allocated among these investors.

8. I have reviewed this proposed allocation of the Second Distribution Payment and agree, based on the records of Mariner, that it is a fair and appropriate allocation between and among the individual investors of Mariner (the "Allocation").

9. The Receiver has recommended that the Second Distribution Payment be issued to Mariner, and that Mariner will then distribute those funds to its individual investors according to the Allocation. I agree, individually and on behalf of Mariner, that upon receipt of the Second Distribution Payment, I will distribute those funds to the individual investors according to the Allocation. I further agree that I will not retain any portion of the Second Distribution Payment and will not use any portion of the Second Distribution Payment for any purpose other than issuing payments to the individual investors of Mariner, strictly in accordance with the Allocation.

10.     I agree and consent, individually and on behalf of Mariner, to the jurisdiction of the United States District Court for the Southern District of Florida (the "Court") for all purposes related to the Second Distribution Payment and the Allocation, including for purposes of enforcement of all Orders related to the Second Distribution Payment and the Allocation. Specifically, I consent and submit myself to the jurisdiction of the Court, and understand that I may be subject to civil contempt proceedings, and held liable for contempt, if I fail to distribute the Second Distribution Payment to the investors of Mariner in accordance with the Allocation or any Orders of the Court, or otherwise act inconsistent with the provisions of this Declaration.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____, 2025

