UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-81205-RAR

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*

    Defendants.
_____/

**RECEIVER'S MOTION TO SUPPLEMENT MOTION
TO APPROVE SECOND INTERIM DISTRIBUTION**

Ryan K. Stumphauzer, Esq., Court-Appointed Receiver ("Receiver") of the Receivership Entities,[1] by and through his undersigned counsel, files this Motion to supplement his Motion to Approve Second Interim Distribution, [ECF No. 2183] ("Second Distribution Motion"). Through this Motion, the Receiver is requesting that the allowed claim amount and proposed distributions for one claimant within Retirement Evolution be adjusted as part of the Court's ruling on the Second Distribution Motion.

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2, L.P.; ABFP Income Fund 2 Parallel; ABFP Income Fund 3, LLC; ABFP Income Fund 3 Parallel; ABFP Income Fund 4, LLC; ABFP Income Fund 4 Parallel; ABFP Income Fund 6, LLC; ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC; RE Income Fund LLC; RE Income Fund 2 LLC; Contract Financing Solutions, Inc.; Fast Advance Funding LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; The LME 2017 Family Trust; Beta Abigail, LLC; New Field Ventures, LLC; Recruiting and Marketing Resources, Inc.; Liberty Eighth Avenue LLC; and 20 N. 3rd St. Ltd.

- 1 -

I.      **Introduction**

In the Second Distribution Motion, the Receiver included a chart with the proposed distributions to the investors in Retirement Evolution. *See* [ECF No. 2183-8]. Following the issuance of the first interim distribution, which the Court authorized in its Order dated December 16, 2024, [ECF No. 2078], the Receiver learned that a portion of the claim for investor GC[2] should have been included in, but was omitted from, the first interim distribution. This claimant's investment was divided between a cash investment in the investor's individual name, and an investment through an individual retirement account ("IRA") the investor maintained. The cash investment was included in and received a payment as part of the Receiver's first distribution, but the IRA investment was inadvertently omitted.

Upon learning of this discrepancy, the Receiver's team agreed to incorporate this IRA investment as part of the proposed second interim distribution, including a "catch-up" payment for the first distribution this investor should have received on account of his IRA investment. The exhibits the Receiver attached to the Second Distribution Motion did not, however, include the supplemental first distribution or the proposed second interim distribution for this IRA investment.

To remedy this omission, the Receiver proposes to substitute a new schedule, attached hereto as **Exhibit 1**, in place of the exhibit the Receiver attached to the Second Distribution Motion reflecting the proposed distributions he is recommending for issuance to the Retirement Evolution investors, [ECF No. 2183-8]. The total amount the Receiver is distributing to Retirement Evolution investors is not changing as a result of this substitution. Rather, the second distribution payments to the individual Retirement Evolution investors would be reduced slightly to allow for the inclusion of the distribution payments that should be issued to the IRA investment for investor

---

[2] For privacy purposes, the Receiver is only referencing the initials of this investor.

GC. The Receiver has also attached as **Exhibit 2** a revised exhibit reflecting the full schedule of distributions for the second interim distribution, which should be substituted in place of Exhibit 1 to the Second Distribution Motion, [ECF No. 2183-1].

## II.   Analysis

The Court has broad discretion in establishing the claims and distribution procedures in a receivership.  *See SEC v. Equitybuild, Inc.*, 18-CV-5587, 2023 WL 2018906, at *1 (N.D. Ill. Feb. 15, 2023) ("District courts have broad discretion in approving a plan for distribution of receivership funds.").  The Receiver identified that the claim on behalf of GC's IRA investment should have been included in the exhibits to the Second Distribution Motion, but was inadvertently omitted.  As a result, he is recommending that Exhibit 1 and Exhibit 2 to this Motion be substituted in place of Exhibit 8 and Exhibit 1, respectively, to the Second Distribution Motion. Because the Court has not yet issued an Order on the Second Distribution Motion, and these changes are consistent with the methodology the Court previously approved for calculating the Allowed Claim Amounts and distributions to be issued for the claims of all claimants within this receivership, it would be appropriate for the Court to incorporate these suggested modifications when the Court issues its ruling on the Receiver's Second Distribution Motion.

## III.   Conclusion

WHEREFORE, the Receiver requests that the Court: (i) consider this amendment to his Second Distribution Motion, as set forth herein; (ii) substitute Exhibit 1 to this Motion in place of Exhibit 8 to the Second Distribution Motion; and (iii) substitute Exhibit 2 to this Motion in place of Exhibit 1 to the Second Distribution Motion.  The Receiver recommends that claimants be afforded one week to file a response to this motion.  The Receiver would then file a reply, if necessary, within one day thereafter.  Assuming the Court agrees with the relief requested herein,

the Receiver recommends that the Court incorporate these changes into the Court's Order on the Second Distribution Motion. A proposed Order establishing a briefing schedule on this Motion is attached as **Exhibit 3**, and a revised Proposed Order Granting the Receiver's Second Distribution Motion, which incorporates the relief requested herein, is attached as **Exhibit 4**.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

The undersigned counsel has conferred with counsel for the SEC, regarding the relief sought through this motion and certifies that the SEC does not oppose the Receiver's requested relief.

Dated: December 4, 2025

Respectfully Submitted,

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400

By: */s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sknlaw.com

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200

By: */s/ Gaetan J. Alfano*
GAETAN J. ALFANO
Pennsylvania Bar No. 32971
*(Admitted Pro Hac Vice)*
GJA@Pietragallo.com
DOUGLAS K. ROSENBLUM
Pennsylvania Bar No. 90989
*(Admitted Pro Hac Vice)*
DKR@Pietragallo.com

*Co-Counsel for Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2025, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