_____
Dan Reisinger, individually and as manager for Mariner MCA Income Fund LLC

# Exhibit "A"

**Mariner MCA Income Fund LLC**

| Investor (Initials) | Invested | Returned | Net Investment | First Distr. | Second Distr. - Cash | Second Distr. - Enhancement | Second Distr. - Total | % of Net Inv. | Total Distr. | Total % Net Inv. Returned |
|---|---|---|---|---|---|---|---|---|---|---|
| Provident IRA fbo GS | $ 175,000.00 | $ 21,303.38 | $ 153,696.62 | $ 70,878.43 | $ 63,543.79 | $ 5,281.20 | $ 68,824.99 | 44.78% | $ 139,703.42 | 90.90% |
| Provident IRA fbo GS | $ 68,000.00 | $ 6,573.30 | $ 61,426.70 | $ 28,327.42 | $ 25,396.04 | $ 2,110.69 | $ 27,506.73 | 44.78% | $ 55,834.15 | 90.90% |
| G&R S | $ 300,000.00 | $ 39,500.00 | $ 260,500.00 | $ 120,131.67 | $ 107,700.20 | $ 8,951.09 | $ 116,651.29 | 44.78% | $ 236,782.96 | 90.90% |
| W&D F | $ 100,000.00 | $ 10,166.61 | $ 89,833.39 | $ 41,427.39 | $ 37,140.40 | $ 3,086.78 | $ 40,227.18 | 44.78% | $ 81,654.57 | 90.90% |
| MW | $ 101,000.00 | $ 14,476.66 | $ 86,523.34 | $ 39,900.93 | $ 35,771.90 | $ 2,973.04 | $ 38,744.94 | 44.78% | $ 78,645.87 | 90.90% |
| Provident IRA fbo DK | $ 122,000.00 | $ 20,366.66 | $ 101,633.34 | $ 46,869.03 | $ 42,018.93 | $ 3,492.24 | $ 45,511.17 | 44.78% | $ 92,380.20 | 90.90% |
| Provident IRA fbo TK | $ 75,000.00 | $ 11,850.04 | $ 63,149.96 | $ 29,122.11 | $ 26,108.50 | $ 2,169.91 | $ 28,278.41 | 44.78% | $ 57,400.52 | 90.90% |
| MIF LLC | $ 881,235.00 | $ 165,995.54 | $ 715,239.46 | $ 329,838.44 | $ 295,706.04 | $ 24,576.49 | $ 320,282.53 | 44.78% | $ 650,120.97 | 90.90% |
| CAH | $ 100,500.00 | $ 7,872.50 | $ 92,627.50 | $ 42,715.92 | $ 38,295.58 | $ 3,182.79 | $ 41,478.37 | 44.78% | $ 84,194.29 | 90.90% |
| CamaPlan fbo LL | $ 87,000.00 | $ 7,150.00 | $ 79,850.00 | $ 36,823.47 | $ 33,012.90 | $ 2,743.74 | $ 35,756.64 | 44.78% | $ 72,580.11 | 90.90% |
| Provident IRA fbo PP | $ 254,000.00 | $ 13,546.66 | $ 240,453.34 | $ 110,886.99 | $ 99,412.18 | $ 8,262.26 | $ 107,674.44 | 44.78% | $ 218,561.43 | 90.90% |
| BB | $ 150,000.00 | $ 4,250.00 | $ 145,750.00 | $ 67,213.78 | $ 60,258.36 | $ 5,008.14 | $ 65,266.50 | 44.78% | $ 132,480.28 | 90.90% |
| CamaPlan fbo JM | $ 201,000.00 | $ 28,810.00 | $ 172,190.00 | $ 79,406.80 | $ 71,189.62 | $ 5,916.65 | $ 77,106.27 | 44.78% | $ 156,513.07 | 90.90% |
| Provident IRA fbo Ch. Ma. | $ 20,000.00 | $ 1,933.30 | $ 18,066.70 | $ 8,331.60 | $ 7,469.43 | $ 620.79 | $ 8,090.22 | 44.78% | $ 16,421.82 | 90.90% |
| Provident Roth IRA fbo Ch. Ma. | $ 30,000.00 | $ 2,900.00 | $ 27,100.00 | $ 12,497.38 | $ 11,204.13 | $ 931.19 | $ 12,135.32 | 44.78% | $ 24,632.70 | 90.90% |
| CM | $ 50,000.00 | $ 4,833.30 | $ 45,166.70 | $ 20,828.99 | $ 18,673.56 | $ 1,551.98 | $ 20,225.54 | 44.78% | $ 41,054.53 | 90.90% |
| CamaPlan fbo DM | $ 100,000.00 | $ 9,666.70 | $ 90,333.30 | $ 41,657.93 | $ 37,347.08 | $ 3,103.96 | $ 40,451.04 | 44.78% | $ 82,108.97 | 90.90% |
| CamaPlan fbo TL | $ 250,000.00 | $ 30,153.34 | $ 219,846.66 | $ 101,384.05 | $ 90,892.62 | $ 7,554.19 | $ 98,446.81 | 44.78% | $ 199,830.86 | 90.90% |
| BM | $ 240,000.00 | $ 44,400.00 | $ 195,600.00 | $ 90,202.51 | $ 80,868.17 | $ 6,721.05 | $ 87,589.22 | 44.78% | $ 177,791.73 | 90.90% |
| CR | $ 450,000.00 | $ 57,250.02 | $ 392,749.98 | $ 181,119.81 | $ 162,377.16 | $ 13,495.35 | $ 175,872.51 | 44.78% | $ 356,992.32 | 90.90% |
| JW | $ 60,000.00 | $ 4,700.00 | $ 55,300.00 | $ 25,502.04 | $ 22,863.04 | $ 1,900.17 | $ 24,763.21 | 44.78% | $ 50,265.25 | 90.90% |
| MD | $ 50,000.00 | $ 499.99 | $ 49,500.01 | $ 22,827.33 | $ 20,465.11 | $ 1,700.88 | $ 22,165.99 | 44.78% | $ 44,993.32 | 90.90% |
| PM | $ 201,000.00 | $ 10,720.00 | $ 190,280.00 | $ 87,749.15 | $ 78,668.69 | $ 6,538.25 | $ 85,206.94 | 44.78% | $ 172,956.09 | 90.90% |
| CamaPlan fbo Cr. Mc. | $ 130,000.00 | $ 20,150.05 | $ 109,849.95 | $ 50,658.19 | $ 45,415.97 | $ 3,774.57 | $ 49,190.54 | 44.78% | $ 99,848.73 | 90.90% |
| Provident IRA fbo Cr. Mc. | $ 30,000.00 | $ 2,900.00 | $ 27,100.00 | $ 12,497.38 | $ 11,204.13 | $ 931.19 | $ 12,135.32 | 44.78% | $ 24,632.70 | 90.90% |
| Cr. Mc. | $ 100,000.00 | $ 24,333.34 | $ 75,666.66 | $ 34,894.29 | $ 31,283.36 | $ 2,600.00 | $ 33,883.36 | 44.78% | $ 68,777.65 | 90.90% |
| **TOTAL** | **$ 4,325,735.00** | **$ 566,301.39** | **$ 3,759,433.61** | **$ 1,733,693.03** | **$ 1,554,286.89** | **$ 129,178.59** | **$ 1,683,465.48** | | **$ 3,417,158.51** | |

# Exhibit 5-B

## STFG Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**DECLARATION OF PAUL NICK REGARDING SECOND INTERIM
DISTRIBUTION PAYMENT FOR STFG INCOME FUND LLC**

I, Paul Nick, declare as follows:

1. I am over the age of 18 and I am competent to make this declaration.

2. I am the manager for STFG Income Fund LLC ("STFG").

3. I have reviewed and am familiar with the Court's Order Granting Receiver's Motion to Approve Second Interim Distribution ("Second Distribution Order"), [ECF No. ____].

4. In the Second Distribution Order, the Court allocated a second interim distribution payment to STFG in the amount of $3,448,502.97 (the "Second Distribution Payment").

5. Through my communications with Ryan K. Stumphauzer, Esq., the Court-Appointed Receiver (the "Receiver") for Complete Business Solutions Group, Inc. ("CBSG"), and other representatives for the Receiver, I have reviewed and confirmed the individual investor information for STFG.

6. I hereby certify that, pursuant to the Court's Order Granting Receiver's Motion to Authorize Release of Distribution Payments to Certain Non-Receivership Entity Agent Funds

Pursuant to Order on Receiver's Motion to Approve Proposed Distribution Plan and to Authorize First Interim Distribution ("First Distribution Order"), [ECF No. 2123], I distributed the funds STFG received in the first interim distribution to its individual investors according to the allocation provided for therein, did not retain any portion of the first distribution payment, and did not use any portion of the first distribution payment for any purpose other than issuing payments to the individual investors of STFG, strictly in accordance with the allocation provided for therein.

7. The Receiver has proposed an allocation of the Second Distribution Payment among the individual investors of STFG. This allocation accounts for each individual investors' "net investment" through the fund, and recommends that the Second Distribution Payment be allocated "pro rata" between and among the investors, based on the amount of their "net investment." A copy of this proposed allocation (the "Allocation") is attached as Exhibit "A." This allocation is consistent with how the first distribution payment was allocated among these investors.

8. I have reviewed this proposed Allocation of the Second Distribution Payment and agree, based on the records of STFG, that it is a fair and appropriate allocation between and among the individual investors of STFG.

9. The Receiver has recommended that the Second Distribution Payment be issued to STFG, and that STFG will then distribute those funds to its individual investors according to the Allocation. I agree, individually and on behalf of STFG, that upon receipt of the Second Distribution Payment, I will distribute those funds to the individual investors according to the Allocation. I further agree that I will not retain any portion of the Second Distribution Payment and will not use any portion of the Second Distribution Payment for any purpose other than issuing

payments to the individual investors of STFG, strictly in accordance with the Allocation.

10. I agree and consent, individually and on behalf of STFG, to the jurisdiction of the United States District Court for the Southern District of Florida (the "Court") for all purposes related to the Distribution Payment and the Allocation, including for purposes of enforcement of all Orders related to the Second Distribution Payment and the Allocation. Specifically, I consent and submit myself to the jurisdiction of the Court, and understand that I may be subject to civil contempt proceedings, and held liable for contempt, if I fail to distribute the Second Distribution Payment to the investors of STFG in accordance with the Allocation or any Orders of the Court, or otherwise act inconsistent with the provisions of this Declaration.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____, 2025

_____
Paul Nick, individually and as manager for STFG Income Fund LLC

# Exhibit "A"

**STFG Income Fund**

| Investor (Initials) | Invested | Returned | Net Investment | First Distr. | Second Distr. - Cash | Second Distr. - Enhancement | Second Distr. - Total | % of Net Inv. | Total Distr. | Total % Net Inv. Returned |
|---|---|---|---|---|---|---|---|---|---|---|
| Cama Plan f/b/o JA | $ 304,550.00 | $ 33,283.38 | $ 271,266.62 | $ 129,483.31 | $ 116,084.12 | $ 9,647.89 | $ 125,732.01 | 46.35% | $ 255,215.32 | 94.08% |
| Cama Plan f/b/o CB | $ 110,450.00 | $ 5,798.66 | $ 104,651.34 | $ 49,953.08 | $ 44,783.83 | $ 3,722.04 | $ 48,505.87 | 46.35% | $ 98,458.95 | 94.08% |
| Cama Plan f/b/o KB | $ 120,000.00 | $ 66,300.00 | $ 53,700.00 | $ 25,632.55 | $ 22,980.04 | $ 1,909.90 | $ 24,889.94 | 46.35% | $ 50,522.49 | 94.08% |
| DB | $ 401,000.00 | $ 16,441.66 | $ 384,558.34 | $ 183,560.69 | $ 164,565.46 | $ 13,677.23 | $ 178,242.69 | 46.35% | $ 361,803.38 | 94.08% |
| DB | $ 101,000.00 | $ 5,302.50 | $ 95,697.50 | $ 45,679.15 | $ 40,952.18 | $ 3,403.58 | $ 44,355.76 | 46.35% | $ 90,034.91 | 94.08% |
| Cama Plan f/b/o SB | $ 274,000.00 | $ 9,133.32 | $ 264,866.68 | $ 126,428.44 | $ 113,345.37 | $ 9,420.27 | $ 122,765.64 | 46.35% | $ 249,194.08 | 94.08% |
| SB | $ 214,700.00 | $ 18,414.90 | $ 196,285.10 | $ 93,692.49 | $ 83,997.00 | $ 6,981.09 | $ 90,978.09 | 46.35% | $ 184,670.58 | 94.08% |
| Cama Plan f/b/o TC | $ 65,230.00 | $ 5,749.78 | $ 59,480.22 | $ 28,391.61 | $ 25,453.59 | $ 2,115.48 | $ 27,569.07 | 46.35% | $ 55,960.68 | 94.08% |
| Cama Plan f/b/o TC | $ 276,000.00 | $ 34,980.00 | $ 241,020.00 | $ 115,045.74 | $ 103,140.57 | $ 8,572.13 | $ 111,712.70 | 46.35% | $ 226,758.44 | 94.08% |
| GF | $ 269,850.00 | $ 6,746.25 | $ 263,103.75 | $ 125,586.94 | $ 112,590.95 | $ 9,357.56 | $ 121,948.51 | 46.35% | $ 247,535.45 | 94.08% |
| Cama Plan f/b/o RF | $ 301,000.00 | $ 30,350.87 | $ 270,649.13 | $ 129,188.57 | $ 115,819.87 | $ 9,625.92 | $ 125,445.79 | 46.35% | $ 254,634.36 | 94.08% |
| JF | $ 101,000.00 | $ 9,090.00 | $ 91,910.00 | $ 43,871.27 | $ 39,331.38 | $ 3,268.88 | $ 42,600.26 | 46.35% | $ 86,471.53 | 94.08% |
| KF | $ 301,000.00 | $ - | $ 301,000.00 | $ 143,675.91 | $ 128,808.03 | $ 10,705.39 | $ 139,513.42 | 46.35% | $ 283,189.33 | 94.08% |
| RH | $ 201,000.00 | $ 10,050.00 | $ 190,950.00 | $ 91,145.89 | $ 81,713.93 | $ 6,791.34 | $ 88,505.27 | 46.35% | $ 179,651.16 | 94.08% |
| RH | $ 301,000.00 | $ 22,073.36 | $ 278,926.64 | $ 133,139.66 | $ 119,362.10 | $ 9,920.32 | $ 129,282.42 | 46.35% | $ 262,422.08 | 94.08% |
| Cama Plan f/b/o MK | $ 101,000.00 | $ 8,332.50 | $ 92,667.50 | $ 44,232.85 | $ 39,655.54 | $ 3,295.82 | $ 42,951.36 | 46.35% | $ 87,184.21 | 94.08% |
| BK | $ 240,000.00 | $ 16,000.00 | $ 224,000.00 | $ 106,921.60 | $ 95,857.14 | $ 7,966.80 | $ 103,823.94 | 46.35% | $ 210,745.54 | 94.08% |
| AK | $ 101,000.00 | $ 3,787.50 | $ 97,212.50 | $ 46,402.31 | $ 41,600.50 | $ 3,457.47 | $ 45,057.97 | 46.35% | $ 91,460.28 | 94.08% |
| MK | $ 101,000.00 | $ 7,575.00 | $ 93,425.00 | $ 44,594.42 | $ 39,979.70 | $ 3,322.76 | $ 43,302.46 | 46.35% | $ 87,896.88 | 94.08% |
| MK | $ 101,000.00 | $ 2,272.50 | $ 98,727.50 | $ 47,125.46 | $ 42,248.82 | $ 3,511.35 | $ 45,760.17 | 46.35% | $ 92,885.63 | 94.08% |
| NM | $ 301,000.00 | $ 22,073.36 | $ 278,926.64 | $ 133,139.66 | $ 119,362.10 | $ 9,920.32 | $ 129,282.42 | 46.35% | $ 262,422.08 | 94.08% |
| Cama Plan f/b/o RM | $ 109,000.00 | $ 11,542.50 | $ 97,457.50 | $ 46,519.25 | $ 41,705.34 | $ 3,466.18 | $ 45,171.52 | 46.35% | $ 91,690.77 | 94.08% |
| GM | $ 80,000.00 | $ 2,666.65 | $ 77,333.35 | $ 36,913.42 | $ 33,093.54 | $ 2,750.44 | $ 35,843.98 | 46.35% | $ 72,757.40 | 94.08% |
| OM | $ 110,000.00 | $ 9,075.00 | $ 100,925.00 | $ 48,174.39 | $ 43,189.20 | $ 3,589.51 | $ 46,778.71 | 46.35% | $ 94,953.10 | 94.08% |
| OM | $ 501,000.00 | $ 15,030.00 | $ 485,970.00 | $ 231,967.38 | $ 207,962.92 | $ 17,284.04 | $ 225,246.96 | 46.35% | $ 457,214.34 | 94.08% |
| DM | $ 75,000.00 | $ 2,500.00 | $ 72,500.00 | $ 34,606.32 | $ 31,025.19 | $ 2,578.54 | $ 33,603.73 | 46.35% | $ 68,210.05 | 94.08% |
| Cama Plan f/b/o CN | $ 629,000.00 | $ 25,160.00 | $ 603,840.00 | $ 288,230.10 | $ 258,403.48 | $ 21,476.19 | $ 279,879.67 | 46.35% | $ 568,109.77 | 94.08% |
| JO | $ 501,000.00 | $ 15,030.00 | $ 485,970.00 | $ 231,967.38 | $ 207,962.92 | $ 17,284.04 | $ 225,246.96 | 46.35% | $ 457,214.34 | 94.08% |
| Cama Plan f/b/o KR | $ 456,000.00 | $ 12,540.00 | $ 443,460.00 | $ 211,676.14 | $ 189,771.46 | $ 15,772.13 | $ 205,543.59 | 46.35% | $ 417,219.73 | 94.08% |
| KR | $ 140,000.00 | $ 2,100.00 | $ 137,900.00 | $ 65,823.61 | $ 59,012.05 | $ 4,904.56 | $ 63,916.61 | 46.35% | $ 129,740.22 | 94.08% |
| MR | $ 300,000.00 | $ 33,850.00 | $ 266,150.00 | $ 127,041.00 | $ 113,894.54 | $ 9,465.91 | $ 123,360.45 | 46.35% | $ 250,401.45 | 94.08% |
| Cama Plan f/b/o DR | $ 47,700.00 | $ 1,590.00 | $ 46,110.00 | $ 22,009.62 | $ 19,732.02 | $ 1,639.95 | $ 21,371.97 | 46.35% | $ 43,381.59 | 94.08% |
| LS | $ 669,500.00 | $ - | $ 669,500.00 | $ 319,571.49 | $ 286,501.58 | $ 23,811.48 | $ 310,313.06 | 46.35% | $ 629,884.55 | 94.08% |
| **TOTAL** | **$ 7,904,980.00** | **464,839.69** | **$ 7,440,140.31** | **$ 3,551,391.70** | **$ 3,183,886.46** | **264,616.51** | **$ 3,448,502.97** | | **$ 6,999,894.67** | |

# Exhibit 5-C

## Titan Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**DECLARATION OF MATT MILSTEAD REGARDING SECOND
INTERIM DISTRIBUTION PAYMENT FOR TITAN HOLDINGS LLC**

I, Matt Milstead, declare as follows:

1. I am over the age of 18 and I am competent to make this declaration.

2. I am the manager for Titan Holdings LLC ("Titan").

3. I have reviewed and am familiar with the Court's Order Granting Receiver's Motion to Approve Second Interim Distribution ("Second Distribution Order"), [ECF No. ____].

4. In the Second Distribution Order, the Court allocated a second interim distribution payment to Titan in the amount of $1,650,589.97 (the "Second Distribution Payment").

5. Through my communications with Ryan K. Stumphauzer, Esq., the Court-Appointed Receiver (the "Receiver") for Complete Business Solutions Group, Inc. ("CBSG"), and other representatives for the Receiver, I have reviewed and confirmed the individual investor information for Titan.

6. I hereby certify that, pursuant to the Court's Order Granting Receiver's Motion to Authorize Release of Distribution Payments to Certain Non-Receivership Entity Agent Funds

- 1 -

Pursuant to Order on Receiver's Motion to Approve Proposed Distribution Plan and to Authorize First Interim Distribution ("First Distribution Order"), [ECF No. 2123], I distributed the funds Titan received in the first interim distribution to its individual investors according to the allocation provided for therein, did not retain any portion of the first distribution payment, and did not use any portion of the first distribution payment for any purpose other than issuing payments to the individual investors of Titan, strictly in accordance with the allocation provided for therein.

7. The Receiver has proposed an allocation of the Second Distribution Payment among the individual investors of Titan. This allocation accounts for each individual investors' "net investment" through the fund, and recommends that the Second Distribution Payment be allocated "pro rata" between and among the investors, based on the amount of their "net investment." A copy of this proposed allocation (the "Allocation") is attached as Exhibit "A." This allocation is consistent with how the first distribution payment was allocated among these investors.

8. I have reviewed this proposed Allocation of the Second Distribution Payment and agree, based on the records of Titan, that it is a fair and appropriate allocation between and among the individual investors of Titan.

9. The Receiver has recommended that the Second Distribution Payment be issued to Titan, and that Titan will then distribute those funds to its individual investors according to the Allocation. I agree, individually and on behalf of Titan, that upon receipt of the Second Distribution Payment, I will distribute those funds to the individual investors according to the Allocation. I further agree that I will not retain any portion of the Second Distribution Payment and will not use any portion of the Second Distribution Payment for any purpose other than issuing payments to the individual investors of Titan, strictly in accordance with the Allocation.

10. I agree and consent, individually and on behalf of Titan, to the jurisdiction of the United States District Court for the Southern District of Florida (the "Court") for all purposes related to the Second Distribution Payment and the Allocation, including for purposes of enforcement of all Orders related to the Second Distribution Payment and the Allocation. Specifically, I consent and submit myself to the jurisdiction of the Court, and understand that I may be subject to civil contempt proceedings, and held liable for contempt, if I fail to distribute the Second Distribution Payment to the investors of Titan in accordance with the Allocation or any Orders of the Court, or otherwise act inconsistent with the provisions of this Declaration.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____, 2025

_____
Matt Milstead, individually and as manager for Titan Holdings LLC

# Exhibit "A"

**Titan Holdings LLC**

| Investor (Initials) | Invested | Returned | Net Investment | First Distr. | Second Distr. - Cash | Second Distr. - Enhancement | Second Distr. - Total | % of Net Inv. | Total Distr. | Total % Net Inv. Returned |
|---|---|---|---|---|---|---|---|---|---|---|
| BE | $ 640,000.00 | $ 138,785.00 | $ 501,215.00 | $ 203,223.49 | $ 190,733.90 | $ - | $ 190,733.90 | 38.05% | $ 393,957.39 | 78.60% |
| CV | $ 25,000.00 | $ 4,990.00 | $ 20,010.00 | $ 8,113.29 | $ 7,614.67 | $ - | $ 7,614.67 | 38.05% | $ 15,727.96 | 78.60% |
| EPM | $ 1,000,000.00 | $ 200,369.00 | $ 799,631.00 | $ 324,219.74 | $ 304,294.04 | $ - | $ 304,294.04 | 38.05% | $ 628,513.78 | 78.60% |
| EEH | $ 800,000.00 | $ 198,418.00 | $ 601,582.00 | $ 243,918.47 | $ 228,927.86 | $ - | $ 228,927.86 | 38.05% | $ 472,846.33 | 78.60% |
| IPML | $ 500,000.00 | $ 79,409.00 | $ 420,591.00 | $ 170,533.55 | $ 160,052.99 | $ - | $ 160,052.99 | 38.05% | $ 330,586.54 | 78.60% |
| JDDaPA | $ 330,000.00 | $ 60,050.00 | $ 269,950.00 | $ 109,454.39 | $ 102,727.60 | $ - | $ 102,727.60 | 38.05% | $ 212,181.99 | 78.60% |
| KSHNGT | $ 400,000.00 | $ 80,299.00 | $ 319,701.00 | $ 129,626.51 | $ 121,660.00 | $ - | $ 121,660.00 | 38.05% | $ 251,286.51 | 78.60% |
| MM | $ 800,000.00 | $ 132,511.00 | $ 667,489.00 | $ 270,641.23 | $ 254,008.31 | $ - | $ 254,008.31 | 38.05% | $ 524,649.54 | 78.60% |
| NIL | $ 400,000.00 | $ 24,402.00 | $ 375,598.00 | $ 152,290.61 | $ 142,931.22 | $ - | $ 142,931.22 | 38.05% | $ 295,221.83 | 78.60% |
| RB | $ 500,000.00 | $ 138,308.00 | $ 361,692.00 | $ 146,652.26 | $ 137,639.38 | $ - | $ 137,639.38 | 38.05% | $ 284,291.64 | 78.60% |
| **TOTAL** | **$ 5,395,000.00** | **$ 1,057,541.00** | **$ 4,337,459.00** | **$ 1,758,673.54** | **$ 1,650,589.97** | **$ -** | **$ 1,650,589.97** | | **$ 3,409,263.51** | |